# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD FRANCIS, WESLEY WON, DENNIS SPEERLY, JOSEPH SIERCHIO, MICHAEL PLAFKER, HOWARD YOUNG, and DARRIN DEGRAND, individually and on behalf of others similarly situated, | Case No. 2:19-cv-11044 |
| | Hon. David M. Lawson |
| | Magistrate Judge David R. Grand |
| Plaintiffs, | Class Action |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

| | |
|---|---|
| KEITH SHELTON, KAREN SHELTON, DANIEL DRAIN, WAVERS SMITH, RICHARD FREEMAN, SAMUEL FORD, KEITH FENSKE, COLTON KELLY, and CHRISTOPHER GILES, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-11802 |
| | Hon. David M. Lawson |
| | Magistrate Judge David R. Grand |
| Plaintiffs, | Class Action |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

| | |
|---|---|
| LOUIS RAY, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-11808 |
| | Hon. David M. Lawson |
| Plaintiffs, | |
| v. | Magistrate Judge Stephanie Dawkins Davis |
| GENERAL MOTORS, LLC, | |
| | Class Action |
| Defendant. | |

DENNIS DUFFY, and RICHARD
SULLIVAN, individually and on behalf of
others similarly situated,

                 Plaintiffs,

     v.

GENERAL MOTORS, INC.,

            Defendant.

Case No. 9:19-CV-11875

Hon. David M. Lawson

Magistrate Judge David R. Grand

Class Action

---

## PLAINTIFFS' *REVISED* UNOPPOSED MOTION FOR APPOINTMENT OF PROPOSED LEADERSHIP STRUCTURE

1.    Plaintiffs, individually, and on behalf of all others similarly situated (the "Class"), state as follows for their Motion for the Appointment of Interim Class Counsel:

2.    Plaintiffs have filed the four captioned actions which are pending before this Honorable Court and are the subject of a pending Motion to Consolidate.

3.    Pursuant to LR 7.1(a), plaintiffs' counsel sought the concurrence of Defendant's counsel in the relief sought by this Motion on August 2, 2019. Defendant takes no position but has not objected to appointment of the above Interim Lead Counsel, Steering Committee and Liaison Counsel.

4.    Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs seek the following appointments:

    a.  Cohen Milstein Sellers & Toll PLLC as Interim Lead Counsel;

    b.  Berger, Montague, PC, Capstone Law APC, Kessler Topaz Meltzer & Check, LLP, The Miller Law Firm, P.C., and Gordon & Partner, P.A. as members of Plaintiffs' Steering Committee; and

    c.  Pitt McGehee Palmer & Rivers, PC as Liaison Counsel (herein collectively the Movants) in the above proposed consolidated actions.

WHEREFORE, Plaintiffs respectfully request that this Court enter an Order appointing the above Interim Lead Counsel, Plaintiffs' Steering Committee and Liaison Counsel for the putative class and granting any and all other relief this Court deems necessary and just.

Dated: August 9, 2019        Respectfully submitted,
By: */s/ Michael L. Pitt*
Michael L. Pitt (P24429)
Beth Rivers (P33614)
**PITT McGEHEE PALMER AND RIVERS, P.C.**
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
Facsimile: (248) 268-7996
mpitt@pittlawpc.com
brivers@pittlawpc.com

Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**

2

2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

Andrew N. Friedman
Douglas J. McNamara
Julia A. Horwitz
Karina G. Puttieva
**COHEN MILSTEIN**
**SELLERS & TOLL PLLC**
1100 New York Ave. NW East Tower, 5th Floor
Washington, DC  20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afriedman@cohenmilstein.com
dmcnamara@cohenmilstein.com
jhorwitz@cohenmilstein.com
kputtieva@cohenmilstein.com

Robert Gordon, Esq.
Steven Calamusa, Esq.
**GORDON & PARTNERS, P.A.**
4114 Northlake Blvd.,
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050

Attorneys for Plaintiffs and the Class in *Duffy, et al, v. General Motors, Inc.*, 19-cv-11875; and *Francis et al. v. General Motors, Inc.,* Case No. 2:19-cv-11044-DML-DRG

Russell D. Paul
Amey J. Park
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:(215) 875-3000

Facsimile: (215) 875-4604
rpaul@bm.net
apark@bm.net

Mark A. Ozzello
Tarek H. Zohdy
Cody R. Padgett
Trisha K. Monesi
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:(310) 556-4811
Facsimile: (310) 943-0396
Tarek.Zohdy@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com
Cody.Padgett@capstonelawyers.com

Attorneys for Plaintiffs and the Class in *Shelton et al. v. General Motors,* Case No. 2:19-cv-11802-SJM-DRG


E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
William Kalas (P82113)
**THE MILLER LAW FIRM, PC**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
wk@millerlawpc.com

Joseph H. Meltzer
Melissa L. Troutner
Natalie Lesser
**KESSLER TOPAZ
MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087

4

Tel.: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
mtroutner@ktmc.com
nlesser@ktmc.com

Attorneys for Plaintiffs and the proposed class in
*Ray, et al. v. General Motors*, Case No. 2:19-cv-
11808-DML-SDD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RICHARD FRANCIS, WESLEY WON, DENNIS SPEERLY, JOSEPH SIERCHIO, MICHAEL PLAFKER, HOWARD YOUNG, and DARRIN DEGRAND, individually and on behalf of others similarly situated, | Case No. 2:19-cv-11044<br><br>Hon. David M. Lawson<br><br>Magistrate Judge David R. Grand<br><br>Class Action |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

| | |
|---|---|
| KEITH SHELTON, KAREN SHELTON, DANIEL DRAIN, WAVERS SMITH, RICHARD FREEMAN, SAMUEL FORD, KEITH FENSKE, COLTON KELLY, and CHRISTOPHER GILES, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-11802<br><br>Hon. David M. Lawson<br><br>Magistrate Judge David R. Grand<br><br>Class Action |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

| | |
|---|---|
| LOUIS RAY, individually and on behalf of all others similarly situated, | Case No. 2:19-cv-11808<br><br>Hon. David M. Lawson<br><br>Magistrate Judge Stephanie Dawkins Davis<br><br>Class Action |
| Plaintiffs, | |
| v. | |
| GENERAL MOTORS, LLC, | |
| Defendant. | |

DENNIS DUFFY, and RICHARD
SULLIVAN, individually and on behalf of
others similarly situated,

        Plaintiffs,

    v.

GENERAL MOTORS, INC.,

        Defendant.

Case No. 9:19-CV-11875

Hon. David M. Lawson

Magistrate Judge David R. Grand

Class Action

## PLAINTIFFS' *REVISED* BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR APPOINTMENT OF PROPOSED LEADERSHIP STRUCTURE

## <u>STATEMENT OF ISSUES PRESENTED</u>

Issue: Whether the Court should appoint Movants, as Interim Lead Counsel, Plaintiffs' Steering Committee members and Liaison Counsel when all plaintiffs' counsel have reached consensus regarding the proposed leadership structure, defense counsel takes no position, the members of the leadership structure have substantial credentials, satisfy Rule 23(g) and have demonstrated the ability to work cooperatively in the best interest of the putative class?

Answer: Yes.

# MOST CONTROLLING AUTHORITY

Fed. R. Civ. P. 23(g) ................................................................................... 4

*Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088 EJD,

    2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) .................................................. 3

*Kristin Haley, et al. v. Macy's Inc.*, No. 15-cv-06033-HSG,

    2016 WL 4676617 (N.D. Cal. Sept. 7, 2016) ................................................... 3

*White v. Experian Information Solutions*,

    993 F. Supp. 2d 1154 (C.D. Cal. 2014) ............................................................ 4

*In re Joint East. & So. Dists Asbestos Litig.*,

    132 F.R.D. 332 (E.D.N.Y.; S.D.N.Y 1990) ..................................................... 9

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................... 1

II.   BACKGROUND ...................................................................... 3

III.  LEGAL STANDARD ................................................................ 4

IV.   ARGUMENT ........................................................................... 6

      A.   Movants Have Thoroughly Investigated and Prepared the
           Claims Asserted in the Actions ........................................ 6

      B.   Movants Have a Wealth of Experience Handling Class
           Actions and Complex Litigation, and Possess Extensive
           Knowledge of the Applicable Law ................................... 7

           1.   Cohen Milstein Sellers & Toll PLLC ..................... 8

           2.   Capstone Law APC ............................................... 10

           3.   Berger Montague .................................................. 15

           4.   Kessler Topaz Meltzer & Check, LLP ................... 18

           5.   The Miller Law Firm, PC ..................................... 22

           6.   Gordon & Partners, P.A. ...................................... 26

           7.   Pitt McGehee Palmer & Rivers, PC ..................... 30

      C.   Movants Will Devote Significant Resources to the
           Litigation ....................................................................... 31

      D.   Appointing Movants as Interim Lead Plaintiffs' Counsel
           and the Establishment of a Steering Committee Will
           Promote Efficiency and Expedite the Litigation ............ 32

V.    CONCLUSION ....................................................................... 33

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Aarons v. BMW of N. Am.*, LLC, No. CV 11-7667 PSG (CWX),

2014 WL 4090564 (C.D. Cal. Apr. 29, 2014) ................................................... 7

*Asghari v. Volkswagen Grp. of Am., Inc.*, No. 13-cv-02529-MMM-

VBK, 2015 WL 12732462 (C.D. Cal. May 29, 2015) .................................... 7

*Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL

13141425 (N.D. Cal. June 14, 2011) ................................................................. 4

*Four in One Company v. SK Foods, L. P.* No. 2:08-cv-03017-MCE-

EFB, 2009 WL 747160 (E.D. Cal. Mar. 19, 2009) .......................................... 3

*In Re California Title Ins. Antitrust Litig.*, No. 08-cv-01341,

2008 WL 4820752 (N.D. Cal. Nov 3, 2008) ...................................................... 3

*In re Joint East. & So. Dists Asbestos Litig.*,

132 F.R.D. 332 (E.D.N.Y.; S.D.N.Y 1990) ...................................................... 9

*Klee v. Nissan N. Am., Inc.*, No. 12-08238-AWT (PJWx),

2015 WL 4538426 (C.D. Cal. July 7, 2015) ...................................................... 7

*Kristin Haley, et al v. Macy's Inc.*, No. 15-cv-06033-HSG,

2016 WL 4676617 (N.D. Cal. Sept. 7, 2016) .................................................... 3

*Paraggua v. LinkedIn Corp.*, No. 5:12-cv-03088 EJD,

2012 WL 3763889 (N.D. Cal. Aug. 29, 2012) .................................................. 3

*Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016) ...................................... 4

*White v. Experian Information Solutions*,

993 F. Supp. 2d 1154 (C.D. Cal. 2014) .............................................................. 4

**STATE CASES**

*Iskanian v. CLS Transportation Los Angeles*, LLC,

59 Cal. 4th 348 (2014) ........................................................................................ 6

**FEDERAL STATUTES**

Fed. R. Civ. P. 23(g).............................................................................. 4

Fed. R. Civ. P. 23, Advisory Committee Notes (2003) ........................................ 5

**SECONDARY AUTHORITIES**

*Governance and Legitimacy in the Law of Class Actions*,

   1999 Sup. Ct. Rev. 337 (1999).......................................................... 3

*Manual for Complex Litig. (Fourth)* § 21.11 (2005) ........................................ 3

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. ed. 2007) ..................... 5

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs respectfully request an entry of an Order appointing Cohen Milstein Sellers & Toll PLLC, as Interim Lead Counsel, and Berger Montague, PC, Capstone Law APC, Kessler Topaz Meltzer & Check, LLP, The Miller Law Firm, PC, and Gordon & Partners, P.A. as Steering Committee members and Pitt McGehee Palmer & Rivers PC as Liaison Counsel. Defendant takes no position, but has not objected to the proposed leadership structure.

Plaintiffs propose a leadership structure that allows Movants to combine their vast experience to work cooperatively towards a successful outcome for all Plaintiffs and putative class members.  Since the inception of these matters (and before), Movants have expended considerable time and effort developing the legal theories to support claims asserted by Plaintiffs and have conducted extensive investigation in this regard.  Movants are fully committed to reaching a favorable resolution for aggrieved consumers.

To date, the following actions have been filed and transfers made:

- On December 18, 2018, Cohen Milstein Sellers & Toll PLLC and Gordon & Partners, P.A. filed *Duffy, et al., v. General Motors, Inc.,* 9:18-cv-81726-RLR (S.D. Fla) (*"Duffy"*). After briefing on a motion to dismiss, and a motion to transfer, the Court transferred the action to the Eastern District of Michigan on June 25, 2019. It was reassigned docket

1

number, 2:19-cv-11875.

- On April 10, 2019, Pitt McGehee Palmer & Rivers PC filed *Francis, et al. v. General Motors, LLC*, No. 2:19-cv-11044-DML-DRG (E.D. Mich.) ("*Francis*").

- On May 17, 2019, Berger Montague, PC and Capstone Law APC filed *Shelton, et al. v. General Motors, LLC*, No. 1:19-cv-00918-MN (D. Del.) ("*Shelton*").

- On June 17, 2019, counsel for Plaintiffs and the Class and counsel for Defendant in the *Shelton* action in the District of Delaware filed a Proposed Stipulation to Transfer Venue to the Eastern District of Michigan.

- On June 18, 2019, the District Court for the District of Delaware ordered that the *Shelton* action be transferred to the Eastern District of Michigan. On June 18, 2019, the *Shelton* action was transferred from the District Court for the District of Delaware to the Eastern District of Michigan and assigned case no. 2:19-cv-11802-SJM-DRG. On June 19, 2019, the *Shelton* action was reassigned from Judge Stephen J. Murphy to Judge David M. Lawson, the judge presiding over the *Francis* action in the Eastern District of Michigan, as a "companion case" pursuant to E. D. Mich. Local Rule 83.11. *See Shelton*, D.E. 4.

2

- On June 18, 2019, The Miller Law Firm, PC, Kessler Topaz Meltzer & Check LLP, Gustafson Gluek PLLC, and Tycko & Zavareei LLP filed *Ray v. General Motors LLC*, No. 19-cv-11808-DML-SDD (E.D. Mich.) (*"Ray"*). That case is currently before this Court and involves the same transmissions as in the *Duffy*, *Shelton*, and *Francis* actions.

## II.   BACKGROUND

These proposed class actions are brought by plaintiffs in fourteen (14) states and nationwide who allege that GM concealed a known defect from its customers in vehicles designed manufactured, marketed, distributed, sold, warranted and serviced by GM, and equipped with GM's Hydra-Matic 8L90 transmission or Hydra-Matic 8L45 transmission (collectively, "Class Vehicles"). On information and belief, these vehicles include the 2015-2019 Chevrolet Silverado; the 2017-2019 Chevrolet Colorado; the 2015-2019 Chevrolet Corvette; the 2016-2019 Chevrolet Camaro; the 2015-2019 Cadillac Escalade and Escalade ESV; the 2016-2019 Cadillac ATS, ATS-V, CTS, CT6, and CTS-V; the 2015-2019 GMC Sierra, Yukon, and Yukon XL, and Yukon Denali XL; and the 2017-2019 GMC Canyon

The Class Vehicles were sold with defective 8L90 or 8L45 transmissions that, among other things, slip, buck, kick, jerk and harshly engage, suffer abnormal internal wear, suddenly acceleration, delay in downshifts, delay in acceleration and difficulty stopping the vehicle, and require replacement of the

transmission or its components (the "Transmission Defect").

The complaints currently allege claims pursuant to the consumer protection statutes of Delaware, Colorado, Georgia, Indiana, Minnesota, South Dakota, Washington, Florida, Michigan, California, Illinois, New Jersey, New York, and Texas. Depending on this Court's determination regarding consolidation, counsel anticipate filing a Consolidated Complaint, which will allege claims pursuant to the consumer protection statutes of numerous additional states.

## III.   LEGAL STANDARD

Rule 23(g)(3) of the Federal Rules of Civil Procedure ("Rule 23(g)(3)") permits the Court to designate Interim Lead Counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Where "overlapping, duplicative, or competing class suits are pending before a court [. . .] appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp*., No. 5:12-cv-03088 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (citations omitted). A court should "designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." *Haley, et al v. Macy's Inc.*, No. 15-cv-06033-HSG, 2016 WL 4676617, at *3 (N.D. Cal. Sept. 7, 2016) (citation omitted). The "designation of interim [co-lead] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving

4

for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2005) (the "Manual"). Appointment of interim class counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. Samuel Issacharoff, *Governance and Legitimacy in the Law of Class Actions*, 1999 Sup. Ct. Rev. 337, 388 (1999) (discussing the danger of a "race to the bottom" situation).

In considering whether to appoint interim counsel under Rule 23(g)(3), the key factors for the Court to consider are: (1) the work which proposed interim lead counsel has already performed in identifying or investigating the potential claims; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(a)(i)-(iv); *see also Chacanaca v. Quaker Oats Co.*, No. C 10-0502 RS, 2011 WL 13141425, at *2 (N.D. Cal. June 14, 2011); *In Re California Title Ins. Antitrust Litig.*, No. 08-cv-01341, 2008 WL 4820752, *1) (N.D. Cal. Nov 3, 2008) ("[w]hen appointing interim class counsel, a court must find that the applicant is adequate under Rule 23(g)(1)(A) (B) and (C))."

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ.

P. 23(g)(1)(B). "When there are multiple lead counsel applicants that are adequate under Rule 23(g)(1)(A), the court must appoint the applicant best able to represent the interests of the class." *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1169-70 (C.D. Cal. 2014) as *amended* (May 1, 2014), *aff'd sub nom. Radcliffe v. Hernandez*, 818 F.3d 537 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 620 (2017) (citations omitted). Consideration of these factors strongly supports the appointment of Movants as Interim Lead Counsel, Steering Committee and Liaison Counsel in this case.

## IV.   ARGUMENT

Movants together satisfy each of the factors enumerated by Rule 23(g) and should be approved as Interim Lead Counsel, Steering Committee and Liaison Counsel.  Specifically, Movants have demonstrated their ability to work together through their agreement on this leadership structure, are experienced in class action litigation, and are willing to dedicate the necessary resources to effectively represent Plaintiffs and the putative classes.

### A.   Movants Have Thoroughly Investigated and Prepared the Claims Asserted in the Actions

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," the investigative and analytical efforts of counsel can be a deciding factor. *See* advisory committee notes to 2003 amendment ("Notes").

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who have not undertaken those tasks.

5 JEROLD S. SOLOVY, ET AL., MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. ed. 2007).

Movants' extensive work in identifying and investigating the legal claims, as well as the development of the factual support necessary to support those claims, demonstrates Movants have and will continue to fairly and adequately represent the putative class. In addition, Movants have retained experts and consultants to assist Plaintiffs in analyzing the scope and nature of the Transmission Defect. These investigative efforts demonstrate a high standard of professionalism, dedication, and thoroughness, which have been jointly marshaled by Movants to identify, develop, and demonstrate the claims alleged in the Complaint. These measures are precisely the type of work that the Advisory Committee Notes to Rule 23 recognize the Court should consider in appointing interim class counsel.

### B.   Movants Have a Wealth of Experience Handling Class Actions and Complex Litigation, and Possess Extensive Knowledge of the Applicable Law

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct discovery prior to a determination to grant or deny

class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 amendment. The notes provide further guidance in that, "[o]rdinarily, such work is handled by the lawyer who filed the action." *Id*. Plaintiffs expect a significant amount of discovery and related motion practice to take place prior to class certification. *See id*. (noting that interim class counsel may be necessary to "make or respond to motions before certification"). That discovery may be complicated and may require negotiations and motions prior to class certification. Movants' thorough investigation of the claims and dedication to their pursuit, will enable them to more than adequately handle this discovery and related motion practice.

Movants are well qualified to lead this litigation. All firms in the proposed leadership structure have served on numerous occasions as lead or co-lead counsel in consumer class actions in both state and federal court. Moreover, Movants separately and cumulatively possess extensive experience in litigating complex class actions, including automotive defect class actions. The qualifications and experience of Movants are detailed below and in the attached firm resumes.

### 1.    Cohen Milstein Sellers & Toll PLLC

For over 45 years, Cohen Milstein Sellers & Toll PLLC has fought corporate abuse, pursuing litigation on behalf of affected individuals, whistleblowers, public

entities, small businesses, institutional investors, and employees in many of the major class action cases litigated in the United States. Cohen Milstein has over 90 attorneys in six cities.

The Consumer Protection group includes Theodore Leopold (Group Co-Chair) and partner Douglas McNamara. Cohen Milstein's automotive expertise includes *In re General Motors Dex-Cool Prod. Liab. Litig.* (S.D. Ill.). Cohen Milstein (including Mr. McNamara) represented consumers with engine damage caused by defective factory-installed coolant. Counsel negotiated a settlement providing dollar-for-dollar reimbursement for each consumer up to $800. Another case is *In re Caterpillar, Inc., C13 and C15 Engine Products Liability Litigation*, MDL No. 2540, main docket, 1:14-cv-03722 (JBS)(JS) (D.N.J.). Theodore Leopold served as co-lead counsel in a class action on behalf of 22 trucking and transportation operations, many family-owned, alleging that defective engines sold by Caterpillar left passengers stranded and unduly delayed the transportation of goods. Cohen Milstein was instrumental to negotiating the $60 million settlement on behalf of class members whose engines' exhaust emission system defects resulted in power losses and shutdowns that prevented or impeded class members' vehicles from transporting goods or passengers. In 2010, in *Cole v. Ford Motor Co.*, Case No. 12-0076 (1st D. MS) 2011 AL Jury Verdicts Rptr. LEXIS 79, Mr. Leopold obtained a $131 million jury verdict against Ford in an Explorer rollover

case, the ninth-largest verdict against an automobile company in U.S. history. In 2015, he uncovered the fraudulent actions of Takata related to their defective airbags and associated testing. *Mincey v. Takata*, 3:15-cv-00847 (M.D. Fla.). This evidence laid the foundation for the U.S. Government to begin the largest recall in U.S. automotive history. Mr. Leopold is also one of the leading attorneys representing businesses and homeowners exposed to lead-contaminated water in Flint. *Michigan. Village Shore LLC v. Lockwood, Andrews & Newnam, P.C.,* Case No. 5:16-cv-14498-JEL-APP (E.D. Mich.).  In addition, Mr. Leopold has over 30 years of experience in litigating and trying automotive defect and crashworthiness cases against all of the major automobile manufacturers.

Additional information can be found in Cohen Milstein's resume is attached hereto as **Exhibit A**.

### 2.    Capstone Law APC

Capstone Law APC is one of California's largest plaintiff-only labor and consumer law firms. With over twenty seasoned attorneys, Capstone Law has the experience, resources, and expertise to successfully prosecute complex employment and consumer actions.

One of the largest California firms to prosecute aggregate actions on a wholly contingent basis, Capstone Law, as lead or co-lead counsel, has obtained final approval of sixty class actions valued at over $200 million dollars. Recognized for its active class action practice and cutting-edge appellate work,

Capstone Law's recent accomplishments have included three of its attorneys being honored as 2014 California Lawyer's Attorneys of the Year ("CLAY") in the employment practice area for their work in the landmark case *Iskanian v. CLS Transportation Los Angeles*, LLC, 59 Cal. 4th 348 (2014).

Capstone Law has an established practice in automotive defect class actions and has obtained favorable appellate decisions and ultimate final approval of numerous class action settlements providing relief to automotive consumer owners/lessees during the last five years. *See Falco v. Nissan N. Am. Inc.*, No. 13-00686-DDP (C.D. Cal. July 16, 2018), ECF No. 341 (finally approving settlement after certifying class alleging timing chain defect on contested motion); *Vargas v. Ford Motor Co.*, No. CV12-08388 AB (FFMX), 2017 WL 4766677 (C.D. Cal. Oct. 18, 2017) (finally approving class action settlement involving transmission defects for 1.8 million class vehicles); *Batista v. Nissan N. Am., Inc.*, No. 14-24728-RNS (S.D. Fla. June 29, 2017), ECF No. 191 (finally approving class action settlement alleging CVT defect); *Chan v. Porsche Cars N.A., Inc.*, No. 15-02106-CCC (D.N.J. Oct. 6, 2017), ECF No. 65 (finally approving class action settlement involving alleged windshield glare defect); *Klee v. Nissan N. Am., Inc.*, No. 12-08238-AWT (PJWx), 2015 WL 4538426, at *1 (C.D. Cal. July 7, 2015) (settlement involving allegations that Nissan Leaf's driving range, based on the battery capacity, was lower than was represented by Nissan); *Asghari v.*

11

*Volkswagen Grp. of Am., Inc.*, No. 13-cv-02529-MMM-VBK, 2015 WL 12732462 (C.D. Cal. May 29, 2015) (class action settlement providing repairs and reimbursement for oil consumption problem in certain Audi vehicles); *Aarons v. BMW of N. Am.*, LLC, No. CV 11-7667 PSG (CWX), 2014 WL 4090564 (C.D. Cal. Apr. 29, 2014), objections overruled, No. CV 11-7667 PSG CWX, 2014 WL 4090512 (C.D. Cal. June 20, 2014) (class action settlement providing up to $4,100 for repairs and reimbursement of transmission defect in certain BMW vehicles).

Mark Ozzello is a senior counsel with Capstone Law and leads one of the firm's litigation teams. His practice focuses on prosecuting consumer and wage-and-hour class actions and representative Private Attorneys General Act (PAGA) actions. Prior to joining Capstone, Mr. Ozzello was Of Counsel with Markum, Zusman, Freniere & Compton, LLP, and principle at The Ozzello Practice, P.C. Mr. Ozzello was also a partner with Arias, Ozzello, & Gignac. Mr. Ozzello served on the Consumer Attorney of California Board of Governors and has been a repeated speaker at events including the Consumer Attorney Association of Los Angeles's annual convention and the CAOC Annual Convention. Mr. Ozzello graduated from Pepperdine Law School, where he served as the Editor of the Pepperdine University Law Review. He received his undergraduate degree from Georgetown University in economics.

Tarek Zohdy is a senior counsel with Capstone Law. Mr. Zohdy litigates consumer class actions with an emphasis on defectively-designed automobiles and their components. At Capstone Law, he has investigated, developed, and litigated several large-scale automotive class actions alleging consumer fraud, as well as both federal and state breach of warranty claims. Along with the firm's car defect litigation team, Mr. Zohdy's work has resulted in numerous nationwide high-profile settlements that have provided relief to millions of defrauded car owners.

Before joining Capstone Law, Mr. Zohdy spent several years representing individual consumers in their actions against automobile manufacturers and dealerships for breaches of express and implied warranties pursuant to the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act, commonly referred to as the "Lemon Law." He also handled fraudulent misrepresentation and omission cases pursuant to the Consumers Legal Remedies Act. Mr. Zohdy graduated from Louisiana State University magna cum laude in 2003 with a degree in International Relations. He went on to graduate from Boston University School of Law in 2006, where he was a member of the criminal clinic representing underprivileged criminal defendants.

An associate with Capstone Law, Cody Padgett prosecutes consumer and automotive defect class action cases in state and federal court. He handles

consumer cases at all stages of litigation and has served as class counsel in several of the nationwide automobile defect settlements described above which value in the tens of millions. Prior to joining Capstone Law, Mr. Padgett worked on capital and felony cases with the San Diego County Public Defender's Office as a certified legal intern. During law school, Mr. Padgett served as a judicial extern to the Honorable C. Leroy Hansen, United States District Court for the District of New Mexico. He received his undergraduate degree from the University of Southern California, where he graduated cum laude, and graduated from California Western School of Law in the top 10% of his class. Mr. Padgett is admitted to practice law in California and before the United States District Court for the Northern, Eastern, Central, and Southern Districts of California, the Eastern District of Michigan, and the Ninth Circuit Court of Appeals.

Trisha Monesi is an associate with Capstone Law. Her practice focuses on prosecuting consumer class actions in state and federal court. Ms. Monesi graduated from Loyola Law School, Los Angeles, in 2014, where she served as an editor of the Loyola of Los Angeles Entertainment Law Review and was a certified law clerk at the Center for Juvenile Law and Policy. She earned her undergraduate degree from Boston University in 2011, where she majored in Political Science and International Relations. She is an active member of the Women Lawyers Association of Los Angeles, and the Los Angeles County and

Beverly Hills Bar Associations. Ms. Monesi is admitted to practice law in California and before the United States District Court for the Northern, Eastern, Central, and Southern Districts of California.

Additional information can be found in the Capstone Law Firm Resume, attached hereto as **Exhibit B.**

### 3.    Berger Montague

Berger Montague is a full-spectrum class action and complex civil litigation firm, with nationally known attorneys highly sought after for their legal skills. In numerous precedent-setting cases, the firm has played a principal or lead role, and has also recovered over $30 billion dollars for its clients and the classes they have represented. The National Law Journal, which recognizes a select group of law firms each year that have done "exemplary, cutting-edge work on the plaintiffs' side," has selected Berger Montague for its "Hot List" of top plaintiff-oriented litigation firms in the United States in 12 out of 14 years and for its "Elite Trial Lawyers" list in 2018 and 2019. Additional information can be found in the Berger Montague Firm Resume, attached hereto as **Exhibit C.**

As part of its established and wide-ranging experience in class-action litigation generally, Berger Montague has successfully obtained a number of favorable class action settlements providing relief to automobile owners and lessees. *See, e.g., Norman v. Nissan North America, Inc.*, No. 18-cv-00588 (M.D. Tenn. July 16, 2019) ECF No. 102 (as co-counsel, obtained settlement and

15

court's preliminary approval for class members' damages arising from defective transmissions); *Davis v. General Motors LLC*, No. 17-02431 (M.D. Fla. closed Dec. 6, 2018) (as co-counsel, obtained favorable settlement on non-class basis for owners and lessees of Cadillac SRX vehicles with defective headlights); *Vargas v. Ford Motor Co*., No. CV12-08388 AB (FFMX), 2017 WL 4766677 (C.D. Cal. Oct. 18, 2017) (finally approving class action settlement involving transmission defects for 1.8 million class vehicles); *Batista v. Nissan N. Am., Inc.*, No. 14-24728-RNS (S.D. Fla. June 29, 2017), ECF No. 191 (finally approving class action settlement alleging CVT defect); Yaeger, et al. v. Subaru of America, Inc., et al., No. 14-4490 (JBS/KMW) (D.N.J.) (as co-lead counsel, obtained class action settlement providing oil consumption testing, certain repairs and replacements of engine components, reimbursements for certain past expenses, and warranty extensions); *Soto, et al. v. American Honda Motor Co., Inc*., No. 3:12-cv-1377-SI (N.D. Cal.) (obtained settlement valued over $40 million that provided reimbursements for engine misfire repairs and extension of the Powertrain Limited Warranty of each Settlement Class Vehicle to cover engine misfire lasting eight years after the original sale or lease of each Settlement Class Vehicle with no mileage limitation); *In re Volkswagen and Audi Warranty Extension Litig*., No. 07-md-01790-WGY (D. Mass.) (as co-lead counsel, obtained settlement that applied to 479,768 certain Audi and Volkswagen Passat

vehicles alleged to be unusually prone to the formation of oil sludge and coking deposits); *Salvucci v. Volkswagen of America, Inc. d/b/a Audi of America, Inc.*, No. ATL-1461-03 (N.J. Sup. Ct. 2007) (as co-lead counsel, obtained settlement for nationwide class alleging damages from defectively designed timing belt tensioners); *Parker v. American Isuzu Motors, Inc*., No. 030903496 (Pa. Ct. Com. Pl., Phila. Cty.) (as lead counsel, obtained a settlement providing class members up to $500 each for economic damages due to faulty brakes); *Burgo v. Volkswagen of America, Inc. d/b/a Audi of America, Inc*., No. HUD-L-2392-01 (N.J. Sup. Ct. 2001) (as co-lead counsel, obtained settlement, while the decision on class certification was pending, for proposed class members alleging damages arising from defective tires prone to bubbling and bulging).

Russell Paul is a shareholder in Berger Montague's Securities, Consumer Protection, and Qui Tam/Whistleblower practice groups, with extensive experience in consumer protection and product defect class actions, including automobile defect cases, at both the trial and appellate levels in federal courts. Mr. Paul has been designated a "Pennsylvania Super Lawyer" and a "Top Attorney in Pennsylvania." Mr. Paul graduated from the Columbia University School of Law where he was a Harlan Fiske Stone Scholar, served on the Moot Court Review Board and interned at the United States Attorneys' Office for the Southern District of New York. He completed his undergraduate studies at the

University of Pennsylvania, where he was elected to the Beta Gamma Sigma Honors Society and earned a B.S. in Economics from the Wharton School and a B.A. in History from the College of Arts and Sciences.

As an associate with Berger Montague, Amey Park litigates consumer class actions, including a number of automobile defect cases, in federal court. Before joining Berger Montague, Ms. Park was an associate in the litigation department of a large corporate defense firm. She represented corporate and individual clients at all stages of pre-trial and trial practice in complex commercial matters, product liability, and personal injury matters in both state and federal courts. She completed her undergraduate studies at Wheaton College and obtained her law degree at the Temple University Beasley School of Law. Ms. Park is admitted to practice law in Pennsylvania and New Jersey before the United States District Court for the Eastern and Middle Districts of Pennsylvania, the District of New Jersey, and the United States Court of Appeals for the Third Circuit.

### 4.    Kessler Topaz Meltzer & Check, LLP

Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") is one of the nation's largest firms specializing in the prosecution of complex class action litigation. Since its founding, the firm has developed a reputation for excellence in litigating complex cases, including complex consumer fraud, unfair and deceptive trade practices, and antitrust actions, and has recovered billions of dollars on behalf of the clients and classes it represents. As the firm's resume reflects, Kessler Topaz

18

has successfully prosecuted (and is currently prosecuting) some of the largest and most complex class actions in U.S. history.  *See* Kessler Topaz Meltzer & Check, LLP Resume, attached hereto as **Exhibit D.**

Kessler Topaz has ample resources necessary to litigate any complex case with nearly 100 attorneys, an in-house investigative department, experienced support staff, and offices on both coasts.  This case will also likely involve a substantial financial investment that Kessler Topaz is more than able to meet.  The firm is accustomed to financing complex cases and routinely invests significant financial resources in litigating claims against the largest and most well-funded defendants in the world -- we fund our cases and do not rely on litigation funders.

Moreover, Kessler Topaz has a proven record of committing those resources to advance the interests of the clients and classes it represents and achieve meaningful results. The firm's unflinching commitment to zealous advocacy on behalf of its clients has resulted in large and historic recoveries in numerous instances, including: (1) *In re Bank of Am. Corp. Secs., Derivative, and ERISA Litig.*, No. 09-md-2058 (S.D.N.Y.) ($2.425 billion recovery after summary judgment); (2) *In re Southern Peru Copper Corp. Shareholder Derivative Litig.*, No. 961-CS (Del. Ch.) ($2 billion judgment following a multiday trial; the judgment is the largest recovery in Delaware Chancery Court history); (3) *In re Citigroup, Inc. Action Bond Litig.*, No. 08-cv-9522 (S.D.N.Y.) ($730 million

recovery); (4) *In re Wachovia Preferred Secs. and Bond/Notes Litig.*, No. 09-cv-6351 (S.D.N.Y). ($627 million recovery); (5) *In re Dole Food Co., Inc. Stockholder Litig.*, No. 8703-VCL (Del. Ch.) ($148 million judgment); and (6) *Luther, et al. v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.) ($500 million recovery).

Kessler Topaz is also routinely recognized for its focus and commitment to excellence.  Indeed, Kessler Topaz has received numerous honors, including recurring inclusion on the *National Law Journal's* Plaintiff's Hot List and BTI Consulting Group's Honor Roll of Most Feared Law Firms.  The firm has also been recognized as a ranked firm by Chambers & Partners and is a repeat winner of "Class Action Litigation Firm of The Year" by the *Legal Intelligencer*, Philadelphia's primary legal publication.

The Consumer Protection Litigation Group has helped recover hundreds of millions of dollars on behalf of clients and consumers affected by fraudulent or deceptive practices and faulty or defective products and services, including *In re Bank of New York Mellon Corp. FOREX Transactions Litig., No. 12 MD 2335 (LAK) (S.D.N.Y.)* (Joseph H. Meltzer was a member of plaintiffs' Executive Committee in an action that for $335 million and during the final fairness hearing, Judge Lewis A. Kaplan praised counsel for their "wonderful job" and stated that they deserved a "world of credit" for their efforts); *Board of Trustees of the*

*AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, No. 09-cv-00686 (SAS) (S.D.N.Y.) (Joseph H. Meltzer served as the lead partner in charge of Kessler Topaz Meltzer & Check in its role as lead counsel -- action settled for $150 million on the eve of trial); *Alston, et al. v. Countrywide Financial Corp., et al.*, No. 07-cv-03508 (E.D. Pa.) ($34 million settlement) and *Liguori, et al. v. Wells Fargo & Company, et al.*, No. 08-cv-479-PD (E.D. Pa.) ($12.5 million settlement).  Kessler Topaz also played a central role in certifying a nationwide class under Rule 23(b)(3) in *In re Target Data Breach*, MDL No. 14-md-2522 (D. Minn.)—the first known nationwide certification of a class of card-issuing financial institutions in a data breach action—which led to a $39 million settlement.

Joseph H. Meltzer leads Kessler Topaz's Consumer Protection Litigation Group, which advocates for consumer rights nationwide.  Mr. Meltzer has been appointed by courts throughout the country to lead positions in class actions and multidistrict litigations.  Mr. Meltzer has spoken at many conferences on issues related to litigating complex class actions, and is a Hearing Committee Member of the Disciplinary Board of the Supreme Court of Pennsylvania.  Most recently, Mr. Meltzer served as lead counsel in *In re Volkswagen Timing Chain Product Liability Litig.*, No. 16-2765 (D.N.J.)—which recently resolved—and is currently on the plaintiffs' steering committee in *In re: FCA US LLC Monostable Electronic Gearshift Litig.*, MDL No. 2774 (E.D. Mich.).  These cases involve

zealously advocating over several years against well-funded defendants regarding automobile defects that cause serious and life-threatening safety risks. Mr. Meltzer also oversees the firm's attorneys serving as counsel for the Automotive Recyclers' Association ("ARA"), an international trade association comprised of approximately 1,000 direct members operating automotive parts recycling facilities, and a nationwide putative class of automotive recyclers in *In re: Takata Airbag Products Liability Litigation*, No. 1:15-md-02599 (S.D. Fla.).

Mr. Meltzer is admitted to this Court, has served in leadership roles, and has recovered millions for plaintiffs in litigation within this district. *See Skiles v. Visteon*, No. 05-cv-71205 (E.D. Mich.) (served on the plaintiffs' executive committee - case settled for $7.6 million); *In re Lear Corp. ERISA Litig.*, No. 06-cv-11735 (served as lead counsel - case settled for $5.25 million).

Kessler Topaz has demonstrated a willingness and ability to work cooperatively with other firms with whom it is seeking to be appointed interim class counsel. Kessler Topaz is prepared to invest substantial resources to develop and collaboratively advance the litigation, and will devote the resources necessary to pursue this matter.

### 5.    The Miller Law Firm, PC

E. Powell Miller and The Miller Law Firm ("Miller Law Firm") have extensive experience litigating complex class actions throughout the United States and, particularly, in the Eastern District of Michigan. The Miller Law Firm has

been appointed lead counsel or has had substantial responsibility in numerous class action cases in the Eastern District of Michigan and other districts throughout the country *continuously* since 1995.

The Miller Law Firm has established a national reputation and has continuously prosecuted class actions for the past 24 years. Mr. Miller and his firm have recovered billions of dollars for class members and have received recognition throughout the country. The Miller Law Firm is also proud of obtaining a rare achievement in class action practice: Three separate cases of 100% net cash recovery for class members, plus attorneys' fees, paid by the defendants.

Mr. Miller served as Co-Chair of the ABA Sub-Committee for Multi-District Class Action Litigation and Mass Torts for a term ending in 2012. Mr. Miller has tried 13 cases in a row to a verdict in favor of his clients. He has been named one of the top 10 lawyers in Michigan for nine consecutive years from 2009-2018 by Super Lawyers Magazine. In 2010 and 2015, he was named Lawyer of the Year by Best Lawyers in the category of Bet-The-Company Litigation and in 2016 for Securities Litigation. He was also ranked as the #3 Lawyer in Michigan in 2016. The Miller Law Firm is ranked Tier 1 in Detroit for Commercial Litigation by U.S. News, Best Lawyers; and the majority of the attorneys in the Miller Law Firm have been named Super Lawyers, a publication which lists the top five percent of practicing attorneys in each state, as selected by their peers.

The Firm is based in "automotive alley" in the Metro-Detroit suburbs and is only a short drive from the headquarters of Defendant General Motors LLC. Mr. Miller has served as lead or co-lead counsel in numerous complex national class actions or has had a substantial role in the prosecution of those cases. Noteworthy cases include having served as a special trial counsel in the antitrust class action, *Cason-Merendo et.al.* v. *VHS of Michigan. Inc., et. al.*, C.A. 2:06-cv-15601, which resulted in a $42M recovery on the eve of trial before the Honorable Gerald E. Rosen, formerly of the Eastern District of Michigan and now with JAMS; served as lead counsel in the first successful national dietary supplement class action, *Gasperoni* v. *Metabolife International, Inc.* C.A. 00-71255, before the Honorable Avern Cohn of the Eastern District of Michigan; served as co-lead counsel in the *In Re: Refrigerant Compressors Antitrust Litigation*, MDL-2042, before the Honorable Sean F. Cox  of  the Eastern District of Michigan with a successful $30M settlement; served as co-lead class counsel in *In re AIG 2008 Securities Litigation,* C.A. 08-CV-4772, which was successfully settled in 2015 for $970.5M and litigated before the Honorable Laura Taylor Swain of the S.D.N.Y.;  and  was co-lead class counsel and lead trial counsel in *City of Farmington, et. al.* v. *Wells Fargo Bank,* C.A. 0:10-cv-04372, which was resolved on the weekend before trial for $62.5M and litigated before the Honorable Donovan W. Frank of the District of Minnesota. The Miller Law Firm was liaison counsel on the General Motors

Securities Class Action, which recovered $300,000,000 for the class (CA 4:14-cv-11191, E.D. Michigan, before the Honorable Linda Parker). To date, approximately $1 Billion in settlements have been achieved for end-payor plaintiffs in the Auto Parts Antitrust Litigation cited below.

The Miller Law Firm currently serves as Lead Counsel and Chair of the Plaintiffs' Steering Committee in *In re FCA US LLC Monostable Electronic Gearshift LLC*, C.A. 2:16-cv-02744 (E.D. Mich.); Interim Liaison Counsel for the End Payor Plaintiffs in *In Re: Automotive Parts Antitrust Litig.*, MDL-2311 (E.D. Mich.); Co-Lead Counsel in the General Motors Corp Air Conditioning Marketing and Sales Practices Litigation, MDL-02818 E.D. Mich.); Co-Lead Counsel in *Gamboa* v *Ford Motor Company*, et. al., 2:18-cv-10106 (E.D. Mich.) and as a member of the Plaintiffs' Steering Committee in *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*, C.A. 2:17-md-02785 (D. Kan.).

Sharon Almonrode is a partner and Chair of the Miller Law Firm's Class Action Department. She currently serves as a member of the Plaintiffs' Steering Committee in the Epipen litigation. She served as co-lead counsel in the *Foster, et. al. v L-3 Communications EOTech, Inc.* products liability litigation which settled affording class members the opportunity for full recovery net of attorneys fees, valued at in excess of $50 M C.A. No. 6:15-cv-03519 (W.D. MO.) She served as

Lead Counsel in the Davidson v Henkel Corporation class action which obtained a 100 percent recovery for the class net of attorneys' fees. CA. 4:14-cv-11191 (E.D. MI.). She successfully recovered $110 million for a single client in a unique actuarial case. She has been involved in the recovery of over $550,000,000.00

Ms. Almonrode has been named a Michigan Super Lawyer every year since 2011; a Top 50 Women's Super Lawyer and Top 100 Super Lawyer since 2013; a top 5 consumer lawyer in 2016. She received the special distinction of a Michigan Leader in the Law, awarded by Michigan Lawyers Weekly in 2010 to 25 selected attorneys. She was named among the most notable women lawyers in Michigan by *Crain's Detroit Business* for 2017. Recently, she was admitted to the inaugural class of Michigan Lawyers' Weekly Hall of Fame.

Additional details regarding The Miller Law Firm's qualifications are attached hereto as **Exhibit. E.**

### 6. Gordon & Partners, P.A.

Gordon & Partners, PA was founded twenty-six (26) years ago and has four (4) offices with over 100 employees, which include 20 lawyers and approximately 50 paralegals. Our attorneys are recognized as some of the most qualified and skilled professionals in their fields. We possess the legal skills, financial resources, investigative talent, and administrative support to litigate, and have litigated, against the world's most powerful corporations.

Gordon & Partners, PA takes great pride in our firm's leadership role in

cases resulting in landmark decisions and precedent-setting rulings. Our firm has tried numerous Tobacco cases that have resulted in excess of $400 million dollars in verdicts. The Firm's practice also includes Consumer Class Action, Mass Torts, Multi-District Litigation (MDL), and complex litigation in both Federal and State Courts.

## Steven G. Calamusa

Steven G. Calamusa became a partner at Gordon & Partners in 2004. Mr. Calamusa attended the University of Miami School of Law. While at the University of Miami, Mr. Calamusa was on the Dean's List and Business Law Review. Mr. Calamusa joined the firm approximately twenty-two (22) years ago after serving as an Assistant County Attorney for Palm Beach County. His practice involves complex litigation in both Federal and State Courts, including Consumer Class Action and Multi-District Litigation (MDL).

Mr. Steven Calamusa has been involved in the following class action matters and complex litigation:

- *Hankinson, et al. v. RTG Furniture Corp., dba Rooms To Go; Case No. 15-cv-81139, United States District Court, Southern District of Florida*
- *IN RE: Navistar Maxxforce Engines Marketing, Sales Practices and Products Liability Litigation; Case No. 14-cv-10318, United States District Court, Northern District of Illinois*
- *IN RE: Takata Airbag Products Liability Litigation; MDL No. 2599/Master File No. 15-md-2599, United States District Court, Southern District of Florida*

- *Ponzio, et al. v. Mercedes-Benz USA LLC, et al.; Case No. 18-cv-12544, United States District Court, District of New Jersey*
- *Johannessohn, et al. v. Polaris Industries Inc.; Case No. 16-cv-03348, United States District Court, District of Minnesota*
- *Simmons et al. v. Ford Motor Company; Case No. 18-cv-81558, United States District Court, Southern District of Florida*
- *IN RE: Chrysler- Dodge-Jeep Eco Diesel Marketing, Sales Practices, and Products Liability Litigation; MDL No. 2777 / Master File No. 17-md-02777, United States District Court, Northern District of California*
- *Colon v. South Florida Blood Banks, Inc.; Robert Bosch Corporation; Cummins Engine Company, et al.; Case No. 03-CA-001313, 15th Judicial Circuit, Palm Beach County, Florida*
- *Bornander v. Sundy Inn Inc., dba Sundy House; Dey, Inc.; Dey, LP, et al.; Case No. 08-CA-012219, 15th Judicial Circuit, Palm Beach County, Florida*
- *Toral v. Outback Steakhouse of Florida, dba Outback Steakhouse, et al.; Case No. 03-CA-951, 19th Judicial Circuit, Martin County, Florida*
- *Goldman v. Babe Ruth League, Inc. and Jupiter Tequesta Association, Inc.; Case No. 13-CA-016431, 15th Judicial Circuit, Palm Beach County, Florida*
- *Duffy v. General Motors, LLC; Case No. 18-cv-81726, United States District Court, Southern District of Florida*
- *Francis v. General Motors, LLC; Case No. 19-cv-11044, United States District Court, Eastern District of Michigan*
- *Lewis, et al. v. PGT INDUSTRIES, INC. and PGT, INC.; Case No. 13-CA-011785, 15th Judicial Circuit, Palm Beach County, Florida*

**<u>Robert Gordon</u>**

Robert Gordon is a founding member of the Gordon & Partners law firm. Mr. Gordon graduated from the University of Florida School of Law and was admitted to the Florida Bar in 1978, U.S. District Court, Southern District of Florida in 1979, and U.S. District Court, Middle District of Florida in 1990. He

practices in Palm Beach Gardens, FL, with a focus on Complex Litigation, Mass Tort, Class Action, Personal Injury, Wrongful Death, and Product Liability.

Mr. Gordon is Board Certified in Civil Trial Law by the Florida Bar Board of Certification and in Civil Trial Advocacy by the National Board of Trial Advocates. He is AV rated by Martindale-Hubbell.  He is also a past president of the Palm Beach County Trial Lawyers Association (now the Palm Beach County Justice Association); a former member of the Board of Directors for the Academy of Florida Trial Lawyers (now the Florida Justice Association); Palm Beach County Bar Association; American Justice Association; Public Investors Arbitration Bar Association; Palm Beach Justice Association (President, 1997).

**Daniel G. Williams**

Daniel G. Williams is a Board-Certified civil trial lawyer and shareholder in the law firm of Gordon & Partners, PA.  He devotes his practice to Consumer Fraud Class Action, Complex Litigation as well as Personal Injury and Wrongful Death.

Moreover, Mr. Williams tries numerous cases to verdict every year.  The most recent notable case was Jervis v. Castaneda, 243 So. 3d 996 (Fla. 4th DCA 2018), review denied sub nom. GEICO Gen. Ins. Co. v. Jervis, No. SC181169, 2018 WL 6630502 (Fla. Dec. 17, 2018).  The Jervis case centered around Geico's procedure for obtaining uninsured motorist coverage waivers via electronic

signature.  Mr. Williams was the first attorney in Florida to have GEICO's e-signature process ruled invalid.  This case could have wide ranging implications for all Floridians insured by GEICO since 2010.

Additional information can be found in the Gordon & Partners, PA Resume, attached hereto as **Exhibit F.**

### 7.    **Pitt McGehee Palmer & Rivers, PC**

As the Royal Oak firm of Pitt McGehee Palmer and Rivers enters into its 25th year of operation, its core skills and reputation as exceptional trial counsel has grown considerably. The Firm's trial counsel are all born and raised in Michigan and have established their careers as leaders of Michigan's civil justice trial bar. It is this homegrown expertise which gives the Firm its strength and has allowed it to effectively try scores of complex cases before Michigan juries in State and Federal courts securing favorable verdicts for the Firm's clients. The Firm has in the past expended over a million dollars in cost in a single case demonstrating that it has the ability and willingness to help finance expensive litigation of this type. Pitt McGehee has extensive experience in class action litigation and the Firm has successfully handled numerous civil rights class actions in state and federal court obtaining millions in recoveries. Additionally, the Firm handles its own appellate work and has substantial experience litigating appeals in Michigan.

Mr. Pitt's extraordinary work has been recognized by his peers during his

43 years of work as a trial attorney including the Distinguished Service Award from the State Bar of Michigan, Labor and Employment Section, 2017; Champion of Justice Award from the State Bar of Michigan, 2015; Trial Lawyer of the Year from the Federal Bar Association, 2009; Trial Lawyer of the Year from Public Justice Foundation, 2008; Trial Lawyer of the Year from the National Lawyers Guild, 2009; Leader in the Law Award from Michigan Lawyers Weekly, 2015; Best Lawyers of America every year from 1989 to 2017. Mr. Pitt served as the President of the Michigan Association for Justice (MTLA) from 2004-2005 and the President of Public Justice in 2018. He received the Champion of Justice aware from MAJ in 2018 and was also a member of the inaugural class of the Michigan Lawyers Weekly Hall of Fame. Additional information can be found in Mr. Pitt's resume, attached hereto as **Exhibit G**.

### C.   Movants Will Devote Significant Resources to the Litigation

Movants already have devoted and will continue to commit significant resources to aggressively represent and advance the interests of plaintiffs and the class.  All Movants are aware of the substantial time and financial commitment required to prosecute class actions and complex litigation, and are able and willing to commit the time and financial resources to this litigation. All firms have the financial resources, personnel and expertise necessary to litigate this case. Together, they have already gathered a strong team to prosecute this case with numerous attorneys skilled in complex consumer class actions—expertise

that will benefit Plaintiffs and the proposed classes.

  **D.**  **Appointing Movants as Interim Lead Plaintiffs' Counsel and the Establishment of a Steering Committee Will Promote Efficiency and Expedite the Litigation**

  In appointing interim lead counsel, courts additionally consider whether the proposed leadership will "act fairly, efficiently, and economically in the interest of all parties and parties' counsel." Manual § 10.22. "Prompt designation of capable counsel now who are able to proceed forcefully and promptly to help protect the prospective class, with the possibility of additional counsel from the plaintiffs' bar to be appointed subsequently to serve as a committee, will expedite this litigation and help ensure protection of the putative class." *In re Joint East. & So. Dists Asbestos Litig.*, 132 F.R.D. 332, 333-34 (E.D.N.Y.; S.D.N.Y 1990). Counsel for all plaintiffs have agreed that the proposed leadership structure will be the most effective to incorporate the skills and experience of counsel while allowing the litigation to proceed efficiently.

  Movants know from experience how to promote efficient litigation. As demonstrated above, all firms have brought about successful and appropriate resolutions to large complex lawsuits. Their ability to draw from past experiences qualifies them as advocates for the proposed classes and will enable them to streamline the litigation and save significant expense for all parties through cost-sharing and reduced duplication of effort.

All firms have also worked smoothly and collegially with each other and with counsel for other plaintiff groups in a variety of leadership structures in other actions. As this Court is aware, multiple related cases have been filed, and more cases are likely to follow, and therefore, the appointment of Interim Lead Counsel and the establishment of a Steering Committee, is appropriate at this juncture.

## V.    CONCLUSION

If appointed by the Court, Movants will be privileged to represent Plaintiffs and the proposed classes; will commit the necessary time and resources to pursue the matter to its conclusion; will coordinate and cooperate with co-counsel to prosecute the case efficiently, effectively, and in a manner that minimizes costs; and will at all times meet their fiduciary obligations to the named Plaintiffs, all members of the proposed classes, and this Court.

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Cohen Milstein Sellers & Tolls PLLC, as Interim Lead Counsel; Capstone Law APC, Berger Montague, PC, Kessler Topaz Meltzer & Check, LLP, The Miller Law Firm, PC, and Gordon & Partners, P.A. as Steering Committee members, and Pitt McGehee, Palmer & Rivers, PC as Liaison Counsel under Federal Rule of Civil Procedure 23(g).

Dated: August 9, 2019                Respectfully submitted,

                                     By: */s/* Michael L. Pitt
                                     Michael L. Pitt (P24429)
                                     Beth Rivers (P33614)
                                     **PITT McGEHEE PALMER**
                                     **& RIVERS, P.C.**
                                     117 W. Fourth Street, Suite 200
                                     Royal Oak, MI 48067
                                     Telephone: (248) 398-9800
                                     Facsimile: (248) 268-7996
                                     mpitt@pittlawpc.com
                                     brivers@pittlawpc.com

                                     Theodore J. Leopold
                                     **COHEN MILSTEIN**
                                     **SELLERS & TOLL PLLC**
                                     2925 PGA Boulevard, Suite 200
                                     Palm Beach Gardens, FL 33410
                                     Telephone: (561) 515-1400
                                     Facsimile: (561) 515-1401
                                     tleopold@cohenmilstein.com

                                     Andrew N. Friedman
                                     Douglas J. McNamara
                                     Julia A. Horwitz
                                     Karina G. Puttieva
                                     **COHEN MILSTEIN**
                                     **SELLERS & TOLL PLLC**
                                     1100 New York Ave. NW East Tower, 5th Floor
                                     Washington, DC  20005
                                     Telephone: (202) 408-4600
                                     Facsimile: (202) 408-4699
                                     afriedman@cohenmilstein.com
                                     dmcnamara@cohenmilstein.com
                                     jhorwitz@cohenmilstein.com
                                     kputtieva@cohenmilstein.com

                                     Robert Gordon, Esq.
                                     Steven Calamusa, Esq.

**GORDON & PARTNERS, P.A.**
4114 Northlake Blvd.,
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050

Attorneys for Plaintiffs and the Class in *Duffy, et al, v. General Motors, Inc.*, 19-cv-11875; and *Francis et al. v. General Motors, Inc.,* Case No. 2:19-cv-11044-DML-DRG

Russell D. Paul
Amey J. Park
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone:(215) 875-3000
Facsimile: (215) 875-4604
rpaul@bm.net
apark@bm.net

Mark A. Ozzello
Tarek H. Zohdy
Cody R. Padgett
Trisha K. Monesi
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:(310) 556-4811
Facsimile: (310) 943-0396
Tarek.Zohdy@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com
Cody.Padgett@capstonelawyers.com

Attorneys for Plaintiffs and the Class in *Shelton et al. v. General Motors,* Case No. 2:19-cv-11802-SJM-DRG

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)

35

William Kalas (P82113)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
wk@millerlawpc.com

Joseph H. Meltzer
Melissa L. Troutner
Natalie Lesser
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
mtroutner@ktmc.com
nlesser@ktmc.com

Attorneys for Plaintiffs and the proposed class in
*Ray, et al. v. General Motors*, Case No. 2:19-cv-11808-DML-SDD

## CERTIFICATE OF SERVICE

I hereby certify that, on August 9, 2019 I electronically filed the foregoing with the Clerk of the Court using the ECF system which will notify all counsel of record authorized to receive such filings.

*/s/ Regina Bell*