# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RICHARD FRANCIS, *et al.*,

individually and on behalf of all
others similarly situated,

       Plaintiffs,

v.

GENERAL MOTORS LLC,

       Defendant.

**2:19-cv-11044-DML-DRG**

Judge David M. Lawson
Magistrate Judge David R. Grand

## GENERAL MOTORS' MOTION TO DISMISS
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
## AND TO STRIKE CERTAIN CLASS ALLEGATIONS

General Motors LLC respectfully moves (i) to dismiss all claims in plaintiffs' Consolidated Amended Class Action Complaint (ECF No. 41), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), and, in the alternative, (ii) to strike plaintiffs' nationwide and Oregon class allegations, pursuant to Federal Rules of Civil Procedure 12(f) and 23. The grounds and legal authority are set forth in the accompanying memorandum.

On November 27, 2019, Pursuant to Local Rule 7.1(a), GM communicated with plaintiffs' counsel by telephone and requested plaintiffs' consent to this motion, and plaintiffs do not consent.

November 29, 2019

Respectfully submitted,

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
Jerome A. Murphy
Jared A. Levine
Rachel P. Raphael
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
jalevine@crowell.com
rraphael@crowell.com

*/s/ Stephanie A. Douglas*
Stephanie A. Douglas
BUSH SEYFERTH PLLC
100 W. Big Beaver Road,
Suite 400
Troy, MI 48084
Telephone: (248) 8220-7806
Fax: (248) 822-7806
douglas@bsplaw.com

*Counsel for General Motors LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RICHARD FRANCIS, *et al.*,

individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

GENERAL MOTORS LLC,

        Defendant.

**2:19-cv-11044-DML-DRG**

Judge David M. Lawson
Magistrate Judge David R. Grand

## MEMORANDUM IN SUPPORT OF
## GENERAL MOTORS' MOTION TO DISMISS
## CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
## AND TO STRIKE CERTAIN CLASS ALLEGATIONS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................iv

STATEMENT OF ISSUES PRESENTED........................................... xxii

STATEMENT OF CONTROLLING OR MOST APPROPRIATE
    AUTHORITY ...................................................................xxvi

INTRODUCTION ............................................................................1

STATEMENT OF FACTS ..................................................................3

LEGAL STANDARDS ......................................................................4

ARGUMENT ..................................................................................5

I.    PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIMS
    FAIL................................................................................5

II.   PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIMS
    FAIL................................................................................7

    A.    Plaintiffs Do Not Allege That Their Vehicles Were Unfit For
        The Ordinary Purpose Of Transportation. ...........................7

    B.    State Law Privity Requirements Bar Certain Plaintiffs' Implied
        Warranty Claims.............................................................8

    C.    Certain Plaintiffs' Implied Warranty Claims Are Barred
        Because They Did Not Provide The Requisite Notice.........................9

    D.    Plaintiff Kidd's Failure To Seek Diagnosis Or Repair Precludes
        His Implied Warranty Claim. .............................................10

III.  THERE IS NO VIABLE MMWA CLAIM.................................11

IV.  PLAINTIFFS' FRAUDULENT OMISSION CLAIMS FAIL ON
    MULTIPLE GROUNDS. ......................................................11

    A.    Plaintiffs Do Not Plead Fraud With The Particularity Required
        by Rule 9(b).................................................................12

**TABLE OF CONTENTS**
(continued)

Page

B.  Plaintiffs Do Not Sufficiently Allege That GM Had Knowledge Of A Defect At The Time Of Sale. ....................................................14

C.  Plaintiffs Do Not Allege That GM Had A Duty To Disclose. ...........19

D.  The Economic Loss Doctrine Bars Certain Claims. .........................21

V.  PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE CONSUMER PROTECTION STATUTES. ................................22

A.  Plaintiffs Do Not Satisfy Rule 9(b). ................................................22

B.  New York Plaintiffs Do Not Satisfy Rule 8. ....................................25

C.  Plaintiffs Do Not Allege GM Had Knowledge Of A Defect At The Time Of Sale. .............................................................................26

D.  Certain Consumer Protection Act Claims Fail On State-Specific Grounds. ..........................................................................................26

    1.  Certain Consumer Protection Statutes Preclude Consumer Class Actions. .........................................................26

    2.  North Carolina And Pennsylvania Statutes Bar Claims For Solely Economic Losses. ..................................................27

    3.  Colorado And Kansas Statutes Preclude Class Claims For Money Damages. ...............................................................27

    4.  Michigan's Consumer Protection Statute Exempts Motor Vehicle Sales. ..........................................................................27

    5.  California's Consumer Legal Remedies Act Requires Pre-Suit Notice. .......................................................................28

    6.  Relief Under California's Unfair Competition Law Is Barred By Adequate Legal Remedies. ...................................28

    7.  Ohio's Consumer Protection Statute Requires A Previous Violation. ...............................................................................29

**TABLE OF CONTENTS**
(continued)

Page

     8.     Louisiana And Oklahoma Statues Do Not Provide A Private Right Of Action For Injunctive Relief ........................ 29

     9.     Plaintiffs Are Not Entitled To Injunctive Relief Under Various State Consumer Protection Statutes. ......................... 30

VI.    PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL. ....................... 31

VII.   PLAINTIFFS' NATIONWIDE AND OREGON CLASS ALLEGATIONS SHOULD BE STRICKEN ALONG WITH THEIR CLAIMS FOR INJUNCTIVE RELIEF. ..................................................... 34

     A.     Plaintiffs Lack Standing For A Nationwide Class Because There Is No Named Plaintiff From 18 States. .................................... 34

     B.     Plaintiffs' Nationwide MMWA, Fraudulent Omission, And Unjust Enrichment Claims Would Be Governed By The Disparate Laws Of Fifty States. ......................................................... 34

     C.     Plaintiffs Cannot Satisfy Statutory Prerequisites For A Class Action Under The MMWA. ............................................................. 37

     D.     The Oregon Subclass Is Undefined And Has No Representative ...... 37

CONCLUSION ....................................................................................... 38

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Acedo v. DMAX, Ltd. & Gen. Motors LLC,*
  No. 15-cv-02443, 2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) .................... 6

*Alban v. BMW of N. Am.,*
  No. 09–5398 (DRD), 2011 WL 900114 (D.N.J. Mar. 15, 2011) ................ 15, 19

*Alfortish v. GreenSky, LLC,*
  No. CV 16-15084, 2017 WL 699830 (E.D. La. Feb. 22, 2017) ........................ 26

*Alsea Veneer, Inc. v. State of Oregon,*
  862 P.2d 95 (Or. 1993) ................................................................................... 31

*Am. Fed'n of State Cty. & Mun. Employees v. Ortho-McNeil-Janssen Pharm.,*
  No. 08–cv–5904, 2010 WL 891150 (E.D. Pa. Mar. 11, 2010) .......................... 10

*In re Am. Med. Sys., Inc.,*
  75 F.3d 1069 (6th Cir. 1996) ......................................................................... 36

*Am. Suzuki Motor Corp. v. Superior Court,*
  44 Cal. Rptr. 2d 526 (2d Dist. 1995) ............................................................... 8

*Am. West Enters., Inc. v. CNH, LLC,*
  316 P.3d 662 (Idaho 2013) .............................................................................. 9

*Americoach Tours, Inc. v. Detroit Diesel Corp.,*
  No. 04-2016 B/V, 05-2067 B, 2005 WL 2335369 (W.D. Tenn.
  Sept. 23, 2005) ................................................................................................. 9

*Anson v. Trujillo,*
  56 P.3d 114 (Colo. App. 2002) ....................................................................... 12

*Apprentice Info. Sys., Inc. v. DataScout, LLC,*
  544 S.W.3d 536 (Ark. 2018) .......................................................................... 23

*Aracena v. BMW of N. Am., LLC,*
  159 A.D.3d 664 (N.Y. App. Div. 2018) ........................................................... 9

iv

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................4

*ATM Exch., Inc. v. Visa Intern. Serv. Ass'n*,
No. 1:05-CV-00732, 2008 WL 3843530 (S.D. Ohio Aug. 14,
2008) ...................................................................................................19

*Axenics, Inc. v. Turner Constr. Co.*,
62 A.3d 754 (N.H. 2013) .....................................................................31

*Babb v. Regal Marine Indus., Inc.*,
186 Wash. App. 1003 (2015)................................................................9

*Baldwin v. Star Sci., Inc.*,
78 F. Supp. 3d 724 (N.D. Ill. 2015)...............................................23, 25

*Bannister v. Agard*,
125 A.D.3d 797 (N.Y. App. Div. 2015) ...............................................19

*Beck v. FCA US LLC*,
273 F. Supp. 3d 735 (E.D. Mich. 2017) ...................................*passim*

*Bellinger v. Hewlett Packard Co.*,
No. 20744, 2002 WL 533403 (Ohio Ct. App. Apr. 10, 2002) ......12, 20

*Berenblat v. Apple, Inc.*,
No. 08–4969, 09-1649 (PVT), 2010 WL 1460297 (N.D. Cal. Apr.
9, 2010......................................................................................16

*Billions v. White & Stafford Furniture Co., Inc.*,
528 So.2d 878 (Ala. Civ. App. 1988)...................................................22

*Boyer v. Diversified Consultants, Inc.*,
306 F.R.D. 536 (E.D. Mich. 2015) .................................................36, 38

*Brae Asset Fund, L.P. v. Adam*,
661 A.2d 1137 (Me. 1995)....................................................................21

*In re Bridgestone/Firestone, Inc.*,
288 F.3d 1012 (7th Cir. 2002) .............................................................35

*Bryde v. Gen. Motors, LLC*,
   No. 16-cv-02421-WHO, 2016 WL 6804584 (N.D. Cal. Nov. 17,
   2016) ...................................................................................................14

*Buku Props., LLC v. Clark*,
   291 P.3d 1027 (Idaho 2012) ................................................................32

*Buske v. Owens Corning (Corp.)*,
   No. 1:16-CV-709-TWT, 2017 WL 1062371 (N.D. Ga. Mar. 21,
   2017) ...................................................................................................30

*Bussian v. Daimler Chrysler*,
   411 F. Supp. 2d 614 (M.D.N.C. 2006) ........................................22, 27

*Cadena v. Am. Honda Motor Co.*,
   No. CV 18-4007-MWF, 2019 WL 3059931 (C.D. Cal. May 29,
   2019) ...................................................................................................37

*Callaghan v. BMW of N. Am.*,
   LLC, No. 13-cv-04794-JD, 2014 WL 6629254 (N.D. Cal. Nov. 21,
   2014) ...................................................................................................14

*Cantrell v. Henry Cty., by Henry Cty. Water and Sewage Auth.*,
   301 S.E.2d 870 (1983) .........................................................................32

*Cargill, Inc. v. Degesch Am., Inc.*,
   875 F. Supp. 2d 667 (E.D. La. 2012)....................................................24

*Carlsen v. Gamestop, Inc.*,
   833 F.3d 903 (8th Cir. 2016) ...............................................................24

*Cemex, Inc. v. LMS Contracting, Inc.*,
   No. 3:06CV–124–H, 2009 WL 3171977 (W.D. Ky. Sept. 28, 2009)...............21

*Chang v. Fage USA Dairy Indus., Inc.*,
   No. 14-CV-3826 (MKB), 2016 WL 5415678 (E.D.N.Y. Sept. 28,
   2016) ...................................................................................................30

*Chaudoin v. Thor Motor Coach, Inc.*,
   No. 15-13871, 2017 WL 3485803 (E.D. Mich. Aug. 15, 2017) .......................28

*Chiasson v. Winnebago Indus.*,
    No. 01-CV-74809, 2002 WL 32828652 (E.D. Mich. May 16,
    2002) ....................................................................................................9

*Clark v. Pa. State Police*,
    436 A.2d 1383 (Pa. 1981)...................................................................32

*Cole v. Gen Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007) ..............................................................35

*Computer Network, Inc. v. AM Gen. Corp.*,
    265 Mich. App. 309 (2005) ...................................................................7

*Conn. Light & Power Co. v. Proctor*,
    118 A.3d 702 (Conn. App. Ct. 2015) ...................................................31

*Connick v. Suzuki Motor Co.*,
    174 Ill. 2d 482 (1996) ...................................................................*passim*

*Crisman v. Crisman*,
    85 Wash. App. 15 (1997)......................................................................12

*Crowe v. Tull*,
    126 P.3d 196 (Colo. 2006)....................................................................22

*Curl v. Volkswagen of Am., Inc.*,
    871 N.E.2d 1141 (Ohio 2007) ...............................................................9

*Daigle v. Ford Motor Co.*,
    713 F. Supp. 2d 822 (D. Minn. 2010)...................................................10

*Daugherty v. Jacobs*,
    187 S.W.3d 607 (Tex Ct. App. 2006)....................................................22

*Davidson v. Apple*,
    No. 16-CV-04942-LHK, 2017 WL 976048 (N.D. Cal. Mar. 14,
    2017) ......................................................................................................5

*Debbie Elliot, Inc. v. Hancock*,
    No. Civ.A. CV-05-280, 2005 WL 3340067 (Me. Super. Ct. Oct.
    27, 2005) ...............................................................................................21

*DeCoteau v. FCA US LLC*,
  No. 2:15-cv-00020-MCE-EFB, 2015 WL 6951296 (E.D. Cal. Nov.
  10, 2015) ...................................................................................................14

*Demaria v. Nissan N. Am., Inc.*,
  No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) ...............................33

*Donna v. Countrywide Mortg.*,
  No. 14-cv-03515-CBS, 2015 WL 9456325 (D. Colo. Dec. 28,
  2015) ..........................................................................................................24

*Dudding v. Norton Frickey & Assocs.*,
  11 P.3d 441 (Colo. 2000) ..............................................................................31

*Duffie v. Mich. Grp., Inc.–Livingston*,
  No. 14-cv-14148, 2016 WL 8259511 (E.D. Mich. Jan. 15, 2016) ..............32, 33

*Duspiva v. Fillmore*,
  154 Idaho 27 (2013) ......................................................................................23

*In re Easysaver Rewards Litig.*,
  737 F. Supp. 2d 1159 (S.D. Cal. 2010) .........................................................28

*Edmark Auto, Inc. v. Zurich Am. Ins. Co.*,
  1:15-cv-00520-EJL-CWD, 2018 WL 1365846 (D. Idaho Mar. 16,
  2018) ............................................................................................................31

*In re Elk Cross Timbers Decking Mktg.*,
  No.: 15-18 MDL No.: 2577, 2015 WL 6467730 (D.N.J. Oct. 26,
  2015) ............................................................................................................22

*Elson v. State Farm Fire & Cas. Co.*,
  691 N.E.2d 807 (Ill. App. Ct. 1998) ..............................................................14

*Entm't USA, Inc. v. Moorehead Commc'ns, Inc.*,
  93 F. Supp. 3d 915  (N.D. Ind. 2015) ........................................................32, 33

*Erchonia Med. Inc. v. Smith*,
  No. CIV-02-2036-PHX-MHM, 2005 WL 8160621 (D. Ariz. Dec.
  21, 2005) ........................................................................................................9

*Feitler v. Animation Celection, Inc.*,
  170 Or. App. 702 (2000) ................................................................................24

*Feliciano v. Gen. Motors LLC*,
No. 14 Civ. 06374 (AT), 2016 WL 9344120 (S.D.N.Y. Mar. 31,
2016) .................................................................................................................13

*Finest Place, Inc. v. Skidmore*,
477 S.W.3d 745 (Mo. Ct. App. 2016) ...............................................................12

*Fisher v. Honda N. Am., Inc.*,
No. LA CV13-09285 JAK, 2014 WL 2808188  (C.D. Cal. June 12,
2014) .................................................................................................................15

*Flores v. Southcoast Auto. Liquidators, Inc.*,
226 Cal. Rptr. 3d 12 (Cal. Ct. App. 2017)........................................................28

*Floyd v. Am. Honda Motor Co.*,
No. 2:17-CV-08744-SVW-AS, 2018 WL 6118582 (C.D. Cal. June
13, 2018) ...........................................................................................................37

*Friedlander v. PDK Labs, Inc.*,
465 S.E.2d 670 (Ga. 1996) ...............................................................................26

*Friedman v. Dollar Thrifty Auto. Grp., Inc.*,
No. 12–cv–02432–WYD–KMT, 2015 WL 4036319 (D. Colo. July
1, 2015) .............................................................................................................27

*Gagne v. Vaccaro*,
766 A.2d 416 (Conn. 2001) (en banc) ..............................................................32

*Garcia v. Chrysler Grp. LLC*,
127 F. Supp. 3d 212  (S.D.N.Y. 2015) .......................................................12, 20

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
966 F. Supp. 1525 (E.D. Mo. 1997) ...............................................................8, 21

*Gertz v. Toyota Motor Corp.*,
No. CV 10-1089 PSG, 2011 WL 3681647 (C.D. Cal. Aug. 22,
2011) ...................................................................................................................5

*Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*,
8 F. Supp. 3d 467 (S.D.N.Y. 2014) ..................................................................24

*Gorman v. Am. Honda Motor Co.*,
302 Mich. App. 113 (2013) ..............................................................................10

*Graham Constr. Servs. v. Hammer & Steel Inc.*,
  755 F.3d 611 (8th Cir. 2014) ...............................................................22

*Gray v. N.C. Ins. Underwriting Ass'n*,
  529 S.E.2d 676 (N.C. 2000).................................................................24

*Green v. G.M.C.*,
  No. A-2831-01T-5, 2003 WL 21730592 (N.J. Super Ct. App. Div.
  July 10, 2003).......................................................................................21

*Gregory v. Atrium Door & Window Co.*,
  415 S.E.2d 574 (N.C. Ct. App. 1992)....................................................9

*Grodzitsky v. Am. Honda Motor Co.*,
  No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822 (C.D. Cal. Feb.
  19, 2013) ........................................................................................17, 18

*GxG Mgmt., LLC v. Young Bros. & Co., Inc.*,
  457 F. Supp. 2d 47 (D. Me. 2006).......................................................23

*Hadley v. Chrysler Grp., LLC*,
  624 F. App'x 374 (6th Cir. 2015) ...........................................................8

*Halstead v. Motorcycle Safety Found.*,
  71 F. Supp. 2d 455 (E.D. Pa. 1999).....................................................32

*Hammer v. Sam's East, Inc.*,
  No. 12–cv–2618–CM, 2013 WL 3756573 (D. Kan. July 16, 2013)...........27, 30

*Hammons v. Ehney*,
  924 S.W.2d 843 (Mo. 1996) .................................................................32

*Hangman Ridge Training Stables v. Safeco Title Ins. Co.*,
  105 Wash. 2d 778 (1986).......................................................................24

*Harris v. Sand Canyon Corp.*,
  274 F.R.D. 556 (D.S.C. 2010) ..............................................................26

*Haugland v. Winnebago Indus.*,
  327 F. Supp. 2d 1092 (D. Ariz. 2004) ....................................................9

*Hawkins v. Nestle U.S.A. Inc.*,
  309 F. Supp. 3d 696  (E.D. Mo. 2018) .................................................30

*Headwaters Constr. Co. v. Nat'l City Mortg. Co.*,
    720 F. Supp. 2d 1182 (D. Idaho 2010) ..............................................................33

*Herrera v. Volkswagen Grp. of Am., Inc.*,
    No. SACV 16-00364-CJC, 2016 WL 10000085 (C.D. Cal. Sept. 9,
    2016) ..................................................................................................................14

*Hickman v. Wells Fargo Bank N.A.*,
    683 F. Supp. 2d 779 (N.D. Ill. 2010) ................................................................32

*Hindsman v. Gen. Motors LLC*,
    No. 17-cv-05337-JSC, 2018 WL 2463113 (N.D. Cal. June 1, 2018) .................6

*Hoffmann v. Wells Fargo Bank, N.A.*,
    242 F. Supp. 3d 372 (E.D. Pa. 2017) ................................................................23

*HomeStar Prop. Sols.' LLC v. Safeguard Props.*,
    LLC, 370 F. Supp. 3d 1020 (D. Minn. 2019) ...................................................31

*Horne v. Novartis Pharm. Corp.*,
    541 F. Supp. 2d 768 (W.D.N.C. 2008) .............................................................10

*Horton v. Bank of Am., N.A.*,
    189 F. Supp. 3d 1286 (N.D. Okla. 2016).....................................................32, 33

*Howard v. Turnbull*,
    316 S.W.3d 431 (Mo. Ct. App. 2010) ..............................................................31

*Hurricane Fence Co. v. Jensen Metal Prod., Inc.*,
    119 So. 3d 683 (La. Ct. App. 2013)..................................................................29

*In re iPhone 4S Consumer Litig.*,
    No. C 12-1127 CW, 2013 WL 3829653 (N.D. Cal. July 23, 2013)..................23

*J & K Parris Constr., Inc. v. Roe Ave., Assoc.*,
    No. 22658/2011, 2015 WL 3551627 (N.Y. Sup. Ct. May 19, 2015)................33

*Jackson v. Eddy's LI RV Ctr., Inc.*,
    845 F. Supp. 2d 523 (E.D.N.Y. 2012) ................................................................8

*Jimenez v. Allstate Indem. Co.*,
    No. 07-cv-14494, 2010 WL 3623176 (E.D. Mich. Sept. 15, 2010)..............4, 38

*Jimenez v. DaimlerChrysler Corp.*,
  269 F.3d 439 (4th Cir. 2001) ...............................................................12, 20, 21

*Jimenez v. Ford Motor Credit Co.*,
  No. 322909, 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015).....................28

*Johnson v. KB Home*,
  720 F. Supp. 2d 1109 (D. Ariz. 2010) ...............................................................32

*Johnson v. Larson*,
  779 N.W.2d 412 (S.D. 2010)..............................................................................31

*Johnson v. Nissan N. Am., Inc.*,
  272 F. Supp. 3d 1168 (N.D. Cal. 2017)..............................................................34

*Jones v. Bank of Am.*,
  N.A., No. 2:18-cv-0512-JEO, 2019 WL 2744470 (N.D. Ala. July
  1, 2019) .........................................................................................................31, 32

*Kahn v. FCA US LLC*,
  No. 2:19-CV-00127-SVW-SS, 2019 WL 3955386 (C.D. Cal. Aug.
  2, 2019) ..............................................................................................................20

*Kee v. Zimmer*,
  871 F. Supp. 2d 405 (E.D. Penn. 2012)..............................................................23

*Kestrel Holdings I, L.L.C. v. Learjet Inc.*,
  316 F. Supp. 2d 1071 (D. Kan. 2004).................................................................12

*Kings Auto. Holdings, LLC v. Westbury Jeep Chrysler Dodge, Inc.*,
  48 Misc. 3d 1207(A), (N.Y. Sup. Ct. June 29, 2015).........................................33

*Estate of Kriefall v. Sizzler USA Franchise, Inc.*,
  801 N.W.2d 781 (Wis. Ct. App. 2011)..................................................................9

*Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*,
  246 Ga. App. 729 (2000) ....................................................................................31

*Laura v. Great Lakes Higher Educ. Guar. Corp.*,
  Civ. No. 17-cv-373-JL, 2018 WL 671174 (D.N.H. Feb. 1, 2018)....................23

*Le v. Kohl's Dep't Stores, Inc.*,
  160 F. Supp. 3d 1096 (E.D. Wis. 2016) .............................................................32

*Lee v. Carter-Reed Co., L.L.C.*,
203 N.J. 496 (2010) ..................................................................24

*Loreto v. Procter & Gamble Co.*,
515 F. App'x 576 (6th Cir. 2013) ......................................................36

*Lyle v. Moore*,
183 Mont. 274 (1979) ................................................................20

*MAC Fin. Plan of Nashua, Inc. v. Stone*,
106 N.H. 517 (1965) ..................................................................11

*MacDonald v. Thomas M. Cooley Law Sch.*,
724 F.3d 654 (6th Cir. 2013) ..........................................................12

*MacDougall v. Am. Honda Motor Co.*,
No. SACV 17-01079 AG(DFMx), 2017 WL 8236359 (C.D. Cal.
Dec. 4, 2017).........................................................................37

*Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*,
223 F. 3d 873 (8th Cir. 2000) ........................................................22

*Matanky v. Gen. Motors LLC*,
370 F. Supp. 3d 772, 788 (E.D. Mich. 2019) ...............................*passim*

*McKee Foods Corp. v. Pitney Bowes, Inc.*,
No. 1:06-CV-80, 2007 WL 896153 (E.D. Tenn. March 22, 2007).............24, 33

*McKee v. General Motors LLC*,
376 F. Supp. 3d 751(E.D. Mich. 2019) ...............................................6

*McQueen v. BMW of N. Am.*,
LLC, No. 12-6674, 2013 WL 4607353 (D.N.J. Aug. 29, 2013) .......................14

*Miles v. Am. Honda Motor Co.*,
No. 17 C 4423, 2017 WL 4742193 (N.D. Ill. Oct. 19, 2017)..........................36

*Miller v. Gen. Motors, LLC*,
No. 17-cv-14032, 2018 WL 2740240 (E.D. Mich. June 7, 2018)....................31

*Mitchell v. Gen. Motors LLC*,
No. 3:13–CV–498–CRS, 2014 WL 1319519 (W.D. Ky. Mar. 31,
2014) .................................................................................9

xiii

*Munning v. Gap, Inc.*,
   238 F. Supp. 3d 1195  (N.D. Cal. 2017) ............................................................29

*Murillo v. Kohl's Corp.*,
   197 F. Supp. 3d 1119 (E.D. Wis. 2016) ............................................................24

*Murphy v. The Proctor & Gamble Co.*,
   695 F. Supp. 2d 600 (E.D. Mich. 2010) ............................................................21

*Nardizzi v. Gen. Motors LLC*,
   No. 2:19-cv-03665-CJC-JAM (C.D. Cal. Aug. 29, 2019), ECF No.
   31 ........................................................................................................................6, 16

*Nat'l All. for Accessibility, Inc. v. Macy's Retail Holdings, Inc.*,
   No. 1:11-CV-877, 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012) ..............19, 30

*Nemec v. Shrader*,
   991 A.2d 1120 (Del. 2010) ................................................................................32

*Neuman v. L'Oreal USA S/D, Inc.*,
   No. 1:14-CV-01615, 2014 WL 5149288 (N.D. Ohio Oct. 14, 2014) ...............30

*Noble v. Porsche Cars N. Am., Inc.*,
   694 F. Supp. 2d 333 (D.N.J. 2010) ...................................................................22

*Noyes v. Antiques at Pompey Hollow, LLC*,
   144 Conn. App. 582 (2013) ...............................................................................24

*O&G Indus. Inc. v. Lafarge Bldg. Materials, Inc.*,
   No. CV065002572, 2010 WL 760430 (Conn. Super. Ct. Jan. 22,
   2010) .....................................................................................................................9

*Oggi Trattoria & Café Ltd. v. Isuzu Motors America, Inc.*,
   865 N.E.2d 334 (Ill. App. Ct. 2007) ...................................................................8

*Oliver v. Funai Corp., Inc.*,
   No. 14-cv-04532, 2015 WL 9304541 (D.N.J. Dec. 21, 2015) ..........................16

*In re OnStar Contract Litig.*,
   600 F. Supp. 2d 861 (E.D. Mich. 2009) ............................................................11

*Oom v. Michaels Cos.*,
   No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017) ...................36

xiv

*Orlando v. Novurania of Am., Inc.*,
    162 F. Supp. 2d 220 (S.D.N.Y. 2001) ................................................................22

*Oscar v. BMW of N. Am., LLC*,
    274 F.R.D. 498 (S.D.N.Y. 2011) ........................................................................37

*In re Packaged Ice Antitrust Litig.*,
    779 F. Supp. 2d 642 (E.D. Mich. 2011) ............................................................33

*Patterson v. Beall*,
    19 P.3d 839 (Okla. 2000)...................................................................................24

*Pelman ex rel. Pelman v. McDonald's Corp.*,
    396 F.3d 508 (2d Cir. 2005) ..............................................................................22

*Pertile v. Gen. Motors, LLC*,
    Civ. Action No. 15-cv-518-WJM-NYM, 2017 WL 4237870 (D.
    Colo. Sept. 22, 2017) ........................................................................................25

*Philips v. Ford Motor Co.*,
    No. 14–CV–02989–LHK, 2015 WL 4111448 (N.D. Cal. July 7,
    2015) ..................................................................................................................28

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011) .............................................................................36

*In re Porsche*,
    880 F. Supp. 2d 801 (S.D. Ohio 2012) .........................................................23, 29

*Pospisil v. Pospisil*,
    59 Conn. App. 446 (2000) .................................................................................12

*Power Process Eng'g Co.v. ValvTechnologies, Inc.*,
    No. 16-cv-11524, 2016 WL 7100504 (E.D. Mich. Dec. 6, 2016).....................31

*Radford v. Daimler Chrysler Corp.*,
    168 F. Supp. 2d 751 (N.D. Ohio 2001) .............................................................10

*Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*,
    No CIV. 06-4166, 2009 WL 3150984 (D.S.D. Sept. 28, 2009).........................23

*Rasnic v. FCA US LLC*,
    No. 17-2064-KHV, 2017 WL 6406880 (D. Kan. Dec. 15, 2017).....................35

*Reid v. Unilever U.S., Inc.*,
  964 F. Supp. 2d 893 (N.D. Ill. 2013) ....................................................9

*ReMax N. Atl. v. Clark*,
  244 Ga. App. 890 (2000) ...................................................................23

*Resnick v. Hyundai Motor Am., Inc.*,
  No. 16–00593, 2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) ..........15

*Roberts v. Carfax Inc.*,
  No. 6:16-CV-00731-HMH-JDA, 2016 WL 5417206 (D.S.C. Aug.
  25, 2016) ............................................................................................24

*Rojas–Lozano v. Google, Inc.*,
  159 F. Supp. 3d 1101  (N.D. Cal. 2016) ............................................2

*Rose v. Gen. Motors Corp.*,
  323 F. Supp. 2d 1244 (N.D. Ala. 2004) ..............................................9

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
  No. 16-CV-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016) ...7

*Rosipko v. FCA US, LLC*,
  No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)...........*passim*

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) ...............................................35

*Sanderson v. HCA-The Healthcare Co.*,
  447 F.3d 873 (6th Cir. 2006) ............................................................12

*Sands v. Stevens*,
  437 A.2d 297 (N.H. 1981) .................................................................32

*Sapp v. Ford Motor Co.*,
  687 S.E.2d 47 (S.C. 2009) .................................................................21

*Savett v. Whirlpool Corp.*,
  No. 12 CV 310, 2012 WL 3780451 (N.D. Ohio Aug. 31, 2012).......29

*Schechner v. Whirlpool Corp.*,
  237 F. Supp. 3d 601, 613 (E.D. Mich. 2017) .............................*passim*

*Scott v. Fields*,
    92 A.D.3d 666 (N.Y. App. Div. 2012) ...............................................................31

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
    No. MDL-1703, Nos. MDL-1703, 05 4742, 05 C 2623, 2009 WL
    937256 (N.D. Ill. Apr. 6, 2009) .......................................................................13

*Season Comfort Corp. v. Ben A. Borenstein Co.*,
    655 N.E.2d 1065 (Ill. App. Ct. 1995) ...............................................................32

*Sergeants Benevolent Ass. Health & Welfare Fund v. Actavis, plc*, No.
    15 Civ. 6549 (CM), 2018 WL 7197233, at *61 (S.D.N.Y. Dec. 26,
    2018) ..................................................................................................................33

*Servewell Plumbing, LLC v. Summit Contractors, Inc.*,
    210 S.W. 3d 101 (Ark. 2005) ...........................................................................31

*Shah v. Racetrac Petroleum Co.*,
    338 F.3d 557 (6th Cir. 2003) ............................................................................12

*Shane v. Bunzl Distribution USA, Inc.*,
    200 Fed. Appx. 397 (6th Cir. 2006) .................................................................31

*Shaulis v. Nordstrom, Inc.*,
    865 F.3d 1 (1st Cir. 2017) .................................................................................25

*Simpson v. Champion Petfoods USA, Inc.*,
    Civ. Action No. 2:18-CV-74, 2019 WL 2571893 (E.D. Ky. June
    21, 2019) ............................................................................................................24

*Sloan v. Gen. Motors LLC*,
    No. 16-cv-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1,
    2017) ..........................................................................................................*passim*

*Smith v. Duffey*,
    No. 07 C 5238, 2008 WL 4874088 (N.D. Ill. June 23, 2008), *aff'd*,
    576 F.3d 336 (7th Cir. 2009) ............................................................................12

*Sneyd v. Int'l Paper Co., Inc.*,
    142 F. Supp. 2d 819 (E.D. Mich. 2001) ...........................................................19

*Solo v. UPS Co.*,
    819 F.3d 788 (6th Cir. 2016) ............................................................................31

*Stevenson v. Mazda Motor of Am., Inc.*,
No. 14–5250, 2015 WL 3487756 (D.N.J. June 2, 2015)..........................8, 17, 18

*Storey v. Attends Healthcare Prods., Inc.*,
2016 WL 3125210 (E.D. Mich. June 3, 2016) ....................................................33

*SunGuard Pub. Sector, Inc. v. Innoprise Software, Inc.*,
No. 6:10–cv–1815–Orl–28GJK, 2012 WL 360170 (M.D. Fla. Feb.
21, 2012) ...........................................................................................................23

*Szaloczi v. John R. Behrmann Revocable Tr.*,
90 P.3d 835 (Colo. 2004) ...................................................................................31

*Teamsters Local 237 Welfare Fund v. AstraZeneca Pharm. LP.*,
136 A.3d 688 (Del. 2016) ...................................................................................23

*Temple v. Fleetwood Enters., Inc.*,
133 F. App'x 254 (6th Cir. 2005) .......................................................................11

*Terrill v. Electrolux Home Prods., Inc.*,
753 F. Supp. 2d 1272 (S.D. Ga. 2010) ..............................................................30

*Thompson v. Jiffy Lube Int'l, Inc.*,
250 F.R.D. 607 (D. Kan. 2008) ....................................................................36, 37

*Tomasino v. Estee Lauder Cos. Inc.*,
44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014) .........................................................10

*Trustmark Ins. Co. v. Bank One, Arizona N.A.*,
48 P.2d 485 (Ariz. Ct. App. 2002).....................................................................32

*Tubman v. USAA Cas. Ins. Co.*,
943 F. Supp. 2d 525 (E.D.Pa. 2013)...................................................................27

*V–Tech Servs., Inc. v. Street*,
72 A.3d 270 (Pa. Super. Ct. 2013)................................................................12, 20

*Vichi v. Koniklijke Philips Elecs. N.V.*,
62 A.3d 26 (Del. Ch. 2012) ...............................................................................33

*Victorino v. FCA US LLC*,
No. 16-cv-1617-GPC (JLB), 2018 WL 1083395 (S.D. Cal. Feb. 27,
2018) .............................................................................................................17, 18

*Walker v. Sunrise Pontiac-GMC Truck, Inc.*,
 249 S.W.3d 301 (Tenn. 2008) ...........................................................26

*Weaver v. Chrysler Corp.*,
 172 F.R.D. 96 (S.D.N.Y. 1997) .........................................................25

*Weckhorst v. Kan. State Univ.*,
 241 F. Supp. 3d 1154 (D. Kan. 2017)................................................23

*Weddle v. Smith & Nephew, Inc.*,
 No. 14-C-09549, 2016 WL 1407634 (N.D. Ill. April 11, 2016) ..........8

*Werwinkski v. Ford Motor Co.*,
 286 F.3d 661 (3d Cir. 2002) ..............................................................22

*Whirlpool Corp. v. Grigoleit Co.*,
 713 F.3d 316 (6th Cir. 2013) ...............................................................7

*White v. Just Born, Inc.*,
 No. 2:17-cv-04025-C-NKL, 2017 WL 3130333 (W.D. Mo. July
 21, 2017) ...........................................................................................24

*Williams v. Scottrade, Inc.*,
 No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006)....................13, 25

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017) ...........................................................16

*Wilson v. Hewlett Packard Co.*,
 668 F.3d 1136 (9th Cir. 2012) ...........................................................16

*Woods v. Maytag Co.*,
 No. 10–CV–0559 (ADS)(WDW), 2010 WL 4314313 (E.D.N.Y.
 Nov. 2, 2010) ....................................................................................14

*Wozniak v. Ford Motor Co.*,
 No. 2:17-cv-12794, 2019 WL 108845 (E.D. Mich. Jan. 4, 2019)..............*passim*

*Wright v. Publishers Clearing House, Inc.*,
 372 F. Supp. 3d 61, 66-68, No. 2:18-cv-02373 (ADS)(AYS), 2019
 WL 1177716 (E.D.N.Y. Mar. 12, 2019)..............................................25

*Zanger v. Gulf Stream Coach, Inc.*,
No. 05-72300, 2006 WL 1494952 (E.D. Mich. May 25, 2006)........................11

*Zapata Fonseca v. Goya Foods Inc.*,
No. 16-CV-02559-LHK, 2016 WL 4698942 (N.D. Cal. Sept. 8,
2016) ............................................................................................................29

*Zaveri v. Conder Petroleum Corp.*,
27 F. Supp. 3d 695, 700 (W.D. La. 2014) ........................................................33

*Zazueta v. Nationstar Mortg.*,
LLC, No. CV-13-1415-TUC-DCB, 2014 WL 12527708 (D. Ariz.
Apr. 2, 2014)..............................................................................................23

*Zea v. Ford Motor Co.*,
No. H–14–3290, 2017 WL 979067 (S.D. Tex. Mar. 10, 2017) ...........................8

## Statutes

15 U.S.C. § 2310(d)(3)(C) ..............................................................................37

Cal. Civ. Code § 1782(a) ................................................................................28

Colo. Rev. Stat. § 6-1-113(2)..........................................................................27

Ind. Code § 24-5-0.5-4 ...................................................................................23

Kan. Stat. Ann. §§ 50-634(b)(c) ......................................................................27

Kan. Stat. Ann. § 50-634(c) ...........................................................................27

N.Y. Gen. Bus. L. § 349 .................................................................................24

N.Y. Gen. Bus. L. § 350 .................................................................................23

O.R.C. § 1345.10 ...........................................................................................29

RC § 1345.09(B) ............................................................................................29

## Other Authorities

Rule 9(b)..............................................................................................*passim*

Rule 12(b)(6) ..................................................................................................4

Rule 23 ..........................................................................................2, 34, 38

## STATEMENT OF ISSUES PRESENTED

### Express Warranty Claims

1.  Should this Court dismiss plaintiffs' express warranty claims because GM's Limited Warranty does not cover design defects?

### Implied Warranty Claims

2.  Should this Court dismiss plaintiffs' implied warranty claims because plaintiffs do not allege that their vehicles were unmerchantable (unfit for the ordinary purpose of transportation)?

3.  Should this Court dismiss plaintiffs' implied warranty claims under the laws of Alabama, Arizona, Connecticut, Idaho, Illinois, Kentucky, Michigan, New York, North Carolina, Ohio, Tennessee, Washington, and Wisconsin (Counts 6, 9, 22, 34, 37, 45, 54, 71, 74, 77, 95, 101, and 104) because the applicable laws preclude such claims against a remote manufacturer when plaintiffs purchased their vehicles from independent dealerships?

4.  Should this Court dismiss plaintiffs' implied warranty claims under the laws of Arizona, Illinois, Indiana, Michigan, Minnesota, New York, North Carolina, Ohio, Pennsylvania, and South Dakota (Counts 9, 37, 39, 54, 58, 71, 74, 77, 86, and 92) because they did not provide notice as required by the applicable laws?

5.  Should this Court dismiss plaintiff Kidd's implied warranty claim (Count 95) because he has never sought diagnosis or repair of the transmission in his vehicle?

### Magnuson-Moss Warranty Act Claim

6.  Should this Court dismiss plaintiffs' Magnuson-Moss Warranty Act claim because plaintiffs have not alleged viable state law warranty claims?

**Fraudulent Omission Claims**

7.      Should this Court dismiss plaintiffs' fraudulent omission claims because plaintiffs do not allege facts sufficient to establish omission, reliance, causation or a duty to disclose as required by Rule 9(b)?

8.      Should this Court dismiss plaintiffs' fraudulent omission claims for failure to allege a duty to disclose because: (i) they do not allege GM's pre-sale knowledge of a defect, (ii) they do not allege facts showing GM's "exclusive" or "specific and superior knowledge," and/or (iii) the applicable laws preclude any duty to disclose on the part of a remote manufacturer?

9.      Should this Court dismiss plaintiffs' fraudulent omission claims under the laws of Kentucky, Maine, Minnesota, Missouri, New Jersey, New York, North Carolina, Pennsylvania, and South Carolina because they are barred by the economic loss doctrine under the applicable laws?

**State Consumer Protection Act Claims**

10.     Should this Court dismiss plaintiffs' consumer protection law claims because they do not assert and/or adequately plead deceptive conduct, reliance, causation or injury as required by Rule 9(b) and/or Rule 8?

11.     Should this Court dismiss plaintiffs' consumer protection law claims because plaintiffs do not allege GM's pre-sale knowledge of a defect?

12.     Should this Court dismiss plaintiffs' class allegations under Georgia's Fair Business Practices Act, Louisiana's Unfair Trade Practices and Consumer Protection Law, South Carolina's Unfair Trade Practices Act, and Tennessee's Consumer Protection Act (Counts 29, 46, 87, and 93), because those statutes preclude class actions?

13.     Should this Court dismiss plaintiffs' claims under North Carolina's Unfair and Deceptive Trade Practices Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Counts 72 and 84) because they are barred by the economic loss doctrine?

14.     Should this Court dismiss plaintiffs' class damages allegations under the Colorado Consumer Protection Act and the Kansas Consumer Protection Act (Counts 17 and 40) because those statutes bar class claims for money damages?

15.  Should this Court dismiss plaintiffs' Michigan Consumer Protection Act claim (Count 52) because the statute exempts motor vehicle sales?

16.  Should this Court dismiss plaintiffs' Ohio Consumer Sales Practices Act claim (Count 75) because it is not based on conduct that has previously been deemed a violation, and plaintiff Ho's claim is time-barred?

17.  Should this Court dismiss plaintiffs' claim under the California Consumer Legal Remedies Act (Count 13) because plaintiffs did not provide the requisite notice?

18.  Should this Court dismiss plaintiffs' California Unfair Competition Law claim (Count 14) because plaintiffs have adequate legal remedies?

19.  Should this Court dismiss plaintiffs' claims for an injunction under Louisiana's Unfair Trade Practices and Consumer Protection Law, Oklahoma's Consumer Protection Act (Counts 46 and 78) because those statutes do not provide a private right of action for injunctive relief?

20.  Should this Court dismiss plaintiffs' requests for injunctive relief under state consumer protection laws (Counts 4, 7, 10, 20, 29, 32, 35, 40, 43, 46, 49, 59, 65, 68, 72, 75, 78, 81, 93, and 96) because plaintiffs lack standing to obtain such relief?

**Unjust Enrichment Claims**

21.  Should this Court dismiss plaintiffs' unjust enrichment claims because they are precluded by an express contract or an adequate remedy at law, and because plaintiffs do not allege they conferred a direct benefit on GM?

**Class Allegations**

22.  Should this Court strike plaintiffs' nationwide class allegations under the MMWA and for fraudulent omission and unjust enrichment (Counts 1, 2, and 3) because there is no named plaintiff from 18 states, and plaintiffs cannot represent putative class members from other states?

23.  Should this Court strike plaintiffs' nationwide class allegations under the MMWA and for fraudulent omission and unjust enrichment (Counts 1, 2, and 3) because the class members' claims would be governed by the

disparate laws of 50 different states, which defeats the commonality, predominance, and superiority requirements of Rule 23?

24.     Should this Court strike plaintiffs' nationwide class allegations under the MMWA for the additional reason that plaintiffs have not satisfied the statutory prerequisites for a class action?

25.     Should this Court strike plaintiffs' claims under the laws of Oregon (Counts 81, 82, and 83) for lack of standing because the class is undefined and the sole "Oregon" plaintiff is inadequate?

General Motors LLC answers "yes" to each of these questions.

# STATEMENT OF
# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**

*Beck v. FCA US LLC*,
    273 F. Supp. 3d 735 (E.D. Mich. 2017)

*Chaudoin v. Thor Motor Coach, Inc.*,
    No. 15-13871, 2017 WL 3485803 (E.D. Mich. Aug. 15, 2017)

*Chiasson v. Winnebago Indus.*,
    No. 01-CV-74809, 2002 WL 32828652 (E.D. Mich. May 16, 2002)

*Cole v. Gen Motors Corp.*,
    484 F.3d 717 (5th Cir. 2007)

*Connick v. Suzuki Motor Co.*,
    174 Ill. 2d 482 (1996)

*Garcia v. Chrysler Grp. LLC*,
    127 F. Supp. 3d 212  (S.D.N.Y. 2015)

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
    966 F. Supp. 1525 (E.D. Mo. 1997)

*Hadley v. Chrysler Grp., LLC*,
    624 F. App'x 374 (6th Cir. 2015)

*Jimenez v. DaimlerChrysler Corp.*,
    269 F.3d 439 (4th Cir. 2001)

*Jimenez v. Ford Motor Credit Co.*,
    No. 322909, 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015)

*Matanky v. Gen. Motors LLC*,
    370 F. Supp. 3d 772, 788 (E.D. Mich. 2019)

*Nardizzi v. Gen. Motors LLC*,
    No. 2:19-cv-03665-CJC-JAM (C.D. Cal. Aug. 29, 2019), ECF No. 31

*In re OnStar Contract Litig.*,
   600 F. Supp. 2d 861 (E.D. Mich. 2009)

*Oom v. Michaels Cos.*,
   No. 1:16-cv-257, 2017 WL 3048540 (W.D. Mich. July 19, 2017)

*In re Packaged Ice Antitrust Litig.*,
   779 F. Supp. 2d 642 (E.D. Mich. 2011)

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011)

*In re Porsche*,
   880 F. Supp. 2d 801 (S.D. Ohio 2012)

*Rosenbaum v. Toyota Motor Sales, USA, Inc.*,
   No. 16-CV-12645, 2016 WL 9775018 (E.D. Mich. Oct. 21, 2016)

*Rosipko v. FCA US, LLC*,
   No. 15-11030, 2015 WL 8007649 (E.D. Mich. Dec. 7, 2015)

*Sanderson v. HCA-The Healthcare Co.*,
   447 F.3d 873 (6th Cir. 2006)

*Schechner v. Whirlpool Corp.*,
   237 F. Supp. 3d 601, 613 (E.D. Mich. 2017)

*Sloan v. Gen. Motors LLC*,
   No. 16-cv-07244-EMC, 2017 WL 3283998 (N.D. Cal. Aug. 1, 2017)

*Solo v. UPS Co.*,
   819 F.3d 788 (6th Cir. 2016)

*Stevenson v. Mazda Motor of Am., Inc.*,
   No. 14–5250, 2015 WL 3487756 (D.N.J. June 2, 2015)

*Temple v. Fleetwood Enters., Inc.*,
   133 F. App'x 254 (6th Cir. 2005)

*Williams v. Scottrade, Inc.*,
   No. 06-10677, 2006 WL 2077588 (E.D. Mich. July 24, 2006)

*Wozniak v. Ford Motor Co.*,
   No. 2:17-cv-12794, 2019 WL 108845 (E.D. Mich. Jan. 4, 2019)

**Other Authorities**

Rule 9(b)

Rule 12(b)(6)

Rule 23

## **INTRODUCTION**

Plaintiffs allege that their GM vehicles suffer from dozens of different subjective transmission problems, from shuddering and harsh shifting to delayed acceleration and excessive noise. They speculate these different symptoms arise from a common design defect in "hundreds of thousands" of GM vehicles with 8L90 or 8L45 transmissions, ranging from Chevrolet Corvettes to Cadillac Escalades. Plaintiffs never define this purported "Transmission Defect," or identify the causes of their alleged transmission issues.

Plaintiffs allege 104 claims on behalf of: (i) 33 putative state-wide classes for breach of express warranty, breach of implied warranty, and violation of state consumer protection statutes; and (ii) a putative nationwide class (or, in the alternative, 33 putative state-wide classes) for fraudulent omission, unjust enrichment, and violation of the MMWA. All of these claims fail on multiple grounds, and the attached Exhibit 2 sets forth specific grounds for dismissal, with cross-references to sections in this memorandum.

First, plaintiffs' express warranty claims fail because GM's limited warranty covers only manufacturing defects, not the alleged design defect.

Second, plaintiffs' implied warranty claims fail because plaintiffs do not allege their vehicles were unmerchantable at the time of sale. Certain plaintiffs' claims also fail for lack of privity or failure to provide notice.

1

Third, plaintiffs' MMWA claim fails because they have no viable underlying state law breach of warranty claims.

Fourth, plaintiffs' fraudulent omission claims fail because they do not meet the particularity requirements of Rule 9(b), do not adequately allege a duty to disclose, and/or are barred under the economic loss doctrine.

Fifth, plaintiffs' consumer protection law claims also fail because they do not meet the particularity requirements of Rule 9(b), and do not meet the substantive requirements of the applicable state laws.

Sixth, plaintiffs' unjust enrichment claims are precluded by an express contract and adequate legal remedies, and do not allege any direct benefit to GM.

Seventh, plaintiffs' "nationwide" MMWA, fraudulent omission, and unjust enrichment class allegations should be stricken because plaintiffs lack standing to assert claims under the laws of 18 states in which no named plaintiff is alleged to have suffered any injury; and class members' claims would be governed by the disparate laws of 50 different states, which defeats Rule 23 requirements.

Eighth, plaintiffs do not meet the statutory threshold for an MMWA class action; and the "Oregon" class is undefined and has no representative. For these reasons, plaintiffs' complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

Plaintiffs are 61 individuals who purchased or leased a wide variety of GM vehicles from independent dealerships across the country. *See* Am. Consolidated Class Action Compl. ¶¶ 355-901 ("ACC"), ECF No. 41. Plaintiffs allege that their vehicles experienced transmission issues, and that GM did not remedy these issues under the applicable GM New Vehicle Limited Warranty. *Id*. ¶¶ 8, 10. Despite a number of different symptoms, plaintiffs allege that these transmission issues arise from a common design defect (the "Transmission Defect") impacting "hundreds of thousands" of GM vehicles equipped with the 8L90 or 8L45 transmissions (the "Class Vehicles"). *Id*. ¶ 85. Plaintiffs do not define this "Transmission Defect," but describe a list of all possible symptoms of all possible transmission problems (vehicles "slip, buck, kick, jerk and harshly engage" when switching gears, and experience "delay in downshifts, delay acceleration, [and] difficulty stopping"). *Id*. ¶ 4. Plaintiffs allege that GM was aware of the alleged Transmission Defect and that GM failed to disclose this information to customers. *Id*. ¶ 8.

Although they mention GM advertisements generally referencing the performance of GM's 8-speed automatic transmissions, *id*. ¶¶ 94-97, plaintiffs do not plead that they saw or relied on any specific materials in making the decision to purchase or lease their vehicles. They do not identify any GM statements specifically related to the alleged Transmission Defect.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must set forth enough non-conclusory allegations to show that liability for the alleged conduct is not merely possible but plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Claims that sound in fraud "must meet the heightened pleading standard of Civil Rule 9(b)." *Wozniak v. Ford Motor Co*., No. 2:17-cv-12794, 2019 WL 108845, at *3 (E.D. Mich. Jan. 4, 2019).

"When the defendant challenges class certification based solely on the allegations in the complaint, the standard is the same as that applied in deciding a motion to dismiss under Rule 12(b)(6)." *Jimenez v. Allstate Indem. Co.*, No. 07-cv-14494, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of class certification, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Green v. Liberty Ins. Corp.*, 2016 WL 1259110, at *2 (E.D. Mich. Mar. 30, 2016) (internal citation and punctuation omitted). In a class complaint, named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury. *See*, *e.g.*, *Wozniak,* 2019 WL 108845, at *1.

## ARGUMENT

### I.    PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIMS FAIL.

Plaintiffs' express warranty claims should be dismissed because the alleged transmission design defect is not covered by GM's Limited Warranty, which limits coverage to "any vehicle defect . . . [related to] materials or workmanship occurring during the warranty period." ACC ¶ 87; *see also Sloan v. Gen. Motors LLC*, No. 16-cv-07244-EMC, 2017 WL 3283998, at *8 (N.D. Cal. Aug. 1, 2017) ("[T]he overwhelming weight of state law authority holds that design defects are *not* covered under" GM's Limited Warranty).

There are two distinct categories of product defects: manufacturing defects (materials and workmanship) and design defects.

> A manufacturing defect exists when an item is produced in a substandard condition, and [s]uch a defect is often demonstrated by showing the product performed differently from other ostensibly identical units of the same product line. A design defect, in contrast, exists when the product is built in accordance with its intended specifications, but the design itself is inherently defective.

*Davidson v. Apple*, No. 16-CV-04942-LHK, 2017 WL 976048, at *11 (N.D. Cal. Mar. 14, 2017) (internal citations and quotation marks omitted).

Plaintiffs allege the transmission defect affects all GM vehicles with the 8L45 or 8L90 transmissions. *See* ACC ¶¶ 2-4. Where a defect is alleged in all vehicles, the claim is for a *design* defect. *See Gertz v. Toyota Motor Corp.*, No. CV 10-1089 PSG (VBKx), 2011 WL 3681647, at *10 (C.D. Cal. Aug. 22, 2011).

Design defects are "not covered by GM's express warranty, which covers only defects in 'material or workmanship.'" *Matanky v. Gen. Motors LLC*, 370 F. Supp. 3d 772, 788 (E.D. Mich. 2019). A claim for breach of an express warranty "fails as a matter of law if it alleges a design defect, but is brought under an 'express written warranty covering materials and workmanship.'" *Schechner v. Whirlpool Corp.*, 237 F. Supp. 3d 601, 613 (E.D. Mich. 2017) (internal citation omitted).

Numerous courts have enforced the plain language of GM's warranty on a motion to dismiss and held that it does not cover design defects. *See Hindsman v. Gen. Motors LLC*, No. 17-cv-05337-JSC, 2018 WL 2463113, at *6 (N.D. Cal. June 1, 2018) (GM's "New Vehicle Limited Warranties cover defects in materials or workmanship [and] do not cover design defects"); Order Granting Def.'s Motion to Dismiss at 6, *Nardizzi v. Gen. Motors LLC*, No. 2:19-cv-03665-CJC-JAM (C.D. Cal. Aug. 29, 2019), ECF No. 31. ("To state a claim for breach of [GM's] express warranty, Plaintiff must allege that the defect is due to materials or workmanship"); *Acedo v. DMAX, Ltd. & Gen. Motors LLC*, No. 15-cv-02443-MMM (ASx), 2015 WL 12696176, at *23 (C.D. Cal. Nov. 13, 2015) (GM warranty "clearly limits coverage to 'defects in materials and workmanship'"); *Sloan*, 2017 WL 3283998 at *8.

A single inconsistent decision, *McKee v. General Motors LLC*, held that all

defects are covered by the GM warranty, including design defects. 376 F. Supp. 3d 751, 756-57 (E.D. Mich. 2019). Focusing on the absence of a comma, the court adopted an interpretation that, contrary to basic contract construction principles, would give no meaning to the phrase "occurring during the warranty period," rendering this language superfluous. GM respectfully states that the only reasonable view giving meaning to every word in the warranty provision limits its "Limited Warranty" to manufacturing defects.

Finally, plaintiffs' conclusory allegations that GM's warranty is unconscionable and unenforceable (ACC ¶ 1021) are insufficient to avoid dismissal. *See Whirlpool Corp. v. Grigoleit Co.*, 713 F.3d 316, 321 (6th Cir. 2013).

## II.    PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIMS FAIL.

### A.    Plaintiffs Do Not Allege That Their Vehicles Were Unfit For The Ordinary Purpose Of Transportation.

The implied warranty of merchantability provides for a minimum level of quality and does not impose a general requirement that goods precisely fulfill the subjective expectations of the buyer. *See Rosenbaum v. Toyota Motor Sales, USA, Inc.*, No. 16-CV-12645, 2016 WL 9775018, at *2 (E.D. Mich. Oct. 21, 2016) ("Merchantable is not a synonym for perfect"; goods need only be "of average quality in the industry" and fit for their "ordinary purpose") (quoting *Computer Network, Inc. v. AM Gen. Corp.*, 265 Mich. App. 309, 316–17 (2005)). In cases involving vehicle sales, a plaintiff must plead, and ultimately prove, that the

"vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation." *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F. Supp. 1525, 1533 (E.D. Mo. 1997) (quoting *Am. Suzuki Motor Corp. v. Superior Court,* 44 Cal. Rptr. 2d 526, 529–530 (2d Dist. 1995)); *see also Oggi Trattoria & Café Ltd. v. Isuzu Motors America, Inc.,* 865 N.E.2d 334, 341 (Ill. App. Ct. 2007); *Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523, 531 (E.D.N.Y. 2012); *Zea v. Ford Motor Co.*, No. H–14–3290, 2017 WL 979067, at *1 (S.D. Tex. Mar. 10, 2017); *Stevenson v. Mazda Motor of Am., Inc.*, No. 14–5250, 2015 WL 3487756 at *8 (D.N.J. June 2, 2015).

Here, plaintiffs make only conclusory allegations that their vehicles are "unfit for their ordinary and intended use" (*see, e.g.*, ACC ¶¶ 1036, 1152, 1279, 1390), but allege only inconvenience and mild discomfort. *Id.* ¶¶ 355-901. No plaintiff alleges accidents or physical injury, or otherwise stopped driving the vehicle. *See Hadley v. Chrysler Grp., LLC*, 624 F. App'x 374, 379 (6th Cir. 2015); *Weddle v. Smith & Nephew, Inc.*, No. 14-C-09549, 2016 WL 1407634, at *5 (N.D. Ill. April 11, 2016).

### B. State Law Privity Requirements Bar Certain Plaintiffs' Implied Warranty Claims.

Where, as here, all plaintiffs purchased their vehicles from independent dealerships (*see* ACC ¶¶ 355-901), they cannot allege privity as required for breach of implied warranty claims under the laws of Alabama, Arizona, Connecticut,

Idaho, Illinois, Kentucky, Michigan, New York, North Carolina, Ohio, Tennessee, Washington, and Wisconsin (Counts 6, 9, 22, 34, 37, 45, 54, 71, 74, 77, 95, 101, and 104). *See Am. West Enters., Inc. v. CNH, LLC*, 316 P.3d 662, 668 (Idaho 2013); *Curl v. Volkswagen of Am., Inc.*, 871 N.E.2d 1141, 1147 (Ohio 2007); *Aracena v. BMW of N. Am., LLC*, 159 A.D.3d 664, 666 (N.Y. App. Div. 2018); *Babb v. Regal Marine Indus., Inc.*, 186 Wash. App. 1003 (2015); *Estate of Kriefall v. Sizzler USA Franchise, Inc.*, 801 N.W.2d 781, 816 (Wis. Ct. App. 2011); *Gregory v. Atrium Door & Window Co.*, 415 S.E.2d 574, 575 (N.C. Ct. App. 1992); *O&G Indus. Inc. v. Lafarge Bldg. Materials, Inc.*, No. CV065002572, 2010 WL 760430, at *3 (Conn. Super. Ct. Jan. 22, 2010); *Mitchell v. Gen. Motors LLC*, No. 3:13–CV–498–CRS, 2014 WL 1319519, at *6–7 (W.D. Ky. Mar. 31, 2014); *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 910-11 (N.D. Ill. 2013); *Americoach Tours, Inc. v. Detroit Diesel Corp.*, No. 04-2016 B/V, 05-2067 B, 2005 WL 2335369, at *6 (W.D. Tenn. Sept. 23, 2005); *Haugland v. Winnebago Indus.*, 327 F. Supp. 2d 1092, 1097 (D. Ariz. 2004); *Rose v. Gen. Motors Corp.*, 323 F. Supp. 2d 1244, 1246 (N.D. Ala. 2004); *Chiasson v. Winnebago Indus.*, No. 01-CV-74809, 2002 WL 32828652, at *9 (E.D. Mich. May 16, 2002).

### C.   Certain Plaintiffs' Implied Warranty Claims Are Barred Because They Did Not Provide The Requisite Notice.

No plaintiff alleges notice to GM of a breach of implied warranty claim or the alleged defect before filing suit. Under applicable state law, plaintiffs' failure

to give notice requires dismissal of their implied warranty claims under the laws of Arizona, Illinois, Indiana, Michigan, Minnesota, New York, North Carolina, Ohio, Pennsylvania, and South Dakota (Counts 9, 37, 39, 54, 58, 71, 74, 77, 86, and 92). *See Erchonia Med. Inc. v. Smith*, No. CIV-02-2036-PHX-MHM, 2005 WL 8160621, at *8 (D. Ariz. Dec. 21, 2005); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 494 (1996); *Paper Mfr.'s Co. v. Rescuers, Inc.*, 60 F. Supp. 2d 869 (N.D. Ind. 1999); *Gorman v. Am. Honda Motor Co.*, 302 Mich. App. 113, 127 (2013); *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 827 (D. Minn. 2010); *Tomasino v. Estee Lauder Cos. Inc.*, 44 F. Supp. 3d 251, 260 (E.D.N.Y. 2014); *Horne v. Novartis Pharm. Corp.*, 541 F. Supp. 2d 768, 786 (W.D.N.C. 2008); *Radford v. Daimler Chrysler Corp.*, 168 F. Supp. 2d 751, 753 (N.D. Ohio 2001); *Am. Fed'n of State Cty. & Mun. Employees v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 08–cv–5904, 2010 WL 891150, at *7 (E.D. Pa. Mar. 11, 2010); *Jorgensen Farms, Inc. v. Country Pride Corp.*, 2012 S.D. 78, ¶ 23.

### D. Plaintiff Kidd's Failure To Seek Diagnosis Or Repair Precludes His Implied Warranty Claim.

Plaintiff Kidd's implied warranty claim (Count 95) fails for the additional reason that he does not allege that he ever sought diagnosis or repair for the transmission in his vehicle during the warranty period. *See* ACC ¶ 640. Courts routinely dismiss warranty claims where, as here, the plaintiff does not allege that he complied with the warranty's requirement that he present his vehicle for repair

during the warranty period. *See id*. ¶ 87 ("To obtain warranty repairs, take the vehicle to a [] dealer facility within the warranty period and request the needed repairs"); *see also In re OnStar Contract Litig.*, 600 F. Supp. 2d 861, 877 (E.D. Mich. 2009) (dismissing claims where plaintiffs did not allege they sought service during the warranty period); *Schechner*, 237 F. Supp. 3d at 614.

## III.   THERE IS NO VIABLE MMWA CLAIM.

An MMWA claim is directly dependent upon a sustainable claim for breach of warranty under state law. *Zanger v. Gulf Stream Coach, Inc.*, 2006 WL 1494952, at *7 (E.D. Mich. May 25, 2006) ("If there exists no actionable [state law] warranty claim, there can be no violation of the Magnuson–Moss Act."). Here, plaintiffs' "nationwide" claim for violation of the MMWA (Count 1) fails because, for the reasons stated in Sections I and II above, plaintiffs have no viable claims for breach of express or implied warranty under state laws. *See id*.; *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005).

## IV.   PLAINTIFFS' FRAUDULENT OMISSION CLAIMS FAIL ON MULTIPLE GROUNDS.

To state a viable fraudulent omission claim, plaintiffs must plead facts, with the particularity required under Rule 9(b), plausibly showing that: (1) GM omitted a material fact from a specific communication; (2) plaintiffs relied on the omission to their detriment and/or the omission caused plaintiffs' injuries; and (3) GM had a duty to disclose the material fact. *See Connick*, 174 Ill. 2d at 500; *MAC Fin. Plan*

*of Nashua, Inc. v. Stone*, 106 N.H. 517, 519 (1965); *MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 665 (6th Cir. 2013) (Michigan); *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 571 (6th Cir. 2003) (Tennessee); *Jimenez v. DaimlerChrysler Corp.*, 269 F.3d 439, 447–48 (4th Cir. 2001) (South Carolina); *Finest Place, Inc. v. Skidmore*, 477 S.W.3d 745, 748 (Mo. Ct. App. 2016); *Bellinger v. Hewlett Packard Co.*, No. 20744, 2002 WL 533403, at \*5 (Ohio Ct. App. Apr. 10, 2002); *Anson v. Trujillo*, 56 P.3d 114, 119 (Colo. App. 2002); *Pospisil v. Pospisil*, 59 Conn. App. 446, 450 (2000); *ReMax N. Atl. v. Clark*, 244 Ga. App. 890 (2000); *Crisman v. Crisman*, 85 Wash. App. 15 (1997); *Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 234 (S.D.N.Y. 2015); *V–Tech Servs., Inc. v. Street*, 72 A.3d 270, 275 (Pa. Super. Ct. 2013); *Kestrel Holdings I, L.L.C. v. Learjet Inc.*, 316 F. Supp. 2d 1071, 1078 (D. Kan. 2004); *Smith v. Duffey*, No. 07 C 5238, 2008 WL 4874088, at \*2 (N.D. Ill. June 23, 2008), *aff'd*, 576 F.3d 336 (7th Cir. 2009).

### A.     Plaintiffs Do Not Plead Fraud With The Particularity Required by Rule 9(b).

Plaintiffs do not adequately plead "the who, what, when, where, and how" of any alleged omission with the particularity required by Rule 9(b). *See Republic*, 683 F. 3d at 256; *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006). The ACC does not identify specific material facts that GM omitted, when or where GM allegedly omitted those facts, how any specific plaintiff was

misled, or why the statements were fraudulent. *See Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 2077588, at *7 (E.D. Mich. July 24, 2006) (allegations of "generally" misrepresenting in "advertisements, marketing materials, and sales message[s]" insufficient).

Plaintiffs do not allege that they encountered, read, or relied on any specific communications from GM about their vehicles. Rather, they allege that at unspecified times they: (1) reviewed and relied on unidentified "marketing materials," and (2) "discussed the purchase" with unidentified dealership personnel. ACC ¶¶ 355-901. Plaintiffs' vague allegations fall short of the Rule 9(b) requirements. *Feliciano v. Gen. Motors LLC*, No. 14 Civ. 06374 (AT), 2016 WL 9344120, at *14 (S.D.N.Y. Mar. 31, 2016) ("Plaintiffs . . . do not claim that any Plaintiff viewed the advertisements"); *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, No. MDL-1703, Nos. MDL-1703, 05 4742, 05 C 2623, 2009 WL 937256, at *6 (N.D. Ill. Apr. 6, 2009) ("[P]laintiffs have the burden of alleging specifically *which* commercials they saw and the content of those commercials").

Plaintiffs also cannot state omission-based claims because they do not plead "precisely what was omitted." *Republic*, 683 F.3d at 256. Plaintiffs do not allege any specific components of their transmissions are defective. Instead, they plead a wide range of general transmission symptoms (*see* ACC ¶ 355-901), which cannot serve as the basis of omission-based consumer fraud claims. Courts routinely

13

dismiss consumer fraud claims where, as here, a plaintiff fails to adequately allege "the contours of the alleged defect" that the defendant was required to disclose. *See Herrera v. Volkswagen Grp. of Am., Inc.*, No. SACV 16-00364-CJC (JCGx), 2016 WL 10000085, at *4 (C.D. Cal. Sept. 9, 2016); *DeCoteau v. FCA US LLC*, No. 2:15-cv-00020-MCE-EFB, 2015 WL 6951296, at *3 (E.D. Cal. Nov. 10, 2015) (plaintiffs "failed to allege how a specific defect within the transmission caused the 'symptoms' Plaintiffs purportedly experienced."); *McQueen v. BMW of N. Am., LLC*, No. 12-6674, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) ("There is no identification as to what precisely the defect is, other than a conclusory allegation that the transmission system is defective."); *Callaghan v. BMW of N. Am.*, LLC, No. 13-cv-04794-JD, 2014 WL 6629254, at *3 (N.D. Cal. Nov. 21, 2014) ("[t]ransmissions can fail for a myriad of different reasons").

### B. Plaintiffs Do Not Sufficiently Allege That GM Had Knowledge Of A Defect At The Time Of Sale.

Plaintiffs' allegations do not establish that GM knew of a specific defect in plaintiffs' vehicles at the time of sale, which is a core element of their claims under the laws of all states. *See, e.g., Wozniak*, 2019 WL 108845 at *3; *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 754 n.10 (E.D. Mich. 2017); *Bryde v. Gen. Motors, LLC*, No. 16-cv-02421-WHO, 2016 WL 6804584, at *9 (N.D. Cal. Nov. 17, 2016); *Elson v. State Farm Fire & Cas. Co.*, 691 N.E.2d 807, 817 (Ill. App. Ct. 1998); *Woods v. Maytag Co.*, No. 10–CV–0559 (ADS)(WDW), 2010 WL 4314313, at

14

*16 (E.D.N.Y. Nov. 2, 2010); *Alban v. BMW of N. Am.*, No. 09–5398 (DRD), 2011 WL 900114, at *32 (D.N.J. Mar. 15, 2011). Plaintiffs make a conclusory allegation that GM "knew or should have known" that the 8L90 and 8L45 transmissions were "defective" (ACC ¶ 99), but they do not identify what any concealed defects are, who at GM was purportedly aware of these concealed defects, the source of their knowledge, or any specific GM actions to conceal these defects from plaintiffs.

Plaintiffs' attempts to allege GM's knowledge are unsuccessful. First, plaintiffs allege that consumer complaints about the 6-speed transmission (6L50) somehow put GM on notice of the alleged Transmission Defect found in different GM vehicles with completely different transmissions (8L90 and 8L45). *See* ACC ¶¶ 101-04. Plaintiffs do not identify any common defect that allegedly caused the issues experienced with the 6-speed 6L50 transmission. *Id.* That some consumers complained about different GM vehicles with different transmissions cannot establish GM's knowledge of the alleged Transmission Defect in the Class Vehicles. *See Fisher v. Honda N. Am., Inc.*, No. LA CV13-09285 JAK(PLAx), 2014 WL 2808188, at *6 (C.D. Cal. June 12, 2014).

Second, plaintiffs allege that a statistically insignificant number of complaints to the NHTSA and on third party websites establish GM's knowledge of the supposed Transmission Defect. ACC, ¶¶ 85, 165-300 (describing 221 consumer complaints out of the "hundreds of thousands" of Class Vehicles sold).

Courts routinely reject reliance on such information to show a defendant's pre-sale knowledge. *See, e.g.*, *Wozniak*, 2019 WL 108845 at *3; *Wilson v. Hewlett Packard Co.*, 668 F.3d 1136, 1147 (9th Cir. 2012); *Nardizzi*, No. CV 19-03665-CJC, ECF No. 31 at 9–10; *Oliver v. Funai Corp., Inc.*, No. 14-cv-04532, 2015 WL 9304541 at *4 (D.N.J. Dec. 21, 2015); *Resnick v. Hyundai Motor Am., Inc.*, No. 16–00593 (PJWx), 2016 WL 9455016, at *13 (C.D. Cal. Nov. 14, 2016). Even large numbers of complaints posted on a manufacturer's own website have been found insufficient because they "merely establish the fact that some consumers were complaining." *See Berenblat v. Apple, Inc.*, No. 08–4969, 09-1649 (JF (PVT), 2010 WL 1460297, at *9 (N.D. Cal. Apr. 9, 2010). Rather, an "unusually high number of complaints" is necessary for an inference of a defendant's pre-sale knowledge. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1026 (9th Cir. 2017); *Roe v. Ford Motor Co.*, No. 18-cv-12528, 2019 WL 3564589, at *7 (E.D. Mich. Aug. 6, 2019) (rejecting NHTSA complaints as basis of knowledge where complaint lacked "factual allegations that make it reasonable to infer that complaints about and repairs of the water pumps were anything more than a blip on Ford's complaints-and-repairs radar").

Also, to the extent these complaints were submitted to NHTSA or posted *after* certain plaintiffs purchased their vehicles, do not describe a single identifiable defect, or do not address the *specific defect* at issue, they cannot show knowledge

16

of the defect at the time of purchase. *See Victorino v. FCA US LLC*, No. 16-cv-1617-GPC (JLB), 2018 WL 1083395, at *8 (S.D. Cal. Feb. 27, 2018) ("When addressing a defendant's pre-sale knowledge, courts have held that the defendant must have knowledge *of* the specific defect alleged, not a general defect"); *Sloan*, 2017 WL 3283998 at *7; *Beck*, 273 F. Supp. 3d at 753-54; *Stevenson v Mazda Motor Am., Inc.*, Civ. Action No. 14-cv-5250 (FLW) (DEA), 2015 WL 3487756, at *6 (D.N.J. June 2, 2015); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822, at *6-7 (C.D. Cal. Feb. 19, 2013).

Here, plaintiffs do not allege that GM saw the posts in question. *See Wozniak,* 2019 WL 108845, at *3. All of the complaints contain generalized transmission issues with varied symptoms and no common cause. *See, e.g.*, ACC ¶ 187 ("transmission makes a boom sound"), ¶ 216 ("rough idle after truck is . . . warm"), ¶ 233 ("electrical problems causing starting issues"), ¶ 264 ("the continental tires are cupping" and "the driveline makes a whining noise").

A number of complaints do not specify the make and model year of the vehicle at issue or do not concern a make and model year vehicle that was actually purchased or leased by any plaintiffs. *See id.* ¶¶ 310, 322, 346, 347(a-g), 348(a-d), 349, 350 (a, b, d, e), 351 (no make and/or model year) ¶¶ 194-210, 309-11, 313-16, 322, 327-332, 342, 345 (a, e), 347, 350(c) (not purchased or leased by plaintiffs). And the vast majority of those that do were not posted or submitted until *after*

plaintiffs had bought that particular vehicle. *See id.* ¶¶ 175-78, 181-85, 187-93, 211-20, 239-40, 244-49, 251-60, 265-71, 281-91, 296-304, 312, 320-21, 323-26, 333, 37, 339, 341 (b-g), 344(b), 345(b, f, g, h), 353. These complaints cannot establish that GM had knowledge of any transmission defect at the time of purchase, and the Court should not consider them. *See Beck* 273 F. Supp. 3d at 753-54; *Grodzitsky*, 2013 WL 690822, at *7; *Stevenson*, 2015 WL 3487756 at *7.

Third, plaintiffs claim that GM knew of the alleged defect based on three online postings by automotive journalists. *See* ACC ¶¶ 351-54. But these postings only refer to subjective dissatisfaction with transmissions performance in a very small subset of the putative class vehicles that does not rise to the level of a defect, much less identify a common cause. *Id.* Like the complaints to NHTSA and on third party websites, these postings cannot raise an inference of GM knowledge. *See, e.g.*, *Victorino*, 2018 WL 1083395 at *8; *Sloan*, 2017 WL 3283998 at *7.

Finally, plaintiffs point to routine service bulletins that GM issued between September 2014 and February 2019, informing dealership service personnel that "customers . . . may comment" about a broad spectrum of issues affecting a small minority of vehicles. ACC ¶¶ 105-64. These bulletins describe a host of different issues, with different symptoms, causes, and remedies, and involving different subsets of Class Vehicles, and vehicles with different transmissions. These bulletins also address issues ranging from "clunking noise[s]" to "delayed

engagement" to "harsh shifting" at various speeds (*see, e.g., id.* ¶¶ 117-18), and identify causes ranging from "adaptive functions" in transmissions, torque converters, Clutch Control Solenoids and valve bodies, TCM calibrations, and vehicle software (*see, e.g., id.* ¶¶ 108-16, 118, 120-27, 133-34, 145). These bulletins do not suggest the existence of any single, common defect in all Class Vehicles.

These bulletins also inform dealerships of *potential* customer complaints; they do not establish that any issue existed, or that any repair was necessary, in *all* Class Vehicles. *See Alban*, 2011 WL 900114 at *11-12 (TSB acknowledged issue only that issue "*may* be noticed" and did not establish that "all or substantially all" class vehicles were affected). These bulletins inform dealership personnel to conduct specified remedies (*e.g.*, replace the torque converter, flush the cooler lines, install a new filter, or clean the pan and magnet) *only* if a customer experienced a specified issue. *See, e.g.*, ACC ¶¶ 123, 136, 155.

### C.    Plaintiffs Do Not Allege That GM Had A Duty To Disclose.

Plaintiffs also do not allege that GM failed to provide information where it had a duty to disclose, a required element for fraudulent omission. *See Sneyd v. Int'l Paper Co., Inc.*, 142 F. Supp. 2d 819, 823 (E.D. Mich. 2001); *Bannister v. Agard*, 125 A.D.3d 797, 798 (N.Y. App. Div. 2015); *ATM Exch., Inc. v. Visa Intern. Serv. Ass'n*, No. 1:05-CV-00732, 2008 WL 3843530, at *11 (S.D. Ohio

Aug. 14, 2008); *Jimenez*, 269 F.3d at 447; *Connick*, 174 Ill. 2d at 500; *V-Tech Servs., Inc. v. St.*, 72 A.3d 270, 275-76 (Pa. Super. Ct. 2013); *Lyle v. Moore*, 183 Mont. 274, 280 (1979).

Plaintiffs allege that GM owed a duty to disclose based on its "exclusive" and "specific and superior knowledge" of the alleged defect. *See, e.g.*, ACC ¶¶ 1571-72, 1790-91, 1905-06, 2037-38. This is belied by the many allegations of public information about the alleged defect, such as the complaints to NHTSA, on third-party websites, and in trade publications. *Id.* ¶¶ 165-354 (quoting and citing publicly-available materials); *see also Kahn v. FCA US LLC*, No. 2:19-CV-00127-SVW-SS, 2019 WL 3955386, at *4 (C.D. Cal. Aug. 2, 2019) (reliance on "complaints posted on publicly-accessible websites cuts against Plaintiff's assertion that Defendant's knowledge was 'exclusive'").

Further, plaintiffs cannot bring fraudulent omission claims under the laws of Illinois, Michigan, New York, Ohio, and Pennsylvania, which preclude any duty to disclose where, as here, plaintiffs purchased their vehicles from independent dealerships. *See Matanky*, 370 F. Supp. 3d at 794 (dismissing Michigan and Ohio fraud claims); *Connick*, 174 Ill. 2d at 500-01 (Illinois); *Garcia*, 127 F. Supp. 3d at 237 (Michigan and New York); *Bellinger*, 2002 WL 533403 at *5 (Ohio).

Plaintiffs also cannot assert these claims under the laws of Maine, Missouri, New Jersey, and South Carolina, each of which restricts the duty to disclose to

circumstances where (1) there is a pre-existing fiduciary relationship, (2) one party "expressly reposes a trust and confidence in the other with reference to the particular transaction," and/or (3) the transaction itself is inherently fiduciary. *See Jimenez*, 269 F.3d at 447-48 (South Carolina); *Brae Asset Fund, L.P. v. Adam*, 661 A.2d 1137, 1140 (Me. 1995); *Green v. G.M.C.*, No. A-2831-01T-5, 2003 WL 21730592, at *8 (N.J. Super Ct. App. Div. July 10, 2003); *In re Gen. Motors Corp.*, 966 F. Supp. at 1533 (Missouri).

### D.    The Economic Loss Doctrine Bars Certain Claims.

The economic loss doctrine prohibits a purchaser of a defective product from using tort law to recover purely economic losses. *See Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010). Here, plaintiffs seek to recover only economic damages for the alleged defect; they allege no personal injury or property damages.

The economic loss doctrine precludes plaintiffs' fraudulent omissions claims under the laws of Kentucky, Maine, Minnesota, Missouri, New Jersey, New York, North Carolina, Pennsylvania, and South Carolina. *See Cemex, Inc. v. LMS Contracting, Inc.*, No. 3:06CV–124–H, 2009 WL 3171977, at *2 (W.D. Ky. Sept. 28, 2009); *Debbie Elliot, Inc. v. Hancock*, No. Civ.A. CV-05-280, 2005 WL 3340067, at *2 (Me. Super. Ct. Oct. 27, 2005); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F. 3d 873, 885 (8th Cir. 2000) (Minnesota); *Sapp v. Ford*

*Motor Co.*, 687 S.E.2d 47, 49 (S.C. 2009); *Graham Constr. Servs. v. Hammer & Steel Inc.*, 755 F.3d 611, 616 (8th Cir. 2014) (Missouri); *In re Elk Cross Timbers Decking Mktg.*, No.: 15-18 (JLL)MDL No.: 2577, 2015 WL 6467730, at *22 (D.N.J. Oct. 26, 2015); *Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 336 (D.N.J. 2010); *Bussian v. Daimler Chrysler*, 411 F. Supp. 2d 614, 625 (M.D.N.C. 2006); *Orlando v. Novurania of Am., Inc.*, 162 F. Supp. 2d 220, 226 (S.D.N.Y. 2001); *Werwinkski v. Ford Motor Co.*, 286 F.3d 661, 681 (3d Cir. 2002) (Pennsylvania).

## V.    PLAINTIFFS DO NOT STATE CLAIMS FOR VIOLATION OF STATE CONSUMER PROTECTION STATUTES.

### A.    Plaintiffs Do Not Satisfy Rule 9(b).

Plaintiffs' conclusory allegations do not adequately plead the elements of their consumer protection claims—deceptive conduct, reliance, and/or causation—as required by Rule 9(b). *See Wozniak*, 2019 WL 108845 at *3 (state law "consumer protection claims sounding in fraud must meet the heightened pleading standard of" Rule 9(b)).

Plaintiffs' must plead both reliance and causation with particularity in Counts 4, 7, 13, 14, 17, 35, 40, 49, 62, 69, 75, 84, 90, and 96. *See Crowe v. Tull*, 126 P.3d 196, 211 (Colo. 2006); *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005) (citing N.Y. Gen. Bus. L. § 350); *Billions v. White & Stafford Furniture Co., Inc.*, 528 So.2d 878, 880 (Ala. Civ. App. 1988); *Daugherty*

*v. Jacobs*, 187 S.W.3d 607, 615 (Tex Ct. App. 2006); *Laura v. Great Lakes Higher Educ. Guar. Corp.*, Civ. No. 17-cv-373-JL, 2018 WL 671174, at *7 (D.N.H. Feb. 1, 2018); *Weckhorst v. Kan. State Univ.*, 241 F. Supp. 3d 1154, 1177 (D. Kan. 2017); *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 394 (E.D. Pa. 2017); *Rojas–Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016); *Baldwin v. Star Sci., Inc.*, 78 F. Supp. 3d 724, 738 (N.D. Ill. 2015); *Rosipko v. FCA US, LLC*, No. 15-11030, 2015 WL 8007649, at *3 (E.D. Mich. Dec. 7, 2015); *Zazueta v. Nationstar Mortg.*, LLC, No. CV-13-1415-TUC-DCB, 2014 WL 12527708, at *7 (D. Ariz. Apr. 2, 2014); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *11 (N.D. Cal. July 23, 2013); *Kee v. Zimmer*, 871 F. Supp. 2d 405, 412–13 (E.D. Penn. 2012); *In re Porsche*, 880 F. Supp. 2d 801, 868 (S.D. Ohio 2012); *Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, No CIV. 06-4166, 2009 WL 3150984, at *7 (D.S.D. Sept. 28, 2009); *GxG Mgmt., LLC v. Young Bros. & Co., Inc.*, 457 F. Supp. 2d 47, 51 (D. Me. 2006); Ind. Code § 24-5-0.5-4.

Plaintiffs must allege causation with particularity in Counts 10, 20, 23, 26, 32, 43, 46, 52, 55, 59, 65, 68, 72, 78, 81, 87, 93, 99, and 102. *See Apprentice Info. Sys., Inc. v. DataScout, LLC*, 544 S.W.3d 536, 539 (Ark. 2018); *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharm. LP.*, 136 A.3d 688, 693 (Del. 2016); *Duspiva v. Fillmore*, 154 Idaho 27, 35 (2013); *Lee v. Carter-Reed Co., L.L.C.*, 203

N.J. 496, 528 (2010); *Gray v. N.C. Ins. Underwriting Ass'n*, 529 S.E.2d 676, 681 (N.C. 2000); *Patterson v. Beall*, 19 P.3d 839, 846 (Okla. 2000); *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 793 (1986) (en banc); *Carlsen v. Gamestop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016) (Minnesota); *Noyes v. Antiques at Pompey Hollow, LLC*, 144 Conn. App. 582, 594 (2013): *Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708 (2000); *Simpson v. Champion Petfoods USA, Inc.*, Civ. Action No. 2:18-CV-74 (WOB-CJS), 2019 WL 2571893, at *5 (E.D. Ky. June 21, 2019); *White v. Just Born, Inc.*, No. 2:17-cv-04025-C-NKL, 2017 WL 3130333, at *3 (W.D. Mo. July 21, 2017); *Murillo v. Kohl's Corp.*, 197 F. Supp. 3d 1119, 1126 (E.D. Wis. 2016); *Roberts v. Carfax Inc.*, No. 6:16-CV-00731-HMH-JDA, 2016 WL 5417206, at *3 (D.S.C. Aug. 25, 2016); *Donna v. Countrywide Mortg.*, No. 14-cv-03515-CBS, 2015 WL 9456325, at *3 (D. Colo. Dec. 28, 2015); *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014) (citing N.Y. Gen. Bus. L. § 349); *Cargill, Inc. v. Degesch Am., Inc.*, 875 F. Supp. 2d 667, 676 (E.D. La. 2012); *SunGuard Pub. Sector, Inc. v. Innoprise Software, Inc.*, No. 6:10–cv–1815–Orl–28GJK, 2012 WL 360170, at *5 (M.D. Fla. Feb. 21, 2012); *McKee Foods Corp. v. Pitney Bowes, Inc.*, No. 1:06-CV-80, 2007 WL 896153 at *5 (E.D. Tenn. March 22, 2007).

Here, no plaintiff adequately alleges causation or reliance because no plaintiff alleges personally encountering, relying on, or purchasing a vehicle as a

result of any specific GM advertisement. Plaintiffs' vague allegations that they "reviewed marketing materials" and "relied on the materials [they] reviewed before making [their] purchase[s]" (*see, e.g.*, ACC ¶¶ 358-59, 367-68, 376-77) cannot establish reliance or causation. *Williams*, 2006 WL 2077588 at *7; *see also Rosipko*, 2015 WL 8007649 at *3; *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 13 n.6 (1st Cir. 2017); *Pertile v. Gen. Motors, LLC*, Civ. Action No. 15-cv-518-WJM-NYM, 2017 WL 4237870, at *9 (D. Colo. Sept. 22, 2017); *Baldwin*, 78 F. Supp. 3d at 738.

### B. New York Plaintiffs Do Not Satisfy Rule 8.

New York courts do not apply Rule 9(b) to claims under the General Business Law. Plaintiffs' claims (Counts 68 and 69) are deficient under Rule 8 because they fail to plead deceptive advertising or causation with the required specificity—conclusory allegations are not enough. *Wright v. Publishers Clearing House, Inc.*, 372 F. Supp. 3d 61, 66-68, No. 2:18-cv-02373 (ADS)(AYS), 2019 WL 1177716, at *4 (E.D.N.Y. Mar. 12, 2019) ("each plaintiff must 'individually plead [each of] the disclosures he or she received were inadequate, misleading, or false, and that she was injured as a result of the insufficient or false disclosures.'"); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 100 (S.D.N.Y. 1997).

**C.     Plaintiffs Do Not Allege GM Had Knowledge Of A Defect At The Time Of Sale.**

Plaintiffs' consumer protection claims should be dismissed for the additional reason that, as explained in Section IV.B above, plaintiffs' allegations do not establish that GM knew of a specific defect in plaintiffs' vehicles at the time of sale, which is a core element of their claims under laws of all states. *See, e.g., Wozniak*, 2019 WL 108845 at *3; *Beck v. FCA US LLC*, 273 F. Supp. 3d 735, 754 n.10 (E.D. Mich. 2017).

**D.     Certain Consumer Protection Act Claims Fail On State-Specific Grounds.**

**1.     Certain Consumer Protection Statutes Preclude Consumer Class Actions.**

Plaintiffs' claims under the laws of Georgia, Louisiana, South Carolina, and Tennessee (Counts 29, 46, 87, and 93) fail because their consumer protection statutes preclude class actions. *See Walker v. Sunrise Pontiac-GMC Truck, Inc.*, 249 S.W.3d 301, 311 (Tenn. 2008) (TCPA precludes class actions); *Friedlander v. PDK Labs, Inc.*, 465 S.E.2d 670, 671 (Ga. 1996) (allowing only individual actions under the FBPA); *Harris v. Sand Canyon Corp.*, 274 F.R.D. 556, 565 (D.S.C. 2010) ("class action suits are forbidden"); *Alfortish v. GreenSky, LLC*, No. CV 16-15084, 2017 WL 699830, at *8 (E.D. La. Feb. 22, 2017) (Louisiana Unfair Trade Practices Act "does not permit individuals to bring class actions").

### 2. North Carolina And Pennsylvania Statutes Bar Claims For Solely Economic Losses.

Plaintiffs' claims under North Carolina's Unfair or Deceptive Trade Practices Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law (Counts 72 and 84) fail because these statutes bar claims for solely economic damages. *See Bussian*, 411 F. Supp. 2d at 625; *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp. 2d 525, 530 (E.D.Pa. 2013).

### 3. Colorado And Kansas Statutes Preclude Class Claims For Money Damages.

Plaintiffs' claims for monetary damages under Colorado (Colo. Rev. Stat. § 6-1-113(2)) and Kansas (Kan. Stat. Ann. § 50-634(c)) laws (Counts 17 and 40) fail because these statutes bar class action claims for damages. *See Friedman v. Dollar Thrifty Auto. Grp., Inc.*, No. 12–cv–02432–WYD–KMT, 2015 WL 4036319, at *2 (D. Colo. July 1, 2015) (CCPA precludes money damages in class actions); *Hammer v. Sam's East, Inc.*, No. 12–cv–2618–CM, 2013 WL 3756573, at *3 & n. 6 (D. Kan. July 16, 2013) ("Kan. Stat. Ann. §§ 50-634(b)(c) prohibit recovery of damages in a class action").

### 4. Michigan's Statute Exempts Motor Vehicle Sales.

Michigan's consumer protection statute exempts motor vehicle sales, and therefore the allegations under the MCPA fail as a matter of law (Count 52). Michigan courts, including this Court, hold that motor vehicle sales are exempt from the MCPA because they are "specifically authorized under" the Michigan

27

Vehicle code. *See*, *e.g.*, *Matanky*, 370 F. Supp. 3d at 799-800; *Jimenez v. Ford Motor Credit Co.*, No. 322909, 2015 WL 9318913, at *6-7 (Mich. Ct. App. Dec. 22, 2015); *Chaudoin v. Thor Motor Coach, Inc.*, No. 15-13871, 2017 WL 3485803, at *24 (E.D. Mich. Aug. 15, 2017).

### 5. California's Consumer Legal Remedies Act Requires Pre-Suit Notice.

Plaintiffs' Consumer Legal Remedies Act (CLRA) claim (Count 13) is precluded by their failure to provide notice as required by California law. Cal. Civ. Code § 1782(a); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1178 (S.D. Cal. 2010). Such notice must be in writing, to the place where the transaction occurred or to the defendant's principal place of business in California. Cal. Civ. Code § 1782(a). California plaintiffs Cheng and Won allege only that they complained to the dealership about a "transmission problem." ACC ¶¶ 415, 890. This allegation does not satisfy the CLRA's requirement. *See Flores v. Southcoast Auto. Liquidators, Inc.*, 226 Cal. Rptr. 3d 12, 19 (Cal. Ct. App. 2017).

### 6. Relief Under California's Unfair Competition Law Is Barred By Adequate Legal Remedies.

California's Unfair Competition Law (UCL) (Count 14) provides only equitable relief, and is unavailable where there are adequate legal remedies. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14–CV–02989–LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015). With adequate legal remedies through state-law and

MMWA warranty claims, plaintiffs here cannot request equitable relief in the alternative through a UCL claim. *Id.* at *16; *Zapata Fonseca v. Goya Foods Inc.*, No. 16-CV-02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016); *Munning v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017).

### 7.   Ohio's Statute Requires A Previous Violation.

The Ohio Consumer Sales Protection Act (OCSPA) precludes class actions except for specific conduct previously deemed a violation under an Ohio Attorney General rule or state court proceeding. *See In re Porsche*, 880 F. Supp. 2d at 868 (citing RC § 1345.09(B)). Plaintiffs' OCSPA claim (Count 75) does not identify a predicate Ohio Attorney General rule or court decision.

Plaintiff Ho's OCSPA claim is also time-barred under its strict two-year statute of limitations. *See* O.R.C. § 1345.10. The limitations period begins to run from the date of sale, and the "discovery rule" does not apply. *See Savett v. Whirlpool Corp.*, No. 12 CV 310, 2012 WL 3780451, at *3 (N.D. Ohio Aug. 31, 2012). Plaintiff Ho purchased his vehicle on March 12, 2016, more than two years before filing suit. *See* ACC ¶ 44.

### 8.   Louisiana And Oklahoma Statues Do Not Provide A Private Right Of Action For Injunctive Relief.

Plaintiffs' claims under the consumer protection statutes in Louisiana and Oklahoma (Counts 47 and 48) fail because there is no private right of action for injunctive relief. *Hurricane Fence Co. v. Jensen Metal Prod., Inc.*, 119 So. 3d 683,

688 (La. Ct. App. 2013); *Tibbetts v. Sight 'n Sound Appliance Ctrs., Inc.*, 77 P.3d

1042, 1052–53 (Okla. 2003), *as corrected* (Sept. 30, 2003).

> **9.    Plaintiffs Are Not Entitled To Injunctive Relief Under Various State Consumer Protection Statutes.**

Plaintiffs seek injunctive relief under certain consumer protection statutes

(Counts 4, 7, 10, 20, 29, 32, 35, 40, 43, 46, 49, 59, 65, 68, 72, 75, 78, 81, 93, 96),

but they do not have standing because they cannot establish a likelihood of future

or continuing harm and they cannot rely on past injury to satisfy this requirement.

*Chang v. Fage USA Dairy Indus., Inc.*, No. 14-CV-3826 (MKB), 2016 WL

5415678, at *4 (E.D.N.Y. Sept. 28, 2016); *Terrill v. Electrolux Home Prods., Inc.*,

753 F. Supp. 2d 1272, 1291–92 (S.D. Ga. 2010); *Hammer*, 2013 WL 3756573, at

*2; *Hawkins v. Nestle U.S.A. Inc.*, 309 F. Supp. 3d 696, 707 (E.D. Mo. 2018); *Nat'l*

*All. for Accessibility, Inc. v. Macy's Retail Holdings, Inc.*, No. 1:11-CV-877, 2012

WL 5381490, at *3 (M.D.N.C. Oct. 30, 2012); *Neuman v. L'Oreal USA S/D, Inc.*,

No. 1:14-CV-01615, 2014 WL 5149288, at *2 (N.D. Ohio Oct. 14, 2014).

Plaintiffs do not allege that they intend to purchase the allegedly defective

product in the future, and therefore do not allege a risk of future harm. *See Chang*,

2016 WL 5415678 at *4-5; *Buske v. Owens Corning (Corp.)*, No. 1:16-CV-709-

TWT, 2017 WL 1062371, at *3 (N.D. Ga. Mar. 21, 2017) (allegations of an

"ongoing refusal to honor warranty claims, repair or replace defective [products],

or repair subsequent property damage" are insufficient to allege future harm).

## VI.   PLAINTIFFS' UNJUST ENRICHMENT CLAIMS FAIL.

Plaintiffs' unjust enrichment claims cannot proceed. First, plaintiffs allege

the existence of a written warranty covering their vehicles, ACC ¶¶ 86-89, and

unjust enrichment is not available where there is an express contract. *See Solo v.*

*UPS Co.*, 819 F.3d 788, 796 (6th Cir. 2016); *see also Power Process Eng'g Co.v.*

*ValvTechnologies, Inc.*, No. 16-cv-11524, 2016 WL 7100504, at *4 (E.D. Mich.

Dec. 6, 2016); *Axenics, Inc. v. Turner Constr. Co.*, 62 A.3d 754, 764 (N.H. 2013);

*Johnson v. Larson*, 779 N.W.2d 412, 416-17 (S.D. 2010); *Servewell Plumbing,*

*LLC v. Summit Contractors, Inc.*, 210 S.W. 3d 101, 112 (Ark. 2005); *Dudding v.*

*Norton Frickey & Assocs.*, 11 P.3d 441, 445 (Colo. 2000); *Conn. Light & Power*

*Co. v. Proctor*, 118 A.3d 702, 705 n.7 (Conn. App. Ct. 2015); *Scott v. Fields*, 92

A.D.3d 666, 669 (N.Y. App. Div. 2012); *Howard v. Turnbull*, 316 S.W.3d 431,

436 (Mo. Ct. App. 2010); *Shane v. Bunzl Distribution USA, Inc.*, 200 Fed. Appx.

397, 404 (6th Cir. 2006); *Kwickie/Flash Foods, Inc. v. Lakeside Petroleum, Inc.*,

246 Ga. App. 729, 730 (2000); *HomeStar Prop. Sols.' LLC v. Safeguard Props.*,

LLC, 370 F. Supp. 3d 1020, 1030 (D. Minn. 2019); *Jones v. Bank of Am.*, N.A.,

No. 2:18-cv-0512-JEO, 2019 WL 2744470, at *8 (N.D. Ala. July 1, 2019); *Miller*

*v. Gen. Motors, LLC*, No. 17-cv-14032, 2018 WL 2740240, at *15 (E.D. Mich.

June 7, 2018) (Oregon and Washington); *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*,

1:15-cv-00520-EJL-CWD, 2018 WL 1365846, at *8 (D. Idaho Mar. 16, 2018); *Air*

*Prods. & Chemicals, Inc. v. Wiesmann*, 237 F. Supp. 3d 192, 215 (D. Del. 2017);

*Horton v. Bank of Am., N.A.*, 189 F. Supp. 3d 1286, 1289 (N.D. Okla. 2016); *Le v.*

*Kohl's Dep't Stores, Inc.*, 160 F. Supp. 3d 1096, 1116 (E.D. Wis. 2016); *Power*

*Process Eng'g Co., Inc.*, 2016 WL 7100504, at *4; *Entm't USA, Inc. v. Moorehead*

*Commc'ns, Inc.*, 93 F. Supp. 3d 915, 934 (N.D. Ind. 2015); *Hickman v. Wells*

*Fargo Bank N.A.*, 683 F. Supp. 2d 779, 797 (N.D. Ill. 2010); *Johnson v. KB Home*,

720 F. Supp. 2d 1109, 1122-23 (D. Ariz. 2010); *Halstead v. Motorcycle Safety*

*Found.*, 71 F. Supp. 2d 455, 459 (E.D. Pa. 1999).

Second, unjust enrichment is not available where, as here, plaintiffs have

adequate legal remedies through their other causes of action. *Buku Props., LLC v.*

*Clark*, 291 P.3d 1027, 1033-34, 834-35 (Idaho 2012); *Nemec v. Shrader*, 991 A.2d

1120, 1130 (Del. 2010); *Szaloczi v. John R. Behrmann Revocable Tr.*, 90 P.3d 835,

842 (Colo. 2004) (en banc); *Gagne v. Vaccaro*, 766 A.2d 416, 424 (Conn. 2001)

(en banc); *Hammons v. Ehney*, 924 S.W.2d 843, 847 (Mo. 1996) (en banc); *Alsea*

*Veneer, Inc. v. State of Oregon*, 862 P.2d 95, 100 (Or. 1993); *Cantrell v. Henry*

*Cty., by Henry Cty. Water and Sewage Auth.*, 301 S.E.2d 870, 872 (1983); *Sands v.*

*Stevens*, 437 A.2d 297, 299 (N.H. 1981); *Clark v. Pa. State Police*, 436 A.2d 1383,

1385 (Pa. 1981); *Trustmark Ins. Co. v. Bank One, Arizona N.A.*, 48 P.2d 485, 491

(Ariz. Ct. App. 2002); *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d

1065, 1071 (Ill. App. Ct. 1995); *Jones*, 2019 WL 2744470 at *8; *Duffie v. Mich.*

*Grp., Inc.–Livingston*, No. 14-cv-14148, 2016 WL 8259511, at *1 (E.D. Mich. Jan. 15, 2016); *Horton*, 189 F. Supp. 3d at 1289; *Entm't USA*, 93 F. Supp. 3d at 934; *J & K Parris Constr., Inc. v. Roe Ave., Assoc.*, No. 22658/2011, 2015 WL 3551627, at *8 (N.Y. Sup. Ct. May 19, 2015); *Zaveri v. Conder Petroleum Corp.*, 27 F. Supp. 3d 695, 700 (W.D. La. 2014); *Headwaters Constr. Co. v. Nat'l City Mortg. Co.*, 720 F. Supp. 2d 1182, 1187 (D. Idaho 2010).

Critically, this bar applies without concern for the legal sufficiency of plaintiffs' other claims. *See Duffie*, 2016 WL 8259511, at *1

Third, unjust enrichment is not viable because plaintiffs purchased their vehicles from third parties and therefore conferred no benefit directly on GM. *See Schechner*, 237 F. Supp. 3d at 618; *Sergeants Benevolent Ass. Health & Welfare Fund v. Actavis, plc*, No. 15 Civ. 6549 (CM), 2018 WL 7197233, at *61 (S.D.N.Y. Dec. 26, 2018); *Storey v. Attends Healthcare Prods., Inc.*, 2016 WL 3125210, at *13 (E.D. Mich. June 3, 2016); *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *13 (N.D. Ill. Feb. 1, 2016); *Kings Auto. Holdings, LLC v. Westbury Jeep Chrysler Dodge, Inc.*, 48 Misc. 3d 1207(A), at *10 (N.Y. Sup. Ct. June 29, 2015); *Vichi v. Koniklijke Philips Elecs. N.V.*, 62 A.3d 26, 61 (Del. Ch. 2012).

## VII. PLAINTIFFS' NATIONWIDE AND OREGON CLASS ALLEGATIONS SHOULD BE STRICKEN ALONG WITH THEIR CLAIMS FOR INJUNCTIVE RELIEF.

### A. Plaintiffs Lack Standing For A Nationwide Class Because There Is No Named Plaintiff From 18 States.

Plaintiffs' nationwide class allegations (Counts 1, 2, and 3) should be stricken for the independent reason that there is no named plaintiff from 18 states, and plaintiffs cannot represent putative class members from other states. *See Wozniak*, 2019 WL 108845, at *1; *Matanky*, 370 F. Supp. 3d at 788; *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 657-58 (E.D. Mich. 2011); *McKee*, 376 F. Supp. 3d at 755 (dismissing claims under laws of 26 states in which no named plaintiff resided or purchased the relevant product); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017) (dismissing nationwide MMWA claim for lack of standing).

### B. Plaintiffs' Nationwide MMWA, Fraudulent Omission, And Unjust Enrichment Claims Would Be Governed By The Disparate Laws Of Fifty States.

Plaintiffs' "nationwide" MMWA, fraudulent omission, and unjust enrichment class claims (Counts 1, 2, and 3) are facially untenable, because they would be governed by the different laws of 50 states, and the variation in state law would defeat the commonality, predominance, and superiority requirements of Rule 23.

The MMWA claim would require viable underlying state-law warranty

claims in all 50 states (*see Rosipko*, 2015 WL 8007649 at \*5), and the variations in state warranty law include: "(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested vehicle defects, (5) whether merchantability may be presumed[,] and (6) whether warranty protections extend to used vehicles." *Cole v. Gen Motors Corp.*, 484 F.3d 717, 726 (5th Cir. 2007) (denying nationwide class certification); *Rasnic v. FCA US LLC*, No. 17-2064-KHV, 2017 WL 6406880, at \*10 (D. Kan. Dec. 15, 2017) (striking class allegations because "[i]f a nationwide class seeks relief under the MMWA . . . , the Court would potentially have to apply different state laws to each respective plaintiff's claim. Differences in state laws governing each claim would create manageability concerns prohibiting class certification").

The same is true of plaintiffs' fraudulent omission claim; state laws governing fraud differ widely on statutes of limitations and the facts necessary to establish a duty to disclose. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) ("Courts routinely hold that both fraud and warranty claims are difficult to maintain on a nationwide basis and rarely are certified"); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002) ("state laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products-liability suits may not proceed

as nationwide classes").

Likewise, there are differences nationwide in the definition of unjust enrichment and its availability as a remedy, including whether "states preclude such claims when an adequate legal remedy is available" or whether there is an enforceable contract. *Thompson v. Jiffy Lube Int'l, Inc.*, 250 F.R.D. 607, 626 (D. Kan. 2008) ("Because of such variations, federal courts have generally refused to certify a nationwide class" for unjust enrichment claims).

Under Sixth Circuit precedent, courts should resolve class certification questions on a pre-answer motion to strike where, as here, the asserted class is facially improper and no amount of discovery would change the central defect. *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 948 (6th Cir. 2011). "If more than a few of the laws of the fifty states differ . . . the district judge would face an impossible task of instructing a jury on the relevant law." *Id*. at 948-49 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996)); *see also Loreto v. Procter & Gamble Co.*, 515 F. App'x 576, 582 (6th Cir. 2013) (reinstating plaintiffs' class claims under the laws of 49 states would be "futile"); *Oom v. Michaels Cos.*, No. 1:16-cv-257, 2017 WL 3048540, at *7 (W.D. Mich. July 19, 2017) (striking proposed nationwide class because "applicable state laws would vary substantially"); *Boyer v. Diversified Consultants, Inc.*, 306 F.R.D. 536, 538 (E.D. Mich. 2015) (where class definition is clearly legally impermissible,

"fairness and efficiency require that the Court address the issue in response to" a motion to strike).

Courts generally strike nationwide MMWA, fraudulent omission, and nationwide claims for this reason. *See, e.g.*, *Miles v. Am. Honda Motor Co.*, No. 17 C 4423, 2017 WL 4742193, at *5 (N.D. Ill. Oct. 19, 2017); *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011); *Sanders*, 672 F. Supp. 2d at 991; *Thompson*, 250 F.R.D. at 626.

### C. Plaintiffs Cannot Satisfy Statutory Prerequisites For A Class Action Under The MMWA.

Plaintiffs cannot maintain a class action under the MMWA because the statute requires that there be at least 100 named plaintiffs. 15 U.S.C. § 2310(d)(3)(C). With only 61 named plaintiffs, a purported class action is not cognizable under the MMWA. *MacDougall v. Am. Honda Motor Co.*, No. SACV 17-01079 AG(DFMx), 2017 WL 8236359, at *3–4 (C.D. Cal. Dec. 4, 2017); *Cadena v. Am. Honda Motor Co.*, No. CV 18-4007-MWF (PJWx), 2019 WL 3059931, at *11 (C.D. Cal. May 29, 2019); *Floyd v. Am. Honda Motor Co.*, No. 2:17-CV-08744-SVW-AS, 2018 WL 6118582, at *3 (C.D. Cal. June 13, 2018).

### D. The Oregon Subclass Is Undefined And Has No Representative.

Plaintiffs' class action claims under Oregon law cannot proceed for the independent reason that the Oregon class is undefined. Without a state class definition, it will be impossible for the Court to determine "whether the class[] as

currently defined [is] legally permissible." *See, e.g.*, *Boyer*, 306 F.R.D. at 538 (granting defendant's motion to strike class allegations where classes at issue were not properly defined). It will be impossible to determine whether the undefined class is ascertainable or meets the requirements of Rule 23. *See Allstate*, 2010 WL 3623176 at *3.

In any event, plaintiffs' sole "Oregon" plaintiff is inadequate because he alleges he is an Oregon resident but purchased his vehicle in Idaho (he also purports to represent the Idaho subclass). *See* ACC ¶ 776.

<u>**CONCLUSION**</u>

GM requests dismissal of all of plaintiffs' claims with prejudice or, if any claims proceed, an order striking plaintiffs' nationwide and Oregon class allegations.

Dated: November 29, 2019

Respectfully submitted,

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
Jerome A. Murphy
Jared A. Levine
Rachel P. Raphael
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
jalevine@crowell.com
rraphael@crowell.com

*/s/ Stephanie A. Douglas*
Stephanie A. Douglas
BUSH SEYFERTH PLLC
100 W. Big Beaver Road,
Suite 400
Troy, MI 48084
Telephone: (248) 8220-7806
Fax: (248) 822-7806
douglas@bsplaw.com

*Counsel for General Motors LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 29, 2019 the foregoing

was electronically filed with the Clerk of the Court using the CM/ECF system,

which will send notification of this filing to all counsel of record.

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy

*Counsel for General Motors LLC*