# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RICHARD FRANCIS, CHARLES
AIKEN, NEIL AMBROSIO,
MICHAEL BANKS, MARIA
BARALLARDOS, STEVEN BRACK,
JAMES PAUL BROWNE, CLYDE
CHENG, GUY CLARK, TROY
COULSON, KIMBERLY COULSON,
NICOLETTE COVEY, DARRIN
DEGRAND, DANIEL DRAIN,
DENNIS DUFFY, DONALD
DYKSHORN, JON ELLARD, JIMMY
FLOWERS, SAMUEL FORD,
KARINA FREDO, WILLIAM FREDO,
RICHARD FREEMAN, CHARLES
GRAFF, LISA MARIE GRAFF,
TIMOTHY GRAFRATH, WILLIAM
GROSSMAN, MARISELLA
GUTIERREZ, JIMMY HARMAN, CHI
KIM HO, PHIL HOUK, JAY HULL,
RANDALL JACOBS, CARL
JOHNSEN, COLTON KELLY, MARK
KIDD, TAURUS KING,
CHRISTOPHER KRULL, CHARLES
LARSEN, BRIAN LLOYD, MARC
MAZZA, ANDRE MCQUADE,
RHIANNA MEYERS, RICHARD
NOONAN, JAMES NORVELL,
MICHAEL PLAFKER, MICHAEL
PONDER, LOUIS RAY, JEFFREY
RICE, ARIF SHAKOOR, KEITH
SHELTON, KAREN SHELTON,
CARY SHERROW, RICHARD
"TERRY" SHOPE, DONALD
SICURA, JOSEPH SIERCHIO, JASON
"KEVIN" SINCLAIR, DENNIS

**2:19-cv-11044-DML-DRG**

Judge David M. Lawson
Magistrate Judge David R. Grand

SPEERLY, RICHARD SULLIVAN,
MICHAEL SYLVESTER, TAIT
THOMAS, PHILIP WEEKS, KEVIN
WESLEY, PHILIP WHICKER,
WESLEY WON, and HOWARD
YOUNG, individually and on behalf of
all others similarly situated,
     Plaintiffs,
     v.

GENERAL MOTORS, LLC,

    Defendant.

## GENERAL MOTORS' ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

General Motors LLC provides its answer, including affirmative defenses, to the Consolidated Amended Class Action Complaint ("CAC"), with the general limitation that all allegations not expressly admitted are denied.

1.     GM admits that plaintiffs purport to bring this action as a class action, but denies that a class action can be maintained or that plaintiffs state any claims or any right to relief against GM. GM denies the remaining allegations in Paragraph 1.

## NATURE OF THE ACTION

2.     GM admits that plaintiffs purport to bring this action as a class action, but denies that a class action can be maintained or that plaintiffs state any claims or any right to relief against GM. GM denies the remaining allegations in Paragraph

2, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

3.　　GM denies the allegations in Paragraph 3, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

4.　　GM denies the allegations in Paragraph 4, and specifically denies that the 8L90 and 8L45 transmissions are defective.

5.　　GM denies the allegations in Paragraph 5, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

6.　　GM denies the allegations in Paragraph 6, and specifically denies that the 8L90 and 8L45 transmissions are defective.

7.　　GM admits that it provides express limited warranties with new vehicles, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 7, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

8.      GM denies the allegations in Paragraph 8, and specifically denies that the 8L90 and 8L45 transmission are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

9.      GM denies the allegations in Paragraph 9, and specifically denies that the 8L90 and 8L45 transmission are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 10, and specifically denies that the 8L90 and 8L45 transmission are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

11.     GM admits that it has not issued a recall of GM vehicles equipped with 8L90 and 8L45 transmissions, but it denies the remaining allegations in Paragraph 11, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

12.     The allegations in Paragraph 12 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 12, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal or contractual obligations to consumers.

13.     GM denies the allegations in Paragraph 13, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 14.

## JURISDICTION AND VENUE

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 15, and specifically denies that a class action can be maintained.

16.     The allegations in Paragraph 16 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 16, and specifically denies that a class action can be maintained.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 17, and specifically denies that a class action can be maintained.

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 18, and specifically denies that a class action can be maintained.

## THE PARTIES

19.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 19 regarding Mr. Aiken or his vehicle purchase, and therefore denies the allegations.

20.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 20 regarding Mr. Ambrosio or his vehicle lease, and therefore denies the allegations.

21.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 21 regarding Mr. Banks or his vehicle purchase, and therefore denies the allegations.

22.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 22 regarding Ms. Barallardos or her vehicle purchase, and therefore denies the allegations.

23.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 23 regarding Mr. Brack or his vehicle purchase, and therefore denies the allegations.

24.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 24 regarding Mr. Browne or his vehicle purchase, and therefore denies the allegations.

25.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 25 regarding Mr. Cheng or his vehicle purchase, and therefore denies the allegations.

26.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 26 regarding Mr. Clark or his vehicle purchase, and therefore denies the allegations.

27.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 27 regarding Mr. and Ms. Coulson or their vehicle purchase, and therefore denies the allegations.

28.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 28 regarding Ms. Covey or her vehicle purchase, and therefore denies the allegations.

29.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 29 regarding Mr. Degrand or his vehicle purchase, and therefore denies the allegations.

30.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 30 regarding Mr. Drain or his vehicle purchase, and therefore denies the allegations.

31.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31 regarding Mr. Duffy or his vehicle purchase, and therefore denies the allegations.

32.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 32 regarding Mr. Dykshorn or his vehicle purchase, and therefore denies the allegations.

33.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 33 regarding Mr. Ellard or his vehicle purchase, and therefore denies the allegations.

34.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 34 regarding Mr. Flowers or his vehicle purchase, and therefore denies the allegations.

35.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 35 regarding Mr. Francis or his vehicle purchase, and therefore denies the allegations

36.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 36 regarding Mr. and Ms. Fredo or their vehicle purchase, and therefore denies the allegations.

37.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 37 regarding Mr. Freeman or his vehicle purchase, and therefore denies the allegations

38.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38 regarding Mr. Ford or his vehicle lease, and therefore denies the allegations

39.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 39 regarding Mr. and Ms. Graff or their vehicle purchase, and therefore denies the allegations.

40.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 40 regarding Mr. Grafrath or his vehicle purchase, and therefore denies the allegations.

41.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 41 regarding Mr. Grossman or his vehicle purchase, and therefore denies the allegations.

42.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 42 regarding Ms. Gutierrez or her vehicle purchase, and therefore denies the allegations.

43.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 43 regarding Mr. Harman or his vehicle purchase, and therefore denies the allegations.

44.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 44 regarding Mr. Ho or his vehicle purchase, and therefore denies the allegations.

45.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 45 regarding Mr. Houk or his vehicle purchase, and therefore denies the allegations.

46.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 46 regarding Mr. Hull or his vehicle purchase, and therefore denies the allegations.

47.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 47 regarding Mr. Jacobs or his vehicle purchase, and therefore denies the allegations.

48.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 48 regarding Mr. Johnsen or his vehicle purchase, and therefore denies the allegations.

49.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 49 regarding Mr. Kelly or his vehicle purchase, and therefore denies the allegations.

50.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 50 regarding Mr. Kidd or his vehicle purchase, and therefore denies the allegations.

51.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 51 regarding Mr. King or his vehicle purchase, and therefore denies the allegations.

52.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 52 regarding Mr. Krull or his vehicle purchase, and therefore denies the allegations.

53.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 53 regarding Mr. Larsen or his vehicle purchase, and therefore denies the allegations.

54.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 54 regarding Mr. Lloyd or his vehicle purchase, and therefore denies the allegations.

55.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 55 regarding Mr. Mazza or his vehicle purchase, and therefore denies the allegations.

56.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 56 regarding Mr. McQuade or his vehicle purchase, and therefore denies the allegations.

57.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 57 regarding Ms. Meyers or her vehicle purchase, and therefore denies the allegations.

58.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 58 regarding Mr. Noonan or his vehicle purchase, and therefore denies the allegations.

59.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 59 regarding Mr. Norvell or his vehicle purchase, and therefore denies the allegations.

60.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 60 regarding Mr. Plafker or his vehicle lease, and therefore denies the allegations.

61.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 61 regarding Mr. Ponder or his vehicle purchase, and therefore denies the allegations.

62.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 62 regarding Mr. Ray or his vehicle purchase, and therefore denies the allegations.

63.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 63 regarding Mr. Rice or his vehicle purchase, and therefore denies the allegations.

64.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 64 regarding Mr. Shakoor or his vehicle purchase, and therefore denies the allegations.

65.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 65 regarding Mr. and Ms. Shelton or their vehicle purchase, and therefore denies the allegations.

66.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 66 regarding Mr. Sherrow or his vehicle purchase, and therefore denies the allegations.

67.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 67 regarding Mr. Shope or his vehicle purchase, and therefore denies the allegations.

68.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 68 regarding Mr. Sicura or his vehicle purchase, and therefore denies the allegations.

69.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 69 regarding Mr. Sierchio or his vehicle purchase, and therefore denies the allegations.

70.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 70 regarding Mr. Sinclair or his vehicle purchase, and therefore denies the allegations.

71.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 71 regarding Mr. Speerly or his vehicle purchase, and therefore denies the allegations.

72.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 72 regarding Mr. Sullivan or his vehicle purchase, and therefore denies the allegations.

73.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 73 regarding Mr. Sylvester or his vehicle purchase, and therefore denies the allegations.

74.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 74 regarding Mr. Thomas or his vehicle purchase, and therefore denies the allegations.

75.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 75 regarding Mr. Weeks or his vehicle purchase, and therefore denies the allegations.

76.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 76 regarding Mr. Wesley or his vehicle purchase, and therefore denies the allegations.

77.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 77 regarding Mr. Whicker or his vehicle purchase, and therefore denies the allegations.

78.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 78 regarding Mr. Won or his vehicle purchase, and therefore denies the allegations.

79.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 79 regarding Mr. Young or his vehicle purchase, and therefore denies the allegations.

80.     GM admits that it is a Delaware limited liability company with headquarters and principal place of business at 300 Renaissance Center, Detroit, Michigan 48232, that its sole member is General Motors Holdings LLC, a Delaware limited liability company with its principal place of business in Michigan, and that the sole member and owner of General Motors Holdings LLC is General Motors Company, which is a Delaware corporation with a principal place of business in Michigan. GM denies the remaining allegations in Paragraph 80.

81.     GM admits that it designs, manufactures, markets and distributes motor vehicles, including vehicles equipped with 8L90 and 8L45 transmissions in the United States.  GM denies the remaining allegations in Paragraph 81.

82.     GM admits that it designs, manufactures, markets, and distributes motor vehicles in the United States.  GM denies the remaining allegations in Paragraph 82.

## **FACTUAL ALLEGATIONS**

83.     GM admits that it designs, manufactures, markets, distributes, and warrants automobiles sold in the United States, including Buick, Cadillac,

Chevrolet, and GMC brand-vehicles. GM admits that Paragraph 83 purports to quote GM's 2018 Annual Report (Form 10-K), but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 83.

84.    The allegations in Paragraph 84 state legal conclusions to which no response is required.  GM admits that there are thousands of dealerships selling GM vehicles and parts in the United States. GM denies the remaining allegations in Paragraph 84, and specifically denies that the dealerships are under GM's control.

85.    GM admits that it designs, manufactures, markets and distributes motor vehicles, including vehicles equipped with 8L90 and 8L45 transmissions in the United States. GM denies the remaining allegations in Paragraph 85.

86.    GM denies the allegations in Paragraph 86, except to admit that it provides express limited warranties with new vehicles.

87.    GM admits that Paragraph 87 purports to quote from certain GM express limited warranties, but states that the documents speaks for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 87.

88.     GM admits that it provides express limited warranties with new vehicles, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 88.

89.     The allegations in Paragraph 89 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 89 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 89.

90.     GM denies the remaining allegations in Paragraph 90, except to admit that it manufactured the 8L90 and 8L45 transmissions in certain GM vehicles.

91.     GM admits that, among other things, the 8L90 and 8L45 transmissions affect fuel consumption and torque. GM denies the remaining allegations of Paragraph 91.

92.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 92 regarding transmissions other than those manufactured by GM, and therefore denies the allegations. GM denies the remaining allegations of Paragraph 92, except to admit that some transmissions use toothed gears.

93.     GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 93 regarding transmissions other than those manufactured by GM, and therefore denies the allegations. GM denies the remaining allegations

of Paragraph 93, except to admit that automatic transmissions automate the switching of gears.

94.    GM admits that Paragraph 94 purports to quote from a GM press release, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 94.

95.    GM admits that Paragraph 95 purports to quote from a GM press release, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 95.

96.    GM admits that Paragraph 96 purports to quote from a GM press release, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 96.

97.    GM denies the allegations in Paragraph 97, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

98.    GM denies the allegations in Paragraph 98, and specifically denies that the 8L90 and 8L45 transmissions are defective.

**A.    GM's Knowledge of the Transmission Defect**

99.    GM denies the allegations in Paragraph 99, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

100.    The allegations in Paragraph 100 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 100, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

*1.* ***GM's 8L90 and 8L45 Transmissions Suffer from Similar Defects as the 6L50 Transmission***

101.   GM denies the allegations in Paragraph 101, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

102.   GM admits that Paragraph 102 purports to quote from NHTSA complaints, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 102.

103.   GM admits that *McKee v. General Motors, LLC*, Case No. 18-11303 (E.D. Mich.) was filed on April 26, 2018, but states that the CAC speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 103.

104.   The allegations in Paragraph 104 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 104, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2.    **GM's Own Service Bulletins Demonstrate Its Knowledge of the Transmission Defect as Early as September 1, 2014.**

a.    **Service Bulletin 14628**

105.    GM denies the allegations in Paragraph 105 except to admit that it issued certain service bulletins between September 2014 and February 2019.

106.    GM admits that Paragraph 106 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 106.

107.    GM admits that Paragraph 107 purports to quote a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 107.

b.    **Service Bulletin 14-07-30-001**

108.    GM admits that Paragraph 108 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 108.

109.    GM denies the allegations in Paragraph 109, except to admit that it issued service bulletins numbered 14-07-30-001A through 14-07-30-001G between October 2014 and October 2018.

110.    GM admits that Paragraph 110 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 110.

111.   GM admits that Paragraph 111 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 111.

112.   GM admits that Paragraph 112 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 112.

113.   GM admits that Paragraph 113 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 113.

114.   GM admits that Paragraph 114 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 114.

115.   GM admits that Paragraph 115 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 115.

116.   GM admits that Paragraph 116 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 116.

**c.**      **Service Bulletin 14876**

117.  GM admits that Paragraph 117 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 117.

### d.    Service Bulletin 15-NA-007

118.  GM admits that Paragraph 118 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 118.

119.  GM admits that Paragraph 119 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 119.

### e.    Service Bulletin PIP5337

120.  GM admits that Paragraph 120 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 120.

121.  GM denies the allegations in Paragraph 121, except to admit that it issued service bulletins numbered PIP5337A through PIP5337K  between January 20, 2016 and October 2018.

122.  GM admits that Paragraph 122 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 122.

123.   GM admits that Paragraph 123 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 123.

124.   GM admits that Paragraph 124 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 124.

125.   GM admits that Paragraph 125 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 125.

126.   GM admits that Paragraph 126 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 126.

127.   GM admits that Paragraph 127 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 127.

**f.**   **Service Bulletin PIE0353**

128.   GM admits that Paragraph 128 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 128.

### g.   Service Bulletin 16-NA-014

129.  GM admits that Paragraph 128 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 129.

130.  GM admits that Paragraph 130 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 130.

131.  GM admits that Paragraph 131 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 131.

132.  GM admits that Paragraph 132 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 132.

### h.   Service Bulletin 16-NA-019

133.  GM admits that Paragraph 133 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 133.

134.  GM admits that Paragraph 134 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 134.

### i.   __Service Bulletin 16-NA-175__

135.   GM admits that Paragraph 135 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 135.

136.   GM admits that Paragraph 136 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 136.

137.   GM denies the remaining allegations in Paragraph 137, except to admit that it issued service bulletins between June 2016 and February 2019.

138.   GM admits that Paragraph 138 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 138.

139.   GM admits that Paragraph 139 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 139.

140.   GM admits that Paragraph 140 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 140.

141.   GM admits that Paragraph 141 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 141.

142.   GM admits that Paragraph 142 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 142.

### j.   Service Bulletin PIP5405

143.   GM admits that Paragraph 143 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 143.

144.   GM admits that Paragraph 144 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 144.

### k.   Service Bulletin 16-NA-213

145.   GM admits that Paragraph 145 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 145.

### l.   Service Bulletin PIP5437

146.   GM admits that Paragraph 146 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 146.

**m.**   **Service Bulletin 16-NA-411**

147.   GM admits that Paragraph 147 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 147.

148.   GM admits that Paragraph 148 purports to quote a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 148.

**n.**   **Service Bulletin 16-NA-404**

149.   GM admits that Paragraph 149 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 149.

150.   GM admits that Paragraph 150 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 150.

**o.**   **Engineering Information PIE0405**

151.   GM admits that Paragraph 151 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 151.

152.   GM admits that Paragraph 152 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 152.

**p.**   __Service Bulletin 16-NA-361__

153.   GM admits that Paragraph 153 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 153.

154.   GM admits that Paragraph 154 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 154.

**q.**   __Service Bulletin 18-NA-177__

155.   GM admits that Paragraph 155 purports to quote from certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 155.

**r.**   __Service Bulletin 18-NA-235__

156.   GM admits that Paragraph 156 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 156.

**s.**   __Service Bulletin 18-NA-356__

157.   GM admits that Paragraph 157 purports to quote from a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 157.

t.   **Other Service Bulletins and Communications Involving the Eight-Speed Transmissions**

158.   GM denies the allegations in Paragraph 158, except to admit that it has issued service bulletins.

159.   GM admits that Paragraph 159 purports to quote from service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 159.

160.   GM admits that Paragraph 160 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 160.

161.   GM admits that Paragraph 161 purports to summarize certain service bulletins, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 160, and specifically denies that the 8L90 and 8L45 transmissions are defective.

162.   GM admits that Paragraph 162 purports to summarize a service bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 162.

163.   GM admits that Paragraph 163 purports to quote from a program bulletin, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 163.

164.   GM admits that Paragraph 164 purports to quote from a communication but states that the document speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 164.

3.   ***Numerous Consumer Complaints on the NHTSA Demonstrate That GM Was Aware of the Transmission Defect.***

165.   The allegations in Paragraph 165 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 165, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

166.   The allegations in Paragraph 166 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 166, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

167.   GM denies the allegations in Paragraph 167, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

a.   **2015 Cadillac Escalade**

168.   GM admits that Paragraph 168 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

31

to the truth of the allegations in Paragraph 168, and therefore denies the allegations.

169.   GM admits that Paragraph 169 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 169, and therefore denies the allegations.

170.   GM admits that Paragraph 170 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 170, and therefore denies the allegations.

     **b.**    **<u>2016 Cadillac Escalade</u>**

171.   GM admits that Paragraph 171 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 171, and therefore denies the allegations.

172.   GM admits that Paragraph 172 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 172, and therefore denies the allegations.

173.   GM admits that Paragraph 173 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies the allegations.

174.   GM admits that Paragraph 174 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies the allegations.

175.   GM admits that Paragraph 175 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies the allegations.

176.   GM admits that Paragraph 176 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 176, and therefore denies the allegations.

177.   GM admits that Paragraph 177 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies the allegations.

178.   GM admits that Paragraph 178 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies the allegations.

**c.**     **2015 Chevrolet Corvette**

179.   GM admits that Paragraph 179 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 179, and therefore denies the allegations.

180.   GM admits that Paragraph 180 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies the allegations.

181.   GM admits that Paragraph 181 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies the allegations.

182.   GM admits that Paragraph 182 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 182, and therefore denies the allegations.

183.   GM admits that Paragraph 183 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 183, and therefore denies the allegations.

184.   GM admits that Paragraph 184 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 184, and therefore denies the allegations.

185.   GM admits that Paragraph 185 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 185, and therefore denies the allegations.

### d.      **2016 Chevrolet Camaro**

186.   GM admits that Paragraph 186 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 186, and therefore denies the allegations.

187.   GM admits that Paragraph 187 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 187, and therefore denies the allegations.

188. GM admits that Paragraph 188 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the

189. GM admits that Paragraph 189 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 189, and therefore denies the allegations.

190. GM admits that Paragraph 190 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies the allegations.

191. GM admits that Paragraph 191 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 191, and therefore denies the allegations.

### e.      **2017 Chevrolet Camaro**

192.   GM admits that Paragraph 192 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 192, and therefore denies the allegations.

193.   GM admits that Paragraph 193 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies the allegations.

### f.      **2015 Chevrolet Silverado**

194.   GM admits that Paragraph 194 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 194, and therefore denies the allegations.

195.   GM admits that Paragraph 195 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 195, and therefore denies the allegations.

196.   GM admits that Paragraph 196 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 196, and therefore denies the allegations.

197.   GM admits that Paragraph 197 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 197, and therefore denies the allegations.

198.   GM admits that Paragraph 198 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 198, and therefore denies the allegations.

199.   GM admits that Paragraph 199 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 199, and therefore denies the allegations.

200.   GM admits that Paragraph 200 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 200, and therefore denies the allegations.

201.   GM admits that Paragraph 201 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies the allegations.

202.   GM admits that Paragraph 202 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 202, and therefore denies the allegations.

203.   GM admits that Paragraph 203 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 203, and therefore denies the allegations.

204.   GM admits that Paragraph 204 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 204, and therefore denies the allegations.

205.   GM admits that Paragraph 205 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies the allegations.

206.   GM admits that Paragraph 206 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies the allegations.

g.      **2016 Chevrolet Silverado**

207.   GM admits that Paragraph 207 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 207, and therefore denies the allegations.

208.   GM admits that Paragraph 208 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies the allegations.

209.   GM admits that Paragraph 209 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 209, and therefore denies the allegations.

210.   GM admits that Paragraph 210 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 210, and therefore denies the allegations.

### h.    **2017 Chevrolet Silverado**

211.   GM admits that Paragraph 211 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 211, and therefore denies the allegations.

212.   GM admits that Paragraph 212 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies the allegations.

213.   GM admits that Paragraph 213 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 213, and therefore denies the allegations.

214.   GM admits that Paragraph 214 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 214, and therefore denies the allegations.

215. GM admits that Paragraph 215 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 215, and therefore denies the allegations.

216. GM admits that Paragraph 216 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 216, and therefore denies the allegations.

217. GM admits that Paragraph 217 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 217, and therefore denies the allegations.

218. GM admits that Paragraph 218 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 218, and therefore denies the allegations.

219.   GM admits that Paragraph 219 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 219, and therefore denies the allegations.

220.   GM admits that Paragraph 220 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 220, and therefore denies the allegations.

221.   GM admits that Paragraph 221 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 221, and therefore denies the allegations.

222.   GM admits that Paragraph 222 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 222, and therefore denies the allegations.

    i.    **2017 Chevrolet Colorado**

223.  GM admits that Paragraph 223 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 223, and therefore denies the allegations.

224.  GM admits that Paragraph 224 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 224, and therefore denies the allegations.

225.  GM admits that Paragraph 225 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 225, and therefore denies the allegations.

226.   GM admits that Paragraph 226 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 226, and therefore denies the allegations.

227.   GM admits that Paragraph 227 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 227, and therefore denies the allegations.

228.   GM admits that Paragraph 228 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 228, and therefore denies the allegations.

229.   GM admits that Paragraph 229 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 229, and therefore denies the allegations.

230.   GM admits that Paragraph 230 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 230, and therefore denies the allegations.

231.   GM admits that Paragraph 231 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 231, and therefore denies the allegations.

232.   GM admits that Paragraph 232 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 232, and therefore denies the allegations.

233.   GM admits that Paragraph 233 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 233, and therefore denies the allegations

234.   GM admits that Paragraph 234 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 234, and therefore denies the allegations.

235.   GM admits that Paragraph 235 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 235, and therefore denies the allegations.

236.   GM admits that Paragraph 236 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 236, and therefore denies the allegations.

237.   GM admits that Paragraph 237 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 237, and therefore denies the allegations.

238.  GM admits that Paragraph 238 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 238, and therefore denies the allegations.

239.  GM admits that Paragraph 239 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 239, and therefore denies the allegations.

240.  GM admits that Paragraph 240 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 240, and therefore denies the allegations.

**j.    2018 Chevrolet Colorado**

241.  GM admits that Paragraph 241 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 241, and therefore denies the allegations.

242. GM admits that Paragraph 242 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 242, and therefore denies the allegations.

243. GM admits that Paragraph 243 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 243, and therefore denies the allegations.

244. GM admits that Paragraph 244 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 244, and therefore denies the allegations.

245. GM admits that Paragraph 245 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 245, and therefore denies the allegations.

246.   GM admits that Paragraph 246 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 246, and therefore denies the allegations.

247.   GM admits that Paragraph 247 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 247, and therefore denies the allegations.

248.   GM admits that Paragraph 248 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 248, and therefore denies the allegations.

249.   GM admits that Paragraph 249 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 249, and therefore denies the allegations.

**k.**     **2015 GMC Sierra**

250.   GM admits that Paragraph 250 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 250, and therefore denies the allegations.

251.   GM admits that Paragraph 251 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 251, and therefore denies the allegations.

252.   GM admits that Paragraph 252 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 252, and therefore denies the allegations.

253.   GM admits that Paragraph 253 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 253, and therefore denies the allegations.

254.   GM admits that Paragraph 254 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 254, and therefore denies the allegations.

255.   GM admits that Paragraph 255 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 255, and therefore denies the allegations.

256.   GM admits that Paragraph 256 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 256, and therefore denies the allegations.

257.   GM admits that Paragraph 257 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 257, and therefore denies the allegations.

258.   GM admits that Paragraph 258 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 258, and therefore denies the allegations.

259.   GM admits that Paragraph 259 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 259, and therefore denies the allegations

260.   GM admits that Paragraph 260 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 260, and therefore denies the allegations.

**l.**   **2016 GMC Sierra**

261.   GM admits that Paragraph 261 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 261, and therefore denies the allegations.

262.   GM admits that Paragraph 262 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 262, and therefore denies the allegations.

263.   GM admits that Paragraph 263 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 263, and therefore denies the allegations.

264.   GM admits that Paragraph 264 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 264, and therefore denies the allegations.

265.   GM admits that Paragraph 265 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 265, and therefore denies the allegations.

266.   GM admits that Paragraph 266 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 266, and therefore denies the allegations.

267.   GM admits that Paragraph 267 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 267, and therefore denies the allegations.

268.   GM admits that Paragraph 268 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 268, and therefore denies the allegations.

269.   GM admits that Paragraph 269 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies

plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 269, and therefore denies the allegations.

270. GM admits that Paragraph 270 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 270, and therefore denies the allegations.

271. GM admits that Paragraph 271 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 271, and therefore denies the allegations.

**m.** **2017 GMC Sierra**

272. GM admits that Paragraph 272 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 272, and therefore denies the allegations.

273. GM admits that Paragraph 273 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 273, and therefore denies the allegations.

274. GM admits that Paragraph 274 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 274, and therefore denies the allegations.

275. GM admits that Paragraph 275 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 275, and therefore denies the allegations.

276. GM admits that Paragraph 276 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 276, and therefore denies the allegations.

277.   GM admits that Paragraph 277 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 277, and therefore denies the allegations.

278.   GM admits that Paragraph 278 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 278, and therefore denies the allegations

279.   GM admits that Paragraph 279 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 279, and therefore denies the allegations.

280.   GM admits that Paragraph 280 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 280, and therefore denies the allegations.

281.   GM admits that Paragraph 281 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 281, and therefore denies the allegations.

282.   GM admits that Paragraph 282 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 282, and therefore denies the allegations.

283.   GM admits that Paragraph 283 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 283, and therefore denies the allegations.

284.   GM admits that Paragraph 284 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 284, and therefore denies the allegations.

285.   GM admits that Paragraph 285 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 285, and therefore denies the allegations.

### n.   2015 GMC Yukon Denali

286.   GM admits that Paragraph 286 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 286, and therefore denies the allegations.

287.   GM admits that Paragraph 287 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 287, and therefore denies the allegations.

288.   GM admits that Paragraph 288 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 288, and therefore denies the allegations.

289.   GM admits that Paragraph 289 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 289, and therefore denies the allegations.

290.   GM admits that Paragraph 290 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 290, and therefore denies the allegations.

291.   GM admits that Paragraph 291 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 291, and therefore denies the allegations.

292.   GM admits that Paragraph 292 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 292, and therefore denies the allegations.

293.   GM admits that Paragraph 293 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 293, and therefore denies the allegations.

294.   GM admits that Paragraph 294 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 294, and therefore denies the allegations.

295.   GM admits that Paragraph 295 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 295, and therefore denies the allegations.

296.   GM admits that Paragraph 296 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 296, and therefore denies the allegations.

### o.    **2017 GMC Yukon Denali**

297.   GM admits that Paragraph 297 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 297, and therefore denies the allegations.

### p.    **2017 GMC Canyon**

298.   GM admits that Paragraph 298 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 298, and therefore denies the allegations.

299.   GM admits that Paragraph 299 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 299, and therefore denies the allegations.

300. GM admits that Paragraph 300 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 300, and therefore denies the allegations.

q. **2018 GMC Canyon**

301. GM admits that Paragraph 301 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 301, and therefore denies the allegations.

302. GM admits that Paragraph 302 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 302, and therefore denies the allegations.

303. GM admits that Paragraph 303 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as

to the truth of the allegations in Paragraph 303, and therefore denies the allegations.

304.   GM admits that Paragraph 304 purports to quote from a post on the NHTSA website, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 304, and therefore denies the allegations.

4.   ***Consumer Complaints on Internet Forums Demonstrate That GM Was Aware of the Transmission Defect***

305.   GM denies the allegations in Paragraph 305, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

a.   **Complaints on Edmunds.com**

306.   GM admits that Paragraph 306 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 306, and therefore denies the allegations.

307.   GM admits that Paragraph 307 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 307, and therefore denies the allegations.

308.   GM admits that Paragraph 308 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 308, and therefore denies the allegations.

309.   GM admits that Paragraph 309 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 309, and therefore denies the allegations.

310.   GM admits that Paragraph 310 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 310, and therefore denies the allegations.

311.   GM admits that Paragraph 311 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 311, and therefore denies the allegations.

312.   GM admits that Paragraph 312 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 312, and therefore denies the allegations.

313.   GM admits that Paragraph 313 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 313, and therefore denies the allegations.

314.   GM admits that Paragraph 314 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 314, and therefore denies the allegations.

315.   GM admits that Paragraph 315 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 315, and therefore denies the allegations.

316.   GM admits that Paragraph 316 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 316, and therefore denies the allegations.

317.   GM admits that Paragraph 317 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 317, and therefore denies the allegations.

318.   GM admits that Paragraph 318 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 318, and therefore denies the allegations.

319.   GM admits that Paragraph 319 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 319, and therefore denies the allegations.

320.   GM admits that Paragraph 320 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 320, and therefore denies the allegations.

321.   GM admits that Paragraph 321 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 321, and therefore denies the allegations.

### b.   Complaints on Cars.com

322.   GM admits that Paragraph 322 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 322, and therefore denies the allegations.

323.   GM admits that Paragraph 323 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 323, and therefore denies the allegations.

324.   GM admits that Paragraph 324 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 324, and therefore denies the allegations.

325.   GM admits that Paragraph 325 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 325, and therefore denies the allegations.

326.   GM admits that Paragraph 326 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 326, and therefore denies the allegations.

327.   GM admits that Paragraph 327 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 327, and therefore denies the allegations.

328.   GM admits that Paragraph 328 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 328, and therefore denies the allegations.

329.   GM admits that Paragraph 329 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 329, and therefore denies the allegations.

330.   GM admits that Paragraph 330 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 330, and therefore denies the allegations.

331.   GM admits that Paragraph 331 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 331, and therefore denies the allegations.

332.   GM admits that Paragraph 332 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 332, and therefore denies the allegations.

333.   GM admits that Paragraph 333 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 333, and therefore denies the allegations.

334.   GM admits that Paragraph 334 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 334, and therefore denies the allegations.

335.   GM admits that Paragraph 335 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 335, and therefore denies the allegations.

336.   GM admits that Paragraph 336 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 336, and therefore denies the allegations.

337.   GM admits that Paragraph 337 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 337, and therefore denies the allegations.

338.   GM admits that Paragraph 338 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 338, and therefore denies the allegations.

339.   GM admits that Paragraph 339 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 339, and therefore denies the allegations.

    c.    **Complaints on CarComplaints.com**

340.   GM admits that Paragraph 340 purports to quote a post from an online discussion board, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 340, and therefore denies the allegations.

341.   GM admits that Paragraph 341 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 341 and its subparts, and therefore denies the allegations.

342.   GM admits that Paragraph 342 purports to quote a post from an online discussion board, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 342, and therefore denies the allegations.

343.   GM admits that Paragraph 343 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 343 and its subparts, and therefore denies the allegations.

344.   GM admits that Paragraph 344 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 344 and its subparts, and therefore denies the allegations.

### d.  Complaints on gmauthority.com

345.  GM admits that Paragraph 345 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 345 and its subparts, and therefore denies the allegations.

### e.  Complaints on gminsidenews.com

346.  GM admits that Paragraph 346 purports to quote an online post, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 346, and therefore denies the allegations.

### f.  Complaints on gm-trucks.com

347.  GM admits that Paragraph 347 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 347 and its subparts, and therefore denies the allegations.

348.  GM admits that Paragraph 348 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient

information to form a belief as to the truth the allegations in Paragraph 348 and its subparts, and therefore denies the allegations.

349.   GM admits that Paragraph 349 purports to quote a post from an online discussion board, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 349, and therefore denies the allegations.

### g.   Complaints on cadillacforums.com

350.   GM admits that Paragraph 350 and its subparts purport to quote posts from an online discussion board, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM lacks sufficient information to form a belief as to the truth the allegations in Paragraph 350 and its subparts, and therefore denies the allegations.

*5.*   ***Well-Publicized Criticism of the Transmission Defect in Trade Publications Demonstrate GM's Knowledge of the Defect.***

351.   GM admits that Paragraph 351 purports to quote an online article, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 351, and therefore denies the allegations. GM specifically denies that the 8L90 and 8L45 transmissions are defective.

352.   GM admits that Paragraph 352 purports to quote an online article, but states that the document speaks for itself and denies plaintiffs' characterization of

it. GM lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 352, and therefore denies the allegations.

353. GM admits that Paragraph 353 purports to quote an online article, but states that the document speaks for itself and denies plaintiffs' characterization of it. GM lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 353, and therefore denies the allegations.

354. GM denies the allegations in Paragraph 354, and specifically denies that the 8L90 and 8L45 transmissions are defective.

### B. Plaintiffs' Experiences

#### 1. *Charles Aiken*

355. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 355 regarding Mr. Aiken or his vehicle purchase, and therefore denies the allegations.

356. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 356 regarding Mr. Aiken, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

357. The allegations in Paragraph 357 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 357 regarding Mr. Aiken, his actions, or his vehicle ownership, and therefore denies the allegations.

358.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 358 regarding Mr. Aiken, his actions, or his vehicle purchase, and therefore denies the allegations.

359.   The allegations in Paragraph 359 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 359 regarding Mr. Aiken, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

360.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 360 regarding Mr. Aiken or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 360, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

361.   The allegations in Paragraph 361 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 361 regarding Mr. Aiken, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 361, and specifically denies that the 8L90 and 8L45 transmissions are defective.

362.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 362 regarding Mr. Aiken or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 362, and specifically denies that the 8L90 and 8L45 transmissions are defective.

363. The allegations in Paragraph 363 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 363 regarding Mr. Aiken, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 363, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2. *Neil Ambrosio*

364. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 364 regarding Mr. Ambrosio or his lease, and therefore denies the allegations.

365. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 365 regarding Mr. Ambrosio, his knowledge or intentions, or his vehicle lease, and therefore denies the allegations.

366. The allegations in Paragraph 366 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 366 regarding Mr. Ambrosio, his actions, or his vehicle lease, and therefore denies the allegations.

367.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 367 regarding Mr. Ambrosio, his actions, or his vehicle lease, and therefore denies the allegations.

368.   The allegations in Paragraph 368 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 368 regarding Mr. Ambrosio, his knowledge or intentions, or his vehicle lease, and therefore denies the allegations.

369.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 369 regarding Mr. Ambrosio or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 369, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

370.   The allegations in Paragraph 370 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 370 regarding Mr. Ambrosio, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 370, and specifically denies that the 8L90 and 8L45 transmissions are defective.

371.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 371 regarding Mr. Ambrosio or his vehicle experience,

and therefore denies the allegations. GM denies the remaining allegations in Paragraph 371, and specifically denies that the 8L90 and 8L45 transmissions are defective.

372.   The allegations in Paragraph 372 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 372 regarding Mr. Ambrosio, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 372, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

3.   ***Michael Banks***

373.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 373 regarding Mr. Banks or his vehicle purchase, and therefore denies the allegations.

374.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 374 regarding Mr. Banks, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

375.   The allegations in Paragraph 375 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 375 regarding Mr. Banks, his actions, or his vehicle ownership, and therefore denies the allegations.

376.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 376 regarding Mr. Banks, his actions, or his vehicle purchase, and therefore denies the allegations.

377.   The allegations in Paragraph 377 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 377 regarding Mr. Banks, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

378.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 378 regarding Mr. Banks or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 378, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

379.   The allegations in Paragraph 379 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 379 regarding Mr. Banks, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 379, and specifically denies that the 8L90 and 8L45 transmissions are defective.

380.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 380 regarding Mr. Banks or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 380, and specifically denies that the 8L90 and 8L45 transmissions are defective.

381.   The allegations in Paragraph 381 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 381 regarding Mr. Banks, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 381, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

   *4.*   ***Maria Barallardos***

382.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 382 regarding Ms. Barallardos or her vehicle purchase, and therefore denies the allegations.

383.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 383 regarding Ms. Barallardos, her knowledge or intentions, or her vehicle purchase or ownership, and therefore denies the allegations.

384.   The allegations in Paragraph 384 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 384 regarding Ms. Barallardos, her actions, or her vehicle ownership, and therefore denies the allegations.

385.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 385 regarding Ms. Barallardos, her actions, or her vehicle purchase, and therefore denies the allegations.

386.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 386 regarding Ms. Barallardos, her knowledge or intentions, or her vehicle purchase, and therefore denies the allegations.

387.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 387 regarding Ms. Barallardos or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 387, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

388.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 388 regarding Ms. Barallardos, her actions, or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 388, and specifically denies that the 8L90 and 8L45 transmissions are defective.

389.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 389 regarding Ms. Barallardos or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 389, and specifically denies that the 8L90 and 8L45 transmissions are defective.

390.   The allegations in Paragraph 390 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 390 regarding Ms. Barallardos, her knowledge or intentions, or her actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 390, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

391.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 391 regarding Mr. Brack or his vehicle purchase, and therefore denies the allegations.

392.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 392 regarding Mr. Brack, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

393.   The allegations in Paragraph 393 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 393 regarding Mr. Brack, his actions, or his vehicle ownership, and therefore denies the allegations.

394.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 394 regarding Mr. Brack, his actions, or his vehicle purchase, and therefore denies the allegations.

395.   The allegations in Paragraph 395 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 395 regarding Mr. Brack, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

396.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 396 regarding Mr. Brack or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 396, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

397.   The allegations in Paragraph 397 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 397 regarding Mr. Brack, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 397, and specifically denies that the 8L90 and 8L45 transmissions are defective.

398.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 398 regarding Mr. Brack or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 398, and specifically denies that the 8L90 and 8L45 transmissions are defective.

399.   The allegations in Paragraph 399 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 399 regarding Mr. Brack, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 399, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

5.   ***James Paul Browne***

400.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 400 regarding Mr. Browne or his vehicle purchase, and therefore denies the allegations.

401.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 401 regarding Mr. Browne, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

402.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 402 regarding Mr. Browne, his actions, or his vehicle ownership, and therefore denies the allegations.

403.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 403 regarding Mr. Browne, his actions, or his vehicle purchase, and therefore denies the allegations.

404.   The allegations in Paragraph 404 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 404 regarding Mr. Browne, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

405.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 405 regarding Mr. Browne or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 405, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

406.   The allegations in Paragraph 406 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 406 regarding Mr. Browne, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 406, and specifically denies that the 8L90 and 8L45 transmissions are defective.

407.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 407 regarding Mr. Browne or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 407, and specifically denies that the 8L90 and 8L45 transmissions are defective.

408.   The allegations in Paragraph 408 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 408 regarding Mr. Browne, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 408, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

6.   ***Clyde Cheng***

409.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 409 regarding Mr. Cheng or his vehicle purchase, and therefore denies the allegations.

410.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 410 regarding Mr. Cheng, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

411. The allegations in Paragraph 411 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 411 regarding Mr. Cheng, his actions, or his vehicle ownership, and therefore denies the allegations.

412. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 412 regarding Mr. Cheng, his actions, and or vehicle purchase, and therefore denies the allegations.

413. The allegations in Paragraph 413 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 413 regarding Mr. Cheng, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

414. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 414 regarding Mr. Cheng or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 414, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

415. The allegations in Paragraph 415 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 415 regarding Mr. Cheng, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 415, and specifically denies that the 8L90 and 8L45 transmissions are defective.

416.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 416 regarding Mr. Cheng or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 416, and specifically denies that the 8L90 and 8L45 transmissions are defective.

417.   The allegations in Paragraph 417 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 417 regarding Mr. Cheng, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 417, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

   7.   ***Guy Clark***

418.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 418 regarding Mr. Clark or his vehicle purchase, and therefore denies the allegations.

419.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 419 regarding Mr. Clark, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

420.   The allegations in Paragraph 420 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 420 regarding Mr. Clark, his actions, or his vehicle ownership, and therefore denies the allegations.

421.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 421 regarding Mr. Clark, his actions, or his vehicle purchase, and therefore denies the allegations.

422.   The allegations in Paragraph 422 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 422 regarding Mr. Clark, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

423.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 423 regarding Mr. Clark or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 423, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

424.   The allegations in Paragraph 424 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 424 regarding Mr. Clark, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 424, and specifically denies that the 8L90 and 8L45 transmissions are defective.

425.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 425 regarding Mr. Clark or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 425, and specifically denies that the 8L90 and 8L45 transmissions are defective.

426.   The allegations in Paragraph 426 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 426 regarding Mr. Clark, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 426, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

8.   ***Troy and Kimberly Coulson***

427.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 427 regarding Mr. and Ms. Coulson or their vehicle purchase, and therefore denies the allegations.

428.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 428 regarding Mr. and Ms. Coulson, their knowledge or

intentions, or their vehicle purchase or ownership, and therefore denies the allegations.

429.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 429 regarding Mr. and Ms. Coulson, their actions, or their vehicle ownership, and therefore denies the allegations.

430.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 430 regarding Mr. and Ms. Coulson, their actions, or their vehicle purchase, and therefore denies the allegations.

431.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 431 regarding Mr. and Ms. Coulson, their knowledge or intentions, or their vehicle purchase, and therefore denies the allegations.

432.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 432 regarding Mr. and Ms. Coulson or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 432, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

433.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 433 regarding Mr. and Ms. Coulson, their actions, or their vehicle experience, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 433, and specifically denies that the 8L90 and 8L45 transmissions are defective.

434.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 434 regarding Mr. and Ms. Coulson or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 434, and specifically denies that the 8L90 and 8L45 transmissions are defective.

435.   The allegations in Paragraph 435 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 435 regarding Mr. and Ms. Coulson, their knowledge or intentions, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 435, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

9.   *Nicolette Covey*

436.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 436 regarding Ms. Covey or her vehicle purchase, and therefore denies the allegations.

437.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 437 regarding Ms. Covey, her knowledge or intentions, or her vehicle purchase or ownership, and therefore denies the allegations.

438.   The allegations in Paragraph 438 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 438 regarding Ms. Covey, her actions, or her vehicle ownership, and therefore denies the allegations.

439.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 439 regarding Ms. Covey, her actions, or her vehicle purchase, and therefore denies the allegations.

440.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 440 regarding Ms. Covey, her knowledge or intentions, or her vehicle purchase, and therefore denies the allegations.

441.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 441 regarding Ms. Covey or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 441, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

442.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 442 regarding Ms. Covey, her actions, or her vehicle

experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 442, and specifically denies that the 8L90 and 8L45 transmissions are defective.

443.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 443 regarding Ms. Covey or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 443, and specifically denies that the 8L90 and 8L45 transmissions are defective.

444.   The allegations in Paragraph 444 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 444 regarding Ms. Covey, her knowledge or intentions, or her actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 444, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

10.   ***Darrin Degrand***

445.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 445 regarding Mr. Degrand or his vehicle purchase, and therefore denies the allegations.

446.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 446 regarding Mr. Degrand, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

447.   The allegations in Paragraph 447 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 447 regarding Mr. Degrand, his actions, or his vehicle ownership, and therefore denies the allegations.

448.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 448 regarding Mr. Degrand, his actions, or his vehicle purchase, and therefore denies the allegations.

449.   The allegations in Paragraph 449 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 449 regarding Mr. Degrand, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

450.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 450 regarding Mr. Degrand or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 450, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

451.   The allegations in Paragraph 451 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 451 regarding Mr. Degrand, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 451, and specifically denies that the 8L90 and 8L45 transmissions are defective.

452.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 452 regarding Mr. Degrand or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 452, and specifically denies that the 8L90 and 8L45 transmissions are defective.

453.   The allegations in Paragraph 453 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 453 regarding Mr. Degrand, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 453, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

*11.*   ***Daniel Drain***

454.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 454 regarding Mr. Drain or his vehicle purchase, and therefore denies the allegations.

455.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 455 regarding Mr. Drain, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

456.   The allegations in Paragraph 456 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 456 regarding Mr. Drain, his actions, or his vehicle ownership, and therefore denies the allegations.

457.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 457 regarding Mr. Drain, his actions, or his vehicle purchase, and therefore denies the allegations.

458.   The allegations in Paragraph 458 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 458 regarding Mr. Drain, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

459.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 459 regarding Mr. Drain or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 459, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

460.   The allegations in Paragraph 460 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 460 regarding Mr. Drain, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 460, and specifically denies that the 8L90 and 8L45 transmissions are defective.

461.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 461 regarding Mr. Drain or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 461, and specifically denies that the 8L90 and 8L45 transmissions are defective.

462.   The allegations in Paragraph 462 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 462 regarding Mr. Drain, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 462, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

12.   ***Dennis Duffy***

463.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 463 regarding Mr. Duffy or his vehicle purchase, and therefore denies the allegations.

464.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 464 regarding Mr. Duffy, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

465.   The allegations in Paragraph 465 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 465 regarding Mr. Duffy, his actions, or his vehicle ownership, and therefore denies the allegations.

466.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 466 regarding Mr. Duffy, his actions, or his vehicle purchase, and therefore denies the allegations.

467.   The allegations in Paragraph 467 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 467 regarding Mr. Duffy, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

468.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 468 regarding Mr. Duffy or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 468, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

469.    The allegations in Paragraph 469 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 469 regarding Mr. Duffy, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 469, and specifically denies that the 8L90 and 8L45 transmissions are defective.

470.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 470 regarding Mr. Duffy or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 470, and specifically denies that the 8L90 and 8L45 transmissions are defective.

471.    The allegations in Paragraph 471 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 471 regarding Mr. Duffy, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 471, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

13.   *Donald Dykshorn*

472.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 472 regarding Mr. Dykshorn or his vehicle purchase, and therefore denies the allegations.

473.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 473 regarding Mr. Dykshorn, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

474.   The allegations in Paragraph 474 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 474 regarding Mr. Dykshorn, his actions, or his vehicle ownership, and therefore denies the allegations.

475.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 475 regarding Mr. Dykshorn, his actions, or his vehicle purchase, and therefore denies the allegations.

476.   The allegations in Paragraph 476 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 476 regarding Mr. Dykshorn, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

477.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 477 regarding Mr. Dykshorn or his vehicle experience,

and therefore denies the allegations. GM denies the remaining allegations in Paragraph 477, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

478.   The allegations in Paragraph 478 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 478 regarding Mr. Dykshorn, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 478, and specifically denies that the 8L90 and 8L45 transmissions are defective.

479.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 479 regarding Mr. Dykshorn or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 479, and specifically denies that the 8L90 and 8L45 transmissions are defective.

480.   The allegations in Paragraph 480 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 480 regarding Mr. Dykshorn, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 480, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

14. ***Jon Ellard***

481.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 481 regarding Mr. Ellard or his vehicle purchase, and therefore denies the allegations.

482.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 482 regarding Mr. Ellard, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

483.   The allegations in Paragraph 483 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 483 regarding Mr. Ellard, his actions, or his vehicle ownership, and therefore denies the allegations.

484.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 484 regarding Mr. Ellard, his actions, or his vehicle purchase, and therefore denies the allegations.

485.   The allegations in Paragraph 485 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 485 regarding Mr. Ellard, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

486.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 486 regarding Mr. Ellard or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 486, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

487.   The allegations in Paragraph 487 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 487 regarding Mr. Ellard, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 487, and specifically denies that the 8L90 and 8L45 transmissions are defective.

488.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 488 regarding Mr. Ellard or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 488, and specifically denies that the 8L90 and 8L45 transmissions are defective.

489.   The allegations in Paragraph 489 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 489 regarding Mr. Ellard, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 489, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

    *15.*    ***Jimmy Flowers***

490.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 490 regarding Mr. Flowers or his vehicle purchase, and therefore denies the allegations.

491.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 491 regarding Mr. Flowers, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

492.  The allegations in Paragraph 492 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 492 regarding Mr. Flowers, his actions, or his vehicle ownership, and therefore denies the allegations.

493.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 493 regarding Mr. Flowers, his actions, or his vehicle purchase, and therefore denies the allegations.

494.  The allegations in Paragraph 494 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 494 regarding Mr. Flowers, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

495.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 495 regarding Mr. Flowers or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 495, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

496.   The allegations in Paragraph 496 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 496 regarding Mr. Flowers, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 496, and specifically denies that the 8L90 and 8L45 transmissions are defective.

497.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 497 regarding Mr. Flowers or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 497, and specifically denies that the 8L90 and 8L45 transmissions are defective.

498.   The allegations in Paragraph 498 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 498 regarding Mr. Flowers, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 498, and specifically denies that the 8L90 and

110

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

16.   ***Samuel Ford***

499.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 499 regarding Mr. Ford or his vehicle lease, and therefore denies the allegations.

500.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 500 regarding Mr. Ford, his knowledge or intentions, or his vehicle lease, and therefore denies the allegations.

501.   The allegations in Paragraph 501 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 501 regarding Mr. Ford, his actions, or his vehicle lease, and therefore denies the allegations.

502.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 502 regarding Mr. Ford, his actions, or his vehicle lease, and therefore denies the allegations.

503.   The allegations in Paragraph 503 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 503 regarding Mr. Ford, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

504.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 504 regarding Mr. Ford or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 504, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

505.   The allegations in Paragraph 505 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 505 regarding Mr. Ford, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 505, and specifically denies that the 8L90 and 8L45 transmissions are defective.

506.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 506 regarding Mr. Ford or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 506, and specifically denies that the 8L90 and 8L45 transmissions are defective.

507.   The allegations in Paragraph 507 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 507 regarding Mr. Ford, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 507, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

17.   ***Richard Francis***

508.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 508 regarding Mr. Francis or his vehicle purchase, and therefore denies the allegations.

509.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 509 regarding Mr. Francis, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

510.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 510 regarding Mr. Francis, his actions, or his vehicle ownership, and therefore denies the allegations.

511.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 511 regarding Mr. Francis, his actions, or his vehicle purchase, and therefore denies the allegations.

512.   The allegations in Paragraph 512 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 512 regarding Mr. Francis, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

513.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 513 regarding Mr. Francis or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 513, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

514.   The allegations in Paragraph 514 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 514 regarding Mr. Francis, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 514, and specifically denies that the 8L90 and 8L45 transmissions are defective.

515.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 515 regarding Mr. Francis or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 515, and specifically denies that the 8L90 and 8L45 transmissions are defective.

516.   The allegations in Paragraph 516 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 516 regarding Mr. Francis, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 516, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

18.   *Karina and William Fredo*

517.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 517 regarding Mr. and Ms. Fredo or their vehicle purchase, and therefore denies the allegations.

518.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 518 regarding Mr. and Ms. Fredo, their knowledge intentions, or their vehicle purchase or ownership, and therefore denies the allegations.

519.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 519 regarding Mr. and Ms. Fredo, their actions, or their vehicle ownership, and therefore denies the allegations.

520.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 520 regarding Mr. and Ms. Fredo, their actions, or their vehicle purchase, and therefore denies the allegations.

521.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 521 regarding Mr. and Ms. Fredo, their knowledge or intentions, or their vehicle purchase, and therefore denies the allegations.

522.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 522 regarding Mr. and Ms. Fredo or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 522, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

523.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 523 regarding Mr. and Ms. Fredo, their actions, or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 523, and specifically denies that the 8L90 and 8L45 transmissions are defective.

524.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 524 regarding Mr. and Ms. Fredo or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 524, and specifically denies that the 8L90 and 8L45 transmissions are defective.

525.   The allegations in Paragraph 525 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 525 regarding Mr. and Ms. Fredo, their knowledge or intentions, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 525, and specifically denies that the

8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

19.   ***Richard Freeman***

526.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 526 regarding Mr. Freeman or his vehicle purchase, and therefore denies the allegations.

527.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 527 regarding Mr. Freeman, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

528.   The allegations in Paragraph 528 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 528 regarding Mr. Freeman, his actions, or his vehicle ownership, and therefore denies the allegations.

529.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 529 regarding Mr. Freeman, his actions, or his vehicle purchase, and therefore denies the allegations.

530.   The allegations in Paragraph 530 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 530 regarding Mr. Freeman, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

531.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 531 regarding Mr. Freeman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 531, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

532.   The allegations in Paragraph 532 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 532 regarding Mr. Freeman, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 532, and specifically denies that the 8L90 and 8L45 transmissions are defective.

533.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 533 regarding Mr. Freeman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 533, and specifically denies that the 8L90 and 8L45 transmissions are defective.

534.   The allegations in Paragraph 534 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 534 regarding Mr. Freeman, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 534, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

20. ***Charles and Lisa Marie Graff***

535. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 535 regarding Mr. and Ms. Graff or their vehicle purchase, and therefore denies the allegations.

536. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 536 regarding Mr. and Ms. Graff, their knowledge or intentions, or their vehicle purchase or ownership, and therefore denies the allegations.

537. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 537 regarding Mr. and Ms. Graff, their actions, or their vehicle ownership, and therefore denies the allegations.

538. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 538 regarding Mr. and Ms. Graff, their actions, or their vehicle purchase, and therefore denies the allegations.

539. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 539 regarding Mr. and Ms. Graff, their knowledge or intentions, or their vehicle purchase, and therefore denies the allegations.

540.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 540 regarding Mr. and Ms. Graff or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 540, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

541.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 541 regarding Mr. and Ms. Graff, their actions, or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 541, and specifically denies that the 8L90 and 8L45 transmissions are defective.

542.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 542 regarding Mr. and Ms. Graff or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 542, and specifically denies that the 8L90 and 8L45 transmissions are defective.

543.   The allegations in Paragraph 543 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 543 regarding Mr. and Ms. Graff, their knowledge or intentions, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 543, and specifically denies that the

8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

### 21.   *Timothy Grafrath*

544.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 544 regarding Mr. Grafrath or his vehicle purchase, and therefore denies the allegations.

545.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 545 regarding Mr. Grafrath, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

546.   The allegations in Paragraph 546 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 546 regarding Mr. Grafrath, his actions, or his vehicle ownership, and therefore denies the allegations.

547.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 547 regarding Mr. Grafrath, his actions, or his vehicle purchase, and therefore denies the allegations.

548.   The allegations in Paragraph 548 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 548 regarding Mr. Grafrath, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

549.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 549 regarding Mr. Grafrath or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 549, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

550.   The allegations in Paragraph 550 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 550 regarding Mr. Grafrath, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 550, and specifically denies that the 8L90 and 8L45 transmissions are defective.

551.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 551 regarding Mr. Grafrath or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 551, and specifically denies that the 8L90 and 8L45 transmissions are defective.

552.   The allegations in Paragraph 552 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 552 regarding Mr. Grafrath, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 552, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

22. ***William Grossman***

553.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 553 regarding Mr. Grossman or his vehicle purchase, and therefore denies the allegations.

554.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 554 regarding Mr. Grossman, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

555.   The allegations in Paragraph 555 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 555 regarding Mr. Grossman, his actions, or his vehicle ownership, and therefore denies the allegations.

556.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 556 regarding Mr. Grossman, his actions, or his vehicle purchase, and therefore denies the allegations.

557.   The allegations in Paragraph 557 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 557 regarding Mr. Grossman, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

558.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 558 regarding Mr. Grossman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 558, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

559.   The allegations in Paragraph 559 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 559 regarding Mr. Grossman, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 559, and specifically denies that the 8L90 and 8L45 transmissions are defective.

560.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 560 regarding Mr. Grossman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 560, and specifically denies that the 8L90 and 8L45 transmissions are defective.

561.   The allegations in Paragraph 561 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 561 regarding Mr. Grossman, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the

remaining allegations in Paragraph 561, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

23.  *Marisella Gutierrez*

562.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 562 regarding Ms. Gutierrez or her vehicle purchase, and therefore denies the allegations.

563.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 563 regarding Ms. Gutierrez, her knowledge or intentions, or her vehicle purchase or ownership, and therefore denies the allegations.

564.   The allegations in Paragraph 564 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 564 regarding Ms. Gutierrez, her actions, or her vehicle ownership, and therefore denies the allegations.

565.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 565 regarding Ms. Gutierrez, her actions, or her vehicle purchase, and therefore denies the allegations.

566.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 566 regarding Ms. Gutierrez, her knowledge or intentions, or her vehicle purchase, and therefore denies the allegations.

567. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 567 regarding Ms. Gutierrez or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 567, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

568. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 568 regarding Ms. Gutierrez, her actions, or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 568, and specifically denies that the 8L90 and 8L45 transmissions are defective.

569. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 569 regarding Ms. Gutierrez or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 569, and specifically denies that the 8L90 and 8L45 transmissions are defective.

570. The allegations in Paragraph 570 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 570 regarding Ms. Gutierrez, her knowledge or intentions, or her actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 570, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

24. ***Jimmy Harman***

571.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 571 regarding Mr. Harman or his vehicle purchase, and therefore denies the allegations.

572.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 572 regarding Mr. Harman, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

573.   The allegations in Paragraph 573 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 573 regarding Mr. Harman, his actions, or his vehicle ownership, and therefore denies the allegations.

574.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 574 regarding Mr. Harman, his actions, or his vehicle purchase, and therefore denies the allegations.

575.   The allegations in Paragraph 575 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 575 regarding Mr. Harman, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

576.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 576 regarding Mr. Harman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 576, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

577.   The allegations in Paragraph 577 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 577 regarding Mr. Harman, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 577, and specifically denies that the 8L90 and 8L45 transmissions are defective.

578.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 578 regarding Mr. Harman or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 578, and specifically denies that the 8L90 and 8L45 transmissions are defective.

579.   The allegations in Paragraph 579 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 579 regarding Mr. Harman, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 579, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

25. ***Chi Kim Ho***

580.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 580 regarding Mr. Ho or his vehicle purchase, and

581.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 581 regarding Mr. Ho, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

582.   The allegations in Paragraph 582 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 582 regarding Mr. Ho, his actions, or his vehicle ownership, and therefore denies the allegations.

583.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 583 regarding Mr. Ho, his actions, or his vehicle purchase, and therefore denies the allegations.

584.   The allegations in Paragraph 584 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 584 on regarding Mr. Ho, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

585.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 585 regarding Mr. Ho or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 585, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

586.   The allegations in Paragraph 586 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 586 regarding Mr. Ho, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 586, and specifically denies that the 8L90 and 8L45 transmissions are defective.

587.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 587 regarding Mr. Ho or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 587, and specifically denies that the 8L90 and 8L45 transmissions are defective.

588.   The allegations in Paragraph 588 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 588 regarding Mr. Ho, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 588, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

26. ***Phil Houk***

589. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 589 regarding Mr. Houk or his vehicle purchase, and therefore denies the allegations.

590. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 590 regarding Mr. Houk, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

591. The allegations in Paragraph 591 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 591 regarding Mr. Houk, his actions, or his vehicle ownership, and therefore denies the allegations.

592. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 592 regarding Mr. Houk, his actions, or his vehicle purchase, and therefore denies the allegations.

593. The allegations in Paragraph 593 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 593 regarding Mr. Houk, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

594. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 594 regarding Mr. Houk or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 594, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

595. The allegations in Paragraph 595 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 595 regarding Mr. Houk, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 595, and specifically denies that the 8L90 and 8L45 transmissions are defective.

596. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 596 regarding Mr. Houk or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 596, and specifically denies that the 8L90 and 8L45 transmissions are defective.

597. The allegations in Paragraph 597 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 597 regarding Mr. Houk, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 597, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

 *27.*   ***Jay Hull***

598.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 598 regarding Mr. Hull or his vehicle purchase, and therefore denies the allegations.

599.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 599 regarding Mr. Hull, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

600.   The allegations in Paragraph 600 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 600 regarding Mr. Hull, his actions, or his vehicle ownership, and therefore denies the allegations.

601.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 601 regarding Mr. Hull, his actions, or his vehicle purchase, and therefore denies the allegations.

602.   The allegations in Paragraph 602 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 602 regarding Mr. Hull, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

603.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 603 regarding Mr. Hull or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 603, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

604.   The allegations in Paragraph 604 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 604 regarding Mr. Hull, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 604, and specifically denies that the 8L90 and 8L45 transmissions are defective.

605.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 605 regarding Mr. Hull or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 605, and specifically denies that the 8L90 and 8L45 transmissions are defective.

606.   The allegations in Paragraph 606 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 606 regarding Mr. Hull, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 606, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

28. ***Randall Jacobs***

607.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 607 regarding Mr. Jacobs or his vehicle purchase, and therefore denies the allegations.

608.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 608 regarding Mr. Jacobs, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

609.   The allegations in Paragraph 609 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 609 regarding Mr. Jacobs, his actions, or his vehicle ownership, and therefore denies the allegations.

610.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 610 regarding Mr. Jacobs, his actions, or his vehicle purchase, and therefore denies the allegations.

611.   The allegations in Paragraph 611 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 611 regarding Mr. Jacobs, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

612.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 612 regarding Mr. Jacobs or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 612, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

613.   The allegations in Paragraph 613 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 613 regarding Mr. Jacobs, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 613, and specifically denies that the 8L90 and 8L45 transmissions are defective.

614.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 614 regarding Mr. Jacobs or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 614, and specifically denies that the 8L90 and 8L45 transmissions are defective.

615.   The allegations in Paragraph 615 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 615 regarding Mr. Jacobs, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 615, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

29.    ***Carl Johnsen***

616.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 616 regarding Mr. Johnsen or his vehicle purchase, and therefore denies the allegations.

617.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 617 regarding Mr. Johnsen, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

618.    The allegations in Paragraph 618 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 618 regarding Mr. Johnsen, his actions, or his vehicle ownership, and therefore denies the allegations.

619.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 619 regarding Mr. Johnsen, his actions, or his vehicle purchase, and therefore denies the allegations.

620.    The allegations in Paragraph 620 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 620 regarding Mr. Johnsen, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

621.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 621 regarding Mr. Johnsen or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 621, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

622.   The allegations in Paragraph 622 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 622 regarding Mr. Johnsen, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 622, and specifically denies that the 8L90 and 8L45 transmissions are defective.

623.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 623 regarding Mr. Johnsen or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 623, and specifically denies that the 8L90 and 8L45 transmissions are defective.

624.   The allegations in Paragraph 624 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 624 regarding Mr. Johnsen, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 624, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

    *30.*   **Colton Kelly**

625.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 625 regarding Mr. Kelly or his vehicle purchase, and therefore denies the allegations.

626.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 626 regarding Mr. Kelly, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

627.  The allegations in Paragraph 627 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 627 regarding Mr. Kelly, his actions, or his vehicle ownership, and therefore denies the allegations.

628.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 628 regarding Mr. Kelly, his actions, or his vehicle purchase, and therefore denies the allegations.

629.  The allegations in Paragraph 629 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 629 regarding Mr. Kelly, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

630.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 630 regarding Mr. Kelly or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 630, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

631.   The allegations in Paragraph 631 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 631 regarding Mr. Kelly, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 631, and specifically denies that the 8L90 and 8L45 transmissions are defective.

632.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 632 regarding Mr. Kelly or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 632, and specifically denies that the 8L90 and 8L45 transmissions are defective.

633.   The allegations in Paragraph 633 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 633 regarding Mr. Kelly, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 633, and specifically denies that the 8L90 and

8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

31. ***Mark Kidd***

634. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 634 regarding Mr. Kidd or his vehicle purchase, and therefore denies the allegations.

635. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 635 regarding Mr. Kidd, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

636. The allegations in Paragraph 636 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 636 regarding Mr. Kidd, his actions, or his vehicle ownership, and therefore denies the allegations.

637. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 637 regarding Mr. Kidd, his actions, or his vehicle purchase, and therefore denies the allegations.

638. The allegations in Paragraph 638 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 638 regarding Mr. Kidd, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

639.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 639 regarding Mr. Kidd or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 639, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

640.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 640 regarding Mr. Kidd, his actions, or his vehicle experience, and therefore denies the allegations.

641.   The allegations in Paragraph 641 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 641 regarding Mr. Kidd, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 641, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

### 32.   *Taurus King*

642.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 642 regarding Mr. King or his vehicle purchase, and therefore denies the allegations.

643.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 643 regarding Mr. King, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

644.   The allegations in Paragraph 644 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 644 regarding Mr. King, his actions, or his vehicle ownership, and therefore denies the allegations.

645.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 645 regarding Mr. King, his actions, or his vehicle purchase, and therefore denies the allegations.

646.   The allegations in Paragraph 646 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 646 regarding Mr. King, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

647.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 647 regarding Mr. King or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 647, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

648. The allegations in Paragraph 648 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 648 regarding Mr. King, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 648, and specifically denies that the 8L90 and 8L45 transmissions are defective.

649. The allegations in Paragraph 649 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 649 regarding Mr. King, his knowledge or intentions, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 649, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

33. *Christopher Krull*

650. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 650 regarding Mr. Krull or his vehicle purchase, and therefore denies the allegations.

651.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 651 regarding Mr. Krull, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

652.   The allegations in Paragraph 652 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 652 regarding Mr. Krull, his actions, or his vehicle ownership, and therefore denies the allegations.

653.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 653 regarding Mr. Krull, his actions, or his vehicle purchase, and therefore denies the allegations.

654.   The allegations in Paragraph 654 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 654 regarding Mr. Krull, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

655.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 655 regarding Mr. Krull or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 655, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

656.   The allegations in Paragraph 656 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 656 regarding Mr. Krull, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 656, and specifically denies that the 8L90 and 8L45 transmissions are defective.

657.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 657 regarding Mr. Krull or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 657, and specifically denies that the 8L90 and 8L45 transmissions are defective.

658.   The allegations in Paragraph 658 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 658 regarding Mr. Krull, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 658, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

34.   *Charles Larsen*

659.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 659 regarding Mr. Larsen or his vehicle purchase, and therefore denies the allegations.

660.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 660 regarding Mr. Larsen, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

661.   The allegations in Paragraph 661 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 661 regarding Mr. Larsen, his actions, or his vehicle ownership, and therefore denies the allegations.

662.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 662 regarding Mr. Larsen, his actions, or his vehicle purchase, and therefore denies the allegations.

663.   The allegations in Paragraph 663 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 663 regarding Mr. Larsen, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

664.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 664 regarding Mr. Larsen or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 664, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

665.   The allegations in Paragraph 665 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 665 regarding Mr. Larsen, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 665, and specifically denies that the 8L90 and 8L45 transmissions are defective.

666.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 666 regarding Mr. Larsen or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 666, and specifically denies that the 8L90 and 8L45 transmissions are defective.

667.   The allegations in Paragraph 667 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 667 regarding Mr. Larsen, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 667, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

668.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 668 regarding Mr. Lloyd or his vehicle purchase, and therefore denies the allegations.

669.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 669 regarding Mr. Lloyd, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

670.   The allegations in Paragraph 670 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 670 regarding Mr. Lloyd, his actions, or his vehicle ownership, and therefore denies the allegations.

671.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 671 regarding Mr. Lloyd, his actions, or his vehicle purchase, and therefore denies the allegations.

672.   The allegations in Paragraph 672 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 672 regarding Mr. Lloyd, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

673.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 673 regarding Mr. Lloyd or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

673, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

674.   The allegations in Paragraph 674 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 674 regarding Mr. Lloyd, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 674, and specifically denies that the 8L90 and 8L45 transmissions are defective.

675.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 675 regarding Mr. Lloyd or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 675, and specifically denies that the 8L90 and 8L45 transmissions are defective.

676.   The allegations in Paragraph 676 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 676 regarding Mr. Lloyd, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 676, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

35.   *Marc Mazza*

677.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 677 regarding Mr. Mazza or his vehicle purchase, and therefore denies the allegations.

678.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 678 regarding Mr. Mazza, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

679.   The allegations in Paragraph 679 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 679 regarding Mr. Mazza, his actions, or his vehicle ownership, and therefore denies the allegations.

680.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 680 regarding Mr. Mazza, his actions, or his vehicle purchase, and therefore denies the allegations.

681.   The allegations in Paragraph 681 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 681 regarding Mr. Mazza, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

682.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 682 regarding Mr. Mazza or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 682, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

683.   The allegations in Paragraph 683 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 683 regarding Mr. Mazza, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 683, and specifically denies that the 8L90 and 8L45 transmissions are defective.

684.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 684 regarding Mr. Mazza or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 684, and specifically denies that the 8L90 and 8L45 transmissions are defective.

685.   The allegations in Paragraph 685 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 685 regarding Mr. Mazza, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 685, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

36.  *Andre McQuade*

686.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 686 regarding Mr. McQuade or his vehicle purchase, and therefore denies the allegations.

687.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 687 regarding Mr. McQuade, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

688.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 688 regarding Mr. McQuade, his actions, or his vehicle ownership, and therefore denies the allegations.

689.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 689 regarding Mr. McQuade, his actions, or his vehicle purchase, and therefore denies the allegations.

690.  The allegations in Paragraph 690 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 690 regarding Mr. McQuade, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

691.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 691 regarding Mr. McQuade or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in

Paragraph 691, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

692.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 692 regarding Mr. McQuade, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 692, and specifically denies that the 8L90 and 8L45 transmissions are defective.

693.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 693 regarding Mr. McQuade or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 693, and specifically denies that the 8L90 and 8L45 transmissions are defective.

694.   The allegations in Paragraph 694 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 694 regarding Mr. McQuade, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 694, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

37.  *Rhianna Meyers*

695.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 695 regarding Ms. Meyers or her vehicle purchase, and therefore denies the allegations.

696.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 696 regarding Ms. Meyers, her knowledge or intentions, or her vehicle purchase or ownership, and therefore denies the allegations.

697.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 697 regarding Ms. Meyers, her actions, or her vehicle ownership, and therefore denies the allegations.

698.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 698 regarding Ms. Meyers, her actions, or her vehicle purchase, and therefore denies the allegations.

699.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 699 regarding Ms. Meyers, her knowledge or intentions, or her vehicle purchase, and therefore denies the allegations.

700.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 700 regarding Ms. Meyers or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

700, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

701.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 701 regarding Ms. Meyers, her actions, or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 701, and specifically denies that the 8L90 and 8L45 transmissions are defective.

702.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 702 regarding Ms. Meyers or her vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 702, and specifically denies that the 8L90 and 8L45 transmissions are defective.

703.   The allegations in Paragraph 703 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 703 regarding Ms. Meyers, her knowledge or intentions, or her actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 703, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

38.   *Richard Noonan*

704.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 704 regarding Mr. Noonan or his vehicle purchase, and therefore denies the allegations.

705.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 705 regarding Mr. Noonan, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

706.   The allegations in Paragraph 706 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 706 regarding Mr. Noonan, his actions, or his vehicle ownership, and therefore denies the allegations.

707.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 707 regarding Mr. Noonan, his actions, or his vehicle purchase, and therefore denies the allegations.

708.   The allegations in Paragraph 708 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 708 regarding Mr. Noonan, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

709.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 709 regarding Mr. Noonan or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 709, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

710.   The allegations in Paragraph 710 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 710 regarding Mr. Noonan, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 710, and specifically denies that the 8L90 and 8L45 transmissions are defective.

711.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 711 regarding Mr. Noonan or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 711, and specifically denies that the 8L90 and 8L45 transmissions are defective.

712.   The allegations in Paragraph 712 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 712 regarding Mr. Noonan, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 712, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

39. ***James Norvell***

713.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 713 regarding Mr. Norvell or his vehicle purchase, and therefore denies the allegations.

714.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 714 regarding Mr. Norvell, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

715.  The allegations in Paragraph 715 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 715 regarding Mr. Norvell, his actions, or his vehicle ownership, and therefore denies the allegations.

716.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 716 regarding Mr. Norvell, his actions, or his vehicle purchase, and therefore denies the allegations.

717.  The allegations in Paragraph 717 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 717 regarding Mr. Norvell, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

718.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 718 regarding Mr. Norvell or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 718, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

719.   The allegations in Paragraph 719 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 719 regarding Mr. Norvell, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 719, and specifically denies that the 8L90 and 8L45 transmissions are defective.

720.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 720 regarding Mr. Norvell or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 720, and specifically denies that the 8L90 and 8L45 transmissions are defective.

721.   The allegations in Paragraph 721 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 721 regarding Mr. Norvell, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 721, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

40.   *Michael Plafker*

722.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 722 regarding Mr. Plafker or his vehicle lease, and therefore denies the allegations.

723.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 723 regarding Mr. Plafker, his knowledge or intentions, or his vehicle lease, and therefore denies the allegations.

724.   The allegations in Paragraph 724 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 724 regarding Mr. Plafker, his actions, or his vehicle lease, and therefore denies the allegations.

725.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 725 regarding Mr. Plafker, his actions, or his vehicle lease, and therefore denies the allegations.

726.   The allegations in Paragraph 726 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 726 regarding Mr. Plafker, his knowledge or intentions, or his vehicle lease, and therefore denies the allegations.

727.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 727 regarding Mr. Plafker or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 727, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

728.   The allegations in Paragraph 728 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 728 regarding Mr. Plafker, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 728, and specifically denies that the 8L90 and 8L45 transmissions are defective.

729.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 729 regarding Mr. Plafker or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 729, and specifically denies that the 8L90 and 8L45 transmissions are defective.

730.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 730 regarding Mr. Plafker, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 730, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

41.   ***Michael Ponder***

731.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 731 regarding Mr. Ponder or his vehicle purchase, and therefore denies the allegations.

732.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 732 regarding Mr. Ponder, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

733.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 733 regarding Mr. Ponder, his actions, or his vehicle ownership, and therefore denies the allegations.

734.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 734 regarding Mr. Ponder, his actions, or his vehicle purchase, and therefore denies the allegations.

735.   The allegations in Paragraph 735 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 735 regarding Mr. Ponder, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

736.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 736 regarding Mr. Ponder or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

736, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

737.   The allegations in Paragraph 737 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 737 regarding Mr. Ponder, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 737, and specifically denies that the 8L90 and 8L45 transmissions are defective.

738.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 738 regarding Mr. Ponder or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 738, and specifically denies that the 8L90 and 8L45 transmissions are defective.

739.   The allegations in Paragraph 739 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 739 regarding Mr. Ponder, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 739, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

42.   ***Louis Ray***

740.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 740 regarding Mr. Ray or his vehicle purchase, and therefore denies the allegations.

741.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 741 regarding Mr. Ray, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

742.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 742 regarding Mr. Ray, his actions, or his vehicle ownership, and therefore denies the allegations.

743.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 743 regarding Mr. Ray, his actions, or his vehicle purchase, and therefore denies the allegations.

744.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 744 regarding Mr. Ray, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

745.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 745 regarding Mr. Ray or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

745, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

746.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 746 regarding Mr. Ray, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 746, and specifically denies that the 8L90 and 8L45 transmissions are defective.

747.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 747 regarding Mr. Ray or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 747, and specifically denies that the 8L90 and 8L45 transmissions are defective.

748.   The allegations in Paragraph 748 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 748 regarding Mr. Ray, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 748, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

*43.*   **Jeffrey Rice**

749.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 749 regarding Mr. Rice or his vehicle purchase, and therefore denies the allegations.

750.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 750 regarding Mr. Rice, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

751.   The allegations in Paragraph 751 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 751 regarding Mr. Rice, his actions, or his vehicle ownership, and therefore denies the allegations.

752.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 752 regarding Mr. Rice, his actions, or his vehicle purchase, and therefore denies the allegations.

753.   The allegations in Paragraph 753 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 753 regarding Mr. Rice, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

754.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 754 regarding Mr. Rice or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 754, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

755.   The allegations in Paragraph 755 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 755 regarding Mr. Rice, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 755, and specifically denies that the 8L90 and 8L45 transmissions are defective.

756.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 756 regarding Mr. Rice or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 756, and specifically denies that the 8L90 and 8L45 transmissions are defective.

757.   The allegations in Paragraph 757 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 757 regarding Mr. Rice, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 757, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

44. *Arif Shakoor*

758.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 758 regarding Mr. Shakoor or his vehicle purchase, and therefore denies the allegations.

759.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 759 regarding Mr. Shakoor, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

760.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 760 regarding Mr. Shakoor, his actions, or his vehicle ownership, and therefore denies the allegations.

761.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 761 regarding Mr. Shakoor, his actions, or his vehicle purchase, and therefore denies the allegations.

762.   The allegations in Paragraph 762 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 762 regarding Mr. Shakoor, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

763.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 763 regarding Mr. Shakoor or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

763, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

764. The allegations in Paragraph 764 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 764 regarding Mr. Shakoor, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 764, and specifically denies that the 8L90 and 8L45 transmissions are defective.

765. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 765 regarding Mr. Shakoor or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 765, and specifically denies that the 8L90 and 8L45 transmissions are defective.

766. The allegations in Paragraph 766 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 766 regarding Mr. Shakoor, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 766, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

45.   ***Keith and Karen Shelton***

767.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 767 regarding Mr. and Ms. Shelton or their vehicle purchase, and therefore denies the allegations.

768.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 768 regarding Mr. and Ms. Shelton, their knowledge or intentions, or their vehicle purchase or ownership, and therefore denies the allegations.

769.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 769 regarding Mr. and Ms. Shelton, their actions, or their vehicle ownership, and therefore denies the allegations.

770.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 770 regarding Mr. and Ms. Shelton, their actions, or their vehicle purchase, and therefore denies the allegations.

771.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 771 regarding Mr. and Ms. Shelton, their knowledge or intentions, or their vehicle purchase, and therefore denies the allegations.

772.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 772 regarding Mr. and Ms. Shelton or their vehicle experience, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 772, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

773. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 773 regarding Mr. and Ms. Shelton, their actions, or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 773, and specifically denies that the 8L90 and 8L45 transmissions are defective.

774. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 774 regarding Mr. and Ms. Shelton or their vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 774, and specifically denies that the 8L90 and 8L45 transmissions are defective.

775. The allegations in Paragraph 775 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 775 regarding Mr. and Ms. Shelton, their knowledge or intentions, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 775, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

46. *Cary Sherrow*

776.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 776 regarding Mr. Sherrow or his vehicle purchase, and therefore denies the allegations.

777.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 777 regarding Mr. Sherrow, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

778.   The allegations in Paragraph 778 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 778 regarding Mr. Sherrow, his actions, or his vehicle ownership, and therefore denies the allegations.

779.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 779 regarding Mr. Sherrow, his actions, or his vehicle purchase, and therefore denies the allegations.

780.   The allegations in Paragraph 780 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 780 regarding Mr. Sherrow, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

781.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 781 regarding Mr. Sherrow or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 781, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

782.   The allegations in Paragraph 782 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 782 regarding Mr. Sherrow, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 782, and specifically denies that the 8L90 and 8L45 transmissions are defective.

783.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 783 regarding Mr. Sherrow or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 783, and specifically denies that the 8L90 and 8L45 transmissions are defective.

784.   The allegations in Paragraph 784 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 784 regarding Mr. Sherrow, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 784, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

*47.*    ***Richard "Terry" Shope***

785.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 785 regarding Mr. Shope or his vehicle purchase, and therefore denies the allegations.

786.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 786 regarding Mr. Shope, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

787.   The allegations in Paragraph 787 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 787 regarding Mr. Shope, his actions, or his vehicle ownership, and therefore denies the allegations.

788.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 788 regarding Mr. Shope, his actions, or his vehicle purchase, and therefore denies the allegations.

789.   The allegations in Paragraph 789 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 789 regarding Mr. Shope, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

790.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 790 regarding Mr. Shope or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 790, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

791.   The allegations in Paragraph 791 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 791 regarding Mr. Shope, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 791, and specifically denies that the 8L90 and 8L45 transmissions are defective.

792.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 792 regarding Mr. Shope or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 792, and specifically denies that the 8L90 and 8L45 transmissions are defective.

793.   The allegations in Paragraph 793 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 793 regarding Mr. Shope, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 793, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

48.   *Donald Sicura*

794.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 794 regarding Mr. Sicura or his vehicle purchase, and therefore denies the allegations.

795.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 795 regarding Mr. Sicura, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

796.   The allegations in Paragraph 796 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 796 regarding Mr. Sicura, his actions, or his vehicle ownership, and therefore denies the allegations.

797.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 797 regarding Mr. Sicura, his actions, or his vehicle purchase, and therefore denies the allegations.

798.   The allegations in Paragraph 798 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 798 regarding Mr. Sicura, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

799.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 799 regarding Mr. Sicura or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 799, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

800.   The allegations in Paragraph 800 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 800 regarding Mr. Sicura, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 800, and specifically denies that the 8L90 and 8L45 transmissions are defective.

801.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 801 regarding Mr. Sicura or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 801, and specifically denies that the 8L90 and 8L45 transmissions are defective.

802.   The allegations in Paragraph 802 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 802 regarding Mr. Sicura, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 802, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

49.   *Joseph Sierchio*

803.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 803 regarding Mr. Sierchio or his vehicle purchase, and therefore denies the allegations.

804.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 804 regarding Mr. Sierchio, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

805.   The allegations in Paragraph 805 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 805 regarding Mr. Sierchio, his actions, or his vehicle ownership, and therefore denies the allegations.

806.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 806 regarding Mr. Sierchio, his actions, or his vehicle purchase, and therefore denies the allegations.

807.   The allegations in Paragraph 807 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 807 regarding Mr. Sierchio, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

808.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 808 regarding Mr. Sierchio or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 808, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

809.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 809 regarding Mr. Sierchio, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 809, and specifically denies that the 8L90 and 8L45 transmissions are defective.

810.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 810 regarding Mr. Sierchio or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 810, and specifically denies that the 8L90 and 8L45 transmissions are defective.

811.   The allegations in Paragraph 811 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 811 regarding Mr. Sierchio, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 811, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

50.    *Jason "Kevin" Sinclair*

812.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 812 regarding Mr. Sinclair or his vehicle purchase, and therefore denies the allegations.

813.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 813 regarding Mr. Sinclair, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

814.   The allegations in Paragraph 814 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 814 regarding Mr. Sinclair, his actions, or his vehicle ownership, and therefore denies the allegations.

815.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 815 regarding Mr. Sinclair, his actions, or his vehicle purchase, and therefore denies the allegations.

816.   The allegations in Paragraph 816 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 816 regarding Mr. Sinclair, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

817.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 817 regarding Mr. Sinclair or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 817, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

818.   The allegations in Paragraph 818 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 818 regarding Mr. Sinclair, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 818, and specifically denies that the 8L90 and 8L45 transmissions are defective.

819.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 819 regarding Mr. Sinclair or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 819, and specifically denies that the 8L90 and 8L45 transmissions are defective.

820.   The allegations in Paragraph 820 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 820 regarding Mr. Sinclair, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 820, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

51.   ***Dennis Speerly***

821.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 821 regarding Mr. Speerly or his vehicle purchase, and therefore denies the allegations.

822.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 822 regarding Mr. Speerly, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

823.   The allegations in Paragraph 823 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 823 regarding Mr. Speerly, his actions, or his vehicle ownership, and therefore denies the allegations.

824.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 824 regarding Mr. Speerly, his actions, or his vehicle purchase, and therefore denies the allegations.

825.   The allegations in Paragraph 825 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 825 regarding Mr. Speerly, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

826.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 826 regarding Mr. Speerly or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 826, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

827.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 827 regarding Mr. Speerly, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 827, and specifically denies that the 8L90 and 8L45 transmissions are defective.

828.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 828 regarding Mr. Speerly or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 828, and specifically denies that the 8L90 and 8L45 transmissions are defective.

829.   The allegations in Paragraph 829 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 829 regarding Mr. Speerly, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 829, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

*52.* **Richard Sullivan**

830.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 830 regarding Mr. Sullivan or his vehicle purchase, and therefore denies the allegations.

831.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 831 regarding Mr. Sullivan, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

832.   The allegations in Paragraph 832 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 832 regarding Mr. Sullivan, his actions, or his vehicle ownership, and therefore denies the allegations.

833.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 833 regarding Mr. Sullivan, his actions, or his vehicle purchase, and therefore denies the allegations.

834.   The allegations in Paragraph 834 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 834 regarding Mr. Sullivan, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

835.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 835 regarding Mr. Sullivan or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 835, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

836.   The allegations in Paragraph 836 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 836 regarding Mr. Sullivan, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 836, and specifically denies that the 8L90 and 8L45 transmissions are defective.

837.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 837 regarding Mr. Sullivan or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 837, and specifically denies that the 8L90 and 8L45 transmissions are defective.

838.   The allegations in Paragraph 838 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 838 regarding Mr. Sullivan, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 838, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

53.    *Michael Sylvester*

839.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 839 regarding Mr. Sylvester or his vehicle purchase, and therefore denies the allegations.

840.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 840 regarding Mr. Sylvester, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

841.    The allegations in Paragraph 841 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 841 regarding Mr. Sylvester, his actions, or his vehicle ownership, and therefore denies the allegations.

842.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 842 regarding Mr. Sylvester, his actions, or his vehicle purchase, and therefore denies the allegations.

843.    The allegations in Paragraph 843 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 843 regarding Mr. Sylvester, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

844.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 844 regarding Mr. Sylvester or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 844, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

845.   The allegations in Paragraph 845 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 845 regarding Mr. Sylvester, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 845, and specifically denies that the 8L90 and 8L45 transmissions are defective.

846.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 846 regarding Mr. Sylvester or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 846, and specifically denies that the 8L90 and 8L45 transmissions are defective.

847.   The allegations in Paragraph 847 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 847 regarding Mr. Sylvester, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 847, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

54. **Tait Thomas**

848. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 848 regarding Mr. Thomas or his vehicle purchase, and therefore denies the allegations.

849. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 849 regarding Mr. Thomas, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

850. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 850 regarding Mr. Thomas, his actions, or his vehicle ownership, and therefore denies the allegations.

851. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 851 regarding Mr. Thomas, his actions, or his vehicle purchase, and therefore denies the allegations.

852. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 852 regarding Mr. Thomas, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

853. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 853 regarding Mr. Thomas or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

853, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

854.   The allegations in Paragraph 854 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 854 regarding Mr. Thomas, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 854, and specifically denies that the 8L90 and 8L45 transmissions are defective.

855.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 855 regarding Mr. Thomas or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 855, and specifically denies that the 8L90 and 8L45 transmissions are defective.

856.   The allegations in Paragraph 856 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 856 regarding Mr. Thomas, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 856, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

55.   *Philip Weeks*

857.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 857 regarding Mr. Weeks or his vehicle purchase, and therefore denies the allegations.

858.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 858 regarding Mr. Weeks, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

859.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 859 regarding Mr. Weeks, his actions, or his vehicle ownership, and therefore denies the allegations.

860.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 860 regarding Mr. Weeks, his actions, or his vehicle purchase, and therefore denies the allegations.

861.   The allegations in Paragraph 861 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 861 regarding Mr. Weeks, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

862.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 862 regarding Mr. Weeks or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph

862, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

863.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 863 regarding Mr. Weeks, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 863, and specifically denies that the 8L90 and 8L45 transmissions are defective.

864.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 864 regarding Mr. Weeks or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 864, and specifically denies that the 8L90 and 8L45 transmissions are defective.

865.   The allegations in Paragraph 865 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 865 regarding Mr. Weeks, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 865, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

56.   *Kevin Wesley*

866.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 866 regarding Mr. Wesley or his vehicle purchase, and therefore denies the allegations.

867.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 867 regarding Mr. Wesley, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

868.   The allegations in Paragraph 868 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 868 regarding Mr. Wesley, his actions, or his vehicle ownership, and therefore denies the allegations.

869.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 869 regarding Mr. Wesley, his actions, or his vehicle purchase, and therefore denies the allegations.

870.   The allegations in Paragraph 870 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 870 regarding Mr. Wesley, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

871.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 871 regarding Mr. Wesley or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 871, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

872.  The allegations in Paragraph 872 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 872 regarding Mr. Wesley, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 872, and specifically denies that the 8L90 and 8L45 transmissions are defective.

873.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 873 regarding Mr. Wesley or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 873, and specifically denies that the 8L90 and 8L45 transmissions are defective.

874.  The allegations in Paragraph 874 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 874 regarding Mr. Wesley, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 874, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

57.   **Philip Whicker**

875.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 875 regarding Mr. Whicker or his vehicle purchase, and therefore denies the allegations.

876.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 876 regarding Mr. Whicker, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

877.   The allegations in Paragraph 877 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 877 regarding Mr. Whicker, his actions, or his vehicle ownership, and therefore denies the allegations.

878.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 878 regarding Mr. Whicker, his actions, or his vehicle purchase, and therefore denies the allegations.

879.   The allegations in Paragraph 879 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 879 regarding Mr. Whicker, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

880.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 880 regarding Mr. Whicker or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 880, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

881.   The allegations in Paragraph 881 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 881 regarding Mr. Whicker, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 881, and specifically denies that the 8L90 and 8L45 transmissions are defective.

882.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 882 regarding Mr. Whicker or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 882, and specifically denies that the 8L90 and 8L45 transmissions are defective.

883.   The allegations in Paragraph 883 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 883 regarding Mr. Whicker, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 883, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

58. **Wesley Won**

884.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 884 regarding Mr. Won or his vehicle purchase, and therefore denies the allegations.

885.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 885 regarding Mr. Won, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

886.   The allegations in Paragraph 886 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 886 regarding Mr. Won, his actions, or his vehicle ownership, and therefore denies the allegations.

887.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 887 regarding Mr. Won, his actions, or his vehicle purchase, and therefore denies the allegations.

888.   The allegations in Paragraph 888 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 888 regarding Mr. Won, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

889.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 889 regarding Mr. Won or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 889, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

890. The allegations in Paragraph 890 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 890 regarding Mr. Won, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 890, and specifically denies that the 8L90 and 8L45 transmissions are defective.

891. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 891 regarding Mr. Won or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 891, and specifically denies that the 8L90 and 8L45 transmissions are defective.

892. The allegations in Paragraph 892 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 892 regarding Mr. Won, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 892, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

59. **Howard Young**

893.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 893 regarding Mr. Young or his vehicle purchase, and therefore denies the allegations.

894.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 894 regarding Mr. Young, his knowledge or intentions, or his vehicle purchase or ownership, and therefore denies the allegations.

895.    The allegations in Paragraph 895 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 895 regarding Mr. Young, his actions, or his vehicle ownership, and therefore denies the allegations.

896.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 896 regarding Mr. Young, his actions, or his vehicle purchase, and therefore denies the allegations.

897.    The allegations in Paragraph 897 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 897 regarding Mr. Young, his knowledge or intentions, or his vehicle purchase, and therefore denies the allegations.

898.    GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 898 regarding Mr. Young or his vehicle experience, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 898, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

899.   The allegations in Paragraph 899 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 899 regarding Mr. Young, his actions, or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 899, and specifically denies that the 8L90 and 8L45 transmissions are defective.

900.   GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 900 regarding Mr. Young or his vehicle experience, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 900, and specifically denies that the 8L90 and 8L45 transmissions are defective.

901.   The allegations in Paragraph 901 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 901 regarding Mr. Young, his knowledge or intentions, or his actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 901, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

## CLASS ACTION ALLEGATIONS

902.   GM denies the allegations in Paragraph 902 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

903.   GM denies the allegations in Paragraph 903 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

904.   GM denies the allegations in Paragraph 904 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

905.   GM denies the allegations in Paragraph 905 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

906.   GM denies the allegations in Paragraph 906 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

907.   GM denies the allegations in Paragraph 907 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

908.   GM denies the allegations in Paragraph 908 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

909.   GM denies the allegations in Paragraph 909 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

910.   GM denies the allegations in Paragraph 910 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

911.   GM denies the allegations in Paragraph 911 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

912.   GM denies the allegations in Paragraph 912 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

913.   GM denies the allegations in Paragraph 913 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

914.   GM denies the allegations in Paragraph 914 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

915.   GM denies the allegations in Paragraph 915 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

916.   GM denies the allegations in Paragraph 916 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

917.   GM denies the allegations in Paragraph 917 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

918.   GM denies the allegations in Paragraph 918 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

919.   GM denies the allegations in Paragraph 919 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

920.   GM denies the allegations in Paragraph 920 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

921.   GM denies the allegations in Paragraph 921 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

922.   GM denies the allegations in Paragraph 922 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

923.   GM denies the allegations in Paragraph 923 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

924.   GM denies the allegations in Paragraph 924 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

925.   GM denies the allegations in Paragraph 925 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

926.   GM denies the allegations in Paragraph 926 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

927.   GM denies the allegations in Paragraph 927 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

928.   GM denies the allegations in Paragraph 928 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

929.   GM denies the allegations in Paragraph 929 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

930.   GM denies the allegations in Paragraph 930 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

931.   GM denies the allegations in Paragraph 931 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

932. GM denies the allegations in Paragraph 932 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

933. GM denies the allegations in Paragraph 933 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

934. GM denies the allegations in Paragraph 934 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

935. GM denies the allegations in Paragraph 935 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

936. GM denies the allegations in Paragraph 936 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

937. GM denies the allegations in Paragraph 937 except to admit that the CAC purports to bring a class action. GM specifically denies that a class action can be maintained.

938.   **Numerosity**. The allegations in Paragraph 938 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 938, and specifically denies that a class action can be maintained.

939.   The allegations in Paragraph 939 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 939, and specifically denies that a class action can be maintained or that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

940.   The allegations in Paragraph 940 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 940, including all subparts, and specifically denies that a class action can be maintained, that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

941.   The allegations in Paragraph 941 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 941, and specifically denies that a class action can be maintained.

942.   The allegations in Paragraph 942 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 942, and specifically denies that a class action can be maintained. GM states that it fulfilled

all its legal and contractual obligations to consumers, including any duty to disclose.

943.   The allegations in Paragraph 943 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 943, and specifically denies that a class action can be maintained or that plaintiffs state any claims or any right to relief against GM.

944.   The allegations in Paragraph 944 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 944, and specifically denies that a class action can be maintained or that the 8L90 and 8L45 transmissions are defective.

945.   GM denies the allegations in Paragraph 945, and specifically denies that a class action can be maintained.

## TOLLING OF THE STATUTES OF LIMITATIONS

946.   The allegations in Paragraph 946 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 946, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

947.   GM denies the allegations in Paragraph 947, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

948.   The allegations in Paragraph 948 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 948, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

949.   GM denies the allegations in Paragraph 949, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

950.   The allegations in Paragraph 950 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph  950, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

## CAUSES OF ACTION

### COUNT 1
### BREACH OF WARRANTY UNDER THE MAGNUSON-MOSS
### WARRANTY ACT 15 U.S.C. . § 2303, *ET SEQ*

951.  GM incorporates by reference its responses to all preceding paragraphs above.

952.  GM admits that plaintiffs purport to bring this claim on behalf of themselves and all putative class members. GM denies that any class action can be maintained.

953.  The allegations in Paragraph 953 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 953.

954.  The allegations in Paragraph 954 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 954.

955.  The allegations in Paragraph 955 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 955.

956.  The allegations in Paragraph 956 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 956.

957.  The allegations in Paragraph 957 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 957, except to admit that it provides express limited warranties with new vehicles.

958.   GM denies the allegations in Paragraph 958, except to admit that it provides express limited warranties with new vehicles.

959.   GM admits that Paragraph 959 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 959, and specifically denies that the 8L90 and 8L45 are defective.

960.   GM admits that Paragraph 960 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 960.

961.   The allegations in Paragraph 961 state legal conclusions to which no response is required. GM admits that it provides express limited warranties with new vehicles, but denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 961 including all subparts, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

962.   The allegations in Paragraph 962 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 962, and states that it fulfilled all its legal and contractual obligations to consumers.

963.   The allegations in Paragraph 963 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 963, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers.

964.   The allegations in Paragraph 964 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 964, and states that it fulfilled all its legal and contractual obligations to consumers.

965.   GM denies the allegations in Paragraph 965.

966.   The allegations in Paragraph 966 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 966, and states that it fulfilled all its legal and contractual obligations to consumers.

967.   The allegations in Paragraph 967 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 967. GM states that it fulfilled all its legal and contractual obligations to consumers.

968.   The allegations in Paragraph 968 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 968.

## COUNT 2
## UNJUST ENRICHMENT (ON BEHALF OF THE
## NATIONWIDE CLASS OR ALTERNATIVELY, EACH OF
## THE STATE SUB-CLASSES)

969. GM incorporates by reference its responses to all preceding paragraphs above.

970. GM admits that plaintiffs purport to bring this claim on behalf of themselves and the putative nationwide class, or in the alternative on behalf of the state Sub-Classes. GM denies that any class action can be maintained.

971. The allegations in Paragraph 971 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 971, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

972. The allegations in Paragraph 972 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 972, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

973. The allegations in Paragraph 973 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 973, and specifically denies that the 8L90 and 8L45 transmissions are defective.

974.   The allegations in Paragraph 974 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 974.

## COUNT 3
## FRAUDULENT OMISSION (ON BEHALF OF THE NATIONWIDE CLASS OR ALTERNATIVELY EACH OF THE STATE SUB-CLASSES)

975.   GM incorporates by reference its responses to all preceding paragraphs above.

976.   GM admits that plaintiffs purport to bring this claim on behalf of themselves and the putative nationwide class, or in the alternative on behalf of the state Sub-Classes. GM denies that any class action can be maintained.

977.   The allegations in Paragraph 977 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 977, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

978.   The allegations in Paragraph 978 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 978, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

979.   The allegations in Paragraph 979 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 979.

980.   The allegations in Paragraph 980 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 980, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

981.   The allegations in Paragraph 981 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 981, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

982.   The allegations in Paragraph 982 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 982 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 982, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

983.   The allegations in Paragraph 983 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 983, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

984. The allegations in Paragraph 984 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 984 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 984 and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

985. The allegations in Paragraph 985 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 985 and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

A. **Claims on Behalf of the Alabama Sub-Class**

**COUNT 4**
**VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE § 8-19-1, ET SEQ.**

986. GM incorporates by reference its responses to all preceding paragraphs above.

987. GM admits that plaintiff Lloyd purports to bring this claim on behalf of the Alabama Sub-Class. GM denies that any class action can be maintained.

216

988. The allegations in Paragraph 988 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 988.

989. The allegations in Paragraph 989 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 989.

990. The allegations in Paragraph 990 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 990.

991. The allegations in Paragraph 991 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 991.

992. GM admits that Paragraph 992 purports to quote from the Alabama Deceptive Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 992.

993. The allegations in Paragraph 993 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 993, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

994. The allegations in Paragraph 994 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 994 and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

995.   The allegations in Paragraph 995 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 995 and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

996.   The allegations in Paragraph 996 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 996 and specifically denies that the 8L90 and 8L45 transmissions are defective.

997.   The allegations in Paragraph 997 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 997 and states that it fulfilled all its legal and contractual duties to consumers.

998.   The allegations in Paragraph 998 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 998 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 998, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

999. The allegations in Paragraph 999 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 999 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 999, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1000. The allegations in Paragraph 1000 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1000, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1001. The allegations in Paragraph 1001 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1001 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1002. The allegations in Paragraph 1002 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1002.

1003. GM admits the CAC purports to seek injunctive and other relief and attorneys' fees under Ala. Code § 8-19-3, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1003.

1004. GM admits that the CAC purports to seek relief under Ala. Code § 8-19-3, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1004.

## COUNT 5
## BREACH OF EXPRESS WARRANTY
## ALA. CODE §§ 7-2-313 AND 7-2A-210

1005. GM incorporates by reference its responses to all preceding paragraphs above.

1006. GM admits that plaintiffs purport to bring this claim on behalf of the Alabama Sub-Class. GM denies that any class action can be maintained.

1007. The allegations in Paragraph 1007 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1007.

1008. The allegations in Paragraph 1008 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1008.

1009. The allegations in Paragraph 1009 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1009.

1010. The allegations in Paragraph 1010 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1010, except to admit that it provides express limited warranties with new vehicles.

1011. GM denies the allegations in Paragraph 1011, except to admit that it provides express limited warranties with new vehicles.

1012. GM admits that Paragraph 1012 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1012, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1013. GM admits that Paragraph 1013 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1013.

1014.  The allegations in Paragraph 1014 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1014, except to admit that it manufactured  8L90 and 8L45 transmissions in certain GM vehicles.

1015. GM denies the allegations in Paragraph 1015, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1016. The allegations in Paragraph 1016 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1016 regarding plaintiffs, their knowledge or intentions, or their purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1016.

1017. The allegations in Paragraph 1017 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1017, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1018. The allegations in Paragraph 1018 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1018, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1019. The allegations in Paragraph 1019 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1019, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1020. The allegations in Paragraph 1020 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1020, and states that it fulfilled all its legal and contractual obligations to consumers.

1021. The allegations in Paragraph 1021 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1021, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1022. The allegations in Paragraph 1022 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1022, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1023. The allegations in Paragraph 1023 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1023 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1023.

1024. The allegations in Paragraph 1024 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1024, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1025. The allegations in Paragraph 1025 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1025, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1026. The allegations in Paragraph 1026 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1026, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1027. The allegations in Paragraph 1027 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1027, and states that it fulfilled all its legal and contractual obligations to consumers.

1028. The allegations in Paragraph 1028 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1028, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 6
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## ALA. CODE §§ 7-2-314 AND 7-2A-212

1029. GM incorporates by reference its responses to all preceding paragraphs above.

1030. GM admits that plaintiffs purport to bring this claim on behalf of the Alabama Sub-Class. GM denies that any class action can be maintained.

1031. The allegations in Paragraph 1031 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1031.

1032. The allegations in Paragraph 1032 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1032.

1033. The allegations in Paragraph 1033 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1033.

1034. The allegations in Paragraph 1034 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1034.

1035. The allegations in Paragraph 1035 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1035 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1035, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1036. The allegations in Paragraph 1036 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1036.

1037. The allegations in Paragraph 1037 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1037.

1038. The allegations in Paragraph 1038 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1038, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1039. The allegations in Paragraph 1039 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1039, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1040. The allegations in Paragraph 1040 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1040, and states that it fulfilled all its legal and contractual obligations to consumers.

1041. The allegations in Paragraph 1041 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1041 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1041.

1042. The allegations in Paragraph 1042 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1042, and specifically denies that the 8L90 and 8L45 transmissions are defective.   GM states that it fulfilled all its legal and contractual obligations to consumers.

1043. The allegations in Paragraph 1043 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1043.

1044. The allegations in Paragraph 1044 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1044 and states that it fulfilled all its legal and contractual obligations to consumers.

**B.     Claims on Behalf of the Arizona Sub-Class**

### COUNT 7
### VIOLATION OF THE ARIZONA CONSUMER FRAUD ACT
### ARIZ. REV. STAT. § 44-1521, ET SEQ.

1045. GM incorporates by reference its responses to all preceding paragraphs above.

1046. GM admits that plaintiff Barallardos purports to bring this claim on behalf of the Arizona Sub-Class. GM denies that any class action can be maintained.

1047. GM admits that Paragraph 1047 purports to quote from the Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1522(A), but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1047.

1048. The allegations in Paragraph 1048 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1048, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1049. The allegations in Paragraph 1049 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1049, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1050. The allegations in Paragraph 1050 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1050, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1051. The allegations in Paragraph 1051 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1051, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1052. The allegations in Paragraph 1052 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1052, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1053. The allegations in Paragraph 1053 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1053 and states that it fulfilled all its legal and contractual duties to consumers.

1054. The allegations in Paragraph 1054 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1054 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1054. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1055. The allegations in Paragraph 1055 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1055 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1055, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1056. The allegations in Paragraph 1056 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1056.

1057. The allegations in Paragraph 1057 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1057, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1058. The allegations in Paragraph 1058 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1058.  GM

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1059. GM admits the CAC purports to seek relief under the Arizona Consumer Fraud Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1059.

1060. GM admits the CAC purports to seek punitive damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1060.

1061. GM admits the CAC purports to seek injunctive relief, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1061.

## COUNT 8
## BREACH OF EXPRESS WARRANTY
## ARIZ. REV. STAT. §§ 47-2313 AND 47-2A210

1062. GM incorporates by reference its responses to all preceding paragraphs above.

1063. GM admits that plaintiff Barallardos purports to bring this claim on behalf of the Arizona Sub-Class. GM denies that any class action can be maintained.

1064. The allegations in Paragraph 1064 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1064.

1065. The allegations in Paragraph 1065 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1065.

1066. The allegations in Paragraph 1066 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1066.

1067. The allegations in Paragraph 1067 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1067, except to admit that it provides express limited warranties with new vehicles.

1068. GM denies the allegations in Paragraph 1068, except to admit that it provides express limited warranties with new vehicles.

1069. GM admits that Paragraph 1069 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1069, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1070. GM admits that Paragraph 1070 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1070.

1071. The allegations in Paragraph 1071 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1071,

except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1072. GM denies the allegations in Paragraph 1072, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1073. The allegations in Paragraph 1073 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1073 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1073.

1074. The allegations in Paragraph 1074 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1074, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1075. The allegations in Paragraph 1075 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1075, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1076. The allegations in Paragraph 1076 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1076, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1077. The allegations in Paragraph 1077 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1077, and states that it fulfilled all its legal and contractual obligations to consumers.

1078. The allegations in Paragraph 1078 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1078, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1079. The allegations in Paragraph 1079 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1079, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1080. The allegations in Paragraph 1080 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1080 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1080.

1081. The allegations in Paragraph 1081 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1081, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1082. The allegations in Paragraph 1082 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1082, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1083. The allegations in Paragraph 1083 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1083, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1084. The allegations in Paragraph 1084 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1084, and states that it fulfilled all its legal and contractual obligations to consumers.

1085. The allegations in Paragraph 1085 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1085, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 9
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## ARIZ. REV. STAT. §§ 47-2314 AND 47-2A212

1086. GM incorporates by reference its responses to all preceding paragraphs above.

1087. GM admits that plaintiff Barallardos purports to bring this claim on behalf of the Arizona Sub-Class. GM denies that any class action can be maintained.

1088. The allegations in Paragraph 1088 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1088.

1089. The allegations in Paragraph 1089 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1089.

1090. The allegations in Paragraph 1090 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1090.

1091. The allegations in Paragraph 1091 state legal conclusions to which no response is required. GM admits that Paragraph 1091 purports to summarize Ariz. Rev. Stat. §§ 47-2314 and 47-2A212, but states that those statutes speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1091.

1092. The allegations in Paragraph 1092 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1092 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1092, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1093. The allegations in Paragraph 1093 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1093.

1094. The allegations in Paragraph 1094 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1094.

1095. The allegations in Paragraph 1095 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1095, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1096. The allegations in Paragraph 1096 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1096, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1097. The allegations in Paragraph 1097 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1097, and states that it fulfilled all its legal and contractual obligations to consumers.

1098. The allegations in Paragraph 1098 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1098 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 1098.

1099. The allegations in Paragraph 1099 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1099, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1100. The allegations in Paragraph 1100 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1100, and states that it fulfilled all its legal and contractual obligations to consumers.

1101. The allegations in Paragraph 1101 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1101, and states that it fulfilled all its legal and contractual obligations to consumers.

### C.   Claims on Behalf of the Arkansas Sub-Class

**COUNT 10**
**VIOLATION OF ARKANSAS DECEPTIVE TRADE**
**PRACTICES ACT ARK. ANN. CODE § 4-88-101, ET SEQ.**

1102. GM incorporates by reference its responses to all preceding paragraphs above.

1103. GM admits that plaintiff Browne purports to bring this claim on behalf of the Arkansas Sub-Class. GM denies that any class action can be maintained.

1104. GM admits that Paragraph 1104 purports to quote from the Alabama Deceptive Trade Practices Act, Ark. Code. Ann. § 4-88-107(a), but states that the statute speaks for itself and denies plaintiffs' characterization of it.  GM denies the remaining allegations in Paragraph 1104.

1105. The allegations in Paragraph 1105 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1105, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1106. The allegations in Paragraph 1106 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1106, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1107. The allegations in Paragraph 1107 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1107, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1108. The allegations in Paragraph 1108 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1108, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1109. The allegations in Paragraph 1109 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1109, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

1110. The allegations in Paragraph 1110 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1110 and states that it fulfilled all its legal and contractual duties to consumers.

1111. The allegations in Paragraph 1111 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1111 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1111, and states that it fulfilled all its legal and contractual obligations to consumers.

1112. The allegations in Paragraph 1112 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1112 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations.

GM denies the remaining allegations in Paragraph 1112, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1113. The allegations in Paragraph 1113 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1113.

1114. The allegations in Paragraph 1114 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1114, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1115. The allegations in Paragraph 1115 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1115.

1116. GM admits the CAC purports to seek relief under the Arkansas Deceptive Trade Practices Act, Ark. Code. Ann. § 4-88-107(a), but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1116.

1117. GM admits the CAC purports to seek punitive damages under the Arkansas Deceptive Trade Practices Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1117.

1118. GM admits the CAC purports to seek injunctive relief under the Arkansas Deceptive Trade Practices Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1118.

## COUNT 11
## BREACH OF EXPRESS WARRANTY
## ARK. CODE ANN. §4-2-313

1119. GM incorporates by reference its responses to all preceding paragraphs above.

1120. GM admits that plaintiff Browne purports to bring this claim on behalf of the Arkansas Sub-Class. GM denies that any class action can be maintained.

1121. The allegations in Paragraph 1121 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1121.

1122. The allegations in Paragraph 1122 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1122.

1123. The allegations in Paragraph 1123 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1123.

1124. The allegations in Paragraph 1124 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1124, except to admit that it provides express limited warranties with new vehicles.

1125. GM denies the allegations in Paragraph 1125, except to admit that it provides express limited warranties with new vehicles.

1126. GM admits that Paragraph 1126 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

241

denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1126, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1127. GM admits that Paragraph 1127 purports to quote certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1127.

1128. The allegations in Paragraph 1128 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1128, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1129. The allegations in Paragraph 1129 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1129, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1130. The allegations in Paragraph 1130 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1130 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1130.

1131. The allegations in Paragraph 1131 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1131, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1132. The allegations in Paragraph 1132 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1132, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1133. The allegations in Paragraph 1133 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1133, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1134. The allegations in Paragraph 1134 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1134, and states that it fulfilled all its legal and contractual obligations to consumers.

1135. The allegations in Paragraph 1135 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1135, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1136. The allegations in Paragraph 1136 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1136, and states that it fulfilled all its legal and contractual obligations to consumers.

1137. The allegations in Paragraph 1137 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1137 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1137.

1138. The allegations in Paragraph 1138 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1138, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1139. The allegations in Paragraph 1139 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1139, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1140. The allegations in Paragraph 1140 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1140, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1141. The allegations in Paragraph 1141 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1141, and states that it fulfilled all its legal and contractual obligations to consumers.

1142. The allegations in Paragraph 1142 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1142, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 12
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## ARK. CODE ANN. §4-2-314

1143. GM incorporates by reference its responses to all preceding paragraphs above.

1144. GM admits that plaintiff Browne purports to bring this claim on behalf of the Arkansas Sub-Class. GM denies that any class action can be maintained.

1145. The allegations in Paragraph 1145 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1145.

1146. The allegations in Paragraph 1146 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1146.

1147. The allegations in Paragraph 1147 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1147.

1148. The allegations in Paragraph 1148 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1148.

1149. The allegations in Paragraph 1149 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1149 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1149, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1150. The allegations in Paragraph 1150 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1150.

1151. The allegations in Paragraph 1151 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1151.

1152. The allegations in Paragraph 1152 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1152, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1153. The allegations in Paragraph 1153 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1153, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1154. The allegations in Paragraph 1154 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1154, and states that it fulfilled all its legal and contractual obligations to consumers.

1155. The allegations in Paragraph 1155 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1155 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1155.

1156. The allegations in Paragraph 1156 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1156, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1157. The allegations in Paragraph 1157 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1157, and states that it fulfilled all its legal and contractual obligations to consumers.

1158. The allegations in Paragraph 1158 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1158, and states that it fulfilled all its legal and contractual obligations to consumers.

### D. Claims on Behalf of the California Sub-Class

**COUNT 13**
**VIOLATION OF CALIFORNIA CONSUMER LEGAL**
**REMEDIES ACT**
**CAL. CIV. CODE § 1750, ET SEQ.**

1159. GM incorporates by reference its responses to all preceding paragraphs above.

1160. GM admits that plaintiffs Cheng and Won purport to bring this claim on behalf of the California Sub-Class. GM denies that any class action can be maintained.

1161. The allegations in Paragraph 1161 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1161.

1162. The allegations in Paragraph 1162 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1162 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1162.

1163. The allegations in Paragraph 1163 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1163, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1164. The allegations in Paragraph 1164 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1164, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1165. The allegations in Paragraph 1165 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1165, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1166. The allegations in Paragraph 1166 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1166, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1167. The allegations in Paragraph 1167 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1167 including all subparts, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1168. The allegations in Paragraph 1168 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1168, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1169. The allegations in Paragraph 1169 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1169 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1169, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1170.  The allegations in Paragraph 1170 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1170 regarding plaintiffs, their knowledge, or their expectations, and therefore denies the allegations.GM denies the remaining allegations in Paragraph 1170, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1171. The allegations in Paragraph 1171 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1171, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1172. The allegations in Paragraph 1172 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1172, and states that it fulfilled all its legal and contractual obligations to consumers.

1173. The allegations in Paragraph 1173 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1173.

1174. The allegations in Paragraph 1174 state legal conclusions to which no response is required. GM admits that plaintiffs seek relief under California Civil Code § 1750 *et seq.*, but denies that plaintiffs have any right to relief against GM. GM denies the remaining allegations in Paragraph 1174, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 14
## VIOLATION OF CALIFORNIA BUS. & PROF. CODE
## §17200, ET SEQ.

1175. GM incorporates by reference its responses to all preceding paragraphs above.

1176. GM admits that the California plaintiffs purport to bring this claim on behalf of the California Sub-Class. GM denies that any class action can be maintained.

1177. The allegations in Paragraph 1177 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1177 regarding plaintiffs, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1177, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose

1178. GM admits that Paragraph 1178 purports to quote California Business & Professions Code § 17200, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1178.

1179. The allegations in Paragraph 1179 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1179 regarding plaintiffs, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1179, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1180. The allegations in Paragraph 1180 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1180, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1181. The allegations in Paragraph 1181 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1181, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1182. The allegations in Paragraph 1182 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1182 including all subparts, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1183. The allegations in Paragraph 1183 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1183 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1183, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1184. The allegations in Paragraph 1184 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1184, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1185. GM denies the allegations in Paragraph 1185, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1186. The allegations in Paragraph 1186 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1186, including all subparts.

1187. The allegations in Paragraph 1187 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1187, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1188. The allegations in Paragraph 1188 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1188, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1189. The allegations in Paragraph 1189 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1189, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1190. The allegations in Paragraph 1190 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1190.

## COUNT 15
## BREACH OF IMPLIED WARRANTY PURSUANT TO THE
## SONG-BEVERLY CONSUMER WARRANTY ACT
## CAL. CIV. CODE §§ 1792 AND 1791.1, ET SEQ.

1191. GM incorporates by reference its responses to all preceding paragraphs above.

1192. GM admits that the California plaintiffs purport to bring this claim on behalf of the California Sub-Class. GM denies that any class action can be maintained.

1193. The allegations in Paragraph 1193 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1193.

1194. The allegations in Paragraph 1194 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1194.

1195. The allegations in Paragraph 1195 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1195.

1196. The allegations in Paragraph 1196 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1196.

1197. The allegations in Paragraph 1197 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1197 regarding plaintiffs, their intentions, or

their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1197, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1198. The allegations in Paragraph 1198 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1198.

1199. The allegations in Paragraph 1199 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1199.

1200. The allegations in Paragraph 1200 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1200, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1201. The allegations in Paragraph 1201 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1201, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1202. The allegations in Paragraph 1202 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1202, and states that it fulfilled all its legal and contractual obligations to consumers.

1203. The allegations in Paragraph 1203 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1203 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1203.

1204. The allegations in Paragraph 1204 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1204, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1205. The allegations in Paragraph 1205 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1205, and states that it fulfilled all its legal and contractual obligations to consumers.

1206. The allegations in Paragraph 1206 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1206, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 16
## BREACH OF EXPRESS WARRANTY
## CAL. COM. CODE §§ 2313 AND 10210

1207. GM incorporates by reference its responses to all preceding paragraphs above.

1208. GM admits that plaintiffs Cheng and Won purport to bring this claim on behalf of the California Sub-Class. GM denies that any class action can be maintained.

1209. The allegations in Paragraph 1209 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1209.

1210. The allegations in Paragraph 1210 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1210.

1211. The allegations in Paragraph 1211 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1211.

1212. The allegations in Paragraph 1212 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1212, except to admit that it provides express limited warranties with new vehicles.

1213. GM denies the allegations in Paragraph 1213, except to admit that it provides express limited warranties with new vehicles.

1214. GM admits that Paragraph 1214 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1214, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1215. GM admits that Paragraph 1215 purports to quote certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1215.

1216. The allegations in Paragraph 1216 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1216, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1217. The allegations in Paragraph 1217 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1217, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1218. The allegations in Paragraph 1218 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1218 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1218.

1219. The allegations in Paragraph 1219 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1219, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1220. The allegations in Paragraph 1220 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1220, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1221. The allegations in Paragraph 1221 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1221, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1222. The allegations in Paragraph 1222 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1222, and states that it fulfilled all its legal and contractual obligations to consumers.

1223. The allegations in Paragraph 1223 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1223, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1224. The allegations in Paragraph 1224 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1224, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1225. The allegations in Paragraph 1225 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1225 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1225.

1226. The allegations in Paragraph 1226 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1226, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1227. The allegations in Paragraph 1227 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1227, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1228. The allegations in Paragraph 1228 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1228, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1229. The allegations in Paragraph 1229 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1229, and states that it fulfilled all its legal and contractual obligations to consumers.

1230. The allegations in Paragraph 1230 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1230.

### E.   Claims on Behalf of the Colorado Sub-Class

### COUNT 17
### VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT
### COLO. REV. STAT. § 6-1-101, ET SEQ.

1231. GM incorporates by reference its responses to all preceding paragraphs above.

1232. GM admits that plaintiff Drain purports to bring this claim on behalf of the Colorado Sub-Class. GM denies that any class action can be maintained.

1233. The allegations in Paragraph 1233 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1233.

1234. GM admits that Paragraph 1234 purports to quote from the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-102, but states that the statute speaks for itself and denies plaintiffs' characterization of it.

1235. The allegations in Paragraph 1235 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1235, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1236. The allegations in Paragraph 1236 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1236, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1237. The allegations in Paragraph 1237 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1237, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1238. The allegations in Paragraph 1238 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1238, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1239. The allegations in Paragraph 1239 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1239 and states that it fulfilled all its legal and contractual duties to consumers.

1240. The allegations in Paragraph 1240 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1240 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1240, and specifically denies

that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1241. The allegations in Paragraph 1241 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1241 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1241, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1242. The allegations in Paragraph 1242 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1242.

1243. The allegations in Paragraph 1243 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1243, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1244. The allegations in Paragraph 1244 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 1244, and states that it fulfilled all its legal and contractual obligations to consumers.

1245. GM admits the CAC purports to seek relief under the Colorado Consumer Protection Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1245.

## COUNT 18
## BREACH OF EXPRESS WARRANTY
## COLO. REV. STAT. §§ 4-2-313 AND 4-2.5-210

1246. GM incorporates by reference its responses to all preceding paragraphs above.

1247. GM admits that the Colorado plaintiff purports to bring this claim on behalf of the Colorado Sub-Class. GM denies that any class action can be maintained.

1248. The allegations in Paragraph 1248 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1248.

1249. The allegations in Paragraph 1249 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1249.

1250. The allegations in Paragraph 1250 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1250.

1251. The allegations in Paragraph 1251 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1251, except to admit that it provides express limited warranties with new vehicles.

1252. GM denies the allegations in Paragraph 1252, except to admit that it provides express limited warranties with new vehicles.

1253. GM admits that Paragraph 1253 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1253, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1254. GM admits that Paragraph 1254 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1254.

1255. The allegations in Paragraph 1255 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1255, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1256. The allegations in Paragraph 1256 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1256, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1257. The allegations in Paragraph 1257 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1257 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1257.

1258. The allegations in Paragraph 1258 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1258, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1259. The allegations in Paragraph 1259 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1259, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1260. The allegations in Paragraph 1260 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1260, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1261. The allegations in Paragraph 1261 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1261, and states that it fulfilled all its legal and contractual obligations to consumers.

1262. The allegations in Paragraph 1262 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1262, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1263. The allegations in Paragraph 1263 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1263, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1264. The allegations in Paragraph 1264 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1264 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1264.

1265. The allegations in Paragraph 1265 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1265, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1266. The allegations in Paragraph 1266 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1266, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1267. The allegations in Paragraph 1267 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1267, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1268. The allegations in Paragraph 1268 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1268, and states that it fulfilled all its legal and contractual obligations to consumers.

1269. The allegations in Paragraph 1269 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1269, and states that it fulfilled all its legal and contractual obligations to consumers.

### COUNT 19
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### COLO. REV. STAT. §§ 4-2-313 AND 4-2.5-212

1270. GM incorporates by reference its responses to all preceding paragraphs above.

1271. GM admits that plaintiff Drain purports to bring this claim on behalf of the Colorado Sub-Class. GM denies that any class action can be maintained.

1272. The allegations in Paragraph 1272 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1272.

1273. The allegations in Paragraph 1273 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1273.

1274. The allegations in Paragraph 1274 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1274.

1275. The allegations in Paragraph 1275 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1275.

1276. The allegations in Paragraph 1276 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1276 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1276, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1277. The allegations in Paragraph 1277 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1277.

1278. The allegations in Paragraph 1278 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1278.

1279. The allegations in Paragraph 1279 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1279, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1280. The allegations in Paragraph 1280 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1280, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1281. The allegations in Paragraph 1281 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1281, and states that it fulfilled all its legal and contractual obligations to consumers.

1282. The allegations in Paragraph 1282 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1282 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1282.

1283. The allegations in Paragraph 1283 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1283, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1284. The allegations in Paragraph 1284 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1284, and states that it fulfilled all its legal and contractual obligations to consumers.

1285. The allegations in Paragraph 1285 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1285, and states that it fulfilled all its legal and contractual obligations to consumers.

### F. Claims on Behalf of the Connecticut Sub-Class

### COUNT 20
### VIOLATION OF THE CONNECTICUT UNLAWFUL TRADE PRACTICES ACT
### CONN. GEN. STAT. § 42-110A, ET SEQ.

1286. GM incorporates by reference its responses to all preceding paragraphs above.

1287. GM admits that plaintiff Wesley purports to bring this claim on behalf of the Connecticut Sub-Class. GM denies that any class action can be maintained.

1288. The allegations in Paragraph 1288 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1288.

1289. The allegations in Paragraph 1289 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1289.

1290. GM admits that Paragraph 1290 purports to quote Conn. Gen. Stat. § 42-110b of the Connecticut Unfair Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it.

1291. The allegations in Paragraph 1291 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1291, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1292. The allegations in Paragraph 1292 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1292, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1293. The allegations in Paragraph 1293 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1293.

1294. The allegations in Paragraph 1294 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1294, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1295. The allegations in Paragraph 1295 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1295, and states that it fulfilled all its legal and contractual obligations to consumers.

1296. The allegations in Paragraph 1296 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1296 regarding plaintiffs, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1296, and specifically denies that the 8L90 and 8L45

transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1297. The allegations in Paragraph 1297 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1297, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1298. The allegations in Paragraph 1298 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1298, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1299. The allegations in Paragraph 1299 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1299, and states that it fulfilled all its legal and contractual obligations to consumers.

1300. GM admits the CAC purports to seek monetary damages, punitive damages, injunctive relief, and attorneys' fees and costs pursuant Conn. Gen. Stat. § 42-110g, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1300.

**COUNT 21**
**BREACH OF EXPRESS WARRANTY**
**CONN. GEN. STAT. ANN. § 42A-2-313**

1301. GM incorporates by reference its responses to all preceding paragraphs above.

1302. GM admits that plaintiff Wesley purports to bring this claim on behalf of the Connecticut Sub-Class. GM denies that any class action can be maintained.

1303. The allegations in Paragraph 1303 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1303.

1304. The allegations in Paragraph 1304 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1304.

1305. The allegations in Paragraph 1305 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1305, except to admit that it provides express limited warranties with new of vehicles.

1306. GM denies the allegations in Paragraph 1306, except to admit that it provides express limited warranties with new vehicles.

1307. The allegations in Paragraph 1307 state legal conclusions to which no response is required. GM admits that Paragraph 1307 purports to quote certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in

Paragraph 1307, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1308. GM admits that Paragraph 1308 purports to quote certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1308.

1309. The allegations in Paragraph 1309 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1309, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1310. The allegations in Paragraph 1310 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1310, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1311. The allegations in Paragraph 1311 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1311 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1311.

1312. The allegations in Paragraph 1312 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1312, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1313. The allegations in Paragraph 1313 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1313, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1314. The allegations in Paragraph 1314 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1314, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1315. The allegations in Paragraph 1315 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1315, and states that it fulfilled all its legal and contractual obligations to consumers.

1316. The allegations in Paragraph 1316 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1316, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1317. The allegations in Paragraph 1317 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1317, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1318. The allegations in Paragraph 1318 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1318 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1318.

1319. The allegations in Paragraph 1319 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1319, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1320. The allegations in Paragraph 1320 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1320, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1321. The allegations in Paragraph 1321 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1321, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1322. GM admits the CAC purports to seek revocation of acceptance, return of purchase price, and incidental and consequential damages pursuant to Conn. Gen. Stat. Ann. § 42a-2-711 and 42a-2-608, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1322, and states that it fulfilled all its legal and contractual obligations to consumers.

1323. The allegations in Paragraph 1323 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1323, and states that it fulfilled all its legal and contractual obligations to consumers.

1324. The allegations in Paragraph 1324 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1324, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 22
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### CONN. GEN. STAT. ANN. § 42A-2-314

1325. GM incorporates by reference its responses to all preceding paragraphs above.

1326. GM admits that plaintiff Wesley purports to bring this claim on behalf of the Connecticut Sub-Class. GM denies that any class action can be maintained.

1327. The allegations in Paragraph 1327 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1327.

1328. The allegations in Paragraph 1328 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1328.

1329. The allegations in Paragraph 1329 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1329.

1330. The allegations in Paragraph 1330 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1330, and states that it fulfilled all its legal and contractual obligations to consumers.

1331. The allegations in Paragraph 1331 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1331 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1331, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1332. The allegations in Paragraph 1332 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1332, and states that it fulfilled all its legal and contractual obligations to consumers.

1333. The allegations in Paragraph 1333 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1333.

1334. The allegations in Paragraph 1334 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1334, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1335. The allegations in Paragraph 1335 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1335, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1336. The allegations in Paragraph 1336 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1336, and states that it fulfilled all its legal and contractual obligations to consumers.

1337. The allegations in Paragraph 1337 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1337 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1337.

1338. The allegations in Paragraph 1338 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1338, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1339. The allegations in Paragraph 1339 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1339, and states that it fulfilled all its legal and contractual obligations to consumers.

1340. The allegations in Paragraph 1340 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1340, and states that it fulfilled all its legal and contractual obligations to consumers.

### G.     Claims on Behalf of the Delaware Sub-Class

**COUNT 23**
**VIOLATION OF THE DELAWARE CONSUMER FRAUD ACT**
**6 DEL. CODE § 2511(7)**

1341. GM incorporates by reference its responses to all preceding paragraphs above.

1342. GM admits that plaintiffs Shelton and Shelton purport to bring this claim on behalf of the Delaware Sub-Class. GM denies that any class action can be maintained.

1343. The allegations in Paragraph 1343 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1343.

1344. GM admits that Paragraph 1344 purports to quote from the Delaware Consumer Fraud Act, 6 Del. Code § 2513(a), but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1344.

1345. The allegations in Paragraph 1345 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1345, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1346. The allegations in Paragraph 1346 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1346, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1347. The allegations in Paragraph 1347 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1347, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1348. The allegations in Paragraph 1348 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1348, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1349. The allegations in Paragraph 1349 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1347, and states that it fulfilled all its legal and contractual obligations to consumers.

1350. The allegations in Paragraph 1350 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1350 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1350, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1351. The allegations in Paragraph 1351 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1351 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1351, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1352. The allegations in Paragraph 1352 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1352.

1353. The allegations in Paragraph 1353 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1353, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1354. The allegations in Paragraph 1354 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1354, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1355. GM admits the CAC purports to seek damages under the Delaware Consumer Fraud Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1355.

1356. The allegations in Paragraph 1356 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1356.

## COUNT 24
## BREACH OF EXPRESS WARRANTY
## 6 DEL. CODE §§ 2-313 AND 2A-210

1357. GM incorporates by reference its responses to all preceding paragraphs above.

1358. GM admits that plaintiffs Shelton and Shelton purport to bring this claim on behalf of the Delaware Sub-Class. GM denies that any class action can be maintained.

1359. The allegations in Paragraph 1359 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1359.

1360. The allegations in Paragraph 1360 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1360.

1361. The allegations in Paragraph 1361 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1361.

1362. The allegations in Paragraph 1362 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1362, except to admit that it provides express limited warranties with new vehicles.

1363. GM denies the allegations in Paragraph 1363, except to admit that it provides express limited warranties with new vehicles.

1364. GM admits that Paragraph 1364 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1364, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1365. GM admits that Paragraph 1365 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1365.

1366. The allegations in Paragraph 1366 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1366, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1367. The allegations in Paragraph 1367 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1367, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1368. The allegations in Paragraph 1368 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1368 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1368.

1369. The allegations in Paragraph 1369 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1369, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1370. The allegations in Paragraph 1370 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1370, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1371. The allegations in Paragraph 1371 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1371, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1372. The allegations in Paragraph 1372 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1372, and states that it fulfilled all its legal and contractual obligations to consumers.

1373. The allegations in Paragraph 1373 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1373, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1374. The allegations in Paragraph 1374 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1374, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1375. The allegations in Paragraph 1375 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1375 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1375.

1376. The allegations in Paragraph 1376 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1376, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1377. The allegations in Paragraph 1377 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1377, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1378. The allegations in Paragraph 1378 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1378, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1379. The allegations in Paragraph 1379 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1379, and states that it fulfilled all its legal and contractual obligations to consumers.

1380. The allegations in Paragraph 1380 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1380, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 25
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## 6 DEL. CODE §§ 2-314 AND 2A-212

1381. GM incorporates by reference its responses to all preceding paragraphs above.

1382. GM admits that plaintiffs Shelton and Shelton purport to bring this claim on behalf of the Delaware Sub-Class. GM denies that any class action can be maintained.

1383. The allegations in Paragraph 1383 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1383.

1384. The allegations in Paragraph 1384 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1384.

1385. The allegations in Paragraph 1385 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1385.

1386. The allegations in Paragraph 1386 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1386.

1387. The allegations in Paragraph 1387 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1387 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations.  GM denies the remaining allegations in Paragraph 1387, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1388. The allegations in Paragraph 1388 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1388.

1389. The allegations in Paragraph 1389 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1389.

1390. The allegations in Paragraph 1390 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1390, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1391. The allegations in Paragraph 1391 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1391, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1392. The allegations in Paragraph 1392 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1392, and states that it fulfilled all its legal and contractual obligations to consumers.

1393. The allegations in Paragraph 1393 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1393 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1393.

1394. The allegations in Paragraph 1394 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1394, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1395. The allegations in Paragraph 1395 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1395, and states that it fulfilled all its legal and contractual obligations to consumers.

1396. The allegations in Paragraph 1396 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1396, and states that it fulfilled all its legal and contractual obligations to consumers.

### H.    Claims on Behalf of the Florida Sub-Class

### COUNT 26
### VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### F.S.A. §§ 501.201-.213

1397. GM incorporates by reference its responses to all preceding paragraphs above.

1398. GM admits that the Florida Plaintiffs purport to bring this claim on behalf of the Florida Sub-Class. GM denies that any class action can be maintained.

1399. The allegations in Paragraph 1399 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1399.

1400. The allegations in Paragraph 1400 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1400.

1401. The allegations in Paragraph 1401 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1401.

1402. The allegations in Paragraph 1402 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1402 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1402 including all subparts, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1403. The allegations in Paragraph 1403 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1403, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1404. The allegations in Paragraph 1404 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1404 regarding plaintiffs, their knowledge or

intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1404, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1405. The allegations in Paragraph 1405 state legal conclusions to which no response is required. GM admits the CAC purports to seek actual damages, other damages, attorneys' fees, and costs of suit pursuant to the Florida Deceptive and Unfair Trade Practices Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1405. GM denies the remaining allegations in Paragraph 1405, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

## COUNT 27
## BREACH OF EXPRESS WARRANTY F.S.A.
## §§ 672.313 AND 680.21

1406. GM incorporates by reference its responses to all preceding paragraphs above.

1407. GM admits that the Florida Plaintiffs purport to bring this claim on behalf of the Florida Sub-Class. GM denies that any class action can be maintained.

1408. The allegations in Paragraph 1408 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1408.

1409. The allegations in Paragraph 1409 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1409.

1410. The allegations in Paragraph 1410 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1410.

1411. The allegations in Paragraph 1411 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1411, except to admit that it provides express limited warranties with new vehicles.

1412. GM denies the allegations in Paragraph 1412, except to admit that it provides express limited warranties with new vehicles.

1413. GM admits that Paragraph 1413 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 1413 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1413, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1414. GM admits that Paragraph 1414 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1414.

1415. The allegations in Paragraph 1415 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1415, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1416. The allegations in Paragraph 1416 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1416, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1417. The allegations in Paragraph 1417 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1417 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1417.

1418. The allegations in Paragraph 1418 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1418, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1419. The allegations in Paragraph 1419 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1419, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1420. The allegations in Paragraph 1420 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1420, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1421. The allegations in Paragraph 1421 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1421, and states that it fulfilled all its legal and contractual obligations to consumers.

1422. The allegations in Paragraph 1422 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1422, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1423. The allegations in Paragraph 1423 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1423, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1424. The allegations in Paragraph 1424 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1424 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 1424.

1425. The allegations in Paragraph 1425 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1425, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1426. The allegations in Paragraph 1426 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1426, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1427. The allegations in Paragraph 1427 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1427, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1428. The allegations in Paragraph 1428 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1428, and states that it fulfilled all its legal and contractual obligations to consumers.

1429. The allegations in Paragraph 1429 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1429, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 28**
**BREACH OF IMPLIED WARRANTY**
**F.S.A. §§ 672.314 AND 680.212**

1430. GM incorporates by reference its responses to all preceding paragraphs above.

1431. GM admits that the Florida Plaintiffs purport to bring this claim on behalf of the Florida Sub-Class. GM denies that any class action can be maintained.

1432. The allegations in Paragraph 1432 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1432.

1433. The allegations in Paragraph 1433 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1433.

1434. The allegations in Paragraph 1434 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1434.

1435. The allegations in Paragraph 1435 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1435.

1436. The allegations in Paragraph 1436 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1436 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies

the remaining allegations in Paragraph 1436, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1437. The allegations in Paragraph 1437 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 1437, except to admit that certain plaintiffs' vehicles were accompanied by an express limited warranty.

1438. The allegations in Paragraph 1438 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1438.

1439. The allegations in Paragraph 1439 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1439, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1440. The allegations in Paragraph 1440 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1440, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1441. The allegations in Paragraph 1441 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1441, and states that it fulfilled all its legal and contractual obligations to consumers.

1442. The allegations in Paragraph 1442 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1442 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1442.

1443. The allegations in Paragraph 1443 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1443, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1444. The allegations in Paragraph 1444 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1444, and states that it fulfilled all its legal and contractual obligations to consumers.

1445. The allegations in Paragraph 1445 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1445, and states that it fulfilled all its legal and contractual obligations to consumers.

## I.  Claims on Behalf of the Georgia Sub-Class

### COUNT 29
### VIOLATION OF THE GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT
### GA. CODE ANN. § 10-1-370, ET SEQ.

1446. GM incorporates by reference its responses to all preceding paragraphs above.

1447. GM admits that the Georgia Plaintiffs purport to bring this claim on behalf of the Georgia Sub-Class. GM denies that any class action can be maintained.

1448. The allegations in Paragraph 1448 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1448.

1449. GM admits that Paragraph 1449 purports to quote from the Georgia Uniform Deceptive Trade Practices Act, Ga. Code. Ann. § 10-1-371(5), but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1449.

1450. The allegations in Paragraph 1450 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1450, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1451. The allegations in Paragraph 1451 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1451, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1452. The allegations in Paragraph 1452 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1452, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1453. The allegations in Paragraph 1453 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1453, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1454. The allegations in Paragraph 1454 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1454 and states that it fulfilled all its legal and contractual duties to consumers.

1455. The allegations in Paragraph 1455 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1455 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1455, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1456. The allegations in Paragraph 1456 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1456 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations.

GM denies the remaining allegations in Paragraph 1456, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1457. The allegations in Paragraph 1457 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1457.

1458. The allegations in Paragraph 1458 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1458, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1459. The allegations in Paragraph 1459 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1459, and states that it fulfilled all its legal and contractual obligations to consumers.

1460. GM admits the CAC purports to seek injunctive relief, and attorneys' fees pursuant to the Georgia Uniform Deceptive Trade Practices Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1460.

**COUNT 30**
**BREACH OF EXPRESS WARRANTY**
**GA. CODE. ANN. §§ 11-2-313 AND 11-2A-210**

1461. GM incorporates by reference its responses to all preceding paragraphs above.

1462. GM admits that the Georgia Plaintiffs purport to bring this claim on behalf of the Georgia Sub-Class. GM denies that any class action can be maintained.

1463. The allegations in Paragraph 1463 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1463.

1464. The allegations in Paragraph 1464 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1464.

1465. The allegations in Paragraph 1465 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1465.

1466. The allegations in Paragraph 1466 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1466, except to admit that it provides express limited warranties with new vehicles.

1467. GM denies the allegations in Paragraph 1467, except to admit that it provides express limited warranties with new vehicles.

1468. GM admits that Paragraph 1468 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1468 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1468, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1469. GM admits that Paragraph 1469 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1469.

1470. The allegations in Paragraph 1470 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1470, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1471. The allegations in Paragraph 1471 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1471, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1472. The allegations in Paragraph 1472 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1472 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1472.

1473. The allegations in Paragraph 1473 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1473, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1474. The allegations in Paragraph 1474 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1474, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1475. The allegations in Paragraph 1475 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1475, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1476. The allegations in Paragraph 1476 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1476, and states that it fulfilled all its legal and contractual obligations to consumers.

1477.  The allegations in Paragraph 1477 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1477, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1478. The allegations in Paragraph 1478 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1478, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1479. The allegations in Paragraph 1479 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1479 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1479.

1480. The allegations in Paragraph 1480 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1480, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1481. The allegations in Paragraph 1481 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1481, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1482. The allegations in Paragraph 1482 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1482, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1483. The allegations in Paragraph 1483 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1483, and states that it fulfilled all its legal and contractual obligations to consumers.

1484. The allegations in Paragraph 1484 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1484, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 31
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## GA. CODE. ANN. §§ 11-2-314 AND 11-2A-212

1485. GM incorporates by reference its responses to all preceding paragraphs above.

1486. GM admits that the Georgia Plaintiffs purport to bring this claim on behalf of the Georgia Sub-Class. GM denies that any class action can be maintained.

1487. The allegations in Paragraph 1487 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1487.

1488. The allegations in Paragraph 1488 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1488.

1489. The allegations in Paragraph 1489 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1489.

1490. The allegations in Paragraph 1490 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1490.

1491. The allegations in Paragraph 1491 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1491 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1491, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1492. The allegations in Paragraph 1492 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1492.

1493. The allegations in Paragraph 1493 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1493.

1494. The allegations in Paragraph 1494 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1494, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1495. The allegations in Paragraph 1495 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1495, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1496. The allegations in Paragraph 1496 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1496, and states that it fulfilled all its legal and contractual obligations to consumers.

1497. The allegations in Paragraph 1497 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1497 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1497.

1498. The allegations in Paragraph 1498 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1498, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1499. The allegations in Paragraph 1499 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1499, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1500. The allegations in Paragraph 1500 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1500, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

### J.    Claims on Behalf of the Idaho Sub-Class

## COUNT 32
## VIOLATION OF THE IDAHO CONSUMER PROTECTION

**ACT**
**IDAHO CODE § 48-601, ET SEQ.**

1501. GM incorporates by reference its responses to all preceding paragraphs above.

1502. GM admits that the Idaho Plaintiff purports to bring this claim on behalf of the Idaho Sub-Class. GM denies that any class action can be maintained.

1503. The allegations in Paragraph 1503 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1503.

1504. The allegations in Paragraph 1504 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1504.

1505. The allegations in Paragraph 1505 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1505.

1506. The allegations in Paragraph 1506 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1506.

1507. The allegations in Paragraph 1507 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1507 on plaintiffs' vehicle experiences, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1507, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1508. The allegations in Paragraph 1508 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1508, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1509. The allegations in Paragraph 1509 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1509.

1510. The allegations in Paragraph 1510 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1510 and states that it fulfilled all its legal and contractual obligations to consumers.

1511. The allegations in Paragraph 1511 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1511 regarding plaintiffs, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1511, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1512. The allegations in Paragraph 1512 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1512, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

1513. The allegations in Paragraph 1513 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1513, and states that it fulfilled all its legal and contractual obligations to consumers.

1514. The allegations in Paragraph 1514 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1514, and states that it fulfilled all its legal and contractual obligations to consumers.

1515. GM admits the CAC purports to seek actual damages, punitive damages, restitution, injunctive relief, declaratory relief, and attorneys' fees and costs pursuant  Idaho Code § 48-608, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1515.

**COUNT 33**
**BREACH OF EXPRESS WARRANTY**
**IDAHO CODE §§ 28-2-313 AND 28-12-210**

1516. GM incorporates by reference its responses to all preceding paragraphs above.

1517. GM admits that the Idaho Plaintiff purports to bring this claim on behalf of the Idaho Sub-Class. GM denies that any class action can be maintained.

1518. The allegations in Paragraph 1518 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1518.

1519. The allegations in Paragraph 1519 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1519.

1520. The allegations in Paragraph 1520 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1520.

1521. The allegations in Paragraph 1521 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1521, except to admit that it provides express limited warranties with new vehicles.

1522. GM denies the allegations in Paragraph 1522, except to admit that it provides express limited warranties with new vehicles.

1523. GM admits that Paragraph 1523 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 1523 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1523, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1524. GM admits that Paragraph 1524 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1524.

1525. The allegations in Paragraph 1525 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1525,

except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1526. The allegations in Paragraph 1526 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1526, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1527. The allegations in Paragraph 1527 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1527 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1527.

1528. The allegations in Paragraph 1528 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1528, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1529. The allegations in Paragraph 1529 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1529, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1530. The allegations in Paragraph 1530 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1530, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1531. The allegations in Paragraph 1531 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1531, and states that it fulfilled all its legal and contractual obligations to consumers.

1532. The allegations in Paragraph 1532 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1532, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1533. The allegations in Paragraph 1533 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1533, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1534. The allegations in Paragraph 1534 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1534 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1534.

1535. The allegations in Paragraph 1535 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1535, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1536. The allegations in Paragraph 1536 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1536, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1537. The allegations in Paragraph 1537 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1537, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1538. The allegations in Paragraph 1538 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1538, and states that it fulfilled all its legal and contractual obligations to consumers.

1539. The allegations in Paragraph 1539 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1539, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 34
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## IDAHO CODE §§ 28-2-314 AND 28-12-212

1540. GM incorporates by reference its responses to all preceding paragraphs above.

1541. GM admits that the Idaho Plaintiff purports to bring this claim on behalf of the Idaho Sub-Class. GM denies that any class action can be maintained.

1542. The allegations in Paragraph 1542 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1542.

1543. The allegations in Paragraph 1543 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1543.

1544. The allegations in Paragraph 1544 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1544.

1545. The allegations in Paragraph 1545 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1545.

1546. The allegations in Paragraph 1546 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1546, and states that it fulfilled all its legal and contractual obligations to consumers.

1547. The allegations in Paragraph 1547 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1547 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1547, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1548. The allegations in Paragraph 1548 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1548.

1549. The allegations in Paragraph 1549 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1549.

1550. The allegations in Paragraph 1550 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1550, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1551. The allegations in Paragraph 1551 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1551, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1552. The allegations in Paragraph 1552 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1552, and states that it fulfilled all its legal and contractual obligations to consumers.

1553. The allegations in Paragraph 1553 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1553 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 1553.

1554. The allegations in Paragraph 1554 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1554, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1555. The allegations in Paragraph 1555 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1555, and states that it fulfilled all its legal and contractual obligations to consumers.

1556. The allegations in Paragraph 1556 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1556, and states that it fulfilled all its legal and contractual obligations to consumers.

### K. Claims on Behalf of the Illinois Sub-Class

**COUNT 35**
**VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND**
**DECEPTIVE BUSINESS PRACTICES ACT**
**815 ILCS 505/1, ET SEQ. AND 720 ILCS 295/1A**

1557. GM incorporates by reference its responses to all preceding paragraphs above.

1558. GM admits that the Illinois Plaintiffs purport to bring this claim on behalf of the Illinois Sub-Class. GM denies that any class action can be maintained.

1559. The allegations in Paragraph 1559 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1559.

1560. The allegations in Paragraph 1560 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1560.

1561. GM admits that Paragraph 1561 purports to quote from the Illinois Consumer Fraud and Deceptive Business Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1561.

1562. The allegations in Paragraph 1562 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1562, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1563. The allegations in Paragraph 1563 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1563, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1564. The allegations in Paragraph 1564 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1564, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1565. The allegations in Paragraph 1565 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1565, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1566. The allegations in Paragraph 1566 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1566, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose

1567. The allegations in Paragraph 1567 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1567, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1568. The allegations in Paragraph 1568 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1568, and states that it fulfilled all its legal and contractual obligations to consumers.

1569. The allegations in Paragraph 1569 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1569 regarding plaintiffs, their knowledge or

intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1569, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1570. The allegations in Paragraph 1570 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1570 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1570, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1571. The allegations in Paragraph 1571 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1571, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1572. The allegations in Paragraph 1572 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1572 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the

remaining allegations in Paragraph 1572, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1573. The allegations in Paragraph 1573 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1573, and states that it fulfilled all its legal and contractual obligations to consumers.

1574. The allegations in Paragraph 1574 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1574, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1575. The allegations in Paragraph 1575 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1575, and states that it fulfilled all its legal and contractual obligations to consumers.

1576. The allegations in Paragraph 1576 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1576, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1577. GM admits the CAC purports to seek actual damages, and punitive damages pursuant to 815 ILCS 505/10a(a), but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1577, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose .

1578. GM admits the CAC purports to seek attorneys' fees pursuant to 815 Ill. Comp. Stat. § 505/1, et seq., but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1578.

## COUNT 36
## BREACH OF EXPRESS WARRANTY
## 810 ILL. COMP. STAT. §§ 5/2-313 AND 5/2A-210

1579. GM incorporates by reference its responses to all preceding paragraphs above.

1580. GM admits that the Illinois Plaintiff purports to bring this claim on behalf of the Illinois Sub-Class. GM denies that any class action can be maintained.

1581. The allegations in Paragraph 1581 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1581.

1582. The allegations in Paragraph 1582 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1582.

1583. The allegations in Paragraph 1583 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1583.

1584. The allegations in Paragraph 1584 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1584, except to admit that it provides express limited warranties with new vehicles.

1585. GM denies the allegations in Paragraph 1585, except to admit that it provides express limited warranties with new vehicles.

1586. GM admits that Paragraph 1586 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 1586 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1586, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1587. GM admits that Paragraph 1587 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1587.

1588. The allegations in Paragraph 1588 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1588,

except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1589. The allegations in Paragraph 1589 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 1589, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1590. The allegations in Paragraph 1590 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1590 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1590.

1591. The allegations in Paragraph 1591 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1591, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1592. The allegations in Paragraph 1592 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1592, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1593. The allegations in Paragraph 1593 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1593, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1594. The allegations in Paragraph 1594 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1594, and states that it fulfilled all its legal and contractual obligations to consumers.

1595. The allegations in Paragraph 1595 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1595, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1596. The allegations in Paragraph 1596 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1596, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1597. The allegations in Paragraph 1597 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1597 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1597.

1598. The allegations in Paragraph 1598 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1598, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1599. The allegations in Paragraph 1599 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1599, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1600. The allegations in Paragraph 1600 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1600, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1601. The allegations in Paragraph 1601 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1601, and states that it fulfilled all its legal and contractual obligations to consumers.

1602. The allegations in Paragraph 1602 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1602, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 37
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## 810 ILL. COMP. STAT. §§ 5/2-314 AND 5/2A-212

1603. GM incorporates by reference its responses to all preceding paragraphs above.

1604. GM admits that the Illinois Plaintiff purports to bring this claim on behalf of the Illinois Sub-Class. GM denies that any class action can be maintained.

1605. The allegations in Paragraph 1605 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1605.

1606. The allegations in Paragraph 1606 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1606.

1607. The allegations in Paragraph 1607 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1607.

1608. The allegations in Paragraph 1608 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1608.

1609. The allegations in Paragraph 1609 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1609 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1609, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1610. The allegations in Paragraph 1610 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1610.

1611. The allegations in Paragraph 1611 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1611.

1612. The allegations in Paragraph 1612 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1612, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1613. The allegations in Paragraph 1613 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1613, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1614. The allegations in Paragraph 1614 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1614, and states that it fulfilled all its legal and contractual obligations to consumers.

1615. The allegations in Paragraph 1615 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1615 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1615.

1616. The allegations in Paragraph 1616 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1616, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1617. The allegations in Paragraph 1617 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1617, and states that it fulfilled all its legal and contractual obligations to consumers.

1618. The allegations in Paragraph 1618 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1618, and states that it fulfilled all its legal and contractual obligations to consumers.

**L.** **Claims on Behalf of the Indiana Sub-Class**

**COUNT 38**
**BREACH OF EXPRESS WARRANTY**
**IND.CODE §§ 26-1-2-313 AND 26-1-2.1-210**

1619. GM incorporates by reference its responses to all preceding paragraphs above.

1620. GM admits that the Plaintiffs Ford and Whicker purport to bring this claim on behalf of the Indiana Sub-Class. GM denies that any class action can be maintained.

1621. The allegations in Paragraph 1621 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1621.

1622. The allegations in Paragraph 1622 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1622.

1623. The allegations in Paragraph 1623 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1623.

1624. The allegations in Paragraph 1624 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1624, except to admit that it provides express limited warranties with new vehicles.

1625. GM denies the allegations in Paragraph 1625, except to admit that it provides express limited warranties with new vehicles.

1626. GM admits that Paragraph 1626 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1626 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1626, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1627. GM admits that Paragraph 1627 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1627.

1628. The allegations in Paragraph 1628 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1628, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1629. The allegations in Paragraph 1629 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1629, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1630. The allegations in Paragraph 1630 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1630 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1630.

1631. The allegations in Paragraph 1631 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1631, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1632. The allegations in Paragraph 1632 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1632, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1633. The allegations in Paragraph 1633 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1633, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1634. The allegations in Paragraph 1634 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1634, and states that it fulfilled all its legal and contractual obligations to consumers.

1635. The allegations in Paragraph 1635 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1635, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1636. The allegations in Paragraph 1636 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1636, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1637. The allegations in Paragraph 1637 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1637 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 1637.

1638. The allegations in Paragraph 1638 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1638, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1639. The allegations in Paragraph 1639 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1639, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1640. The allegations in Paragraph 1640 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1640, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1641. The allegations in Paragraph 1641 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1641, and states that it fulfilled all its legal and contractual obligations to consumers.

1642. The allegations in Paragraph 1642 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1642, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 39**
**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
**IND. CODE §§ 26-1-2-314 AND 26-1-2.1-212**

1643. GM incorporates by reference its responses to all preceding paragraphs above.

1644. GM admits that the Indiana Plaintiff purports to bring this claim on behalf of the Indiana Sub-Class. GM denies that any class action can be maintained.

1645. The allegations in Paragraph 1645 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1645.

1646. The allegations in Paragraph 1646 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1646.

1647. The allegations in Paragraph 1647 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1647.

1648. The allegations in Paragraph 1648 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1648.

1649. The allegations in Paragraph 1649 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1649 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies

the remaining allegations in Paragraph 1649, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1650. The allegations in Paragraph 1650 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1650.

1651. The allegations in Paragraph 1651 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1651.

1652. The allegations in Paragraph 1652 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1652, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1653. The allegations in Paragraph 1653 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1653, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1654. The allegations in Paragraph 1654 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1654, and states that it fulfilled all its legal and contractual obligations to consumers.

1655. The allegations in Paragraph 1655 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1655 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1655.

1656. The allegations in Paragraph 1656 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1656, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1657. The allegations in Paragraph 1657 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1657, and states that it fulfilled all its legal and contractual obligations to consumers.

1658. The allegations in Paragraph 1658 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1658, and states that it fulfilled all its legal and contractual obligations to consumers.

## M. Claims on Behalf of the Kansas Sub-Class

### COUNT 40
### VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT
### KAN. STAT. ANN. § 50-623, ET SEQ.

1659. GM incorporates by reference its responses to all preceding paragraphs above.

1660. GM admits that Plaintiff Clark purports to bring this claim on behalf of the Kansas Sub-Class. GM denies that any class action can be maintained.

1661. The allegations in Paragraph 1661 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1661.

1662. The allegations in Paragraph 1662 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1662.

1663. The allegations in Paragraph 1663 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1663.

1664. GM admits that Paragraph 1664 purports to quote from Kan. Stat. Ann. § 50-623, *Et. Seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1664.

1665. The allegations in Paragraph 1665 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1665, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1666. The allegations in Paragraph 1666 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1666, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1667. The allegations in Paragraph 1667 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1667, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1668. The allegations in Paragraph 1668 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1668, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1669. The allegations in Paragraph 1669 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1669, and states that it fulfilled all its legal and contractual obligations to consumers.

1670. The allegations in Paragraph 1670 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1670 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1670, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1671. The allegations in Paragraph 1671 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1671 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1671, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1672. The allegations in Paragraph 1672 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1672, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1673. The allegations in Paragraph 1673 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1673 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1673, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1674. The allegations in Paragraph 1674 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1674, and states that it fulfilled all its legal and contractual obligations to consumers.

1675. The allegations in Paragraph 1675 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1675, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1676. The allegations in Paragraph 1676 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1676, and states that it fulfilled all its legal and contractual obligations to consumers.

1677. The allegations in Paragraph 1677 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1677, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1678. GM admits the CAC purports to seek monetary damages, and punitive damages, pursuant to Kan. Stat. Ann. § 50-634, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1678.

1679. GM admits the CAC purports to seek injunctive relief, declaratory relief, and attorneys' fees pursuant to Kan. Stat. Ann. § 50-623 *et seq.*, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1679.

## COUNT 41
## BREACH OF EXPRESS WARRANTY KAN. STAT. ANN. §§ 84-2-314 AND 84-2A-210

1680. GM incorporates by reference its responses to all preceding paragraphs above.

1681. GM admits that the Kansas Plaintiff purports to bring this claim on behalf of the Kansas Sub-Class. GM denies that any class action can be maintained.

1682. The allegations in Paragraph 1682 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1682.

1683. The allegations in Paragraph 1683 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1683.

1684. The allegations in Paragraph 1684 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1684.

1685. The allegations in Paragraph 1685 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1685, except to admit that it provides express limited warranties with new vehicles.

1686. GM denies the allegations in Paragraph 1686, except to admit that it provides express limited warranties with new vehicles.

1687. GM admits that Paragraph 1687 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1687 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 1687, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1688. GM admits that Paragraph 1688 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  GM denies the remaining allegations in Paragraph 1688.

1689. The allegations in Paragraph 1689 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1689, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1690. The allegations in Paragraph 1690 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1690, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1691. The allegations in Paragraph 1691 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1691 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1691.

1692. The allegations in Paragraph 1692 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1692, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1693. The allegations in Paragraph 1693 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1693, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1694. The allegations in Paragraph 1694 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1694, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1695. The allegations in Paragraph 1695 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1695, and states that it fulfilled all its legal and contractual obligations to consumers.

1696. The allegations in Paragraph 1696 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1696, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1697. The allegations in Paragraph 1697 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1697, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1698. The allegations in Paragraph 1698 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1698 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1698.

1699. The allegations in Paragraph 1699 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1699, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1700. The allegations in Paragraph 1700 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1700, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1701. The allegations in Paragraph 1701 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1701, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1702. The allegations in Paragraph 1702 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1702, and states that it fulfilled all its legal and contractual obligations to consumers.

1703. The allegations in Paragraph 1703 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1703, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 42
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### KAN. STAT. ANN. §§ 84-2-314 AND 84-2A-212

1704. GM incorporates by reference its responses to all preceding paragraphs above.

1705. GM admits that the Kansas Plaintiff purports to bring this claim on behalf of the Kansas Sub-Class. GM denies that any class action can be maintained.

1706. The allegations in Paragraph 1706 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1706.

1707. The allegations in Paragraph 1707 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1707.

1708. The allegations in Paragraph 1708 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1708.

1709. The allegations in Paragraph 1709 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1709.

1710. The allegations in Paragraph 1710 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1710 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1710, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1711. The allegations in Paragraph 1711 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1711.

1712. The allegations in Paragraph 1712 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1712.

1713. The allegations in Paragraph 1713 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1713, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1714. The allegations in Paragraph 1714 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1714, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1715. The allegations in Paragraph 1715 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1715, and states that it fulfilled all its legal and contractual obligations to consumers.

1716. The allegations in Paragraph 1716 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1716 regarding plaintiffs, or their actions, and therefore denies the allegations.GM denies the remaining allegations in Paragraph 1716.

1717. The allegations in Paragraph 1717 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1717, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1718. The allegations in Paragraph 1718 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1718, and states that it fulfilled all its legal and contractual obligations to consumers.

1719. The allegations in Paragraph 1719 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1719, and states that it fulfilled all its legal and contractual obligations to consumers.

### N.      Claims on Behalf of the Kentucky Sub-Class

**COUNT 43**
**VIOLATION OF THE KENTUCKY CONSUMER PROTECTION ACT**
**KY. REV. STAT. § 367.110, ET SEQ.**

1720. GM incorporates by reference its responses to all preceding paragraphs above.

1721. GM admits that the Plaintiff Norvell purports to bring this claim on behalf of the Kentucky Sub-Class. GM denies that any class action can be maintained.

1722. The allegations in Paragraph 1722 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1722.

1723. The allegations in Paragraph 1723 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1723.

1724. GM admits that Paragraph 1724 purports to quote from the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.110 *et seq.*, but states that the

statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1724.

1725. The allegations in Paragraph 1725 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1725 on plaintiffs' vehicle experiences, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1725, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1726. The allegations in Paragraph 1726 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1726, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1727. The allegations in Paragraph 1727 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1727.

1728. The allegations in Paragraph 1728 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1728.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1729. The allegations in Paragraph 1729 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1729, and states that it fulfilled all its legal and contractual duties to consumers.

1730. The allegations in Paragraph 1730 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1730 regarding plaintiffs, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1730, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1731. The allegations in Paragraph 1731 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1731, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1732. The allegations in Paragraph 1732 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1732, and states that it fulfilled all its legal and contractual obligations to consumers.

1733. The allegations in Paragraph 1733 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1733, and states that it fulfilled all its legal and contractual obligations to consumers.

1734. GM admits the CAC purports to seek actual damages, punitive damages, restitution, injunctive relief, declaratory relief, and attorneys' fees and costs pursuant  Ky. Rev. Stat. § 367.220, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1734.

## COUNT 44
## BREACH OF EXPRESS WARRANTY
## KY. REV. STAT. §§ 355.2-313 AND 355.2A-210

1735. GM incorporates by reference its responses to all preceding paragraphs above.

1736. GM admits that the Kentucky Plaintiff purports to bring this claim on behalf of the Kentucky Sub-Class. GM denies that any class action can be maintained.

1737. The allegations in Paragraph 1737 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1737.

1738. The allegations in Paragraph 1738 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1738.

1739. The allegations in Paragraph 1739 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1739.

1740. The allegations in Paragraph 1740 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1740, except to admit that it provides express limited warranties with new vehicles.

1741. GM denies the allegations in Paragraph 1741, except to admit that it provides express limited warranties with new vehicles.

1742. GM admits that Paragraph 1742 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1742 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1742, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1743. GM admits that Paragraph 1743 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1743.

1744. The allegations in Paragraph 1744 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1744, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1745. The allegations in Paragraph 1745 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1745, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1746. The allegations in Paragraph 1746 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1746 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1746.

1747. The allegations in Paragraph 1747 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1747, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1748. The allegations in Paragraph 1748 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1748, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1749. The allegations in Paragraph 1749 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1749, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1750. The allegations in Paragraph 1750 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1750, and states that it fulfilled all its legal and contractual obligations to consumers.

1751. The allegations in Paragraph 1751 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1751, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1752. The allegations in Paragraph 1752 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1752, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1753. The allegations in Paragraph 1753 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1753 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1753.

1754. The allegations in Paragraph 1754 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1754, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1755. The allegations in Paragraph 1755 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1755, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1756. The allegations in Paragraph 1756 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1756, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1757. The allegations in Paragraph 1757 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1757, and states that it fulfilled all its legal and contractual obligations to consumers.

1758. The allegations in Paragraph 1758 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1758, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 45
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### KY. REV. STAT. §§ 355.2-314 AND 355.2A-312

1759. GM incorporates by reference its responses to all preceding paragraphs above.

1760. GM admits that the Kentucky Plaintiff purports to bring this claim on behalf of the Kentucky Sub-Class. GM denies that any class action can be maintained.

1761. The allegations in Paragraph 1761 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1761.

1762. The allegations in Paragraph 1762 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1762.

1763. The allegations in Paragraph 1763 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1763.

1764. The allegations in Paragraph 1764 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1764.

1765. The allegations in Paragraph 1765 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1765.

1766. The allegations in Paragraph 1766 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1766 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1766, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1767. The allegations in Paragraph 1767 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1767.

1768. The allegations in Paragraph 1768 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1768.

1769. The allegations in Paragraph 1769 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1769, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1770. The allegations in Paragraph 1770 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1770, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1771. The allegations in Paragraph 1771 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1771, and states that it fulfilled all its legal and contractual obligations to consumers.

1772. The allegations in Paragraph 1772 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1772 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1772.

1773. The allegations in Paragraph 1773 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1773, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1774. The allegations in Paragraph 1774 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1774, and states that it fulfilled all its legal and contractual obligations to consumers.

1775. The allegations in Paragraph 1775 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1775, and states that it fulfilled all its legal and contractual obligations to consumers.

### O.   Claims on Behalf of the Louisiana Sub-Class

**COUNT 46**
**VIOLATION OF THE LOUISIANA UNFAIR TRADE**
**PRACTICES AND CONSUMER PROTECTION LAW**
**LA. STAT. ANN. § 51:1401, ET SEQ.**

1776. GM incorporates by reference its responses to all preceding paragraphs above.

1777. GM admits that Plaintiff Dykshorn purports to bring this claim on behalf of the Louisiana Sub-Class. GM denies that any class action/ can be maintained.

1778. The allegations in Paragraph 1778 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1778.

1779. The allegations in Paragraph 1779 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1779.

1780. The allegations in Paragraph 1780 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1780.

1781. The allegations in Paragraph 1781 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1781.

1782. The allegations in Paragraph 1782 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1782, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1783. The allegations in Paragraph 1783 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1783, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1784. The allegations in Paragraph 1784 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1784, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1785. The allegations in Paragraph 1785 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1785, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1786. The allegations in Paragraph 1786 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1786, and states that it fulfilled all its legal and contractual obligations to consumers.

1787. The allegations in Paragraph 1787 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1787 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1787, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1788. The allegations in Paragraph 1788 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1788, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1789. The allegations in Paragraph 1789 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1789 regarding plaintiffs, their knowledge or

intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1789, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1790. The allegations in Paragraph 1790 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1790, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1791. The allegations in Paragraph 1791 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1791 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1791, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1792. The allegations in Paragraph 1792 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1792, and states that it fulfilled all its legal and contractual obligations to consumers.

1793. The allegations in Paragraph 1793 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1793, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1794. The allegations in Paragraph 1794 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1794, and states that it fulfilled all its legal and contractual obligations to consumers.

1795. The allegations in Paragraph 1795 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1795, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1796. GM admits the CAC purports to seek actual damages, treble damages, restitution, injunctive relief, declaratory relief, and attorneys' fees pursuant La. Stat. Ann. § 51:1409, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1796.

**COUNT 47**
**BREACH OF EXPRESS WARRANTY**
**LA. REV. STAT. ANN. § 9:2800.52**

1797. GM incorporates by reference its responses to all preceding paragraphs above.

1798. GM admits that the Louisiana Plaintiff purports to bring this claim on behalf of the Louisiana Sub-Class. GM denies that any class action can be maintained.

1799. The allegations in Paragraph 1799 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1799.

1800. The allegations in Paragraph 1800 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1800.

1801. The allegations in Paragraph 1801 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1801, except to admit that it provides express limited warranties with new vehicles.

1802. GM denies the allegations in Paragraph 1802, except to admit that it provides express limited warranties with new vehicles.

1803. GM admits that Paragraph 1803 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1803 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1803, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1804. GM admits that Paragraph 1804 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1804.

1805. The allegations in Paragraph 1805 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1805, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1806. The allegations in Paragraph 1806 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1806, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1807. The allegations in Paragraph 1807 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1807 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1807.

1808. The allegations in Paragraph 1808 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1808, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1809. The allegations in Paragraph 1809 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1809, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1810. The allegations in Paragraph 1810 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1810, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1811. The allegations in Paragraph 1811 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1811, and states that it fulfilled all its legal and contractual obligations to consumers.

1812. The allegations in Paragraph 1812 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1812, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1813. The allegations in Paragraph 1813 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1813, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1814. The allegations in Paragraph 1814 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1814 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1814.

1815. The allegations in Paragraph 1815 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1815, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1816. The allegations in Paragraph 1816 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1816, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1817. The allegations in Paragraph 1817 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1817, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1818. The allegations in Paragraph 1818 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1818, and states that it fulfilled all its legal and contractual obligations to consumers.

1819. The allegations in Paragraph 1819 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1819, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 48**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY /**
**WARRANTY AGAINST REDHIBITORY DEFECTS**
**LA. CIV. CODE ART. 2520, 2524**

1820. GM incorporates by reference its responses to all preceding paragraphs above.

1821. GM admits that the Louisiana Plaintiff purports to bring this claim on behalf of the Louisiana Sub-Class. GM denies that any class action can be maintained.

1822. The allegations in Paragraph 1822 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1822.

1823. The allegations in Paragraph 1823 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1823.

1824. The allegations in Paragraph 1824 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1824 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1824, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1825. The allegations in Paragraph 1825 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1825.

1826. The allegations in Paragraph 1826 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1826.

1827. The allegations in Paragraph 1827 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1827, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1828. The allegations in Paragraph 1828 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1828, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1829. The allegations in Paragraph 1829 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1829, and states that it fulfilled all its legal and contractual obligations to consumers.

1830. The allegations in Paragraph 1830 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1830 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1830.

1831. The allegations in Paragraph 1831 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1831, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1832. The allegations in Paragraph 1832 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1832, and states that it fulfilled all its legal and contractual obligations to consumers.

1833. The allegations in Paragraph 1833 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1833, and states that it fulfilled all its legal and contractual obligations to consumers.

**P.    Claims on Behalf of the Maine Sub-Class**

**COUNT 49**
**VIOLATION OF THE MAINE UNFAIR TRADE PRACTICES ACT**
**ME. REV. STAT. ANN. TIT. 5, § 205-A, ET SEQ.**

1834. GM incorporates by reference its responses to all preceding paragraphs above.

1835. GM admits that the Plaintiff Johnsen purports to bring this claim on behalf of the Maine Sub-Class. GM denies that any class action can be maintained.

1836. GM admits that Paragraph 1836 purports to quote from the Maine Unfair Trade Practices Act, but states that the statute speaks for itself and denies

plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1836.

1837. The allegations in Paragraph 1837 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1837.

1838. The allegations in Paragraph 1838 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1838.

1839. The allegations in Paragraph 1839 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1839, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1840. The allegations in Paragraph 1840 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1840, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1841. The allegations in Paragraph 1841 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1841, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1842. The allegations in Paragraph 1842 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1842, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1843. The allegations in Paragraph 1843 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1843, and states that it fulfilled all its legal and contractual obligations to consumers.

1844. The allegations in Paragraph 1844 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1844 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1844, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1845. The allegations in Paragraph 1845 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1845 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1845, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1846. The allegations in Paragraph 1846 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1846, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1847. The allegations in Paragraph 1847 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1847 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1847, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1848. The allegations in Paragraph 1848 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1848, and states that it fulfilled all its legal and contractual obligations to consumers.

1849. The allegations in Paragraph 1849 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1849, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1850. The allegations in Paragraph 1850 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1850, and states that it fulfilled all its legal and contractual obligations to consumers.

1851. The allegations in Paragraph 1851 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1851, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1852. GM admits the CAC purports to seek actual damages, punitive damages, injunctive relief, declaratory relief, and attorneys' fees and costs pursuant Me. Rev. Stat. Ann. Title 5 § 213, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1852.

## COUNT 50
## BREACH OF EXPRESS WARRANTY
## ME. REV. STAT. ANN. TIT. 11 §§ 2-313 AND 2-1210

1853. GM incorporates by reference its responses to all preceding paragraphs above.

1854. GM admits that the Maine Plaintiff purports to bring this claim on behalf of the Maine Sub-Class. GM denies that any class action can be maintained.

1855. The allegations in Paragraph 1855 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1855.

1856. The allegations in Paragraph 1856 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1856.

1857. The allegations in Paragraph 1857 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1857.

1858. The allegations in Paragraph 1858 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 1858, except to admit that it provides express limited warranties with new vehicles.

1859. GM denies the allegations in Paragraph 1859, except to admit that it provides express limited warranties with new vehicles.

1860. GM admits that Paragraph 1860 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 1860 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 1860, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1861. GM admits that Paragraph 1861 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1861.

1862. The allegations in Paragraph 1862 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1862, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1863. The allegations in Paragraph 1863 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1863, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1864. The allegations in Paragraph 1864 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1864 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1864.

1865. The allegations in Paragraph 1865 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1865, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1866. The allegations in Paragraph 1866 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1866, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1867. The allegations in Paragraph 1867 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1867, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1868. The allegations in Paragraph 1868 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1868, and states that it fulfilled all its legal and contractual obligations to consumers.

1869. The allegations in Paragraph 1869 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1869, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1870. The allegations in Paragraph 1870 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1870, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1871. The allegations in Paragraph 1871 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1871 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1871.

1872. The allegations in Paragraph 1872 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1872, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1873. The allegations in Paragraph 1873 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1873, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1874. The allegations in Paragraph 1874 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1874, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1875. The allegations in Paragraph 1875 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1875, and states that it fulfilled all its legal and contractual obligations to consumers.

1876. The allegations in Paragraph 1876 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1876, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 51**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**ME. REV. STAT. ANN. TIT. 11 §§ 2-314 AND 2-1212**

1877. GM incorporates by reference its responses to all preceding paragraphs above.

1878. GM admits that the Maine Plaintiff purports to bring this claim on behalf of the Maine Sub-Class. GM denies that any class action can be maintained.

1879. The allegations in Paragraph 1879 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1879.

1880. The allegations in Paragraph 1880 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1880.

1881. The allegations in Paragraph 1881 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1881.

1882. The allegations in Paragraph 1882 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1882.

1883. The allegations in Paragraph 1883 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1883 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1883, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1884. The allegations in Paragraph 1884 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1884.

1885. The allegations in Paragraph 1885 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1885.

1886. The allegations in Paragraph 1886 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1886, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1887. The allegations in Paragraph 1887 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1887, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1888. The allegations in Paragraph 1888 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1888, and states that it fulfilled all its legal and contractual obligations to consumers.

1889. The allegations in Paragraph 1889 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1889 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 1889.

1890. The allegations in Paragraph 1890 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1890, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1891. The allegations in Paragraph 1891 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1891, and states that it fulfilled all its legal and contractual obligations to consumers.

1892. The allegations in Paragraph 1892 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1892, and states that it fulfilled all its legal and contractual obligations to consumers.

**Q.    Claims on Behalf of the Michigan Sub-Class**

**COUNT 52**
**VIOLATION OF THE MICHIGAN CONSUMER**
**PROTECTION ACT**
**MICH. COMP. LAWS § 445.903, ET SEQ.**

1893. GM incorporates by reference its responses to all preceding paragraphs above.

1894. GM admits that the Plaintiffs Francis, Hull, and Ray purport to bring this claim on behalf of the Michigan Sub-Class. GM denies that any class action can be maintained.

1895. The allegations in Paragraph 1895 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1895.

1896. The allegations in Paragraph 1896 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1896.

1897. GM admits that Paragraph 1897 purports to quote from the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1) *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1897.

1898. The allegations in Paragraph 1898 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1898, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1899. The allegations in Paragraph 1899 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1899, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1900. The allegations in Paragraph 1900 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1900, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1901. The allegations in Paragraph 1901 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1901, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1902. The allegations in Paragraph 1902 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1902, and states that it fulfilled all its legal and contractual obligations to consumers.

1903. The allegations in Paragraph 1903 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1903 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1903, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1904. The allegations in Paragraph 1904 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1904 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations.

GM denies the remaining allegations in Paragraph 1904, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1905. The allegations in Paragraph 1905 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1905, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1906. The allegations in Paragraph 1906 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1906 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1906, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1907. The allegations in Paragraph 1907 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1907, and states that it fulfilled all its legal and contractual obligations to consumers.

1908. The allegations in Paragraph 1908 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1908, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1909. The allegations in Paragraph 1909 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1909, and states that it fulfilled all its legal and contractual obligations to consumers.

1910. The allegations in Paragraph 1910 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1910, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

1911. GM admits the CAC purports to seek monetary damages, and punitive damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1911.

## COUNT 53
## BREACH OF EXPRESS WARRANTY
## MICH. COMP. LAWS §§ 440.2313 AND 440.2860

1912. GM incorporates by reference its responses to all preceding paragraphs above.

1913. GM admits that the Michigan Plaintiff purports to bring this claim on behalf of the Michigan Sub-Class. GM denies that any class action can be maintained.

1914. The allegations in Paragraph 1914 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1914.

1915. The allegations in Paragraph 1915 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1915.

1916. The allegations in Paragraph 1916 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1916.

1917. The allegations in Paragraph 1917 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1917, except to admit that it provides express limited warranties with new vehicles.

1918. GM denies the allegations in Paragraph 1918, except to admit that it provides express limited warranties with new vehicles.

1919. GM admits that Paragraph 1919 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 1919 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1919, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1920. GM admits that Paragraph 1920 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1920.

1921. The allegations in Paragraph 1921 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1921, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1922. The allegations in Paragraph 1922 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1922, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1923. The allegations in Paragraph 1923 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1923 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1923.

1924. The allegations in Paragraph 1924 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1924, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1925. The allegations in Paragraph 1925 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1925, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1926. The allegations in Paragraph 1926 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1926, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1927. The allegations in Paragraph 1927 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1927, and states that it fulfilled all its legal and contractual obligations to consumers.

1928. The allegations in Paragraph 1928 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1928, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1929. The allegations in Paragraph 1929 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1929, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1930. The allegations in Paragraph 1930 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1930 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1930.

1931. The allegations in Paragraph 1931 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1931, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1932. The allegations in Paragraph 1932 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1932, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1933. The allegations in Paragraph 1933 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1933, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1934. The allegations in Paragraph 1934 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1934, and states that it fulfilled all its legal and contractual obligations to consumers.

1935. The allegations in Paragraph 1935 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1935, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 54
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## MICH. COMP. LAWS §§ 440.2314 AND 440.2860

1936. GM incorporates by reference its responses to all preceding paragraphs above.

1937. GM admits that the Michigan Plaintiff purports to bring this claim on behalf of the Michigan Sub-Class. GM denies that any class action can be maintained.

1938. The allegations in Paragraph 1938 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1938.

1939. The allegations in Paragraph 1939 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1939.

1940. The allegations in Paragraph 1940 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1940.

1941. The allegations in Paragraph 1941 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1941.

1942. The allegations in Paragraph 1942 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 1942 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1942, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1943. The allegations in Paragraph 1943 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1943.

1944. The allegations in Paragraph 1944 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1944.

1945. The allegations in Paragraph 1945 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1945, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

1946. The allegations in Paragraph 1946 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1946, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1947. The allegations in Paragraph 1947 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1947, and states that it fulfilled all its legal and contractual obligations to consumers.

1948. The allegations in Paragraph 1948 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1948 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1948.

1949. The allegations in Paragraph 1949 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1949, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

1950. The allegations in Paragraph 1950 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1950, and states that it fulfilled all its legal and contractual obligations to consumers.

1951. The allegations in Paragraph 1951 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1951, and states that it fulfilled all its legal and contractual obligations to consumers.

### R.    Claims on Behalf of the Minnesota Sub-Class

**COUNT 55**
**VIOLATION OF MINNESOTA PREVENTION OF**
**CONSUMER FRAUD ACT**
**MINN. STAT. § 325F.68, ET SEQ.**

1952. GM incorporates by reference its responses to all preceding paragraphs above.

1953. GM admits that the Plaintiffs Coulson and Coulson purport to bring this claim on behalf of the Minnesota Sub-Class. GM denies that any class action can be maintained.

1954. The allegations in Paragraph 1954 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1954.

1955. GM admits that Paragraph 1955 purports to quote from the Minnesota Consumer Fraud Act, Minn. Stat. § 3 25F.69(1) *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1955.

1956. The allegations in Paragraph 1956 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1956, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1957. The allegations in Paragraph 1957 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1957, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1958. The allegations in Paragraph 1958 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1958, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1959. The allegations in Paragraph 1959 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1959, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1960. The allegations in Paragraph 1960 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1960, and states that it fulfilled all its legal and contractual obligations to consumers

1961. The allegations in Paragraph 1961 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1961 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1961, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1962. The allegations in Paragraph 1962 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1962 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations.

GM denies the remaining allegations in Paragraph 1962, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1963. The allegations in Paragraph 1963 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1963, and states that it fulfilled all its legal and contractual obligations to consumers.

1964. The allegations in Paragraph 1964 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1964, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1965. The allegations in Paragraph 1965 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1965, and states that it fulfilled all its legal and contractual obligations to consumers.

1966. GM admits the CAC purports to seek actual damage and attorneys' fees pursuant  Minn. Stat. § 8.31(3a), but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1966.

1967.  GM admits the CAC purports to seek punitive damages pursuant Minn. Stat. § 549.20(1)(a), but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1967.

**COUNT 56**
**VIOLATION OF MINNESOTA UNIFORM DECEPTIVE**
**TRADE PRACTICES ACT**
**MINN. STAT. § 325D.43-48, ET SEQ.**

1968. GM incorporates by reference its responses to all preceding paragraphs above.

1969. GM admits that the Minnesota Plaintiffs purport to bring this claim on behalf of the Minnesota Sub-Class. GM denies that any class action can be maintained.

1970. The allegations in Paragraph 1970 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1970.

1971. GM admits that Paragraph 1971 purports to quote from the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.44. *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 1971.

1972. The allegations in Paragraph 1972 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1972, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1973. The allegations in Paragraph 1973 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1973, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1974. The allegations in Paragraph 1974 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1974, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1975. The allegations in Paragraph 1975 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1975, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1976. The allegations in Paragraph 1976 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1976, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose

1977. The allegations in Paragraph 1977 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1977, and states that it fulfilled all its legal and contractual obligations to consumers.

1978. The allegations in Paragraph 1978 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1978 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1978, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1979. The allegations in Paragraph 1979 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1979 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1979, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1980. The allegations in Paragraph 1980 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1980, and states that it fulfilled all its legal and contractual obligations to consumers.

1981. The allegations in Paragraph 1981 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1981, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

1982. The allegations in Paragraph 1982 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1982, and states that it fulfilled all its legal and contractual obligations to consumers.

1983. GM admits the CAC purports to seek actual damage and attorneys' fees pursuant Minn. Stat. § 8.31(3a) and 325D.45, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1983.

1984. GM admits the CAC purports to seek punitive damages pursuant Minn. Stat. § 549.20(1)(a), but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 1984.

## COUNT 57
## BREACH OF EXPRESS WARRANTY
## MINN. STAT. §336.2-313 AND 336.2A-210

1985. GM incorporates by reference its responses to all preceding paragraphs above.

1986. GM admits that the Minnesota Plaintiffs purport to bring this claim on behalf of the Minnesota Sub-Class. GM denies that any class action can be maintained.

1987. The allegations in Paragraph 1987 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1987.

1988. The allegations in Paragraph 1988 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1988.

1989. The allegations in Paragraph 1989 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1989.

1990. The allegations in Paragraph 1990 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1990, except to admit that it provides express limited warranties with new vehicles.

1991. GM denies the allegations in Paragraph 1991, except to admit that it provides express limited warranties with new vehicles.

1992. GM admits that Paragraph 1992 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 1992 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1992, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1993. GM admits that Paragraph 1993 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 1993.

1994.  The allegations in Paragraph 1994 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1994, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

1995. The allegations in Paragraph 1995 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1995, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1996. The allegations in Paragraph 1996 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 1996 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 1996.

1997. The allegations in Paragraph 1997 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1997, and specifically denies that the 8L90 and 8L45 transmissions are defective.

1998. The allegations in Paragraph 1998 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1998, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

1999. The allegations in Paragraph 1999 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 1999, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2000. The allegations in Paragraph 2000 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2000, and states that it fulfilled all its legal and contractual obligations to consumers.

2001. The allegations in Paragraph 2001 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2001, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2002. The allegations in Paragraph 2002 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2002, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2003. The allegations in Paragraph 2003 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2003 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 2003.

2004. The allegations in Paragraph 2004 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2004, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2005. The allegations in Paragraph 2005 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2005, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2006. The allegations in Paragraph 2006 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2006, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2007. The allegations in Paragraph 2007 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2007, and states that it fulfilled all its legal and contractual obligations to consumers.

2008. The allegations in Paragraph 2008 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2008, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 58
## BREACH OF THE IMPLIED WARRANTY OF
## MERCHANTABILITY
## MINN. STAT. §§ 336.2-314 AND 336.2A-212

2009. GM incorporates by reference its responses to all preceding paragraphs above.

2010. GM admits that the Minnesota Plaintiffs purport to bring this claim on behalf of the Minnesota Sub-Class. GM denies that any class action can be maintained.

2011. The allegations in Paragraph 2011 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2011.

2012. The allegations in Paragraph 2012 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2012.

2013. The allegations in Paragraph 2013 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2013.

2014. The allegations in Paragraph 2014 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2014.

2015. The allegations in Paragraph 2015 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2015 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies

the remaining allegations in Paragraph 2015, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2016. The allegations in Paragraph 2016 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2016.

2017. The allegations in Paragraph 2017 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2017.

2018. The allegations in Paragraph 2018 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2018, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2019. The allegations in Paragraph 2019 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2019, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2020. The allegations in Paragraph 2020 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2020, and states that it fulfilled all its legal and contractual obligations to consumers.

2021. The allegations in Paragraph 2021 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2021 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2021.

2022. The allegations in Paragraph 2022 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2022, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

2023. The allegations in Paragraph 2023 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2023, and states that it fulfilled all its legal and contractual obligations to consumers.

2024. The allegations in Paragraph 2024 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2024, and states that it fulfilled all its legal and contractual obligations to consumers.

**S.     Claims on Behalf of the Missouri Sub-Class**

**COUNT 59**
**VIOLATION OF THE MISSOURI MERCHANDISING**
**PRACTICES ACT**
**MO. REV. STAT. § 407.010, ET SEQ.**

2025. GM incorporates by reference its responses to all preceding paragraphs above.

2026. GM admits that the Plaintiffs Krull and Noonan purport to bring this claim on behalf of the Missouri Sub-Class. GM denies that any class action can be maintained.

2027. The allegations in Paragraph 2027 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2027.

2028. The allegations in Paragraph 2028 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2028.

2029. GM admits that Paragraph 2029 purports to quote from the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2029, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2030. The allegations in Paragraph 2030 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2030, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2031. The allegations in Paragraph 2031 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2031, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2032. The allegations in Paragraph 2032 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2032, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2033. The allegations in Paragraph 2033 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2033, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2034. The allegations in Paragraph 2034 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2034, and states that it fulfilled all its legal and contractual obligations to consumers.

2035. The allegations in Paragraph 2035 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2035 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2035, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2036. The allegations in Paragraph 2036 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2036 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2036, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2037. The allegations in Paragraph 2037 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2037, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2038. The allegations in Paragraph 2038 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2038 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2038, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2039. The allegations in Paragraph 2039 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2039, and states that it fulfilled all its legal and contractual obligations to consumers.

2040. The allegations in Paragraph 2040 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2040, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2041. The allegations in Paragraph 2041 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2041, and states that it fulfilled all its legal and contractual obligations to consumers.

2042. The allegations in Paragraph 2042 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2042, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2043. GM admits the CAC purports to seek punitive damages,  injunctive relief, declaratory relief, and attorneys' fees and costs pursuant to Mo. Rev. Stat. § 407.025 *et seq.*, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2043.

## COUNT 60
## BREACH OF EXPRESS WARRANTY
## MO. REV. STAT.§§ 400.2-313 AND 400.2A-210

2044. GM incorporates by reference its responses to all preceding paragraphs above.

2045. GM admits that the Missouri Plaintiffs purport to bring this claim on behalf of the Missouri Sub-Class. GM denies that any class action can be maintained.

2046. The allegations in Paragraph 2046 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2046.

2047. The allegations in Paragraph 2047 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2047.

2048. The allegations in Paragraph 2048 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2048.

2049. The allegations in Paragraph 2049 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2049, except to admit that it provides express limited warranties with new vehicles.

2050. GM denies the allegations in Paragraph 2050, except to admit that it provides express limited warranties with new vehicles.

2051. GM admits that Paragraph 2051 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. The allegations in Paragraph 2051 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2051, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2052. GM admits that Paragraph 2052 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2052.

2053. The allegations in Paragraph 2053 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2053, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2054. The allegations in Paragraph 2054 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2054, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2055. The allegations in Paragraph 2055 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2055 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2055.

2056. The allegations in Paragraph 2056 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2056, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2057. The allegations in Paragraph 2057 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2057, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2058. The allegations in Paragraph 2058 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2058, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2059. The allegations in Paragraph 2059 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2059, and states that it fulfilled all its legal and contractual obligations to consumers.

2060. The allegations in Paragraph 2060 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2060, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2061. The allegations in Paragraph 2061 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2061, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2062. The allegations in Paragraph 2062 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2062 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2062.

2063. The allegations in Paragraph 2063 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2063, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2064. The allegations in Paragraph 2064 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2064, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2065. The allegations in Paragraph 2065 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2065, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2066. The allegations in Paragraph 2066 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2066, and states that it fulfilled all its legal and contractual obligations to consumers.

2067. The allegations in Paragraph 2067 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2067, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 61
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## MO. REV. STAT. §§ 400.2-314 AND 400.2A-212

2068. GM incorporates by reference its responses to all preceding paragraphs above.

2069. GM admits that the Missouri Plaintiffs purport to bring this claim on behalf of the Missouri Sub-Class. GM denies that any class action can be maintained.

2070. The allegations in Paragraph 2070 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2070.

2071. The allegations in Paragraph 2071 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2071.

2072. The allegations in Paragraph 2072 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2072.

2073. The allegations in Paragraph 2073 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2073.

2074. The allegations in Paragraph 2074 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2074 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2074, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2075. The allegations in Paragraph 2075 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2075.

2076. The allegations in Paragraph 2076 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2076.

2077. The allegations in Paragraph 2077 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2077, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2078. The allegations in Paragraph 2078 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2078, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2079. The allegations in Paragraph 2079 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2079, and states that it fulfilled all its legal and contractual obligations to consumers.

2080. The allegations in Paragraph 2080 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2080 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2080.

2081. The allegations in Paragraph 2081 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2081, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2082. The allegations in Paragraph 2082 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2082, and states that it fulfilled all its legal and contractual obligations to consumers.

2083. The allegations in Paragraph 2083 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2083, and states that it fulfilled all its legal and contractual obligations to consumers.

T.     **Claims on Behalf of the New Hampshire Sub-Class**

**COUNT 62**
**VIOLATION OF THE NEW HAMPSHIRE CONSUMER**
**PROTECTION ACT**
**N.H. REV. STAT. ANN. § 358-A:1, ET SEQ.**

2084. GM incorporates by reference its responses to all preceding paragraphs above.

2085. GM admits that the Plaintiff Banks purports to bring this claim on behalf of the New Hampshire Sub-Class. GM denies that any class action can be maintained.

2086. The allegations in Paragraph 2086 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2086.

2087. The allegations in Paragraph 2087 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2087.

2088. GM admits that Paragraph 2088 purports to quote from the New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:2 *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2088.

2089. The allegations in Paragraph 2089 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2089, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2090. The allegations in Paragraph 2090 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2090, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2091. The allegations in Paragraph 2091 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2091, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2092. The allegations in Paragraph 2092 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2092, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2093. The allegations in Paragraph 2093 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2093, and states that it fulfilled all its legal and contractual obligations to consumers.

2094. The allegations in Paragraph 2094 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2094 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2094, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2095. The allegations in Paragraph 2095 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2095 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2095, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2096. The allegations in Paragraph 2096 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2096, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2097. The allegations in Paragraph 2097 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2097 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of

unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2097, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2098. The allegations in Paragraph 2098 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2098, and states that it fulfilled all its legal and contractual obligations to consumers.

2099. The allegations in Paragraph 2099 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2099, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2100. The allegations in Paragraph 2100 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2100, and states that it fulfilled all its legal and contractual obligations to consumers.

2101. The allegations in Paragraph 2101 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2101, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

2102. GM admits the CAC purports to seek actual damages, treble damages, costs and attorneys' fees pursuant to N.H. Rev. Stat. § 358-A:10, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2102.

### COUNT 63
### BREACH OF EXPRESS WARRANTY
### N.H. REV. STAT. §§ 382-A:2-313 AND 382-A:2A-210

2103. GM incorporates by reference its responses to all preceding paragraphs above.

2104. GM admits that the New Hampshire Plaintiff purports to bring this claim on behalf of the New Hampshire Sub-Class. GM denies that any class action can be maintained.

2105. The allegations in Paragraph 2105 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2105.

2106. The allegations in Paragraph 2106 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2106.

2107. The allegations in Paragraph 2107 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2107.

2108. The allegations in Paragraph 2108 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2108, except to admit that it provides express limited warranties with new vehicles.

2109. GM denies the allegations in Paragraph 2109, except to admit that it provides express limited warranties with new vehicles.

2110. GM admits that Paragraph 2110 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 2110 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2110, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2111. GM admits that Paragraph 2111 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2111.

2112. The allegations in Paragraph 2112 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2112, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2113. The allegations in Paragraph 2113 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2113, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2114. The allegations in Paragraph 2114 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2114 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2114.

2115. The allegations in Paragraph 2115 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2115, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2116. The allegations in Paragraph 2116 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2116, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2117. The allegations in Paragraph 2117 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2117, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2118. The allegations in Paragraph 2118 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2118, and states that it fulfilled all its legal and contractual obligations to consumers.

2119. The allegations in Paragraph 2119 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2119, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2120. The allegations in Paragraph 2120 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2120, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2121. The allegations in Paragraph 2121 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2121 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2121.

2122. The allegations in Paragraph 2122 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2122, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2123. The allegations in Paragraph 2123 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2123, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2124. The allegations in Paragraph 2124 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2124, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2125. The allegations in Paragraph 2125 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2125, and states that it fulfilled all its legal and contractual obligations to consumers.

2126. The allegations in Paragraph 2126 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2126, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 64**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**N.H. REV. STAT. §§ 382-A:2-314 AND 382-A:2A-212**

2127. GM incorporates by reference its responses to all preceding paragraphs above.

2128. GM admits that the New Hampshire Plaintiff purports to bring this claim on behalf of the New Hampshire Sub-Class. GM denies that any class action can be maintained.

2129. The allegations in Paragraph 2129 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2129.

2130. The allegations in Paragraph 2130 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2130.

2131. The allegations in Paragraph 2131 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2131.

2132. The allegations in Paragraph 2132 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2132.

2133. The allegations in Paragraph 2133 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2133 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2133, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2134. The allegations in Paragraph 2134 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2134.

2135. The allegations in Paragraph 2135 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2135.

2136. The allegations in Paragraph 2136 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2136, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety. GM states that it fulfilled all its legal and contractual obligations to consumers.

2137. The allegations in Paragraph 2137 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2137, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2138. The allegations in Paragraph 2138 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2138, and states that it fulfilled all its legal and contractual obligations to consumers.

2139. The allegations in Paragraph 2139 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2139 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2139.

2140. The allegations in Paragraph 2140 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2140, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2141. The allegations in Paragraph 2141 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2141, and states that it fulfilled all its legal and contractual obligations to consumers.

2142. The allegations in Paragraph 2142 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2142, and states that it fulfilled all its legal and contractual obligations to consumers.

U.    **Claims on Behalf of the New Jersey Sub-Class**

### COUNT 65
### VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### N.J. STAT. ANN. § 56:8-1, ET SEQ.

2143. GM incorporates by reference its responses to all preceding paragraphs above.

2144. GM admits that the Plaintiffs Grossman, Jacobs, and Sierchio purport to bring this claim on behalf of the New Jersey Sub-Class. GM denies that any class action can be maintained.

2145. The allegations in Paragraph 2145 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2145.

2146. The allegations in Paragraph 2146 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2146.

2147. GM admits that Paragraph 2147 purports to quote from the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, but states that the statute

speaks for itself and denies plaintiffs' characterization of it. The allegations in Paragraph 2147 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2147, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2148. The allegations in Paragraph 2148 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2148, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2149. The allegations in Paragraph 2149 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2149, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2150. The allegations in Paragraph 2150 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2150, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2151. The allegations in Paragraph 2151 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2151, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2152. The allegations in Paragraph 2152 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2152, and states that it fulfilled all its legal and contractual obligations to consumers.

2153. The allegations in Paragraph 2153 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2153 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2153, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2154. The allegations in Paragraph 2154 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2154 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2154, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2155. The allegations in Paragraph 2155 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2155, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2156. The allegations in Paragraph 2156 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2156 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2156, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2157. The allegations in Paragraph 2157 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2157, and states that it fulfilled all its legal and contractual obligations to consumers.

2158. The allegations in Paragraph 2158 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2158, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2159. The allegations in Paragraph 2159 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2159, and states that it fulfilled all its legal and contractual obligations to consumers.

2160. The allegations in Paragraph 2160 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2160, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2161. GM admits the CAC purports to seek actual damages, treble damages, injunctive relief, declaratory relief, and attorneys' fees and costs pursuant N.J. Stat. Ann. § 56:8-19, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2161.

## COUNT 66
## BREACH OF EXPRESS WARRANTY
## N.J. STAT. ANN. §§ 12A:2-313 AND 2A-210

2162. GM incorporates by reference its responses to all preceding paragraphs above.

2163. GM admits that the New Jersey Plaintiffs purport to bring this claim on behalf of the New Jersey Sub-Class. GM denies that any class action can be maintained.

2164. The allegations in Paragraph 2164 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2164.

2165. The allegations in Paragraph 2165 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2165.

2166. The allegations in Paragraph 2166 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2166.

2167. The allegations in Paragraph 2167 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2167, except to admit that it provides express limited warranties with new vehicles.

2168. GM denies the allegations in Paragraph 2168, except to admit that it provides express limited warranties with new vehicles.

2169. GM admits that Paragraph 2169 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 2169 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2169, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2170. GM admits that Paragraph 2170 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2170.

2171. The allegations in Paragraph 2171 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2171, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2172. The allegations in Paragraph 2172 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2172, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2173. The allegations in Paragraph 2173 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2173 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2173.

2174. The allegations in Paragraph 2174 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2174, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2175. The allegations in Paragraph 2175 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2175, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2176. The allegations in Paragraph 2176 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2167 and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2177. The allegations in Paragraph 2177 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2177, and states that it fulfilled all its legal and contractual obligations to consumers.

2178. The allegations in Paragraph 2178 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2178, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2179. The allegations in Paragraph 2179 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2179, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2180. The allegations in Paragraph 2180 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2180 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2180.

2181. The allegations in Paragraph 2181 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2181, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2182. The allegations in Paragraph 2182 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2182, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2183. The allegations in Paragraph 2183 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2183, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2184. The allegations in Paragraph 2184 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2184, and states that it fulfilled all its legal and contractual obligations to consumers.

2185. The allegations in Paragraph 2185 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2185, and states that it fulfilled all its legal and contractual obligations to consumers.

### COUNT 67
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
### N.J. STAT. ANN. §§ 12A:2-314 AND 2A-212

2186. GM incorporates by reference its responses to all preceding paragraphs above.

2187. GM admits that the New Jersey Plaintiffs purport to bring this claim on behalf of the New Jersey Sub-Class. GM denies that any class action can be maintained.

2188. The allegations in Paragraph 2188 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2188.

2189. The allegations in Paragraph 2189 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2189.

2190. The allegations in Paragraph 2190 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2190.

2191. The allegations in Paragraph 2191 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2191.

2192. The allegations in Paragraph 2192 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2192 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2192, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2193. The allegations in Paragraph 2193 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2193.

2194. The allegations in Paragraph 2194 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2194.

2195. The allegations in Paragraph 2195 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2195, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2196. The allegations in Paragraph 2196 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2196, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2197. The allegations in Paragraph 2197 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2197, and states that it fulfilled all its legal and contractual obligations to consumers.

2198. The allegations in Paragraph 2198 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2198 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2198.

2199. The allegations in Paragraph 2199 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2199, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2200. The allegations in Paragraph 2200 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2200, and states that it fulfilled all its legal and contractual obligations to consumers.

2201. The allegations in Paragraph 2201 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2201, and states that it fulfilled all its legal and contractual obligations to consumers.

## V.    Claims on Behalf of the New York Sub-Class

### COUNT 68
### VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW § 349
### N.Y. GEN. BUS. LAW § 349

2202. GM incorporates by reference its responses to all preceding paragraphs above.

2203. GM admits that the Plaintiffs Larsen, Mazza, McQuade, Plafker, and Sylvester purport to bring this claim on behalf of the New York Sub-Class. GM denies that any class action can be maintained.

2204. The allegations in Paragraph 2204 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2204.

2205. The allegations in Paragraph 2205 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2205.

2206. GM admits that Paragraph 2206 purports to quote New York General Business Law § 349, but states that the statute speaks for itself and denies plaintiffs' characterization of it. The allegations in Paragraph 2206 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2206, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2207. The allegations in Paragraph 2207 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2207.

2208. The allegations in Paragraph 2208 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2208, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2209. The allegations in Paragraph 2209 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2209, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2210. The allegations in Paragraph 2210 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2210, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2211. The allegations in Paragraph 2211 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2211, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2212. The allegations in Paragraph 2212 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2212, and states that it fulfilled all its legal and contractual obligations to consumers.

2213. The allegations in Paragraph 2213 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2213 regarding plaintiffs, their knowledge or

intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2213, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2214. The allegations in Paragraph 2214 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2214 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2214, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2215. The allegations in Paragraph 2215 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2215, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2216. The allegations in Paragraph 2216 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2216 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the

remaining allegations in Paragraph 2216, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2217. The allegations in Paragraph 2217 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2217, and states that it fulfilled all its legal and contractual obligations to consumers.

2218. The allegations in Paragraph 2218 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2218, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2219. The allegations in Paragraph 2219 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2219, and states that it fulfilled all its legal and contractual obligations to consumers.

2220. The allegations in Paragraph 2220 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2220, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

2221. GM admits the CAC purports to seek actual damages, treble damages, injunctive relief, and attorneys' fees pursuant to N.Y. Gen. Bus. Law § 349(h), but

denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2221.

## COUNT 69
### VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW § 350
### N.Y. GEN. BUS. LAW § 350

2222. GM incorporates by reference its responses to all preceding paragraphs above.

2223. GM admits that the New York Plaintiffs purport to bring this claim on behalf of the New York Sub-Class. GM denies that any class action can be maintained.

2224. GM admits that Paragraph 2224 purports to quote from New York General Business Law § 350 *et seq.*, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2224.

2225. The allegations in Paragraph 2225 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2225, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2226. The allegations in Paragraph 2226 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2226, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2227. The allegations in Paragraph 2227 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2227, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2228. The allegations in Paragraph 2228 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2228, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2229. The allegations in Paragraph 2229 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2229, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2230. The allegations in Paragraph 2230 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2230. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2231. The allegations in Paragraph 2231 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2231, and states that it fulfilled all its legal and contractual duties to consumers.

2232. The allegations in Paragraph 2232 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2232 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2232, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2233. The allegations in Paragraph 2233 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2233 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2233, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2234. The allegations in Paragraph 2234 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2234, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose

2235. The allegations in Paragraph 2235 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2235 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2235, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2236. The allegations in Paragraph 2236 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2236, and states that it fulfilled all its legal and contractual obligations to consumers.

2237. GM admits the CAC purports to seek actual and treble damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2237.

**COUNT 70**
**BREACH OF EXPRESS WARRANTY**
**N.Y. U.C.C. §§ 2-314 AND 2A-210**

2238. GM incorporates by reference its responses to all preceding paragraphs above.

2239. GM admits that the New York Plaintiffs purport to bring this claim on behalf of the New York Sub-Class. GM denies that any class action can be maintained.

2240. The allegations in Paragraph 2240 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2240.

2241. The allegations in Paragraph 2241 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2241.

2242. The allegations in Paragraph 2242 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2242.

2243. The allegations in Paragraph 2243 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2243, except to admit that it provides express limited warranties with new vehicles.

2244. GM denies the allegations in Paragraph 2244, except to admit that it provides express limited warranties with new vehicles.

2245. GM admits that Paragraph 2245 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. The allegations in Paragraph 2245 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2245, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2246. GM admits that Paragraph 2246 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2246.

2247. The allegations in Paragraph 2247 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2247, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2248. The allegations in Paragraph 2248 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2248, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2249. The allegations in Paragraph 2249 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2249 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2249.

2250. The allegations in Paragraph 2250 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2250, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2251. The allegations in Paragraph 2251 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2251, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2252. The allegations in Paragraph 2252 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2252, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2253. The allegations in Paragraph 2253 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2253, and states that it fulfilled all its legal and contractual obligations to consumers.

2254. The allegations in Paragraph 2254 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2254, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2255. The allegations in Paragraph 2255 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2255, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2256. The allegations in Paragraph 2256 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2256 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2256.

2257. The allegations in Paragraph 2257 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2257, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2258. The allegations in Paragraph 2258 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2258, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2259. The allegations in Paragraph 2259 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2259, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2260. The allegations in Paragraph 2260 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2260, and states that it fulfilled all its legal and contractual obligations to consumers.

2261. The allegations in Paragraph 2261 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2261, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 71
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## N.Y. U.C.C. §§ 2-314 AND 2A-212

2262. GM incorporates by reference its responses to all preceding paragraphs above.

2263. GM admits that the New York Plaintiffs purport to bring this claim on behalf of the New York Sub-Class. GM denies that any class action can be maintained.

2264. The allegations in Paragraph 2264 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2264.

2265. The allegations in Paragraph 2265 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2265.

2266. The allegations in Paragraph 2266 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2266.

2267. The allegations in Paragraph 2267 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2267.

2268. The allegations in Paragraph 2268 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2268 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2268, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2269. The allegations in Paragraph 2269 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2269.

2270. The allegations in Paragraph 2270 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2270.

2271. The allegations in Paragraph 2271 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2271, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2272. The allegations in Paragraph 2272 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2272, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2273. The allegations in Paragraph 2273 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2273, and states that it fulfilled all its legal and contractual obligations to consumers.

2274. The allegations in Paragraph 2274 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2274 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2274, and states that it fulfilled all its legal and contractual obligations to consumers.

2275. The allegations in Paragraph 2275 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2275, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2276. The allegations in Paragraph 2276 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2276, and states that it fulfilled all its legal and contractual obligations to consumers.

2277. The allegations in Paragraph 2277 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2277, and states that it fulfilled all its legal and contractual obligations to consumers.

### W.    Claims on Behalf of the North Carolina Class

**COUNT 72**
**VIOLATION OF THE NORTH CAROLINA UNFAIR AND**
**DECEPTIVE ACTS AND PRACTICES ACT**
**N.C. GEN. STAT. § 75-1.1, ET SEQ.**

2278. GM incorporates by reference its responses to all preceding paragraphs above.

2279. GM admits that the Plaintiffs Brack, Harman, and Shope purport to bring this claim on behalf of the North Carolina Sub-Class. GM denies that any class action can be maintained.

2280. The allegations in Paragraph 2280 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2280.

2281. GM admits that Paragraph 2281 purports to quote from the North Carolina Unfair and Deceptive Acts and Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2281, and states that it fulfilled all its legal and contractual obligations to consumers.

2282. The allegations in Paragraph 2282 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2282, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2283. The allegations in Paragraph 2283 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2283, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2284. The allegations in Paragraph 2284 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2284, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2285. The allegations in Paragraph 2285 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2285, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2286. The allegations in Paragraph 2286 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2286, and states that it fulfilled all its legal and contractual obligations to consumers.

2287. The allegations in Paragraph 2287 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2287 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2287, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2288. The allegations in Paragraph 2288 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2288 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2288, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2289. The allegations in Paragraph 2289 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2289, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2290. The allegations in Paragraph 2290 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2290 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of

unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2290, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2291. The allegations in Paragraph 2291 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2291, and states that it fulfilled all its legal and contractual obligations to consumers.

2292. The allegations in Paragraph 2292 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2292, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2293. The allegations in Paragraph 2293 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2293, and states that it fulfilled all its legal and contractual obligations to consumers.

2294. The allegations in Paragraph 2294 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2294, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2295. GM admits the CAC purports to seek actual damages, treble damages, injunctive relief, declaratory relief, and attorneys' fees pursuant North Carolina Act, N.C. Gen. Stat.§ 75-16, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2295.

### COUNT 73
### BREACH OF EXPRESS WARRANTY
### N.C. GEN. STAT. §§ 25-2-313 AND 252A-210

2296. GM incorporates by reference its responses to all preceding paragraphs above.

2297. GM admits that the North Carolina Plaintiff purports to bring this claim on behalf of the North Carolina Sub-Class. GM denies that any class action can be maintained.

2298. The allegations in Paragraph 2298 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2298.

2299. The allegations in Paragraph 2299 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2299.

2300. The allegations in Paragraph 2300 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2300.

2301. The allegations in Paragraph 2301 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2301, except to admit that it provides express limited warranties with new vehicles.

2302. GM denies the allegations in Paragraph 2302, except to admit that it provides express limited warranties with new vehicles.

2303. GM admits that Paragraph 2303 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. The allegations in Paragraph 2303 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2303, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2304. GM admits that Paragraph 2304 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2304.

2305. The allegations in Paragraph 2305 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2305, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2306. The allegations in Paragraph 2306 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2306, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2307. The allegations in Paragraph 2307 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2307 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2307.

2308. The allegations in Paragraph 2308 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2308, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2309. The allegations in Paragraph 2309 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2309, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2310. The allegations in Paragraph 2310 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2310, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2311. The allegations in Paragraph 2311 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2311, and states that it fulfilled all its legal and contractual obligations to consumers.

2312. The allegations in Paragraph 2312 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2312, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2313. The allegations in Paragraph 2313 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2313, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2314. The allegations in Paragraph 2314 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2314 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2314.

2315. The allegations in Paragraph 2315 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2315, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2316. The allegations in Paragraph 2316 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2316, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2317. The allegations in Paragraph 2317 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2317, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2318. The allegations in Paragraph 2318 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2318, and states that it fulfilled all its legal and contractual obligations to consumers.

2319. The allegations in Paragraph 2319 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2319, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 74**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**N.C. GEN. STAT. §§ 25-2-314 AND 252A-212**

2320. GM incorporates by reference its responses to all preceding paragraphs above.

2321. GM admits that the North Carolina Plaintiff purports to bring this claim on behalf of the North Carolina Sub-Class. GM denies that any class action can be maintained.

2322. The allegations in Paragraph 2322 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2322.

2323. The allegations in Paragraph 2323 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2323.

2324. The allegations in Paragraph 2324 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2324.

2325. The allegations in Paragraph 2325 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2325.

2326. The allegations in Paragraph 2326 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2326 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2326, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2327. The allegations in Paragraph 2327 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2327.

2328. The allegations in Paragraph 2328 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2328.

2329. The allegations in Paragraph 2329 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2329, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2330. The allegations in Paragraph 2330 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2330, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2331. The allegations in Paragraph 2331 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2331, and states that it fulfilled all its legal and contractual obligations to consumers.

2332. The allegations in Paragraph 2332 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2332 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2232.

2333. The allegations in Paragraph 2333 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2333, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2334. The allegations in Paragraph 2334 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2334, and states that it fulfilled all its legal and contractual obligations to consumers.

2335. The allegations in Paragraph 2335 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2335, and states that it fulfilled all its legal and contractual obligations to consumers.

## X. Claims on Behalf of the Ohio Sub-Class

### COUNT 75
### VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### OHIO REV. CODE ANN. § 1345.01, ET SEQ.

2336. GM incorporates by reference its responses to all preceding paragraphs above.

2337. GM admits that the Plaintiffs Ho and Rice purport to bring this claim on behalf of the Ohio Sub-Class. GM denies that any class action can be maintained.

2338. The allegations in Paragraph 2338 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2338.

2339. The allegations in Paragraph 2339 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2339.

2340. The allegations in Paragraph 2340 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2340.

2341. GM admits that Paragraph 2341 purports to quote from the Maine Unfair Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2341, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2342. The allegations in Paragraph 2342 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2342, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2343. The allegations in Paragraph 2343 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2343, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2344. The allegations in Paragraph 2344 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2344, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2345. The allegations in Paragraph 2345 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2345, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2346. The allegations in Paragraph 2346 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2346, and states that it fulfilled all its legal and contractual obligations to consumers.

2347. The allegations in Paragraph 2347 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2347 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2347, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2348. The allegations in Paragraph 2348 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2348 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2348, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2349. The allegations in Paragraph 2349 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2349, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2350. The allegations in Paragraph 2350 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2350 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2350, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2351. The allegations in Paragraph 2351 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2351, and states that it fulfilled all its legal and contractual obligations to consumers.

2352. The allegations in Paragraph 2352 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2352, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2353. The allegations in Paragraph 2353 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2353, and states that it fulfilled all its legal and contractual obligations to consumers.

2354. The allegations in Paragraph 2354 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2354, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2355. GM admits the CAC purports to seek actual damages, noneconomic damages, injunctive relief, and attorneys' fees pursuant Ohio Rev. Code Ann. § 1345.09, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2355.

## COUNT 76
## BREACH OF EXPRESS WARRANTY
## OHIO REV. CODE ANN. § 1302.26, ET SEQ.

2356. GM incorporates by reference its responses to all preceding paragraphs above.

2357. GM admits that the Ohio Plaintiff purports to bring this claim on behalf of the Ohio Sub-Class. GM denies that any class action can be maintained.

2358. The allegations in Paragraph 2358 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2358.

2359. The allegations in Paragraph 2359 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2359.

2360. The allegations in Paragraph 2360 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2360.

2361. The allegations in Paragraph 2361 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2361, except to admit that it provides express limited warranties with new vehicles.

2362. GM denies the allegations in Paragraph 2362, except to admit that it provides express limited warranties with new vehicles.

2363. GM admits that Paragraph 2363 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them.  The allegations in Paragraph 2363 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2363, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2364. GM admits that Paragraph 2364 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them.   GM denies the remaining allegations in Paragraph 2364.

2365. The allegations in Paragraph 2365 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2365, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2366. The allegations in Paragraph 2366 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2366, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2367. The allegations in Paragraph 2367 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2367 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2367.

2368. The allegations in Paragraph 2368 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2368, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2369. The allegations in Paragraph 2369 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2369, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2370. The allegations in Paragraph 2370 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2370, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2371. The allegations in Paragraph 2371 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2371, and states that it fulfilled all its legal and contractual obligations to consumers.

2372. The allegations in Paragraph 2372 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2372, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2373. The allegations in Paragraph 2373 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2373, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2374. The allegations in Paragraph 2374 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2374 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2374.

2375. The allegations in Paragraph 2375 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2375, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2376. The allegations in Paragraph 2376 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2376, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2377. The allegations in Paragraph 2377 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2377, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2378. The allegations in Paragraph 2378 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2378, and states that it fulfilled all its legal and contractual obligations to consumers.

2379. The allegations in Paragraph 2379 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2379, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 77**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**OHIO REV. CODE ANN. §§ 1302.27 AND 1310.19.**

2380. GM incorporates by reference its responses to all preceding paragraphs above.

2381. GM admits that the Ohio Plaintiffs purport to bring this claim on behalf of the Ohio Sub-Class. GM denies that any class action can be maintained.

2382. The allegations in Paragraph 2382 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2382.

2383. The allegations in Paragraph 2383 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2383.

2384. The allegations in Paragraph 2384 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2384.

2385. The allegations in Paragraph 2385 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2385.

2386. The allegations in Paragraph 2386 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2386 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2386, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2387. The allegations in Paragraph 2387 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2387.

2388. The allegations in Paragraph 2388 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2388.

2389. The allegations in Paragraph 2389 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2389, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2390. The allegations in Paragraph 2390 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2390, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2391. The allegations in Paragraph 2391 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2391, and states that it fulfilled all its legal and contractual obligations to consumers.

2392. The allegations in Paragraph 2392 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2392 regarding plaintiffs, or their actions, and

therefore denies the allegations. GM denies the remaining allegations in Paragraph 2392.

2393. The allegations in Paragraph 2393 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2393, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2394. The allegations in Paragraph 2394 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2394, and states that it fulfilled all its legal and contractual obligations to consumers.

2395. The allegations in Paragraph 2395 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2395, and states that it fulfilled all its legal and contractual obligations to consumers.

### Y.    Claims on Behalf of the Oklahoma Class

**COUNT 78**
**VIOLATION OF THE OKLAHOMA CONSUMER**
**PROTECTION ACT**
**OKLA. STAT. TIT. 15, § 751, ET SEQ.**

2396. GM incorporates by reference its responses to all preceding paragraphs above.

2397. GM admits that the Plaintiffs Ellard purports to bring this claim on behalf of the Michigan Sub-Class. GM denies that any class action can be maintained.

2398. The allegations in Paragraph 2398 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2398.

2399. The allegations in Paragraph 2399 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2399.

2400. The allegations in Paragraph 2400 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2400.

2401. GM admits that Paragraph 2401 purports to quote from the Oklahoma Consumer Protection Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2401, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2402. The allegations in Paragraph 2402 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2402, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2403. The allegations in Paragraph 2403 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2403, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2404. The allegations in Paragraph 2404 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2404, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2405. The allegations in Paragraph 2405 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2405, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2406. The allegations in Paragraph 2406 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2406, and states that it fulfilled all its legal and contractual obligations to consumers.

2407. The allegations in Paragraph 2407 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2407 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2407, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2408. The allegations in Paragraph 2408 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2408 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2408, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2409. The allegations in Paragraph 2409 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2409, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2410. The allegations in Paragraph 2410 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2410 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2410, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2411. The allegations in Paragraph 2411 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2411, and states that it fulfilled all its legal and contractual obligations to consumers.

2412. The allegations in Paragraph 2412 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2412, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2413. The allegations in Paragraph 2413 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2413, and states that it fulfilled all its legal and contractual obligations to consumers.

2414. The allegations in Paragraph 2414 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2414, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2415. GM admits the CAC purports to seek actual damages, penalties, punitive damages, and attorneys' fees pursuant to the Oklahoma Consumer Protection Act, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2415.

## COUNT 79
## BREACH OF EXPRESS WARRANTY
## OKLA. STAT. TIT. 12A §§ 2-313 AND 2A-210

2416. GM incorporates by reference its responses to all preceding paragraphs above.

2417. GM admits that the Oklahoma Plaintiffs purport to bring this claim on behalf of the Oklahoma Sub-Class. GM denies that any class action can be maintained.

2418. The allegations in Paragraph 2418 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2418.

2419. The allegations in Paragraph 2419 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2419.

2420. The allegations in Paragraph 2420 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2420.

2421. The allegations in Paragraph 2421 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2421, except to admit that it provides express limited warranties with new vehicles.

2422. GM denies the allegations in Paragraph 2422, except to admit that it provides express limited warranties with new vehicles.

2423. GM admits that Paragraph 2423 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. The allegations in Paragraph 2423 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2423, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2424. GM admits that Paragraph 2424 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2424.

2425. The allegations in Paragraph 2425 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2425, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2426. The allegations in Paragraph 2426 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2426, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2427. The allegations in Paragraph 2427 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2427 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2427.

2428. The allegations in Paragraph 2428 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2428, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2429. The allegations in Paragraph 2429 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2429, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2430. The allegations in Paragraph 2430 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2430, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2431. The allegations in Paragraph 2431 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2431, and states that it fulfilled all its legal and contractual obligations to consumers.

2432. The allegations in Paragraph 2432 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2432, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2433. The allegations in Paragraph 2433 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2433, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2434. The allegations in Paragraph 2434 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2434 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2434.

2435. The allegations in Paragraph 2435 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2435, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2436. The allegations in Paragraph 2436 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2436, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2437. The allegations in Paragraph 2437 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2437, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2438. The allegations in Paragraph 2438 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2438, and states that it fulfilled all its legal and contractual obligations to consumers.

2439. The allegations in Paragraph 2439 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2439, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 80**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**OKLA. STAT. TIT. 12A §§ 2-314 AND 2A-212**

2440. GM incorporates by reference its responses to all preceding paragraphs above.

2441. GM admits that the Oklahoma Plaintiffs purport to bring this claim on behalf of the Oklahoma Sub-Class. GM denies that any class action can be maintained.

2442. The allegations in Paragraph 2442 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2442.

2443. The allegations in Paragraph 2443 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2443.

2444. The allegations in Paragraph 2444 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2444.

2445. The allegations in Paragraph 2445 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2445.

2446. The allegations in Paragraph 2446 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2446 regarding plaintiffs, their intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2446, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2447. The allegations in Paragraph 2447 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2447.

2448. The allegations in Paragraph 2448 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2448.

2449. The allegations in Paragraph 2449 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2449, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2450. The allegations in Paragraph 2450 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2450, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2451. The allegations in Paragraph 2451 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2451, and states that it fulfilled all its legal and contractual obligations to consumers.

2452. The allegations in Paragraph 2452 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2452 regarding plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2452.

2453. The allegations in Paragraph 2453 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2453, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

2454. The allegations in Paragraph 2454 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2454, and states that it fulfilled all its legal and contractual obligations to consumers.

2455. The allegations in Paragraph 2455 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2455, and states that it fulfilled all its legal and contractual obligations to consumers.

**Z.**   **Claims on Behalf of the Oregon Sub-Class**

**COUNT 81**
**VIOLATION OF THE OREGON CONSUMER PROTECTION ACT**
**OR. REV. STAT. § 646.605, ET SEQ.**

2456. GM incorporates by reference its responses to all preceding paragraphs above.

2457. GM admits that plaintiff Sherrow purports to bring this claim on behalf of himself and the Oregon Sub-Class. GM denies that plaintiff Sherrow has standing to represent the Oregon Sub-Class or that any class action can be maintained.

2458. The allegations in Paragraph 2458 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2458.

2459. The allegations in Paragraph 2459 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2459.

2460. GM admits that Paragraph 2460 purports to quote from the Oregon Unfair Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2460.

2461. The allegations in Paragraph 2461 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2461.

2462. The allegations in Paragraph 2462 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2462, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2463. The allegations in Paragraph 2463 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2463, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2464. The allegations in Paragraph 2464 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2464, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2465. The allegations in Paragraph 2465 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2465.

2466. The allegations in Paragraph 2466 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2466 regarding plaintiffs, or their vehicle

purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2466, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2467. The allegations in Paragraph 2467 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2467, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2468. The allegations in Paragraph 2468 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2468, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2469. The allegations in Paragraph 2469 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2469, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2470. GM admits the CAC purports to seek injunctive and other relief pursuant to Or. Rev. Stat. § 646.638, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2470.

**COUNT 82**
**BREACH OF EXPRESS WARRANTY**
**OR. REV. STAT. §§ 72.3130 AND 72A.2100**

2471. GM incorporates by reference its responses to all preceding paragraphs above.

2472. GM admits that Oregon Plaintiff purports to bring this claim on behalf of himself and the Oregon Sub-Class. GM denies that Oregon Plaintiff has standing to represent the Oregon Sub-Class or that any class action can be maintained.

2473. The allegations in Paragraph 2473 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2473.

2474. The allegations in Paragraph 2474 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2474.

2475. The allegations in Paragraph 2475 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2475.

2476. The allegations in Paragraph 2476 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2476, except to admit that it provides express limited warranties with new vehicles.

2477. GM denies the allegations in Paragraph 2477, except to admit that it provides express limited warranties with new vehicles.

2478. GM admits that Paragraph 2478 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2478, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2479. GM admits that Paragraph 2479 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2479.

2480. The allegations in Paragraph 2480 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2480, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2481. The allegations in Paragraph 2481 state legal conclusions to which no response is required. GM denies the remaining allegations, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2482. The allegations in Paragraph 2482 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2482 regarding plaintiffs, their knowledge or

intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2482.

2483. The allegations in Paragraph 2483 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2483, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2484. The allegations in Paragraph 2484 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2484, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2485. The allegations in Paragraph 2485 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2485, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2486. The allegations in Paragraph 2486 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2486, and states that it fulfilled all its legal and contractual obligations to consumers.

2487. The allegations in Paragraph 2487 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2487, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it

fulfilled its legal and contractual obligations to consumers, including any duty to disclose.

2488. The allegations in Paragraph 2488 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2488, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2489. The allegations in Paragraph 2489 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2489 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2489.

2490. The allegations in Paragraph 2490 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2490, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2491. The allegations in Paragraph 2491 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2491, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2492. The allegations in Paragraph 2492 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2492, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2493. The allegations in Paragraph 2493 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2493 and states that it fulfilled all its legal and contractual obligations to consumers.

2494. The allegations in Paragraph 2494 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2494, and states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 83**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**OR. REV. STAT. §§ 72.3140 AND 72A.2120**

2495. GM incorporates by reference its responses to all preceding paragraphs above.

2496. GM admits that Oregon Plaintiff purports to bring this claim on behalf of himself and the Oregon Sub-Class.GM denies that Oregon Plaintiff has standing to represent the Oregon Sub-Class or that any class action can be maintained.

2497. The allegations in Paragraph 2497 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2497.

2498. The allegations in Paragraph 2498 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2498.

2499. The allegations in Paragraph 2499 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2499.

2500. The allegations in Paragraph 2500 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2500.

2501. The allegations in Paragraph 2501 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2501, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2502. The allegations in Paragraph 2502 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2502 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2502, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2503. The allegations in Paragraph 2503 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2503.

2504. The allegations in Paragraph 2504 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2504.

2505. The allegations in Paragraph 2505 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2505, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2506. The allegations in Paragraph 2506 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2506, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2507. The allegations in Paragraph 2507 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2507, and states that it fulfilled all its legal and contractual obligations to consumers.

2508. The allegations in Paragraph 2508 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2508 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2508.

2509. The allegations in Paragraph 2509 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2509, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2510. The allegations in Paragraph 2510 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2510, and states that it fulfilled all its legal and contractual obligations to consumers.

2511. The allegations in Paragraph 2511 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2511, and states that it fulfilled all its legal and contractual obligations to consumers.

## AA.   Claims on Behalf of the Pennsylvania Sub-Class

### COUNT 84
### VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### 73 P.S. § 201-1, ET SEQ.

2512. GM incorporates by reference its responses to all preceding paragraphs above.

2513. GM admits that plaintiffs Aiken and Fredo purport to bring this claim on behalf of themselves and the Pennsylvania Sub-Class. GM denies that any class action can be maintained.

2514. The allegations in Paragraph 2514 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 2514 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies those allegations. GM denies the remaining allegations in Paragraph 2514.

2515. The allegations in Paragraph 2515 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2515.

2516. GM admits that Paragraph 2516 purports to quote from the Pennsylvania Unfair Trade Practices and Consumer Protection Law, but states that the statute speaks for itself and denies plaintiffs' characterization of it. The allegations in Paragraph 2516 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2516, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2517. The allegations in Paragraph 2517 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2517, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2518. The allegations in Paragraph 2518 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2518, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2519. The allegations in Paragraph 2519 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2519, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2520. The allegations in Paragraph 2520 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2520, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2521. The allegations in Paragraph 2521 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2521, and states that it fulfilled all its legal and contractual obligations to consumers.

2522. The allegations in Paragraph 2522 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2522 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies those allegations. GM denies the remaining allegations in Paragraph 2522, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2523. The allegations in Paragraph 2523 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of allegations in Paragraph 2523 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies those allegations. GM denies the remaining allegations in Paragraph 2523, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2524. The allegations in Paragraph 2524 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2524, and specifically denies 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2525. The allegations in Paragraph 2525 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2525 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2525, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2526. The allegations in Paragraph 2526 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2526.

2527. The allegations in Paragraph 2527 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2527, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose

2528. The allegations in Paragraph 2528 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2528, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2529. The allegations in Paragraph 2529 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2529, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2530. GM admits the CAC purports to seek damages, including treble damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2530.

## COUNT 85
## BREACH OF EXPRESS WARRANTY
## 13 PA. CONS. STAT. §§ 2313 AND 2A210

2531. GM incorporates by reference its responses to all preceding paragraphs above.

2532. GM admits that Pennsylvania Plaintiffs purport to bring this claim on their own behalf and on behalf of the Pennsylvania Sub-Class. GM denies that any class action can be maintained.

2533. The allegations in Paragraph 2533 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2533.

2534. The allegations in Paragraph 2534 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2534.

2535. The allegations in Paragraph 2535 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2535.

2536. The allegations in Paragraph 2536 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2536, except to admit that it provides express limited warranties with new vehicles.

2537. GM denies the allegations in Paragraph 2537, except to admit that it provides express limited warranties with new vehicles.

2538. The allegations in Paragraph 2538 state legal conclusions to which no response is required. GM admits that Paragraph 2538 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2538, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2539. GM admits that Paragraph 2539 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2539.

2540. The allegations in Paragraph 2540 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2540, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2541. The allegations in Paragraph 2541 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2541, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2542. The allegations in Paragraph 2542 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2542 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2542.

2543. The allegations in Paragraph 2543 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2543, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2544. The allegations in Paragraph 2544 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2544, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2545. The allegations in Paragraph 2545 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2545, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2546. The allegations in Paragraph 2546 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2546, and states that it fulfilled all its legal and contractual obligations to consumers.

2547. The allegations in Paragraph 2547 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2547, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2548. The allegations in Paragraph 2548 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2548, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2549. The allegations in Paragraph 2549 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2549.

2550. The allegations in Paragraph 2550 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2550, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers.

2551. The allegations in Paragraph 2551 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2551, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2552. The allegations in Paragraph 2552 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2552, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers.

2553. The allegations in Paragraph 2553 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2553. GM states that it fulfilled all its legal and contractual obligations to consumers.

2554. The allegations in Paragraph 2554 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2554. GM states that it fulfilled all its legal and contractual obligations to consumers.

**COUNT 86**
**BREACH OF THE IMPLIED WARRANTY OF**
**MERCHANTABILITY**
**13 PA. CONS. STAT. §§ 2314 AND 2A212**

2555. GM incorporates by reference its responses to all preceding paragraphs above.

2556. The allegations in Paragraph 2556 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2556.

2557. The allegations in Paragraph 2557 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2557.

2558. The allegations in Paragraph 2558 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2558.

2559. The allegations in Paragraph 2559 state legal conclusions in which no response is required.  GM denies the remaining allegations in Paragraph 2559.

2560. The allegations in Paragraph 2560 state legal conclusions in which no response is required. GM denies the allegations in Paragraph 2560, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2561. The allegations in Paragraph 2561 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2561.

2562. The allegations in Paragraph 2562 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2562.

2563. The allegations in Paragraph 2563 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2563, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2564. The allegations in Paragraph 2564 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2564, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2565. The allegations in Paragraph 2565 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2565, and states that it fulfilled all its legal and contractual obligations to consumers.

2566. The allegations in Paragraph 2566 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2566 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2566.

2567. The allegations in Paragraph 2567 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2567, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2568. The allegations in Paragraph 2568 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2568. GM states that it fulfilled all its legal and contractual obligations to consumers.

2569. The allegations in Paragraph 2569 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2569. GM states that it fulfilled all its legal and contractual obligations to consumers.

**BB.   Claims on Behalf of the South Carolina Class**

**COUNT 87**
**VIOLATION OF THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**
**S.C. CODE ANN. § 39-5-10, ET SEQ.**

2570. GM incorporates by reference its responses to all preceding paragraphs above.

2571. GM admits that plaintiffs Sicura and Sinclair purport to bring this claim on behalf of themselves and the South Carolina Sub-Class. GM denies that any class action can be maintained.

2572. The allegations in Paragraph 2572 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2572.

2573. GM admits that Paragraph 2573 purports to quote from the South Carolina Unfair Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. The allegations in Paragraph 2573 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2573, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2574. The allegations in Paragraph 2574 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2574, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2575. The allegations in Paragraph 2575 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2575. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2576. The allegations in Paragraph 2576 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2576, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2577. The allegations in Paragraph 2577 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2577, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2578. The allegations in Paragraph 2578 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2578. GM states that it fulfilled all its legal and contractual obligations to consumers.

2579. The allegations in Paragraph 2579 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2579 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore deny the allegations. GM denies the remaining allegations in Paragraph 2579, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2580. The allegations in Paragraph 2580 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2580 regarding plaintiffs, their vehicle purchases or leases, or their knowledge or intentions, and therefore deny the

allegations. GM denies the remaining allegations in Paragraph 2580, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2581. The allegations in Paragraph 2581 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2581, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2582. The allegations in Paragraph 2582 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2582 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2582, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2583. The allegations in Paragraph 2583 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2583 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2584. The allegations in Paragraph 2584 state legal conclusions to which no response is required.  GM denies the allegations in Paragraph 2584 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2585. The allegations in Paragraph 2585 state legal conclusions to which no response is required.  GM denies the allegations in Paragraph 2585 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2586. The allegations in Paragraph 2586 state legal conclusions to which no response is required.  GM denies the allegations in Paragraph 2586, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2587. GM admits the CAC purports to seek monetary relief, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2587.

2588. GM admits that the CAC purports to seek punitive damages, but denies that it states any such claim or right to relief against GM.  GM denies the remaining allegations in Paragraph 2588.

**COUNT 88**
**BREACH OF EXPRESS WARRANTY**
**S.C. CODE ANN. § §§ 36-2-313 AND 36-2A-210**

2589. GM incorporates by reference its responses to all preceding paragraphs above.

2590. GM admits that the South Carolina Plaintiffs purport to bring this claim on their own behalf and on behalf of the South Carolina Sub-Class. GM denies that any class action can be maintained.

2591. The allegations in Paragraph 2591 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2591.

2592. The allegations in Paragraph 2592 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2592.

2593. The allegations in Paragraph 2593 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2593.

2594. The allegations in Paragraph 2594 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2594, except to admit that it provides express limited warranties with new vehicles.

2595. GM denies the allegations in Paragraph 2595, except to admit that it provides express limited warranties with new vehicles.

2596. GM admits that Paragraph 2596 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and

denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2596, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2597. GM admits that Paragraph 2597 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2597.

2598. The allegations in Paragraph 2598 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2598, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2599. The allegations in Paragraph 2599 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2599, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2600. The allegations in Paragraph 2600 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2600 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2600.

2601. The allegations in Paragraph 2601 state legal conclusions to which no response is required. The allegations in Paragraph 2601 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2601, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2602. The allegations in Paragraph 2602 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2602, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2603. The allegations in Paragraph 2603 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2603, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2604. The allegations in Paragraph 2604 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2604, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers.

2605. The allegations in Paragraph 2605 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2605, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2606. The allegations in Paragraph 2606 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2606, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2607. The allegations in Paragraph 2607 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2607, and states that it fulfilled all its legal and contractual obligations to consumers.

2608. The allegations in Paragraph 2608 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2608, and specifically denies that the 8L90 and 8L45 transmissions are defective, and states that it fulfilled all its legal and contractual obligations to consumers.

2609. The allegations in Paragraph 2609 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2609, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2610. The allegations in Paragraph 2610 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2610, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2611. The allegations in Paragraph 2611 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2611 and states that it fulfilled all its legal and contractual obligations to consumers.

2612. The allegations in Paragraph 2612 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2612 and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 89
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## S.C. CODE ANN. § §§ 36-2-314 AND 36-2A-212

2613. GM incorporates by reference its responses to all preceding paragraphs above.

2614. GM admits that the South Carolina Plaintiffs purport to bring this claim on their own behalf and on behalf of the South Carolina Sub-Class. GM denies that any class action can be maintained.

2615. The allegations in Paragraph 2615 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2615.

2616. The allegations in Paragraph 2616 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2616.

2617. The allegations in Paragraph 2617 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2617.

2618. The allegations in Paragraph 2618 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2618.

2619. The allegations in Paragraph 2619 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2619 regarding plaintiffs or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2619, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2620. The allegations in Paragraph 2620 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2620.

2621. The allegations in Paragraph 2621 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2621.

2622. The allegations in Paragraph 2622 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2622, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.  GM states that it fulfilled all of its legal and contractual obligations to consumers.

2623. The allegations in Paragraph 2623 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2623, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2624. The allegations in Paragraph 2624 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2624 and states that it fulfilled all its legal and contractual obligations to consumers.

2625. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2625 regarding plaintiffs or their actions, therefore denies the allegations.  The allegations in Paragraph 2625 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2625. GM states that it fulfilled all of its legal and contractual obligations to consumers, including any duty to disclose.

2626. The allegations in Paragraph 2626 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2626, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2627. The allegations in Paragraph 2627 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2627 and states that it fulfilled all its legal and contractual obligations to consumers.

2628. The allegations in Paragraph 2628 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2628 and states that it fulfilled all its legal and contractual obligations to consumers.

### CC.   Claims on Behalf of the South Dakota Class

**COUNT 90**
**VIOLATION OF SOUTH DAKOTA DECEPTIVE TRADE**
**PRACTICES AND CONSUMER PROTECTION LAW**
**S.D. CODIFIED LAWS § 37-24-6**

2629. GM incorporates by reference its responses to all preceding paragraphs above.

2630. GM admits that plaintiff Kelly purports to bring this claim on behalf of himself and the South Dakota Sub-Class. GM denies that any class action can be maintained.

2631. GM admits that the South Dakota Plaintiff purports to bring this claim on his own behalf and on behalf of the South Dakota Sub-Class. GM denies that any class action can be maintained.

2632. The allegations in Paragraph 2632 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2632.

2633. GM admits that Paragraph 2633 purports to quote from the South Dakota Deceptive Trade Practices and Consumer Protection Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2633.

2634. The allegations in Paragraph 2634 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2634, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2635. The allegations in Paragraph 2635 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2635, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2636. The allegations in Paragraph 2636 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2636 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2637. The allegations in Paragraph 2637 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2637, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2638. The allegations in Paragraph 2638 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2638, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2639. The allegations in Paragraph 2639 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2639 and states that it fulfilled all its legal and contractual duties to consumers.

2640. The allegations in Paragraph 2640 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2640 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2640 and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2641. The allegations in Paragraph 2641 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2641 regarding plaintiffs, their vehicle purchases or leases, or their knowledge or intentions, and therefore denies those allegations. GM denies the remaining allegations in Paragraph 2641, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2642. The allegations in Paragraph 2642 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2642, and states that it fulfilled all its legal and contractual duties to consumers.

2643. The allegations in Paragraph 2643 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2643, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2644. The allegations in Paragraph 2644 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2644, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2645. GM admits that the CAC seeks damages pursuant to the South Dakota Deceptive Trade Practices and Consumer Protection Act, but denies it states any such claim or right to relief against GM.  GM denies the remaining allegations in Paragraph 2645.

**COUNT 91**
**BREACH OF EXPRESS WARRANTY**
**S.D. CODIFIED LAWS §§ 57A-2-313 AND 57A-2A-210**

2646. GM incorporates by reference its responses to all preceding paragraphs above.

2647. GM admits that South Dakota Plaintiff purports to bring this claim on his behalf and on behalf of the South Dakota Sub-Class. GM denies that any class action can be maintained.

2648. The allegations in Paragraph 2648 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2648.

2649. The allegations in Paragraph 2649 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2649.

2650. The allegations in Paragraph 2650 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2650.

2651. The allegations in Paragraph 2651 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2651, except to admit that it provides express limited warranties with new vehicles.

2652. GM denies the allegations in Paragraph 2652, except to admit that it provides express limited warranties with new vehicles.

2653. GM admits that Paragraph 2653 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2653, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2654. GM admits that Paragraph 2654 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2654.

2655. The allegations in Paragraph 2655 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2655, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2656. The allegations in Paragraph 2656 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2656, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2657. The allegations in Paragraph 2657 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2657 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies those allegations. GM denies the remaining allegations in Paragraph 2657.

2658. The allegations in Paragraph 2658 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2658, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2659. The allegations in Paragraph 2659 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2659, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2660. The allegations in Paragraph 2660 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2660, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2661. The allegations in Paragraph 2661 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2661, and states it fulfilled all its legal and contractual obligations to consumers.

2662. The allegations in Paragraph 2662 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2662, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2663. The allegations in Paragraph 2663 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2663, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2664. The allegations in Paragraph 2664 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2664 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2664.

2665. The allegations in Paragraph 2665 state legal conclusions to which no response is required. GM denies the remaining allegations, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers.

2666. The allegations in Paragraph 2666 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2666, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2667. The allegations in Paragraph 2667 contain legal conclusions to which no response is required. GM denies the remaining allegations, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers.

2668. The allegations in Paragraph 2668 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2668 and states it fulfilled all its legal and contractual obligations to consumers.

2669. The allegations in Paragraph 2669 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2669 and states it fulfilled all its legal and contractual obligations to consumers.

## COUNT 92
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## S.D. CODIFIED LAWS §§ 57A-2-314 AND 57A-2A-212

2670. GM incorporates by reference its responses to all preceding paragraphs above.

2671. GM admits that the South Dakota Plaintiff purports to bring this claim on his own behalf and on behalf of the South Dakota Sub-Class. GM denies that any class action can be maintained.

2672. The allegations in Paragraph 2672 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2672.

2673. The allegations in Paragraph 2673 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2673.

2674. The allegations in Paragraph 2674 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2674.

2675. The allegations in Paragraph 2675 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2675.

2676. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2676 regarding plaintiffs or their vehicle purchases or

leases, and therefore denies the allegations. GM denies the allegations in Paragraph 2676, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2677. The allegations in Paragraph 2677 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2677.

2678. The allegations in Paragraph 2678 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2678.

2679. The allegations in Paragraph 2679 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2679, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2680. The allegations in Paragraph 2680 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2680, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2681. The allegations in Paragraph 2681 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2681, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2682. The allegations in Paragraph 2682 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2682 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2682. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2683. The allegations in Paragraph 2683 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2683, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2684. The allegations in Paragraph 2684 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2684, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2685. The allegations in Paragraph 2685 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2685. GM states that it fulfilled all its legal and contractual obligations to consumers.

### DD.   Claims on Behalf of the Tennessee Sub-Class

**COUNT 93**
**VIOLATION OF THE TENNESSEE CONSUMER**
**PROTECTION ACT**
**TENN. CODE ANN. § 47-18-101, ET SEQ.**

2686. GM incorporates by reference its responses to all preceding paragraphs above.

2687. GM admits that plaintiff Kidd purports to bring this claim on his behalf and on behalf of the Tennessee Sub-Class. GM denies that any class action can be maintained.

2688. The allegations in Paragraph 2688 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2688.

2689. The allegations in Paragraph 2689 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2689.

2690. The allegations in Paragraph 2690 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2690.

2691. The allegations in Paragraph 2691 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2691.

2692. GM admits that Paragraph 2692 purports to quote from Tennessee Consumer Protection Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2692.

2693. The allegations in Paragraph 2693 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2693, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2694. The allegations in Paragraph 2694 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2694, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2695. The allegations in Paragraph 2695 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2695, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2696. The allegations in Paragraph 2696 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2696, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2697. The allegations in Paragraph 2697 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2697, and states that it fulfilled all its legal and contractual duties to consumers.

2698. The allegations in Paragraph 2698 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2698 regarding plaintiffs, their vehicle purchases or leases, or their knowledge or intentions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2698, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2699. The allegations in Paragraph 2699 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2699, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2700. The allegations in Paragraph 2700 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2700, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2701. The allegations in Paragraph 2701 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2701, and states that it fulfilled all its legal and contractual obligations to consumers.

2702. GM admits that the CAC seeks injunctive relief and punitive damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2702.

## COUNT 94
## BREACH OF EXPRESS WARRANTY
## TENN. CODE §§ 47-2-313 AND 47-2A-210

2703. GM incorporates by reference its responses to all preceding paragraphs above.

2704. GM admits that the Tennessee Plaintiff purports to bring this claim on his own behalf and on behalf of the Tennessee Sub-Class. GM denies that a class action can be maintained.

2705. The allegations in Paragraph 2705 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2705.

2706. The allegations in Paragraph 2706 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2706.

2707. The allegations in Paragraph 2707 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2707.

2708. The allegations in Paragraph 2708 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2708, except to admit that it provides express limited warranties with new vehicles.

2709. GM denies the allegations in Paragraph 2709, except to admit that it provides express limited warranties with new vehicles.

2710. GM admits that Paragraph 2710 purports quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2710, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2711. GM admits that Paragraph 2711 purports quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2711.

2712. The allegations in Paragraph 2712 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2712, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2713. The allegations in Paragraph 2713 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2713, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2714. The allegations in Paragraph 2714 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2714 regarding plaintiffs, their vehicle purchases or leases, their knowledge or intentions, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2714.

2715. The allegations in Paragraph 2715 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2715, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2716. The allegations in Paragraph 2716 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2716, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2717. The allegations in Paragraph 2717 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2717, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2718. The allegations in Paragraph 2718 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2718, and states that it fulfilled all its legal and contractual obligations to consumers.

2719. The allegations in Paragraph 2719 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2719, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2720. The allegations in Paragraph 2720 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2720, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2721. The allegations in Paragraph 2721 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2721 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2721.

2722. The allegations in Paragraph 2722 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2722, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2723. The allegations in Paragraph 2723 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2723, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2724. The allegations in Paragraph 2724 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2724, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2725. The allegations in Paragraph 2725 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2725, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2726. The allegations in Paragraph 2726 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2726. GM states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 95
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY TENN. CODE §§ 47-2-314 AND 47-2A-212

2727. GM incorporates by reference its responses to all preceding paragraphs above.

2728. GM admits that the Tennessee Plaintiff brings this claim on his own behalf and on behalf of the Tennessee Sub-Class. GM denies that any class action can be maintained.

2729. The allegations in Paragraph 2729 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2729.

2730. The allegations in Paragraph 2730 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2730.

2731. The allegations in Paragraph 2731 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2731.

2732. The allegations in Paragraph 2732 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2732.

2733. The allegations in Paragraph 2733 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2733.

2734. The allegations in Paragraph 2734 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2734 regarding plaintiffs or their vehicle purchases or leases, and therefore denies the allegations. GM denies remaining allegations in Paragraph 2734, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2735. The allegations in Paragraph 2735 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2735.

2736. The allegations in Paragraph 2736 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2736.

2737. The allegations in Paragraph 2737 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2737, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2738. The allegations in Paragraph 2738 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2738, and specifically denies the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2739. The allegations in Paragraph 2739 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2739, and specifically denies the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2740. The allegations in Paragraph 2740 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2740 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2740.

2741. The allegations in Paragraph 2741 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2741, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2742. The allegations in Paragraph 2742 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2742, and states that it fulfilled all its legal and contractual obligations to consumers.

2743. The allegations in Paragraph 2743 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2743, and states that it fulfilled all its legal and contractual obligations to consumers.

### EE.    Claims on Behalf of the Texas Sub-Class

**COUNT 96**
**VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT
– CONSUMER PROTECTION ACT TEXAS BUS. & COM.
CODE § 17.41, ET SEQ.**

2744. GM incorporates by reference its responses to all preceding paragraphs above.

2745. GM admits that plaintiffs Degrand, Gutierrez, King, and Young purport to bring this claim on their behalf and on behalf of the Texas Sub-Class. GM denies that any class action can be maintained.

2746. The allegations in Paragraph 2746 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2746 regarding plaintiffs or their assets, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2746.

2747. The allegations in Paragraph 2747 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2747.

2748. The allegations in Paragraph 2748 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2748.

2749. GM admits that Paragraph 2749 purports to quote from Texas Deceptive Trade Practices – Consumer Protection Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2749.

2750. The allegations in Paragraph 2750 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2750, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2751. The allegations in Paragraph 2751 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2751, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2752. The allegations in Paragraph 2752 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2752, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2753. The allegations in Paragraph 2753 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2753, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2754. The allegations in Paragraph 2754 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2754, and states that it fulfilled all its legal and contractual duties to consumers.

2755. The allegations in Paragraph 2755 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2755. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2755 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2756. The allegations in Paragraph 2756 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2756 regarding plaintiffs, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining

allegations in Paragraph 2756, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2757. The allegations in Paragraph 2757 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2757. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2758. The allegations in Paragraph 2758 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2758 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2758, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2759. The allegations in Paragraph 2759 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2759, and states that it fulfilled all its legal and contractual obligations to consumers.

2760. The allegations in Paragraph 2760 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2760, and

states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2761. The allegations in Paragraph 2761 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2761, and states that it fulfilled all its legal and contractual obligations to consumers.

2762. The allegations in Paragraph 2762 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2762, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers.

2763. GM admits that plaintiffs seek an injunction and damages, including punitive damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2763, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

## COUNT 97
## BREACH OF EXPRESS WARRANTY TEX. BUS. & COM. CODE §§ 2.313 AND 2A.210

2764. GM incorporates by reference its responses to all preceding paragraphs above.

2765. GM admits that the Texas Plaintiffs purport to bring this claim on their behalf and on behalf of the Texas Sub-Class. GM denies that any class action can be maintained.

2766. The allegations in Paragraph 2766 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2766.

2767. The allegations in Paragraph 2767 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2767.

2768. The allegations in Paragraph 2768 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2768.

2769. The allegations in Paragraph 2769 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2769, except to admit that it provides express limited warranties with new vehicles.

2770. GM denies the allegations in Paragraph 2770, except to admit that it provides express limited warranties with new vehicles.

2771. GM admits that Paragraph 2771 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2771, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2772. GM admits that Paragraph 2772 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2772.

2773. The allegations in Paragraph 2773 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2773, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2774. The allegations in Paragraph 2774 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2774, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2775. The allegations in Paragraph 2775 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2775 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2775.

2776. The allegations in Paragraph 2776 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2776, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2777. The allegations in Paragraph 2777 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2777, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2778. The allegations in Paragraph 2778 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2778, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2779. The allegations in Paragraph 2779 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2779, and states that it fulfilled all its legal and contractual obligations to consumers.

2780. The allegations in Paragraph 2780 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2780, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2781. The allegations in Paragraph 2781 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2781.

2782. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2782 regarding plaintiffs or their actions, and therefore denies the allegations.  The allegations in Paragraph 2782 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2782.

2783. The allegations in Paragraph 2783 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2783, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2784. GM denies the allegations in Paragraph 2784, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2785. The allegations in Paragraph 2785 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2785, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2786. The allegations in Paragraph 2786 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2786, and states that it fulfilled all its legal and contractual obligations to consumers.

2787. The allegations in Paragraph 2787 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2787, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 98
## BREACH OF IMPLIED WARRANTY OF
## MERCHANTABILITY TEX. BUS. & COM. CODE §§ 2.314
## AND 2A.212

2788. GM incorporates by reference its responses to all preceding paragraphs above.

2789. GM admits that Texas Plaintiffs purport to bring this claim on their own behalf and on behalf of the Texas Sub-Class. GM denies that any class action can be maintained.

2790. The allegations in Paragraph 2790 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2790.

2791. The allegations in Paragraph 2791 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2791.

2792. The allegations in Paragraph 2792 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2792.

2793. The allegations in Paragraph 2793 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2793.

2794. The allegations in Paragraph 2794 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the

truth of the allegations in Paragraph 2794 regarding plaintiffs or their vehicle purchases or leases, and therefore denies the allegations. GM denies the allegations in Paragraph 2794, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled its legal and contractual obligations to consumers.

2795. The allegations in Paragraph 2795 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2795.

2796. The allegations in Paragraph 2796 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2796.

2797. The allegations in Paragraph 2797 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2797, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2798. The allegations in Paragraph 2798 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2798, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2799. The allegations in Paragraph 2799 state legal conclusions to which no response is required.  GM denies the allegations in Paragraph 2799, and states that it fulfilled all its legal and contractual obligations to consumers.

2800. The allegations in Paragraph 2800 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2800 regarding plaintiffs or their actions, and therefore denies the allegations.  GM denies the remaining allegations in Paragraph 2800.

2801. The allegations in Paragraph 2801 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2801, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2802. The allegations in Paragraph 2802 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2802, and states that it fulfilled all its legal and contractual obligations to consumers.

2803. The allegations in Paragraph 2803 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2803, and states that it fulfilled all its legal and contractual obligations to consumers.

### FF.   Claims on Behalf of the Washington Sub-Class

**COUNT 99**
**VIOLATION OF THE WASHINGTON CONSUMER**
**PROTECTION ACT WASH REV. CODE § 19.86.010, ET SEQ.**

2804. GM incorporates by reference its responses to all preceding paragraphs above.

2805. GM admits that plaintiff Covey purports to bring this claim on her own behalf and on behalf of the Washington Sub-Class. GM denies that any class action can be maintained.

2806. The allegations in Paragraph 2806 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2806.

2807. The allegations in Paragraph 2807 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2807.

2808. GM admits that Paragraph 2808 purports to quote from the Washington Consumer Protection Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2808.

2809. The allegations in Paragraph 2809 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2809, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any

safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2810. The allegations in Paragraph 2810 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2810, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2811. The allegations in Paragraph 2811 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2811, and states that it fulfilled its legal and contractual obligations to consumers, including any duty to disclose.

2812. The allegations in Paragraph 2812 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2812, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled its legal and contractual obligations to consumers, including any duty to disclose.

2813. The allegations in Paragraph 2813 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2813, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2814. The allegations in Paragraph 2814 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2814 and states that it fulfilled all its legal and contractual duties to consumers.

2815. The allegations in Paragraph 2815 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2815 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2815, and states that it fulfilled the legal and contractual obligations to consumers, including any duty to disclose.

2816. The allegations in Paragraph 2816 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2816 regarding plaintiffs, their vehicle purchases or leases, knowledge, intentions, or actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2816, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2817. The allegations in Paragraph 2817 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2817, and states that it fulfilled all its legal and contractual obligations to consumers.

2818. The allegations in Paragraph 2818 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2818, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled the legal and contractual obligations to consumers, including any duty to disclose.

2819. The allegations in Paragraph 2819 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2819, and states that it fulfilled all its legal and contractual obligations to consumers.

2820. GM admits that the CAC purports to seek damages, including punitive damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2820.

## COUNT 100
## BREACH OF EXPRESS WARRANTY
## WASH. REV. CODE §§ 62A.2-313 AND 62A.2A-210

2821. GM incorporates by reference its responses to all preceding paragraphs above.

2822. GM admits Washington Plaintiff purport to bring this claim on her own behalf and on behalf of the Washington Sub-Class. GM denies that any class action can be maintained.

2823. The allegations in Paragraph 2823 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2823.

2824. The allegations in Paragraph 2824 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2824.

2825. The allegations in Paragraph 2825 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2825.

2826. The allegations in Paragraph 2826 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2826, except to admit that it provides express limited warranties with new vehicles.

2827. GM denies the allegations in Paragraph 2827, except to admit that it provides express limited warranties with new vehicles.

2828. GM admits that Paragraph 2828 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2828, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2829. GM admits that Paragraph 2829 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2829.

2830. The allegations in Paragraph 2830 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2830,

except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2831. The allegations in Paragraph 2831 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2831, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2832. The allegations in Paragraph 2832 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2832 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2832.

2833. The allegations in Paragraph 2833 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2833, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2834. The allegations in Paragraph 2834 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2834, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states it fulfilled all its legal and contractual obligations to consumers.

2835. The allegations in Paragraph 2835 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2835, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2836. The allegations in Paragraph 2836 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2836, and states it fulfilled all its legal and contractual obligations to consumers.

2837. The allegations in Paragraph 2837 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2837, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled its legal and contractual obligations to consumers, including any duty to disclose.

2838. The allegations in Paragraph 2838 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2838, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2839. The allegations in Paragraph 2839 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2839 regarding plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2839.

2840. The allegations in Paragraph 2840 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2840, and

specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2841. The allegations in Paragraph 2841 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2841, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2842. The allegations in Paragraph 2842 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2842, and states that it fulfilled all its legal and contractual obligations to consumers.

2843. The allegations in Paragraph 2843 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2843, and states that it fulfilled all its legal and contractual obligations to consumers.

2844. The allegations in Paragraph 2844 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2844, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 101
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
## WASH. REV. CODE §§ 62A.2-314 AND 62A.2A-212

2845. GM incorporates by reference its responses to all preceding paragraphs above.

2846. GM admits that the Washington Plaintiff purports to bring this claim on her own behalf and on behalf of the Washington Sub-Class. GM denies that any class action can be maintained.

2847. The allegations in Paragraph 2847 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2847.

2848. The allegations in Paragraph 2848 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2848.

2849. The allegations in Paragraph 2849 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2849.

2850. The allegations in Paragraph 2850 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2850.

2851. GM denies the allegations in Paragraph 2851, and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2852. The allegations in Paragraph 2852 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2852.

2853. The allegations in Paragraph 2853 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2853.

2854. The allegations in Paragraph 2854 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2854, and

specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2855. The allegations in Paragraph 2855 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2855, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2856. The allegations in Paragraph 2856 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2856, and states that it fulfilled all its legal and contractual obligations to consumers.

2857. The allegations in Paragraph 2857 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2857 regarding the plaintiffs or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2857.

2858. The allegations in Paragraph 2858 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2858, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2859. The allegations in Paragraph 2859 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2859, and states that it fulfilled all its legal and contractual obligations to consumers.

2860. The allegations in Paragraph 2860 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2860, and states that it fulfilled all its legal and contractual obligations to consumers.

### GG.   Claims on Behalf of the Wisconsin Sub-Class

**COUNT 102**
**VIOLATION OF THE WISCONSIN DECEPTIVE TRADE PRACTICES ACT**
**WIS. STAT. §§ 110.18**

2861. GM incorporates by reference its responses to all preceding paragraphs above.

2862. GM admits that plaintiff Houk purports to bring this claim on his own behalf and on behalf of the Wisconsin Sub-Class. GM denies that any class action can be maintained.

2863. The allegations in Paragraph 2863 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2863.

2864. The allegations in Paragraph 2864 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2864.

2865. The allegations in Paragraph 2865 state legal conclusions to which no response is required. GM admits that Paragraph 2865 purports to quote from the

Wisconsin Deceptive Trade Practices Act, but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM denies the remaining allegations in Paragraph 2865, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2866. The allegations in Paragraph 2866 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2866, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2867. The allegations in Paragraph 2867 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2867, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2868. The allegations in Paragraph 2868 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2868, and specifically denies that the 8L90 and 8L45 transmissions pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2869. GM denies the allegations in Paragraph 2869, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2870. The allegations in Paragraph 2870 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2870 and states that it fulfilled all its legal and contractual duties to consumers.

2871. The allegations in Paragraph 2871 state legal conclusions to which no response is required.  GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2871 regarding the plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2871, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2872. The allegations in Paragraph 2872 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2872 regarding the plaintiffs, or their vehicle purchases or leases, knowledge, intentions, or actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2872, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2873. The allegations in Paragraph 2873 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2873, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states

that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2874. The allegations in Paragraph 2874 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2874 regarding plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, or the material concerns of unidentified consumers, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2874, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2875. The allegations in Paragraph 2875 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2875.

2876. The allegations in Paragraph 2876 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2876. GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2877. The allegations in Paragraph 2877 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2877.

GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2878. The allegations in Paragraph 2878 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2878, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk.

2879. The allegations in Paragraph 2879 state legal conclusions to which no response is required. GM admits that Paragraph 2879 purports to quote from Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18(1), but states that the statute speaks for itself and denies plaintiffs' characterization of it. GM demines the remaining allegations in Paragraph 2879, and states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2880. GM admits that the CAC seeks damages, including treble damages, but denies that it states any such claim or right to relief against GM. GM denies the remaining allegations in Paragraph 2880.

## COUNT 103
## BREACH OF EXPRESS WARRANTY
## WIS. STAT. §§ 402.313 AND 411.210

2881. GM incorporates by reference its responses to all preceding paragraphs above.

2882. GM admits that Wisconsin Plaintiff purports to bring this claim on his own behalf and on behalf of the Wisconsin Sub-Class. GM denies that any class action can be maintained.

2883. The allegations in Paragraph 2883 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2883.

2884. The allegations in Paragraph 2884 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2884.

2885. The allegations in Paragraph 2885 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2885.

2886. The allegations in Paragraph 2886 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2886, except to admit that it provides express limited warranties with new vehicles.

2887. GM denies the allegations in Paragraph 2887, except to admit that it provides express limited warranties with new vehicles.

2888. GM admits that Paragraph 2888 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2888, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2889. GM admits that Paragraph 2889 purports to quote from certain GM express limited warranties, but states that the documents speak for themselves and denies plaintiffs' characterization of them. GM denies the remaining allegations in Paragraph 2889.

2890. The allegations in Paragraph 2890 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2890, except to admit that it manufactured 8L90 and 8L45 transmissions in certain GM vehicles.

2891. The allegations in Paragraph 2891 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2891, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2892. The allegations in Paragraph 2892 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2892 regarding the plaintiffs, their knowledge or intentions, or their vehicle purchases or leases, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2892.

2893. The allegations in Paragraph 2893 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2893, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2894. The allegations in Paragraph 2894 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2894 and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2895. The allegations in Paragraph 2895 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2895 and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2896. The allegations in Paragraph 2896 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2896, and states that it fulfilled all its legal and contractual obligations to consumers.

2897. The allegations in Paragraph 2897 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2897 and specifically denies that the 8L90 and 8L45 transmissions are defective.  GM states that it fulfilled all its legal and contractual obligations to consumers, including any duty to disclose.

2898. The allegations in Paragraph 2898 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2898 and specifically denies that the 8L90 and 8L45 transmissions are defective.

2899. The allegations in Paragraph 2899 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2899 regarding the plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2899.

2900. The allegations in Paragraph 2900 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2900 and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2901. The allegations in Paragraph 2901 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2901, and specifically denies that the 8L90 and 8L45 transmissions are defective.

2902. The allegations in Paragraph 2902 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2902, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2903. The allegations in Paragraph 2903 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2903, and states that it fulfilled all its legal and contractual obligations to consumers.

2904. The allegations in Paragraph 2904 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2904, and states that it fulfilled all its legal and contractual obligations to consumers.

## COUNT 104
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## WIS. STAT. §§ 402.314 AND 411.212

2905. GM incorporates by reference its responses to all preceding paragraphs above.

2906. GM admits that Wisconsin Plaintiff purports to bring this action on his own behalf and on behalf of the Wisconsin Sub-Class. GM denies that any class action can be maintained.

2907. The allegations in Paragraph 2907 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2907.

2908. The allegations in Paragraph 2908 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2908.

2909. The allegations in Paragraph 2909 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2909.

2910. The allegations in Paragraph 2910 state legal conclusions to which no response is required.  GM denies the remaining allegations in Paragraph 2910.

2911. GM denies the allegations in Paragraph 2911, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2912. The allegations in Paragraph 2912 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2912.

2913. The allegations in Paragraph 2913 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2913.

2914. The allegations in Paragraph 2914 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2914, and specifically denies that the 8L90 and 8L45 transmissions are defective, or pose any safety risk. GM states that it fulfilled all of its legal and contractual obligations to consumers.

2915. The allegations in Paragraph 2915 state legal conclusions to which no response is required. GM denies the allegations in Paragraph 2915, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2916. The allegations in Paragraph 2916 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2916, and states that it fulfilled all its legal and contractual obligations to consumers.

2917. The allegations in Paragraph 2917 state legal conclusions to which no response is required. GM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2917 regarding the plaintiffs, or their actions, and therefore denies the allegations. GM denies the remaining allegations in Paragraph 2917.

2918. The allegations in Paragraph 2918 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2918, and specifically denies that the 8L90 and 8L45 transmissions are defective. GM states that it fulfilled all its legal and contractual obligations to consumers.

2919. The allegations in Paragraph 2919 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2919, and states that it fulfilled all its legal and contractual obligations to consumers.

2920. The allegations in Paragraph 2920 state legal conclusions to which no response is required. GM denies the remaining allegations in Paragraph 2920, and states that it fulfilled all its legal and contractual obligations to consumers.

## RESPONSE TO REQUEST FOR RELIEF

GM denies the allegations in the Request for Relief, including that plaintiffs are entitled to any form of relief against GM.

## AFFIRMATIVE DEFENSES

GM states the following affirmative defenses:

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing to bring these claims.

3.      Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

4.      Plaintiffs' claims are barred, in whole or in part, because GM owes no legal duty to plaintiffs as alleged in the CAC.

5.      Plaintiffs' claims are barred, in whole or in part, because they lack privity with and conferred no benefit on GM.

6.      Plaintiffs' claims are barred, in whole or in part, by virtue of the existence of an express limited warranty.

7.      Plaintiffs' claims are barred, in whole or in part, due to the expiration of an express limited warranty.

8.      Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs seek damages that would constitute duplicative recovery.

9.      Plaintiffs' claims are barred, in whole or in part, because this action cannot be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

10.     Plaintiffs' claims are barred, in whole or in part, by plaintiffs' abuse, neglect, failure to properly maintain, misuse, and/or non-use of their vehicles, and/or damage that occurred after the vehicle was purchased.

11.     Plaintiffs' claims are barred, in whole or in part, to the extent any vehicle has been modified with aftermarket equipment not approved by GM.

12.     Plaintiffs have not sustained any injury or damages caused by any action or omission of GM.

13.     Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs have not brought claims against the proper defendant to obtain the relief they seek, including injunctive relief.

14.     Plaintiffs' damages, if any, are speculative and unascertainable.

15.     Plaintiffs' claims are barred, in whole or in part, to the extent that any award of damages to plaintiffs would be excessive, punitive, and disproportionate to any alleged injury suffered by plaintiffs.

16.     Plaintiffs' claims are barred, in whole or in part, by intervening or superseding causes unrelated to the conduct of GM.

17.     Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs failed to provide any notice required as a condition precedent to bringing any cause of action.

18.     Plaintiffs' claims are barred, in whole or in part, because they have been released and/or waived.

19.     Plaintiffs' claims for equitable relief are barred, in whole or in part, because plaintiffs have available an adequate remedy at law.

20.     Plaintiffs failed to exercise reasonable care and diligence to mitigate their alleged damages.

21.     Plaintiffs failed to join indispensable parties.

22.     GM reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and developments in this case.

## REQUEST FOR JUDGMENT

GM respectfully requests that the Court (1) enter judgment in favor of GM and against plaintiffs on all of their claims; (2) dismiss the CAC with prejudice and enter judgment in favor of GM; (3) deny class certification; (4) award GM its costs, expenses and attorneys' fees; and (5) award such other relief as the Court deems just and proper.

November 29, 2019                   Respectfully submitted,

_/s/ Kathleen Taylor Sooy_____
Kathleen Taylor Sooy
Jerome A. Murphy
Jared A. Levine
Rachel P. Raphael
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
jalevine@crowell.com
rraphael@crowell.com

BUSH SEYFERTH & PAIGE PLLC

583

Stephanie A. Douglas
3001 W. Big Beaver Road, Suite 600
Troy, MI 48084
Telephone: (248) 822-7806
Fax: (248) 822-7806
douglas@bsplaw.com

*Counsel for General Motors LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 29, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy

*Counsel for General Motors LLC*