# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RICHARD FRANCIS, *et al.*,

individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.

GENERAL MOTORS LLC,

        Defendant.

**2:19-cv-11044-DML-DRG**

Judge David M. Lawson
Magistrate Judge David R. Grand

## GENERAL MOTORS' RESPONSE TO
## <u>PLAINTIFFS' MOTION FOR STATUS CONFERENCE</u>

## <u>STATEMENT OF ISSUE PRESENTED</u>

1.    Whether the Court should grant Plaintiffs' Motion for Status Conference where GM has a pending motion to dismiss, Plaintiffs intend to amend the operative complaint, and the Parties are working cooperatively?

GM answers:                    No.

Plaintiffs answer:             Yes.

The Court should answer:       No.

## STATEMENT OF
## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

None.

General Motors LLC respectfully states in response to plaintiffs' motion for status conference that it is premature to hold a status conference to set a discovery schedule due to (1) GM's pending motion to dismiss, and (2) plaintiffs' intent to amend the operative complaint.

## RELEVANT BACKGROUND

On September 11, 2019, the Court held a Case Management and Scheduling Conference at which it set filing deadlines for plaintiffs' amended consolidated class action complaint, GM's responsive pleading, and the parties' initial disclosures. ECF No. 34. The Court made clear during these proceedings that it would not set a schedule for discovery until after GM's motion to dismiss was adjudicated. Tr. 13:16-25, ECF No. 65 (Sept. 11, 2019).

On September 30, 2019, plaintiffs filed the consolidated amended class action complaint ("CAC"). ECF No. 41. GM moved to dismiss the CAC in its entirety on November 29, 2019. ECF No. 53. The parties have fully briefed the motion and the Court indicated that it will issue its ruling without oral argument.

On January 8, 2020, the parties submitted a stipulated ESI protocol and a proposed protective order. ECF Nos. 62 and 63. The Court approved the protective order January 28, 2020. ECF No. 68. Except for a two-month slowing of discovery efforts due to the global Covid-19 pandemic, the parties have been proceeding with discovery in accordance with the ESI protocol and protective order.  To date,

plaintiffs and GM have successfully worked together to resolve any issues.

## ARGUMENT

Plaintiffs' motion should be denied for three reasons.

*First*, the Court has not ruled on GM's motion to dismiss the CAC. A decision on GM's motion is necessary for the parties to understand the scope of the case, and more efficiently and accurately plan for discovery needs on any claims that proceed. The Court explained at the September 11, 2019 scheduling conference that it would only issue a case management schedule (and, therefore, a plan for discovery) if GM's motion to dismiss the CAC is "denied" or "not granted in full." Tr. 13:16-25, ECF No. 65 (Sept. 11, 2019). There has been no material change to justify departing from the Court's guidance.

*Second*, plaintiffs have stated that they will be materially altering the CAC by adding and removing plaintiffs and claims. These changes may warrant another motion to dismiss. The scope of this case will remain unsettled until plaintiffs, and then the Court, set the bounds of the complaint.[1]

---

[1] To the extent plaintiffs seek to push forward with discovery in order to obtain documents from GM to aid in plaintiffs' forthcoming second amended complaint, such tactics are not appropriate. A plaintiff "is not entitled to discovery simply to search for ways to defeat a motion to dismiss." *Michigan Millers Mut. Ins. Co. v. Travelers Indem. Co. of Conn.*, No. 16-11767, 2016 WL 7100539, at *6 (E.D. Mich. Dec. 6, 2016); *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (discovery is not a remedy for inadequate

(continued…)

*Third*, plaintiffs and GM have successfully and efficiently navigated any challenges in accordance with the agreed-upon ESI protocol and protective order, even in the absence of a discovery schedule. Intervention by the Court is not necessary at this time. GM will continue to work cooperatively with plaintiffs' counsel on discovery.

## CONCLUSION

For the reasons stated above, GM requests the Court deny plaintiffs' motion for status conference.

Dated: June 4, 2020                    Respectfully submitted,

                                       */s/ Stephanie A. Douglas*
                                       Stephanie A. Douglas
                                       BUSH SEYFERTH PLLC
                                       100 W. Big Beaver Road, Suite 400
                                       Troy, MI 48084
                                       Telephone: (248) 822-7806
                                       Fax: (248) 822-7806
                                       douglas@bsplaw.com

                                       Kathleen Taylor Sooy
                                       Jerome A. Murphy
                                       Jared A. Levine
                                       Rachel P. Raphael
                                       CROWELL & MORING LLP
                                       1001 Pennsylvania Avenue, N.W.
                                       Washington, DC 20004
                                       Telephone: (202) 624-2500

_____

(continued…)

pleading).

Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
jalevine@crowell.com
rraphael@crowell.com

*Counsel for General Motors LLC*