UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD FRANCIS, WESLEY WON,
DENNIS SPEERLY, JOSEPH SIERCHIO,
MICHAEL PLAFKER, HOWARD YOUNG,
DARRIN DEGRAND, JAY HULL,
MICHAEL BANKS, GUY CLARK,
MICHAEL SYLVESTER, PHIL HOUK,
MARIA BARALLARDOS, CHI KIM HO,
PHILIP WHICKER, TAURUS KING,
CHARLES AIKEN, CARY SHERROW,
WILLIAM GROSSMAN, CARL JOHNSEN,
JEFFREY RICE, JASON KEVIN SINCLAIR,
NICOLLETE COVEY, KIMBERLY COULSON,
TROY COULSON, ANDRE MCQUADE,
DONALD DYKSHORN, TIMOTHY GRAFRATH,
TAIT THOMAS, JAMES PAUL BROWNE,
WILLIAM FREDO, DONALD SICURA,
JON ELLARD, CHRISTOPHER KRULL,
RICHARD NOONAN, ARIF SHAKOOR,
RICHARD TERRY SHOPE, RHIANNA MEYERS,
RANDALL JACOBS, MICHAEL PONDER,
PHILIP WEEKS, KARINA FREDO,
MARC MAZZA, JIMMY FLOWERS,
NEIL AMBROSIO, STEVEN BRACK,
KEVIN WESLEY, CHARLES LARSEN,
CLYDE CHENG, and BRIAN LLOYD,

   Case Number 19-11044
   Honorable David M. Lawson
   Magistrate Judge David R. Grand

  Plaintiffs,
v.

GENERAL MOTORS, LLC,

  Defendant.
_____/

## SCHEDULING ORDER

On November 30, 2020, the Court issued an opinion and order granting in part and denying in part the defendant's motion to dismiss the consolidated amended class action complaint. On December 14, 2020, the Court held a status conference with counsel for the parties to discuss the establishment of case management benchmarks for the orderly completion of remaining discovery

productions and motion practice on the question of class certification. Plaintiffs' counsel indicated that the claims of certain individuals would be dismissed. Counsel for both sides also outlined certain looming discovery complications. The Court offered direction on several of the discovery issues but issued no definitive rulings. If any remaining outstanding issues may obstruct the orderly progress of discovery, then the parties promptly shall file appropriate motions seeking further assistance from the Court. The Court further advised the parties that it would establish certain case management benchmarks.

Accordingly, the following is **ORDERED**:

1. **Dismissal of Certain Individuals and Filing of Supplemental Complaint. On or before January 5, 2021**, the plaintiffs shall identify, and prepare and file a stipulation to dismiss, those individuals and claims which by their consent are to be removed from this litigation. Also, **on or before January 5, 2021**, the plaintiffs shall file a supplemental complaint (**NOT** an amended complaint), naming only those additional individual plaintiffs who are to be added to this case and identifying the previously asserted and surviving claims pleaded in the consolidated amended class action complaint that the added plaintiffs will assert. The supplemental complaint **SHALL NOT** in any way amend, expand upon, or supersede the factual allegations or causes of action pleaded in the consolidated amended class action complaint (ECF No. 41), except for the demographic and vehicle information of the new plaintiffs. The defendant's supplemental answer to the supplemental complaint must be filed **on or before January 26, 2021**.

2. **Rolling Document Production.** The defendant's rolling production of all outstanding materials responsive to the plaintiffs' document requests **must be completed entirely by March 5, 2021**. Privilege logs must be produced contemporaneously with each installment of the rolling production. This deadline is contingent upon the defendant's representation that it

intends to produce approximately 10,000 documents per week commencing forthwith. If any material delay of the production or slowing of that pace should occur, then the parties promptly must bring to the Court's attention the reasons for any unforeseen problems with the rolling production and their proposed solutions.

3. **Fact Discovery.** All fact discovery related to class certification must be completed **on or before July 30, 2021**. As the Court advised the parties on the record, **discovery in this matter will not be sequenced or bifurcated formally in any manner**, and the Court **will not entertain objections or requests to limit production** based on any supposed segregation of responsive materials by topical scope such as "merits" versus "class certification." However, if they can do so by mutual consent, then the parties are free to sequence their productions in any way that they see fit, to ensure that all parties are able efficiently to arrange their work to meet deadlines set by the Court. If the parties encounter discovery difficulties or disputes, including scheduling disputes, they promptly shall contact Magistrate Judge David R. Grand to schedule a telephone conference to address those disputes. If after that consultation the dispute remains unresolved, then the parties should file an appropriate motion promptly.

4. **Expert Class Discovery.** The plaintiffs' disclosures under Federal Rule of Civil Procedure 26(a)(2) for all expert witnesses whose opinions will be offered in support of a motion for class certification must be served **on or before August 9, 2021**. The defendant's Rule 26(a)(2) disclosures for experts whose opinions will be offered in opposition to any request for class certification must be served **on or before September 10, 2021**. All expert discovery related to class certification must be completed **on or before September 24, 2021**.

5.  **Motions Regarding Class Certification.**  Motions challenging the admissibility of expert witness testimony under Federal Rules of Evidence 702, 703 or 705 on class certification issues must be filed **on or before October 4, 2021**.  The plaintiffs' motion for class certification must be filed on **or before December 7, 2021**.

6.  **Additional Discovery.**  The Court contemplates scheduling an additional round of fact and expert merits discovery after the adjudication of the class certification motion.

7.  **Motion Practice.**  Before filing any motion with the Court, counsel for the moving party must comply with Eastern District of Michigan Local Rule 7.1(a).  The Court requires substantial, good faith compliance with this rule, and eleventh-hour or *pro forma* solicitations of consent that do not afford the opposing party a reasonable opportunity to consider and respond to a request for concurrence will not satisfy the movant's obligation to meet and confer before seeking the Court's assistance.  Briefs supporting and opposing motions must conform to the requirements of Local Rule 7.1(d), including page limitations.  Responses and replies shall be filed in due course according to the schedule set by Local Rule 7.1.

8.  **Modifications.**  Requests for extensions of scheduling order deadlines are not routinely granted.  All requests must be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b)(4), and a proposed amended case management plan.  The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

9.  **Next Status Conference.**  The parties shall appear for a status conference with the Court **on March 8, 2021 at 3:00 p.m.**

                                              s/David M. Lawson
                                              DAVID M. LAWSON
Dated:  December 14, 2020                United States District Judge