## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| RICHARD FRANCIS, et al., individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>GENERAL MOTORS, LLC,<br><br>        Defendant. | Civil Action No. 2:19-cv-11044<br><br>CONSOLIDATED AMENDED CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>Hon. David M. Lawson<br>Magistrate Judge David R. Grand |

## ADDENDUM TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

## GENERAL ALLEGATIONS

1.      Each and every factual allegation pled in the Consolidated Amended Class Action Complaint, ECF No. 41, with the exception of those factual allegations specifically related to former plaintiffs and set forth in the parties' Stipulation As To Voluntary Dismissal Of Certain Named Plaintiffs, ECF No. 101, is renewed and realleged herein.

2.      Each and every cause of action pled in the Consolidated Amended Class Action Complaint, ECF No. 41, with the exception of those causes of action dismissed by this Court with prejudice, ECF No. 92, is renewed and realleged herein.

3.     In addition, Plaintiffs allege the following:

## **PARTIES**

4.     Plaintiffs Jerry and Kimberly Carroll are citizens and residents of Washington, over the age of eighteen. The Carrolls purchased a new 2016 Cadillac Escalade, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about November 6, 2015, from an authorized dealership in Vancouver, Washington.

5.     Plaintiff Dominic Eatherton is a citizen and resident of Wisconsin, over the age of eighteen. Plaintiff Eatherton purchased a used 2017 GMC Sierra, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about May 4, 2019, from an authorized dealership in Marinette, Wisconsin.

6.     Plaintiff Thomas Edmondson is a citizen and resident of Indiana, over the age of eighteen. Plaintiff Edmondson leased a new 2019 Chevrolet Silverado 1500, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about April 23, 2019, from an authorized dealership in Fort Wayne, Indiana.

7.     Plaintiff Richard Filiaggi is a citizen and resident of Delaware, over the age of eighteen. Plaintiff Filiaggi purchased a new 2019 Chevrolet Colorado ZR2, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about December 13, 2018, from an authorized dealership in Seaford, Delaware.

8.      Plaintiff Scott Fox is a citizen and resident of Wisconsin, over the age of eighteen. Plaintiff Fox purchased a new 2018 GMC Sierra, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about February 22, 2019, from an authorized dealership in Marshfield, Wisconsin.

9.      Plaintiff Robert Higgins is a citizen and resident of Maine, over the age of eighteen. Plaintiff Higgins purchased a new 2017 Chevrolet Camaro, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about September 23, 2016, from an authorized dealership in Oxford, Maine.

10.     Plaintiff Craig E. Huyett is a citizen and resident of Colorado, over the age of eighteen. Plaintiff Huyett purchased a used 2019 Chevrolet Silverado 1500, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about June 23, 2020, from an authorized dealership in Watertown, South Dakota.

11.     Plaintiff David Thompson is a citizen and resident of Tennessee, over the age of eighteen. Plaintiff Thompson purchased a used 2017 GMC Sierra, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about September 15, 2018, from an authorized dealership in Winchester, Tennessee.

## FACTUAL ALLEGATIONS

**C.    Plaintiffs' Experiences**

1.    *Jerry and Kimberly Carroll*

12.    Plaintiffs Jerry and Kimberly Carroll purchased a new 2016 Cadillac Escalade from Carr Auto Group in Vancouver, Washington. The vehicle was equipped with an 8L90 or 8L45 transmission.

13.    Plaintiffs purchased the vehicle primarily for personal, family, or household use.

14.    At all times, Plaintiffs have driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

15.    At the time of the purchase, Plaintiffs had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

16.    Plaintiffs relied on the materials they reviewed before making their purchase.

17.    Shortly after purchasing their vehicle, Plaintiffs' transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiffs' satisfaction with the vehicle and also raises a safety concern.

18.    Plaintiffs provided notice to GM about the Transmission Defect when they informed the dealership about the problem several times, including on or

4

around December 7, 2016, April 11, 2017, August 17, 2017, September 6, 2018, and December 4, 2019. At that time, Plaintiffs had 19,110 miles, 24,289 miles, 30,692 miles, 44,834 miles, and 59,235 miles on the vehicle, respectively.

19.     Despite these five attempted repairs, GM's authorized dealership has failed to adequately repair Plaintiffs' vehicle, and it continues to exhibit a Transmission Defect.

20.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiffs would have learned of that material information, and would not have purchased the vehicle or paid the price they paid for it.

2. ***Dominic Eatherton***

21.     Plaintiff Dominic Eatherton purchased a used 2017 GMC Sierra from Koehne Chevrolet Buick GMC in Marinette, Wisconsin. The vehicle was equipped with an 8L90 or 8L45 transmission.

22.     Plaintiff purchased the vehicle primarily for personal, family, or household use.

23.     At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

24.     At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

5

25.     Plaintiff relied on the materials he reviewed before making his purchase.

26.     Shortly after purchasing his vehicle, Plaintiff's transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

27.     Plaintiff provided notice to GM about the Transmission Defect when he informed an authorized GM dealership, Bergstrom GMC in Appleton, WI, about the problem on or about February 14, 2020 and in or about August 2020. At that time, Plaintiff had approximately 45,000 miles and 50,000 miles on the vehicle, respectively.

28.     Despite an attempted repair, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

29.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

6

3.   ***Thomas Edmondson***

30.   Plaintiff Thomas Edmondson leased a new 2019 Chevrolet Silverado 1500 from Summit City Chevrolet in Fort Wayne, Indiana. The vehicle was equipped with an 8L90 or 8L45 transmission.

31.   Plaintiff leased the vehicle primarily for personal, family, or household use.

32.   At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

33.   At the time of the lease, Plaintiff had reviewed marketing materials for the vehicle and also discussed the lease with an authorized dealer.

34.   Plaintiff relied on the materials he reviewed before leasing the vehicle.

35.   Shortly after leasing his vehicle, Plaintiff's transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

36.   Plaintiff provided notice to GM about the Transmission Defect when he informed the dealership about the problem on or about August 21, 2019, February 19, 2020, and July 21, 2020. At that time, Plaintiff had, respectively, 10,181 miles, 20,446 miles, and 26,623 miles on the vehicle.

37.     Despite three attempted repairs, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

38.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have learned of that material information, and would not have leased the vehicle or paid the price he paid for it.

4.     ***Richard Filiaggi***

39.     Plaintiff Richard Filiaggi purchased a new 2019 Chevrolet Colorado ZR2 from I.G. Burton Chevrolet in Seaford, Delaware. The vehicle was equipped with an 8L90 or 8L45 transmission.

40.     Plaintiff purchased the vehicle primarily for personal, family, or household use.

41.     At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

42.     At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

43.     Plaintiff relied on the materials he reviewed before making his purchase.

8

44.     Shortly after purchasing his vehicle, Plaintiff's transmission was shuddering, rattling, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

45.     Plaintiff provided notice to GM about the Transmission Defect when he informed the dealership about the problem on or about March 20, 2019 and October 9, 2020. At that time, Plaintiff had, respectively, 4,262 miles and 22,893 miles on the vehicle.

46.     Despite two attempted repairs, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

47.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

5.     ***Scott Fox***

48.     Plaintiff Scott Fox purchased a new 2018 GMC Sierra from Wheelers of Marshfield, Inc. in Marshfield, Wisconsin. The vehicle was equipped with an 8L90 or 8L45 transmission.

49.     Plaintiff purchased the vehicle primarily for personal, family, or household use.

50.     At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

51.     At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

52.     Plaintiff relied on the materials he reviewed before making his purchase.

53.     Shortly after purchasing his vehicle, Plaintiff's transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

54.     Plaintiff provided notice to GM about the Transmission Defect when he informed the dealership about the problem on or about May 7, 2020. At that time, Plaintiff had 5,143 miles on the vehicle.

55.     Despite this attempted repair, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

56.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have

learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

6.   ***Robert Higgins***

57.   Plaintiff Robert Higgins purchased a new 2017 Chevrolet Camaro from Goodwin Chevrolet Buick in Oxford, Maine. The vehicle was equipped with an 8L90 or 8L45 transmission.

58.   Plaintiff purchased the vehicle primarily for personal, family, or household use.

59.   At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

60.   At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

61.   Plaintiff relied on the materials he reviewed before making his purchase.

62.   Shortly after purchasing his vehicle, Plaintiff's transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

63.   Plaintiff provided notice to GM about the Transmission Defect when he informed the dealership about the problem on or about September 14, 2017 and

on or about July 15, 2019. At that time, Plaintiff had, respectively, 5,125 miles and 14,049 miles on the vehicle.

64.     Despite two attempted repairs, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

65.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

> 7.   *Craig E. Huyett*

66.     Plaintiff Huyett purchased a used 2019 Chevrolet Silverado 1500 from Sharp Automotive, an authorized Chevrolet and GMC dealership in Watertown, South Dakota. The vehicle was equipped with an 8L90 or 8L45 transmission.

67.     Plaintiff purchased the vehicle primarily for personal, family, or household use.

68.     At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

69.     At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

70.     Plaintiff relied on the materials he reviewed before purchasing the vehicle.

71.     Within a few months of purchase, Plaintiff's transmission began shuddering, jerking, and hesitating or slipping, especially when shifting from first to second gear. The Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

72.     Plaintiff has not yet provided notice to GM or taken the vehicle to an authorized dealership because he needs time off from work to do so. He plans to do so as soon as he is able.

73.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

### 8.     *David Thompson*

74.     Plaintiff David Thompson purchased a used 2017 GMC Sierra from Russell Barnett Chevrolet-GMC in Winchester, Tennessee. The vehicle was equipped with an 8L90 or 8L45 transmission.

75.     Plaintiff purchased the vehicle primarily for personal, family, or household use.

76.     At all times, Plaintiff has driven the vehicle in a foreseeable manner and in the manner in which it was intended to be used.

77.     At the time of the purchase, Plaintiff had reviewed marketing materials for the vehicle and also discussed the purchase with an authorized dealer.

78.     Plaintiff relied on the materials he reviewed before making his purchase.

79.     Shortly after purchasing his vehicle, Plaintiff's transmission was shuddering, jerking, and vibrating, and exhibiting transmission slips and hesitating while accelerating. This Transmission Defect reduces Plaintiff's satisfaction with the vehicle and also raises a safety concern.

80.     Plaintiff provided notice to GM about the Transmission Defect when he informed the dealership about the problem on approximately December 13, 2018, January 11, 2019, April 23, 2019, July 17, 2019, August 21, 2019 and September 12, 2019. At that time, Plaintiff had 21,062 miles, 22,574 miles, 28,215 miles, 33,145 miles, 34,592 miles, and 35,169 miles on the vehicle, respectively.

81.     Despite these six attempted repairs, GM's authorized dealership has failed to adequately repair Plaintiff's vehicle, and it continues to exhibit a Transmission Defect.

82.     GM did not disclose the Transmission Defect in its advertising materials, on its websites, or to its dealers. Had GM done so, Plaintiff would have

learned of that material information, and would not have purchased the vehicle or paid the price he paid for it.

## CAUSES OF ACTION

83.     All Plaintiffs incorporate by reference and re-allege the allegations contained in paragraphs 1-950 of the Consolidated Amended Class Action Complaint ("CACAC").

84.     All Plaintiffs allege the following causes of action as pled in the CACAC on behalf of themselves and on behalf of the Nationwide Class, or, in the alternative, on behalf of each of the State Sub-Classes, against Defendant:

      (a)    Count 1:  Breach of Warranty Under the Magnuson-Moss Warranty Act

      (b)    Count 2: Unjust Enrichment

      (c)    Count 3: Fraudulent Omission

85.     Plaintiff Richard Filiaggi ("Delaware Plaintiff") additionally alleges the following causes of action, as pled in the CACAC, on his own behalf and on behalf of the members of the Delaware Sub-Class:

      (a)    Count 23:  Violation of the Delaware Consumer Fraud Act

      (b)    Count 24: Breach of Express Warranty, 6 Del. Code §§ 2-313 and 2a-210

      (c)    Count 25: Breach of the Implied Warranty of Merchantability, 6 Del. Code §§ 2-314 and 2a-212

86.     Plaintiff Thomas Edmondson ("Indiana Plaintiff") additionally alleges the following causes of action, as pled in the CACAC, on his own behalf and on behalf of the members of the Indiana Sub-Class:

> (a)     Count 38:  Breach of Express Warranty, Ind. Code §§ 26-1-2-313 and 26-1-2.1-210
>
> (b)     Count 39: Breach of the Implied Warranty of Merchantability, Ind. Code §§ 26-1-2-314 and 26-1-2.1-212

87.     Plaintiff Robert Higgins ("Maine Plaintiff") additionally alleges the following causes of action, as pled in the CACAC, on his own behalf and on behalf of the members of the Maine Sub-Class:

> (a)     Count 49:  Violation of the Maine Unfair Trade Practices Act
>
> (b)     Count 50: Breach of Express Warranty, Me. Rev. Stat. Ann. tit. 11 §§ 2-313 and 2-1210
>
> (c)     Count 51: Breach of the Implied Warranty of Merchantability, Me. Rev. Stat. Ann. tit. 11 §§ 2-314 and 2-1212

88.     Plaintiff Craig Huyett ("South Dakota Plaintiff") additionally alleges the following causes of action, as pled in the CACAC, on his own behalf and on behalf of the members of the South Dakota Sub-Class:

> (a)     Count 90:  Violation of the South Dakota Deceptive Trade Practices and Consumer Protection Law
>
> (b)     Count 91: Breach of Express Warranty, S.D. Codified Laws §§ §§ 57A-2-313 and 57A-2A-210
>
> (c)     Count 92: Breach of the Implied Warranty of Merchantability, S.D. Codified Laws §§ §§ 57A-2-314 and 57A-2A-212

89.     Plaintiff David Thompson ("Tennessee Plaintiff") additionally alleges the following causes of action, as pled in the CACAC, on his own behalf and on behalf of the members of the Tennessee Sub-Class:

      (a)     Count 93:  Violation of the Tennessee Consumer Protection Act

      (b)     Count 94: Breach of Express Warranty, Tenn. Code §§ 47-2-313 and 47-2A-1210

      (c)     Count 95: Breach of the Implied Warranty of Merchantability, Tenn. Code §§ 47-2-314 and 47-2A-1212

90.     Plaintiffs Jerry and Kimberly Carroll ("Washington Plaintiffs") additionally allege the following causes of action, as pled in the CACAC, on their own behalf and on behalf of the members of the Washington Sub-Class:

      (a)     Count 99:  Violation of the Washington Consumer Protection Act

      (b)     Count 100: Breach of Express Warranty, Wash. Rev. Code §§ 62A.2-313 and 62A.2A-210

91.     Plaintiffs Eatherton and Fox ("Wisconsin Plaintiffs") additionally allege the following causes of action, as pled in the CACAC, on their own behalf and on behalf of the members of the Wisconsin Sub-Class:

      (a)     Count 102:  Violation of the Wisconsin Deceptive Trade Practices Act

      (b)     Count 103: Breach of Express Warranty, Wis. Stat. §§ 402.313 and 411.210

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, request the Court to enter judgment against GM as set forth in paragraphs A-N on pages 557 and 558 of the CACAC.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(c), Plaintiffs demand a trial by jury of any and all issues in this action so triable.


Dated: January 5, 2021          Respectfully submitted,


/s/ Theodore J. Leopold

Theodore J. Leopold
**COHEN MILSTEIN SELLERS & TOLL PLLC**
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
tleopold@cohenmilstein.com

*Plaintiffs' Lead Counsel*

Douglas J. McNamara
Julia A. Horwitz
Karina G. Puttieva
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave., 5th Floor
Washington, DC  20005
Telephone: (202) 408-4600

Facsimile: (202) 408-4699
dmcnamara@cohenmilstein.com
jhorwitz@cohenmilstein.com
kputtieva@cohenmilstein.com

Robert Gordon, Esq.
Steven Calamusa, Esq.
**GORDON & PARTNERS, P.A.**
4114 Northlake Blvd.,
Palm Beach Gardens, FL 33410
Telephone: (561) 799-5070
Facsimile: (561) 799-4050
rgordon@fortheinjured.com
scalamusa@fortheinjured.com

Russell D. Paul
Amey J. Park
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
rpaul@bm.net
apark@bm.net

Mark A. Ozzello
Tarek H. Zohdy
Cody R. Padgett
Trisha K. Monesi
**CAPSTONE LAW APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396
Tarek.Zohdy@capstonelawyers.com
Trisha.Monesi@capstonelawyers.com
Cody.Padgett@capstonelawyers.com

E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)

William Kalas (P82113)
**THE MILLER LAW FIRM, P.C.**
950 West University Drive, Suite 300
Rochester, MI 48307
Telephone: (248) 841-2200
Facsimile: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com
wk@millerlawpc.com

Joseph H. Meltzer
Melissa L. Troutner
Natalie Lesser
**KESSLER TOPAZ MELTZER & CHECK,
LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel.: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
mtroutner@ktmc.com
nlesser@ktmc.com

Lynn Lincoln Sarko
Gretchen Freeman Cappio
Ryan McDevitt
**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
rmcdevitt@kellerrohrback.com

*Plaintiffs' Steering Committee*

Michael L. Pitt (P24429)
Beth Rivers (P33614)
**PITT McGEHEE PALMER**

**AND RIVERS, P.C.**
117 W. Fourth Street, Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
Facsimile: (248) 398-9804
mpitt@pittlawpc.com
brivers@pittlawpc.com

*Plaintiffs' Liaison Counsel*

**CERTIFICATE OF SERVICE**

I, Theodore J. Leopold, hereby certify that on January 5, 2021, I served the foregoing via ECF on all counsel of record.

Dated: January 5, 2021                    */s/ Theodore J. Leopold*
                                          Theodore J. Leopold