# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WESLEY WON, *et al.*, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br> Defendant. | 2:19-cv-11044-DML-DRG <br><br> Judge David M. Lawson <br> Magistrate Judge David R. Grand |

## GENERAL MOTORS' MOTION TO DISMISS PLAINTIFF HUYETT'S SOUTH DAKOTA IMPLIED WARRANTY CLAIM

General Motors LLC respectfully moves to dismiss the South Dakota breach of implied warranty of merchantability claim asserted in plaintiffs' Addendum to Consolidated Amended Class Action Complaint (ECF No. 102), pursuant to Federal Rule of Civil Procedure 12(b)(6). The grounds and legal authority in support of this motion are set forth in the accompanying memorandum.

On January 25, 2021, pursuant to Local Rule 7.1(a), GM communicated with plaintiffs' counsel by telephone and requested plaintiffs' consent to this motion, and plaintiffs do not consent.

January 26, 2021                    Respectfully submitted,

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
Jerome A. Murphy
Rachel P. Raphael
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
rraphael@crowell.com

*/s/ Stephanie A. Douglas*
Stephanie A. Douglas
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone: (248) 8220-7806
Fax: (248) 822-7806
douglas@bsplaw.com

*Counsel for General Motors LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| WESLEY WON, *et al.*, <br><br> individually and on behalf of all others similarly situated, <br><br>    Plaintiffs, <br><br> v. <br><br> GENERAL MOTORS LLC, <br><br>    Defendant. | **2:19-cv-11044-DML-DRG** <br><br> Judge David M. Lawson <br> Magistrate Judge David R. Grand |

**MEMORANDUM IN SUPPORT OF GENERAL MOTORS'**
**MOTION TO DISMISS PLAINTIFF HUYETT'S SOUTH DAKOTA**
<u>**IMPLIED WARRANTY CLAIM**</u>

## **STATEMENT OF ISSUES PRESENTED**

### **Implied Warranty Claims**

1. Should this Court dismiss plaintiff Huyett's implied warranty claim (Count 92) because he has not provided notice to GM or taken his vehicle to an authorized dealership for diagnosis or repair of the transmission in his vehicle?

General Motors LLC answers "yes" to this question.

# STATEMENT OF CONTROLLING OR <u>MOST APPROPRIATE AUTHORITY</u>

**Cases**

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
    446 F. Supp. 3d 218 (E.D. Mich. 2020)

*In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*,
    No. 18-0939, 2020 WL 919259 (D. Minn. Feb. 26, 2020)

*Jorgensen Farms, Inc. v. Country Pride Corp.*,
    2012 SD 78 (2012), 824 N.W. 2d 410

**INTRODUCTION**

Plaintiffs allege that their GM vehicles suffer from dozens of different subjective symptoms of transmission problems, from shuddering and harsh shifting to delayed acceleration and excessive noise. They speculate that these different symptoms arise from a common design defect in "hundreds of thousands" of GM vehicles with 8L90 or 8L45 transmissions, ranging from Chevrolet Corvettes to Cadillac Escalades. Plaintiffs never define this purported "Transmission Defect," or identify the causes of their alleged transmission issues.

On November 30, 2020, this Court dismissed 10 of the 104 alleged causes of action. Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss ("Opinion"), ECF No. 92 at PageID.4225. The Court dismissed Tennessee plaintiff Mark Kidd's implied warranty claim because he had "affirmatively allege[d] that he never conveyed any notice of the alleged defect to the defendant." *Id.* at PageID.4199 (quoting Am. Consolidated Class Action Compl. ("CAC"), ECF No. 41 at PageID.2441, ¶ 640 ("Plaintiff has not provided notice to GM or taken the vehicle to an authorized dealership as he lives over an hour from the nearest dealership.")).

On January 5, 2021, plaintiffs dismissed South Dakota plaintiff Colton Kelly. *See* Stipulation as to Voluntary Dismissal of Certain Named Plaintiffs, ECF No. 101 at PageID.4307, ¶ 5. Plaintiffs then filed an addendum to the amended complaint,

1

adding plaintiff Huyett for the first time. *See* Addendum to Am. Consolidated Class Action Compl. ("Addendum"), ECF No. 102. Based on the allegations in plaintiffs' complaint and addendum, GM respectfully requests dismissal of plaintiff Huyett's South Dakota breach of implied warranty because he admits in the complaint that he never provided notice to GM.

## STATEMENT OF FACTS

Plaintiff Craig Huyett alleges that he "purchased a used 2019 Chevrolet Silverado 1500, manufactured by GM and equipped with an 8L90 or 8L45 transmission, on or about June 23, 2020, from an authorized dealership in Watertown, South Dakota." Addendum at PageID.4319, ¶ 10. He claims that "[w]ithin a few months of purchase, [his] transmission began shuddering, jerking, and hesitating or slipping, especially when shifting from first to second gear." *Id*. at PageID.4329, ¶ 71.

Plaintiff argues that GM did not remedy these issues under the applicable GM New Vehicle Limited Warranty. CAC at PageID.2252-53, ¶¶ 8, 10. But he admits in the complaint allegations, however, that he "has not yet provided notice to GM or taken his vehicle to an authorized dealership." Addendum at PageID.4329, ¶ 72.

## LEGAL STANDARDS

To survive a motion to dismiss, a complaint must set forth enough non-conclusory allegations to show that liability for the alleged conduct is not merely

2

possible but plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ARGUMENT

### I. PLAINTIFF HUYETT'S BREACH OF IMPLIED WARRANTY CLAIM FAILS.

Pre-suit notice is required to bring a claim for a breach of the implied warranty of merchantability in South Dakota. *Jorgensen Farms, Inc. v. Country Pride Corp.*, 2012 SD 78, ¶ 23, 824 N.W. 2d 410, 418 (2012); *see* Opinion at Page.ID 4198. As this Court has explained previously, South Dakota courts construe this notice requirement strictly, "dismiss[ing] breach-of-warranty claims when plaintiffs fail to comply with the pre-suit notice requirement." Opinion at Page.ID 4198 (quoting *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-0939, 2020 WL 919259, at *5 (D. Minn. Feb. 26, 2020)).

Plaintiff Huyett admits that he never sought diagnosis or repair for the transmission in his vehicle, and has therefore never provided notice to GM. Addendum at PageID.4329, ¶ 72 ("Plaintiff has not yet provided notice to GM or taken the vehicle to an authorized dealership because he needs time off from work to do so. He plans to do so as soon as he is able."). This Court dismissed a Tennessee implied warranty claim previously where, as here, that plaintiff "affirmatively alleged or admitted no notice at all was given." Opinion at PageID.4200 (citing *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 225 (E.D. Mich. 2020)). Similarly here, plaintiff Huyett also failed to provide notice and

3

therefore fails to state a claim under Rule 12(b)(6), and thus, his claim should be dismissed.

## CONCLUSION

GM respectfully requests that the Court dismiss with prejudice the claim for breach of implied warranty of merchantability brought by plaintiff Huyett in his individual capacity and on behalf of the putative South Dakota class (Count 92).

Dated: January 26, 2021        Respectfully submitted,

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy
Jerome A. Murphy
Rachel P. Raphael
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
jmurphy@crowell.com
rraphael@crowell.com

*/s/ Stephanie A. Douglas*
Stephanie A. Douglas
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone: (248) 8220-7806
Fax: (248) 822-7806
douglas@bsplaw.com

*Counsel for General Motors LLC*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 26, 2021 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ Kathleen Taylor Sooy*
Kathleen Taylor Sooy

*Counsel for General Motors LLC*