UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WESLEY WON, DENNIS SPEERLY,
JOSEPH SIERCHIO, DARRIN DEGRAND,
DANIEL DRAIN, WAVERS SMITH,
RICHARD FREEMAN, CHRISTOPHER GILES,
LOUIS RAY, RICHARD SULLIVAN,
DANIEL BAPTIST, DENNIS SPEERLY,
JOHN IASIELLO, BENJY TOMPKINS,
JAMES NORVELL, JAY HULL,
MICHAEL BANKS, GUY CLARK,
MARIA BARALLARDOS, CHI KIM HO,
CARY SHERROW, JASON KEVIN SINCLAIR,
KIMBERLY COULSON, TROY COULSON,
ANDRE MCQUADE, DONALD DYKSHORN,
TAIT THOMAS, JAMES PAUL BROWNE,
WILLIAM FREDO, DONALD SICURA,
JON ELLARD, RICHARD NOONAN,
RHIANNA MEYERS, RANDALL JACOBS,
MICHAEL PONDER, PHILIP WEEKS,
KARINA FREDO, JIMMY FLOWERS,
STEVEN BRACK, KEVIN WESLEY,
CLYDE CHENG, BRIAN LLOYD,
JERRY CARROLL, KIMBERLY CARROLL,
DOMINIC EATHERTON, CRAIG HUYETT,
SCOTT FOX, THOMAS EDMONDSON,
RICHARD FILIAGGI, ROBERT HIGGINS,
and DAVID THOMPSON,

       Case Number 19-11044
       Honorable David M. Lawson
       Magistrate Judge David R. Grand

    Plaintiffs,
v.

GENERAL MOTORS, LLC,

    Defendant.
_____/

**OPINION AND ORDER GRANTING SECOND MOTION TO DISMISS**

These consumer auto defect cases are before the Court on the defendant's second motion to dismiss, which is directed solely against an implied warranty claim asserted by newly added South Dakota plaintiff Craig Huyett in an addendum to the plaintiffs' consolidated amended class

action complaint. The addendum was filed with leave of Court after the defendant's first motion to dismiss was granted in part and several of the causes of action asserted in the CAC were dismissed. The addendum was permitted to tack on new individual plaintiffs whose intent was to join this action to assert any of the surviving causes of action. The sole issue presented by the motion is whether a consumer asserting an implied warranty claim under South Dakota law must give the seller or manufacturer notice of the claimed product defect before bringing suit. The motion is fully briefed, and oral argument will not aid in its disposition. Therefore, the Court will decide the motion on the papers submitted. E.D. Mich. LR 7.1(f)(2).

The Court addressed this issue in the opinion on the first motion to dismiss, where it held that South Dakota courts strictly apply the pre-suit notice requirement. Allegations that the plaintiff gave such notice are sufficient to sustain a claim at the pleading stage. But plaintiff Huyett has alleged that he never provided notice or took his vehicle in for repairs. Consequently, he has not stated a viable claim for breach of an implied warranty and his claim on the implied warranty theory of recovery therefore will be dismissed.

I.

In their addendum, the plaintiffs alleged that, on June 23, 2020, newly named plaintiff Craig E. Huyett (a citizen of Colorado) bought a used 2019 Chevrolet Silverado 1500 that was equipped with either an 8L45 or 8L90 class transmission. Huyett bought his truck from a GM dealership in Watertown, South Dakota. Huyett pleaded that "[w]ithin a few months of purchase, [his truck's] transmission began shuddering, jerking, and hesitating or slipping, especially when shifting from first to second gear." Addendum to Am. Compl. ¶ 71, ECF No. 102, PageID.4329. However, he also affirmatively pleaded that he "has not yet provided notice to GM or taken the

vehicle to an authorized dealership because he needs time off from work to do so," and "[h]e plans to do so as soon as he is able." *Id.* at ¶ 72.

The defendant argues that the allegation in paragraph 72 disqualifies Huyett's implied warranty claim because, as the Court previously held, South Dakota courts strictly apply the pre-suit notice requirement, and Huyett admits that he did not give such notice. The plaintiffs do not directly counter those arguments or address the decisions relied upon by the Court's prior ruling; they only attempt to distinguish one case that was principally cited by the defendant on the basis that it was a ruling on a motion for summary judgment, not a pleading challenge.

II.

The defendant brings this second motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The purpose of a motion under that rule is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the factual allegations in the complaint are taken as true. *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). The complaint is viewed in the light most favorable to the plaintiff, the factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive the motion, the plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Unsupported conclusions will not suffice. Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009)." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). But the Court also may consider the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010). However, beyond that, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

The defendant argues that Huyett's implied warranty claim under South Dakota law (Count 92) must be dismissed because Huyett affirmatively alleges that he failed to provide the required "pre-suit notice" of that claim to the defendant, and he also says that he never presented his vehicle to a GM dealer for repairs. The Court previously passed on this issue with a lengthy analysis in its opinion addressing the defendant's first motion to dismiss:

> The parties agree that U.C.C. 2-607, as uniformly enacted by the various states, requires that the aggrieved buyer of a product "'must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *Reid v. Gen. Motors LLC*, No. 19-13018, 2020 WL 5819579, at *4 (E.D. Mich. Sept. 30, 2020) (quoting Michigan Compiled Laws § 440.2607(3)(a)). "Two policies underlie this notice requirement. 'First, express notice opens the way for settlement through negotiation between the parties. . . . Second, proper notice minimizes the possibility of prejudice to the seller by giving him ample opportunity to cure the defect, inspect the goods, investigate the claim or do whatever may be necessary to properly defend himself or minimize his damages while the facts are fresh in the minds of the parties.'" *Ibid.* (quoting *Standard All. Indus., Inc. v. Black Clawson Co.*, 587 F.2d 813, 826 (6th Cir. 1978)).
>
> . . .

> [A]s other courts aptly have noted, "[t]he purpose of the notification requirement is 'to defeat commercial bad faith, not to deprive a good faith consumer of his remedy.'" *City of Wyoming v. Procter & Gamble Co.*, 210 F. Supp. 3d 1137, 1157-58 (D. Minn. 2016) (quoting Minn. Stat. § 336.2-607, UCC cmt. 4). Thus, the Minnesota courts, among others, have held that dismissal for want of notice is inappropriate where, as here, the defendant has made no showing that it was prejudiced by being deprived of a seasonable opportunity to remedy the problem. *Ibid.* The same reasoning applies with equal force to the claims brought under the laws of the other various jurisdictions.
>
> As this Court previously has observed, upon surveying the law of Michigan and other states, some jurisdictions have construed the notice requirement more strictly. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 226 (E.D. Mich. 2020) ("Plaintiffs' argument is inconsistent with case law in which courts in both Michigan and Florida, applying their respective state laws, have dismissed breach-of-warranty claims for failure to comply with the pre-suit notice requirement.") (quotations and citations omitted). The South Dakota courts likewise hold to a stricter view. *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 18-0939, 2020 WL 919259, at *5 (D. Minn. Feb. 26, 2020) ("Courts in [South Dakota and similar jurisdictions] applying their respective laws, require plaintiffs to provide defendants pre-suit notice, and those courts dismiss breach-of-warranty claims when plaintiffs fail to comply with the pre-suit notice requirement.").
>
> Nevertheless, "[o]rdinarily, '[w]here the buyer gives some notice of the breach, the issues of timeliness and sufficiency are questions of fact.'" *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d at 227 (citing *Iron Bridge Tools, Inc. v. Meridian Int'l Co., USA*, No. 13-61289, 2016 WL 8716673, at *13 n.4 (S.D. Fla. Feb. 2, 2016)).

*Francis v. Gen. Motors, LLC*, --- F. Supp. 3d ---, 2020 WL 7042935, at *11-12 (E.D. Mich. Nov. 30, 2020).

The Court found that the amended complaint "amply allege[d] facts suggesting that all of the named plaintiffs [including previously named South Dakota plaintiff Colton Kelly] gave 'some notice' of the breach by presenting their vehicles for repair (in most cases, repeatedly), and adjudication of the notice defense therefore is inappropriate at this early stage, without the benefit of a fuller record to show whether the notice given was sufficient to alert the defendant to the problems with their particular vehicles." *Id.* at *12. The Court thus held that dismissal was inappropriate at the pleading stage, "[p]articularly in the absence of any showing by the defendant

that it was not afforded a commercially reasonable opportunity to address the alleged defect." *Ibid.* (citing *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 280 F. Supp. 3d at 1013 ("[T]he defendant has not pointed to any pleaded fact that shows that it has been deprived of a commercially reasonable opportunity to resolve the plaintiffs' claims of breach by any delay in the filing of this case, and the pendency of the litigation certainly does not foreclose any further timely efforts to cure. There is no basis to find that the express warranty claims are defectively pleaded for want of reasonable notice.")).

However, the Court also addressed a similar challenge to former Tennessee plaintiff Mark Kidd's claims and found that his claims *were* subject to dismissal because he affirmatively pleaded that he never provided any pre-suit notice of his implied warranty claim and never presented his vehicle for repairs. *Ibid.* ("Although, as noted above, the sufficiency of notice may be a question of fact where some notice was given, this Court previously has dismissed warranty claims where, as here, it is affirmatively alleged or admitted that no notice at all was given.") (citing *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d at 225 (dismissing express warranty claim under Florida law)). The Court also addressed and rejected all of the same arguments now advanced by the plaintiffs in support of their position that any lack of pre-suit notice should be excused. *Ibid.* The plaintiffs have not identified any legal or factual basis to distinguish the principles laid out in the Court's prior opinion, which dictate the same result for Huyett's claims that previously was reached for Kidd's.

The plaintiffs attempt to distinguish the case of *Jorgensen Farms, Inc. v. Country Pride Corp.*, 2012 S.D. 78, ¶ 22, 824 N.W.2d 410, 418 (S.D. 2012), which the defendant prominently cited in its motion, on the basis that that ruling addressed a motion for summary judgment, not a pleading challenge under Rule 12. The plaintiffs contend that the *Jorgensen* case stands for the

proposition that "notice is an element that must be *proven*," i.e., that it need not be pleaded, only sustained at trial. But that argument overlooks the context of the South Dakota district court's statement of the point of law, which reads in full: "Importantly, '[n]otice is an element that must be specifically proven; it is not an affirmative defense' and '[n]otice of breach by summons and complaint is obviously insufficient.'" *Jorgensen Farms*, 2012 S.D. 78, ¶ 22, 824 N.W.2d at 418 (quoting *Hepper v. Triple U Enterprises, Inc.*, 388 N.W.2d 525, 527, 1 UCC Rep. Serv. 2d 1154 (S.D. 1986)). Thus, the *Jorgensen* decision confirms that notice is an element of the implied warranty cause of action, not a defense that affirmatively must be asserted against a claim.

Where, as here, the plaintiff explicitly alleges that no notice or opportunity to repair was afforded, dismissal at the pleading stage is appropriate, since no set of facts then could be proven at trial to show otherwise that the defendant was afforded a commercially reasonable opportunity to redress the defect prior to the commencement of the litigation. Moreover, *Jorgensen* applies to this case for another reason overlooked by the plaintiffs here, namely, that there the plaintiff never pleaded any facts *and* never pointed to any record evidence suggesting that any pre-suit notice was given. Despite the contrasting procedural postures, *Jorgensen* confirms the Court's reading of South Dakota state law, and it also ratifies the same result that was reached on Tennessee plaintiff Kidd's claims under a similarly strictly applied rule.

### III.

Pre-suit notice is an essential element of a breach-of-implied-warranty claim under South Dakota law. Plaintiff Huyett affirmatively alleged that he did not give such notice to the defendant before bringing this action.

Accordingly, it is **ORDERED** that the defendant's second motion to dismiss (ECF No. 105) is **GRANTED**.

It is further **ORDERED** that the implied warranty claim by South Dakota plaintiff Craig Huyett's (Count 92) is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   June 10, 2021