## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESLEY WON, *et al.*, individually and
on behalf of all others similarly situated,

      Plaintiffs,

      v.

GENERAL MOTORS LLC,

      Defendant.

Civil Action No. 2:19-cv-11044

Hon. David M. Lawson
Magistrate Judge David R. Grand

## GENERAL MOTORS LLC'S MOTION TO SEAL CERTAIN INFORMATION AND EXHIBITS CONTAINED IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Defendant General Motors LLC ("GM") moves, under Federal Rules of Civil Procedure 5.2(d) and E.D. Mich. Local Rule 5.3(b), for an order authorizing plaintiffs to file under seal certain information contained in their motion for class certifications and exhibits thereto.  The relevant information and documents are identified in **Exhibit A** (attached), along with the basis for each proposed redaction. Consistent with E.D. Mich. LR 5.3(b)(3)(A)(v)-(vi), redacted and unredacted versions of these documents are attached to this motion as Exhibit B and C.

On February 4, 2022, pursuant to E.D. Mich. LR 7.1(a), GM's counsel conferred with plaintiffs' counsel during which GM's counsel explained the nature

and legal bases of this Motion. GM obtained partial concurrence, in the relief sought: plaintiffs do not oppose the sealing of the information identified with an * in the chart contained in the attached **Exhibit A,** but otherwise oppose GM's motion.

Respectfully submitted,

/s/*Stephanie A. Douglas*
Stephanie A. Douglas
Lindsay DeMoss Long
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone: (248) 822-7806
Facsimile: (248) 822-7000
douglas@bsplaw.com

/s/Richard C. Godfrey
Richard C. Godfrey, P.C.
Renee D. Smith
Paul D. Collier
KIRKLAND & ELLIS LLP
300 N. LaSalle Dr.
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
renee.smith@kirkland.com
paul.collier@kirkland.com

Dated: February 7, 2022        *Counsel for Defendant General Motors, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WESLEY WON, *et al.*, individually and
on behalf of all others similarly situated,

      Plaintiffs,

      v.

GENERAL MOTORS, LLC,

      Defendant.

Civil Action No. 2:19-cv-11044

Hon. David M. Lawson
Magistrate Judge David R. Grand

## BRIEF IN SUPPORT OF GENERAL MOTORS LLC'S MOTION TO SEAL CERTAIN INFORMATION AND EXHIBITS CONTAINED IN PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED ........................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ........................... iv

TABLE OF AUTHORITIES ...........................................................................v

INTRODUCTION ...........................................................................................1

PROCEDURAL HISTORY...............................................................................1

ARGUMENT ................................................................................................2

    A.    Index of Confidential Materials at Issue...................................................5

    B.    GM's Grounds for Sealing GM Confidential Materials..............................5

        1.   GM has a compelling interest in sealing the information identified in Exhibit A..............................................................................................5

        2.   GM's interest in sealing the information identified in Exhibit outweighs the public's interest in accessing this information. ...................................9

        3.   GM has narrowly tailored its request to file materials under seal.............11

CONCLUSION .............................................................................................11

## STATEMENT OF THE ISSUE PRESENTED

Should the materials identified in the chart contained in the attached **Exhibit A,** be filed under seal where the information that GM asks to be sealed in those documents contain GM's confidential business information and trade secrets produced pursuant to the Protective Order, as well as confidential information from non-parties, and GM seeks to have filed under seal only narrow and discrete redactions as necessary to protect its confidential trade secrets?

        Plaintiffs say: Yes as to some information, as indicated in **Exhibit A**.

        GM says: Yes as to all information.

        This Court should say: Yes as to all information.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 5.2(d)

Fed. R. Civ. P. 26(c)(1)

E.D. Mich. Local Rule 5.3

*Best Value Auto Parts Distributors, Inc v Quality Collision Parts, Inc*, No. 19-12291, 2020 WL 6887362, at *2 (E.D. Mich. Nov. 24, 2020).

*Kondash v. Kia Motors Am, Inc*., 767 F. App'x 635, 637 (6th Cir. 2019).

# TABLE OF AUTHORITIES

**Cases**

*Antero Res. Corp. v. Tejas Tubular Products, Inc.*,
  No. 2:19-CV-804, 2020 WL 7075623 (S.D. Ohio Dec. 2, 2020) ........................10

*Best Value Auto Parts Distributors, Inc v Quality Collision Parts, Inc.*,
  No. 19-12291, 2020 WL 6887362 (E.D. Mich. Nov. 24, 2020) ...........................3

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
  710 F.2d 1165 (6th Cir. 1983) ................................................................................3

*In re FCA US LLC Monostable Elec Gearshift Litig.*,
  377 F. Supp. 3d 779 (E.D. Mich. 2019) ...................................................... 4, 7, 10

*In re Flint Water Cases*,
  No. 5:17-CV-10164-JEL-MKM,
  2021 WL 2254064 (E.D. Mich. May 20, 2021) ...................................................4

*Kondash v. Kia Motors Am, Inc.*,
  767 F. App'x 635 (6th Cir. 2019) ...........................................................................3

*Kondash v. Kia Motors Am., Inc.*,
  No. 1:15-CV-506, 2018 WL 770418 (S.D. Ohio Feb. 7, 2018) ......................9, 10

*Lohr v. Nissan N. Am., Inc.*,
  No. C16-1023-RSM, 2021 WL 1627090 (W.D. Wash. April 27, 2021) ...............7

*Philips v Ford Motor Co*,
  No. 14-CV-02989-LHK, 2016 WL 7374214 (N.D. Cal. Dec. 20, 2016) .............7

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
  825 F.3d 299 (6th Cir. 2016) ..........................................................................4, 10

*Williamson v. SA Gear Co., Inc.*,
  No. 3:15-CV-365-SMY-DGW, 2017 WL 3971043 (S.D. Ill. Sept. 8, 2017) ........7

**Statutes**

MCL 445.1902(d) .......................................................................................................4

**Rules**

E.D. Mich. L.R. 5.3 ............................................................................................ 4, 5, 10

Fed. R. Civ. P. 26(c)(1) ........................................................................................5, 10

Fed. R. Civ. P. 5.2(d) ................................................................................................5

## INTRODUCTION

General Motors LLC ("GM") seeks permission to seal narrow portions of certain exhibits to, and portions of, Plaintiffs' motions responding to GM's motions challenging Plaintiffs' experts, which contain information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by Defendant GM and third-party Afton Chemical. Good cause and compelling reasons exist to seal these portions of these documents, including because GM has legitimate interests in protecting its confidential and proprietary business information and trade secrets, GM will be substantially injured and competitively harmed if the information in these documents is not sealed, and any less restrictive alternative to sealing the information in these documents is insufficient. Further, certain information was designated confidential by a non-party, Afton Chemical, who's privacy interests would be impacted if these documents were not filed under seal. GM submits that this information is entitled to protection under Michigan and federal law. Therefore, GM requests that the Court enter an order sealing GM's confidential information contained in Plaintiffs' Motion for Class Certification.

## PROCEDURAL HISTORY

GM has previously filed two Motions to Seal confidential information (ECF Nos. 171 and 198). As set forth in those Motions, certain information in this case is confidential in nature and produced under a Protective Order limiting the access

and use of confidential information to this litigation and no other purpose. *See* ECF No. 171, PageID.5618-19. The Protective Order contemplates that either party may seek leave to have any information produced under the Protective Order filed under seal pursuant to Local Rule 5.3. *See id.*

As with the information addressed in GM's prior Motions to Seal, certain information contained in the exhibits to, and portions of, Plaintiffs' Motion for Class Certification is highly confidential as it details proprietary information regarding costs, warranty claims, surveys and studies on consumer opinions and practices, and technical information relating to GM vehicle design, development, and investigations.

The documents and deposition testimony containing this proprietary information were produced to Plaintiffs and were appropriately designated by GM as Confidential or Highly Confidential, subject to the terms of the Protective Order in this case. ECF No. 68, PageID.4050; *see* L.R. 5.3(b)(3)(A)(iii). The Court should grant GM's Motion and seal the information contained the materials identified in the attached **Exhibit A.**

## ARGUMENT

The Court should grant the Motion to Seal certain information contained in Plaintiffs' Motion for Class Certification and certain exhibits thereto, as set forth in **Exhibit A**, because the content GM seeks to have sealed contains information,

including trade secrets, that is confidential and proprietary to GM. *See Best Value Auto Parts Distributors, Inc v. Quality Collision Parts, Inc.*, No. 19-12291, 2020 WL 6887362, at *2 (E.D. Mich. Nov. 24, 2020) (noting trade secrets are "a recognized exception to the right of public access to judicial records.") (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

A party meets its burden to show that information should be sealed when: "(1) [there is] a compelling interest in sealing the records; (2) [] the interest in sealing outweighs the public's interest in accessing the records; and (3) [] the request is narrowly tailored." *Kondash v. Kia Motors Am, Inc*., 767 F. App'x 635, 637 (6th Cir. 2019).  There is a compelling reason to file documents under seal when the documents contain trade secrets and related proprietary information. *Best Value Auto Parts Distributors*, 2020 WL 6887362, at *2. A trade secret is information that (a) derives economic value from not being known or readily ascertainable by other people who can obtain value from its disclosure and use, and (b) is subject to reasonable efforts to maintain its secrecy. MCL 445.1902(d); *In re FCA US LLC Monostable Elec Gearshift Litig*, 377 F. Supp. 3d 779, 786 (E.D. Mich. 2019). Sealing the identified portions of these exhibits is "narrowly tailored" to protect GM's confidential information, thus meeting the burden to keep the information sealed. *In re Flint Water Cases*, No. 5:17-CV-10164-JEL-MKM, 2021

WL 2254064, at *1 (E.D. Mich. May 20, 2021) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)); *see also* E.D. Mich. L.R. 5.3(b)(2).

Local Rule 5.3(b)(3)(A) permits a party seeking to file an item under seal to file and serve a motion setting forth the authority for sealing or redacting and the reasons sealing, or redacting, is appropriate. The rule provides that the moving party provide (i) an index of documents which are proposed for sealing and, as to each document, whether any other party objects; (ii) a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record; (iii) whether the proposed sealed material was designated as "confidential" under a protective order and by whom; (iv) for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority; (v) a redacted version of the document(s) to be sealed, filed as an exhibit to the motion, unless the proponent of filing is seeking to file the entire document under seal, in which case a blank sheet shall be filed as an exhibit; and (vi) an unredacted version, filed as a sealed exhibit, of the document that is sought to be filed under seal. E.D. Mich. L.R. 5.3(b)(3)(A).

## A. Index of Confidential Materials at Issue

The chart attached as **Exhibit A** are an index of the materials proposed for sealing, whether the materials have been designated as "confidential" under the Protective Order, and who designated the materials as confidential. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(i) and (iii). Materials the parties do not dispute the sealing of are identified with an \*. Copies of all materials sought to be filed under sealed are included in redacted and unredacted version under seal as Exhibits B through C. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(v) and (vi).

## B. GM's Grounds for Sealing GM Confidential Materials

Sealing of GM's confidential information is authorized by Federal Rules of Civil Procedure 5.2(d) and 26(c)(1), and Local Rule 5.3. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(iv). GM also seeks to seal certain information produced by non-party Afton Chemical. Here, the information GM seeks to have redacted/sealed is trade secret information for which GM has a compelling interest in sealing, this interest is not outweighed by any interest of the public, and GM has narrowly tailored its request to seal the exhibits.

### 1. *GM has a compelling interest in sealing the information identified in Exhibit A.*

The materials in Exhibit A contains GM's proprietary, confidential, and/or trade secret information. This information is used in GM's business of designing, manufacturing, development, testing, and/or root cause analyses of GM's products

including the transmissions and vehicles identified in Plaintiffs' Amended Consolidated Class Action Complaint. This information also provides GM with an advantage in the market over anyone who does not have such information. *Id.* The value and utility of this information is not dependent on the specific design of the vehicle being manufactured, and the processes identified could have or do have an application across a range of different vehicles. *Id.* Additionally, information regarding the particular root cause analysis with regard to the identified vehicles would provide competitors with information regarding GM's process for vehicle design, development, root cause analysis, and testing which competitors could then utilize for their own economic advantage. *Id.* If this information were to be publicly disseminated, GM's competitive position in the marketplace would be harmed and GM would be injured. *Id.*

For example, one of the confidential documents GM seeks to have partially sealed is PX 122. This document is an internal GM presentation titled "Transmission 8 RWD Gen 2 Quality Follow-up." *See* Ex. A. GM has narrowly redacted information in this presentation that relates to vehicle design and engineering changes, internal product warranty analysis, targets, and costs, and product improvement and strategy. *See* **Exhibit A**. This document—like most of the information identified in **Exhibit A**—explains GM's methods, processes, and internal frameworks for analyzing claims relating to vehicle components. GM has

a compelling interest in maintaining the confidentiality of this information as competitors could derive an economic advantage from obtaining GM's established diagnostic methodologies. *See Philips v. Ford Motor Co*, No. 14-CV-02989-LHK, 2016 WL 7374214, at *3 (N.D. Cal. Dec. 20, 2016) ("The Court agrees that the details of Ford's diagnostic procedures are valuable and that Ford could suffer competitive harm if they were publicly revealed.").

Similarly, documents relating to GM warranty rates, internal warranty targets, and internal safety frameworks pertaining to the putative class vehicles is proprietary and confidential. This information provides both measurable targets for GM in designing, development, and testing GM vehicles. Permitting public access to this information would result in a competitive harm to GM. *See In re FCA US LLC Monostable Elec Gearshift Litig.,* 377 F. Supp. 3d at 786; *see also Lohr v. Nissan N. Am., Inc.*, No. C16-1023-RSM, 2021 WL 1627090, at *2 (W.D. Wash. April 27, 2021) (maintaining seal of reports of the plaintiffs' experts containing Nissan's warranty information and analysis, as it would permit a competitor to understand NNA's warranty strategies); *Williamson v. SA Gear Co., Inc.*, No. 3:15-CV-365-SMY-DGW, 2017 WL 3971043, at *1 (S.D. Ill. Sept. 8, 2017) (finding that documents related to unique internal claims procedures, warranty processes, and sales information were trade secrets for purposes of filing documents under seal).

The materials in **Exhibit A** are used in GM's business of designing, manufacturing of, developing of, testing of, and/or analyzing the causes of potential issues in GM's products, including the vehicles identified in Plaintiffs' Amended Consolidated Class Action Complaint. The automotive industry is highly competitive and being first to market with a new concept or new features can confer a distinct competitive advantage to an automotive manufacturer, translatable into sales and profits. Research, internal analysis, and testing to establish design specifications, evaluate vehicle performance, and determine or assess verification methods may take several years, and the design and development of a potential new design concept generally takes several years. The materials described derive economic value from their confidential status; if left unsealed, any public access will destroy that value and injury will result to GM.

If GM's competitors were to gain access to these materials, they would harm GM's legitimate privacy interests therein. GM takes great care to protect from disclosure the materials described above, and the work and documents relating thereto are proprietary to GM. This information has not been released to the public and it is not generally distributed outside of GM's business absent appropriate confidentiality protections.

GM has an overriding interest in the continued preservation and protection of the materials at issue because, if they are not sealed, highly sensitive,

commercially confidential information will be severely compromised, including in some instances GM's proprietary technical engineering data. *See Kondash v. Kia Motors Am., Inc.*, No. 1:15-CV-506, 2018 WL 770418, at *3 (S.D. Ohio Feb. 7, 2018) (maintaining the seal of "technical information about engineering modifications, Kia's engineering requirements, and related design elements."), *aff'd,* 767 F. App'x 635 (6th Cir. 2019). In short, disclosure of GM's confidential and trade secret information at issue would cause it economic harm.

### 2. *Sealing information produced by non-party Afton Chemical is necessary to protect its confidential information.*

Local Rule 5.3(b)(A)(3)(ii) requires that motion to seal include "a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record."

PX 230, PX 231, PX 234, and PX 237 are documents that were produced by non-party Afton Chemical in response to subpoena for documents sent by Plaintiffs. *See* **Exhibit A**. These documents were marked as "confidential" when they were produced. *See e.g.*, Exhibit B, PX 230. The proposed redactions to these documents are narrowly tailored to protect Afton's confidential information related to its product design specifics and internal investigations. Such redactions are needed to honor Afton's confidential designations and to protect its commercial

9

interests. Because Afton is not a party to this litigation, its documents containing trade secrets should be sealed. *See e.g.*, L.R. 5.3.

### 3. GM's interest in sealing the information identified in Exhibit A outweighs the public's interest in accessing this information.

While the public disclosure of confidential and trade secret information would cause substantial harm to GM's business, sealing the specific documents would have negligible impact on any interest the general public otherwise might have in accessing the records. In fact, many of the confidential materials at issue are technical in nature and, as such, are unlikely to even be "accessible" to the public (*i.e.*, they would be difficult to understand and of no practical significance to the general public). They would, however, be highly coveted by GM's competitors, who would have ready access to any unsealed filing. Moreover, the information the GM seeks to protect are only quoted or described in limited fashion in the motion and exhibits, while the overwhelming majority of the materials in and to the motion will remain unsealed and fully accessible to the public. *See Kondash*,  2018 WL 770418, at *3 (approving limited redactions agreed to by the parties to protect a party's confidential information).

All of the above discussed materials contain confidential proprietary information that should be protected pursuant to Rule 26(c)(1). Publicly posting GM's confidential business material would make this information readily available to its competitors. *See* E.D. Mich. L.R. 5.3(b)(3)(A)(ii). Sealing is also authorized

10

by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which permits this Court to issue an order limiting disclosure of trade secrets or other confidential research, development, or commercial information, as GM contends the sealed content is. *See* Fed. R. Civ. P. 26(c)(1).

### 4. *GM has narrowly tailored its request to file materials under seal.*

GM is not requesting the wholesale sealing of information, but instead presents narrow and discrete redactions as necessary to protect its confidential trade secrets. *Shane Group*, 825 F.3d at 305 ("[T]he seal itself must be narrowly tailored to serve that [compelling] reason."). *Compare Antero Res. Corp. v. Tejas Tubular Products, Inc.*, No. 2:19-CV-804, 2020 WL 7075623, at *2 (S.D. Ohio Dec. 2, 2020)) (redacting one page of a nine-page document is narrowly tailored) *with In re FCA US LLC Monostable Elec Gearshift Litig.*, 377 F Supp 3d at 783 (request to seal entire 92-page document was not narrowly tailored). As outlined in **Exhibit A**, GM's proposed redactions seek to place a minimal burden on the public's access to relevant case information. Because GM has narrowly tailored its requests to redact materials, GM's Motion for Seal should be granted.

## CONCLUSION

For the foregoing reasons, GM respectfully request that this Court enter an order authorizing the parties to file under seal the information contained in the brief and exhibit to Plaintiffs' Motion for Class Certification as identified in **Exhibit A**.

11

Respectfully submitted,

*/s/Stephanie A. Douglas*
Stephanie A. Douglas
Bush Seyferth PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
(248) 822-7806 tele/fax
douglas@bsplaw.com

*/s/Richard C. Godfrey*
Richard C. Godfrey, P.C.
Renee D. Smith
Paul D. Collier
KIRKLAND & ELLIS LLP
300 N. LaSalle Dr.
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
renee.smith@kirkland.com
paul.collier@kirkland.com

Dated: February 7, 2022     *Counsel for Defendant General Motors LLC*