UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS SPEERLY, JOSEPH SIERCHIO, DARRIN
DEGRAND, DANIEL DRAIN, WAVERS SMITH,
RICHARD FREEMAN, CHRISTOPHER GILES,
LOUIS RAY, RICHARD SULLIVAN, DANIEL
BAPTIST, DENNIS SPEERLY, JOHN IASIELLO,
BENJY TOMPKINS, JAMES NORVELL, MICHAEL
BANKS, GUY CLARK, MARIA BARALLARDOS,
CARY SHERROW, JASON KEVIN SINCLAIR,
KIMBERLY COULSON, TROY COULSON, ANDRE
MCQUADE, DONALD DYKSHORN, TAIT THOMAS,
JAMES PAUL BROWNE, WILLIAM FREDO,
DONALD SICURA, JON ELLARD, RHIANNA
MEYERS, RANDALL JACOBS, MICHAEL PONDER,
PHILIP WEEKS, KARINA FREDO, JIMMY FLOWERS,
STEVEN BRACK, KEVIN WESLEY, BRIAN LLOYD,
GREGORY BUTSCHA, JERRY CARROLL, KIMBERLY
CARROLL, DOMINIC EATHERTON, THOMAS
EDMONDSON,  RICHARD FILIAGGI, ROBERT
HIGGINS, and DAVID THOMPSON,

Case Number 19-11044
Honorable David M. Lawson

        Plaintiffs,
v.

GENERAL MOTORS, LLC,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO SEAL MATERIALS
RELATING TO MOTION FOR CLASS CERTIFICATION**

This matter is before the Court on a motion by the defendant to seal certain materials relating to the plaintiff's motion for class certification.  The Court previously denied two other motions by the defendant to seal substantially the same types of information — and in many instances the same documents — which are implicated by the defendant's third motion.

In its third motion to seal (ECF No. 220), GM seeks to have sealed extensive portions of the record offered in support of the plaintiffs' motion for class certification, along with selected

portions of the motion briefing. The topics covered by the various exhibits and testimony are substantially the same as those considered in the prior sealing ruling and fall into several categories: (1) figures indicating prices and sales volume for class vehicles and analyses and discussion of the same, (2) figures indicating warranty claim rates for class vehicles, and analysis or discussion of the same, (3) GM documents and expert reports containing statistical compilations and analyses of warranty claim rates, including discussion of specific target defect rates established by GM for class models, (4) GM documents and expert reports containing extensive details about engineering investigations of the transmission problems, along with "root cause" analyses and proposed solutions for the shudder and hard shift behaviors, and (5) identification of components of hardware and software solutions proposed by GM to address the transmission problems, and associated timelines and cost projections for implementing the same. The defendant submitted in support of the sealing motion a package of "redacted exhibits" spanning more than 500 pages, with partial or wholesale redactions annotated across hundreds of pages of the record

The motion presents nearly verbatim all of the same arguments advanced in its two previous motions to seal. The Court considered and discussed those arguments at length in its prior opinion denying the first two sealing motions. The rationale of that ruling applies with equal force here and need not be repeated. For all of the same reasons stated in the Court's prior opinion (ECF No. 265), the Court finds that the defendant has failed to overcome the "'strong presumption in favor of openness' as to court records," *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983). The third motion to seal will be denied.

Accordingly, the defendant's motions to seal certain items relating to the motion for class certification (ECF No. 220) is **DENIED**.

- 3 -

It is further **ORDERED** that the items filed under seal (ECF No. 222, 237) shall be **UNSEALED** by the Clerk of Court.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   August 10, 2022