UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS SPEERLY, JOSEPH SIERCHIO, DARRIN
DEGRAND, DANIEL DRAIN, RICHARD FREEMAN,
LOUIS RAY, RICHARD SULLIVAN, JAMES
NORVELL, MICHAEL BANKS, GUY CLARK,
MARIA BARALLARDOS, CARY SHERROW,
JASON KEVIN SINCLAIR, KIMBERLY COULSON,
TROY COULSON, ANDRE MCQUADE, DONALD
DYKSHORN, TAIT THOMAS, JAMES PAUL
BROWNE, WILLIAM FREDO, DONALD SICURA,
JON ELLARD, RHIANNA MEYERS, RANDALL
JACOBS, MICHAEL PONDER, PHILIP WEEKS,
KARINA FREDO, JIMMY FLOWERS, STEVEN
BRACK, KEVIN WESLEY, BRIAN LLOYD,
GREGORY BUTSCHA, JERRY CARROLL,
KIMBERLY CARROLL, DOMINIC EATHERTON,
THOMAS EDMONDSON, RICHARD FILIAGGI,
ROBERT HIGGINS, and DAVID THOMPSON,

Case Number 19-11044
Honorable David M. Lawson

      Plaintiffs,

v.

GENERAL MOTORS, LLC,

      Defendant.
_____/

**<u>ORDER DENY PLAINTIFFS' MOTION TO CONSOLIDATE</u>**

Before the Court is the plaintiffs' motion to consolidate the case of *Harper v. General Motors, LLC*, 21-12907, with this matter. The plaintiffs in the *Harper* matter allege that they purchased class vehicles in California, and they assert that they have encountered the same types of vehicle malfunctions attributable to the 8L transmissions as alleged by the named plaintiffs in this case.

Under Federal Rule of Civil Procedure 42(a), the Court, upon motion or of its own accord, may consolidate multiple proceedings that "involve a common question of law or fact" and are

currently pending before the Court. Consolidation is appropriate to promote the efficient adjudication of the matters before the Court, accounting for the needs of the cases and the potential prejudice to one or more of the parties. *See Lewis v. ACB Business Servs.,* 135 F.3d 389, 412-13 (6th Cir.1998) (prejudice to parties must be considered).

The complaint in *Harper* was filed on December 13, 2021 and reassigned to the undersigned on February 17, 2022. The plaintiffs concede that their request to consolidate the *Harper* case is an attempt to substitute in a new class representative for a to-be-proposed California class. However, the class certification motion in this case recently was decided. It would be a significant disruption to the progress of this case to reopen briefing or permit the filing of a separate motion to certify a California class. And doing so would invite repetition of the same maneuver at later stages of the case.

Moreover, the Court recently granted a motion in *Harper* to compel arbitration, which was timely filed in that case. The Court also administratively closed that case, so that it no longer is technically "pending" here.

Consolidation of the *Harper* case into this matter at this stage of the litigation would not promote efficiency and would complicate the adjudication of both matters.

Accordingly, it is **ORDERED** that the plaintiffs' motion to consolidate (ECF No. 238) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  March 21, 2023