# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| DENNIS SPEERLY, *et al.*, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　Defendant. | Civil Action No. 2:19-cv-11044<br><br>Hon. David M. Lawson<br>Magistrate Judge David R. Grand |

### JOINT MOTION TO STAY CLASS NOTICE DEADLINES

Pursuant to Fed. R. Civ. P. 23(f), Defendant General Motors LLC ("GM") and Plaintiffs jointly request that the Court stay further deadlines regarding the form, content, and issuance of class notice until the Sixth Circuit Court of Appeals rules on GM's Rule 23(f) petition for permission to immediately appeal the Court's March 20, 2023 Order granting certification of 26 statewide classes.

The grounds and legal authority for entering a stay of deadlines related to class notice are discussed in the "Memorandum in Support of Joint Motion to Stay Class Notice Deadlines," filed with this Motion.

Pursuant to Local Rule 7.1(a), the parties have conferred and jointly agree to the relief requested in this motion.

April 19, 2023

*/s/ Douglas McNamara*
Douglas McNamara
Karina Puttieva
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave. NW, 5th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
dmcnamara@cohenmilstein.com
kputtieva@cohenmilstein.com

Theodore Leopold
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
tleopold@cohenmilstein.com

*Attorneys for Plaintiffs*

Respectfully submitted,

*/s/ R. Allan Pixton*
Renee D. Smith
Paul D. Collier
R. Allan Pixton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
renee.smith@kirkland.com
paul.collier@kirkland.com
allan.pixton@kirkland.com

Richard C. Godfrey
QUINN EMANUEL URQUHART &
SULLIVAN, LLC
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
richardgodfrey@quinnemanuel.com

Stephanie A. Douglas
BUSH SEYFERTH PLLC
100 W. Big Beaver Road, Suite 400
Troy, MI 48084
Telephone: (248) 8220-7806
Facsimile: (248) 822-7000
douglas@bsplaw.com

*Counsel for General Motors LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENNIS SPEERLY, *et al.*,
individually and on behalf of all others
similarly situated,

  Plaintiffs,

 v.

GENERAL MOTORS LLC,

  Defendant.

Civil Action No. 2:19-cv-11044

Hon. David M. Lawson

Magistrate Judge David R. Grand

**MEMORANDUM IN SUPPORT OF JOINT
MOTION TO STAY CLASS NOTICE DEADLINES**

# TABLE OF CONTENTS

# TABLE OF CONTENTS

**Page**

**STATEMENT OF ISSUES PRESENTED** ............................................................... ii

**STATEMENT OF CONTROLLING AND MOST APPROPRIATE AUTHORITY** ........................................................................................... iii

**INTRODUCTION** ..................................................................................................1

**LEGAL STANDARDS** ..........................................................................................2

**ARGUMENTS & AUTHORITIES** .......................................................................3

**CONCLUSION** ......................................................................................................5

## **STATEMENT OF ISSUES PRESENTED**

Under Rule 23(f), a district court may stay proceedings when a party petitions the court of appeals to permit an immediate appeal from an order granting class certification. Should the Court stay proceedings related to the form, content, and issuance of class notice while the Sixth Circuit considers General Motors LLC's Rule 23(f) petition for permission to appeal the Court's March 20, 2023 Order granting certification of 26 statewide classes?

General Motors LLC and Plaintiffs both respectfully submit that the answer is "Yes."

## STATEMENT OF CONTROLLING AND
## MOST APPROPRIATE AUTHORITY

1. Fed. R. Civ. Proc. 23(f)

2. *Beattie v. CenturyTel, Inc*, 2006 WL 1722207 (E.D. Mich. June 20, 2006)

3. *Powell v. Tosh*, 2012 WL 1202289 (W.D. Ky. Apr. 10, 2012)

4. 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:11 (6th ed. 2022)

5. MANUAL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2008)

## INTRODUCTION

In furtherance of the Court's March 20, 2023 Order and Opinion, counsel for Defendant General Motors LLC ("GM") and Plaintiffs have met and conferred about notice to absent class members. The parties discussed the preliminary details of Plaintiffs' proposed notice plan, but both agree that further efforts to finalize the form and content of class notice and to deliver class notice should be temporarily stayed until the Sixth Circuit rules on GM's pending Rule 23(f) petition. While Plaintiffs oppose GM's petition, the parties nevertheless agree that notice should not be finalized and issued until the petition is resolved to avoid the risks of unnecessary litigation, judicial waste, substantial expense, and confusion that would result if the Sixth Circuit were to decertify any class or modify any class definition after class notice had been finalized and issued. Thus, a temporary stay of notice-related deadlines is appropriate.

Because a Rule 23(f) Petition does not automatically stay proceedings, the parties jointly move the Court to stay the notice-related deadlines in its March 23, 2023 Order until the Sixth Circuit rules on GM's Petition. A temporary stay limited to the class notices is appropriate under the four-factor balancing test applied to Rule 23(f) stay requests because the public interest weighs strongly in favor of avoiding the "confusion and the substantial expense of renotification that may result from appellate reversal or modification" after dissemination. *Powell v. Tosh*, 2012 WL

1202289, at *1 (W.D. Ky. Apr. 10, 2012) (quoting MANUAL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2008)); *see also Beattie v. CenturyTel, Inc.*, 2006 WL 1722207, at *3 (E.D. Mich. June 20, 2006) (Lawson, J.) (staying notice-related deadlines). Accordingly, the parties respectfully request that the Court stay class notice deadlines and activities until the Sixth Circuit has ruled on GM's Petition.

## LEGAL STANDARDS

Under Rule 23(f), an appeal "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." Fed. R. Civ. P. 23(f). In evaluating "motions to stay under Rule 23," courts employ the balancing test used "for determining preliminary injunctions or stays pending appeal." *Beattie*, 2006 WL 1722207, at *3; *see also Dyas v. State Farm Fire & Cas. Ins. Co.*, 2010 WL 11488808, at *1 (E.D. Ky. Dec. 22, 2010) ("District courts in the Sixth Circuit have, therefore, applied the traditional analysis for determining requests for preliminary injunctive relief to Rule 23(f) motions to stay.").

Thus, the court must weigh (1) "the likelihood that the party seeking the stay will prevail on the merits of the appeal"; (2) "the likelihood that the moving party will be irreparably harmed absent a stay"; (3) "the prospect that others will be harmed if the court grants the stay"; and (4) "the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). "These factors are not prerequisites that must be met, but are interrelated considerations that must be

2

balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

### ARGUMENTS & AUTHORITIES

Where, as here, a Rule 23(f) petition seeks review of "a grant of certification, the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification after dissemination." MANUAL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2008); *see also* 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:11 (6th ed. 2022) ("[C]ourts sensibly delay sending notice of class certification if the certification decision has been appealed under Rule 23(f). Notifying the class in those circumstances could then require re-sending notice if the appellate court reverses, a situation that is likely to cause confusion." (internal footnote omitted)).

Indeed, district courts routinely stay class notice activities to avoid the risks of unnecessary litigation and expense as well as the potential confusion of absent class members that could result from reversal on appeal. *See Beattie*, 2006 WL 1722207, at *9 (staying deadlines "pertaining to notification of the potential class members" and "discovery relating to identifying the names and addresses of the members of the class"); *Fernandez v. RentGrow, Inc.*, 2022 WL 1782641, at *3 (D. Md. June 1, 2022) (collecting cases) ("[A] stay is supported by the significant expenditure of time and money that could be avoided by issuing the stay, as well as

3

the widespread confusion that could be caused by a subsequently retracted or modified class notice."); *Reyes v. Educ. Credit Mgmt. Corp.*, 2017 WL 4640418, at *4 (S.D. Cal. Oct. 17, 2017) (concluding "there is potential irreparable harm to the class if notice is prematurely disseminated" and "temporarily staying proceedings concerning class notice, including the requirement that the parties jointly submit a proposed class notice and notice dissemination plan"); *Powell*, 2012 WL 1202289, at *5 ("If class notice is published before resolution of Defendants' appeal, and this Court's order is reversed, a corrective notice would need to be issued. This would create significant confusion among the potential class members. Because a potential plaintiff in a Rule 23(b)(3) action is bound unless he or she opts out, voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members.").[1]

The Court should enter such a limited stay here. GM's Rule 23(f) petition presents various grounds for appeal that, if granted, could result in decertification or modification of the 26 certified classes. Either result would require corrective notices

---

[1] *See also Whitlock v. FSL Mgmt., LLC*, 2012 WL 6675124, at *4 (W.D. Ky. Dec. 21, 2012) (adopting *Powell*'s reasoning); *In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *5 (N.D. Ohio May 16, 2014) (staying class notice to "avoid confusing absent class members with successive class notices"); *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012) (staying class notice pending Rule 23(f) appeal).

4

to be sent to absent class members, which would be both costly and likely to confuse those class members. The parties agree that it is a more efficient use of both their and the Court's resources to temporarily stay notice-related activities until the Sixth Circuit acts on GM's petition. Such a limited and narrow stay will serve the public interest while allowing the parties to make progress elsewhere in the litigation while GM's petition is pending. Thus, the parties' joint motion for a limited stay should be granted.

## **CONCLUSION**

The Court should exercise its discretion to temporarily stay the deadlines in its March 23, 2023 Order related to class notice until the Sixth Circuit acts on GM's Rule 23(f) Petition.

| | |
|---|---|
| April 19, 2023 | Respectfully submitted, |
| /s/ Douglas McNamara | /s/ R. Allan Pixton |
| Douglas McNamara | Renee D. Smith |
| Karina Puttieva | Paul D. Collier |
| COHEN MILSTEIN SELLERS & TOLL PLLC | R. Allan Pixton |
| 1100 New York Ave. NW, 5th Floor | KIRKLAND & ELLIS LLP |
| Washington, DC 20005 | 300 North LaSalle |
| Telephone: (202) 408-4600 | Chicago, IL 60654 |
| Facsimile: (202) 408-4699 | Telephone: (312) 862-2000 |
| dmcnamara@cohenmilstein.com | Facsimile: (312) 862-2200 |
| kputtieva@cohenmilstein.com | renee.smith@kirkland.com |
| | paul.collier@kirkland.com |
| Theodore Leopold | allan.pixton@kirkland.com |
| COHEN MILSTEIN SELLERS & TOLL PLLC | Richard C. Godfrey |
| 11780 U.S. Highway One, Suite N500 | QUINN EMANUEL URQUHART & SULLIVAN, LLC |
| Palm Beach Gardens, FL 33408 | 191 N. Wacker Drive Suite 2700 |
| Telephone: (561) 515-1400 | Chicago, Illinois 60606 |
| tleopold@cohenmilstein.com | Telephone: (312) 705-7400 |
| | Facsimile: (312) 705-7401 |
| *Attorneys for Plaintiffs* | richardgodfrey@quinnemanuel.com |
| | Stephanie A. Douglas |
| | BUSH SEYFERTH PLLC |
| | 100 W. Big Beaver Road, Suite 400 |
| | Troy, MI 48084 |
| | Telephone: (248) 8220-7806 |
| | Facsimile: (248) 822-7000 |
| | douglas@bsplaw.com |
| | *Counsel for General Motors LLC* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2023 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

/s/ R. Allan Pixton
R. Allan Pixton
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000